**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re:

**MICHAEL KRICHEVSKY**

Debtor.

**APPLICATION**

**CASE #: 1-19-43516-ess**

**CHAPTER 11**

### APPLICATION FOR RELIEF FROM AUTOMATIC STAY

To:  Honorable Elizabeth S. Stong
    U.S. Bankruptcy Judge

Brittany J. Maxon, Esq., an attorney duly admitted to practice law in this court, affirms the following to be true, under penalties of perjury:

1. I am an attorney of Woods Oviatt Gilman LLP, attorneys for Wells Fargo Bank, N.A. as servicing agent for U.S. Bank National Association, as Trustee for Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-F, ("Secured Creditor"). I am fully familiar with the facts of this case and submit this affirmation in support of the Secured Creditor's request for an order terminating the automatic stay as it pertains to the premises located at 4221 Atlantic Avenue, Brooklyn, NY 11224 (the "Subject Property") pursuant to Section 362(d)(1) of the United States Bankruptcy Code.

2. Secured Creditor is the holder of a Note executed by Michael Krichevsky ("Debtor") dated December 14, 2005 in the original amount of $747,600.00 ("Note"), secured by a Mortgage, which was recorded in the Office of the City Register of the City of New York on December 21, 2005 at CRFN 2005000701375 ("Mortgage") covering the Subject Property. Said Mortgage was assigned by an Assignment of Mortgage executed on August 25, 2009 and

recorded in the Office of the City Register of the City of New York on October 19, 2009 at CRFN 2009000339958. Said Mortgage was further assigned by an Assignment of Mortgage executed on August 29, 2013 and recorded in the Office of the City Register of the City of New York on September 17, 2013 at CRFN 2013000380865. A copy of the Note, Recorded Mortgage, and Assignments of Mortgage are annexed hereto as Exhibit "A".

3. Debtor executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Creditor or has been duly indorsed. Creditor, directly or through an agent, has possession of the promissory note. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust.

4. On June 6, 2019 the Debtor filed a Petition under Chapter 13 of Title 11 U.S.C. §101 et seq. with this Court and an Order for Relief was duly entered. On October 4, 2019 the court converted this case to one under Chapter 11 of Title 11 U.S.C. §101 et seq.

5. The Note and Mortgage provide that the Debtor will be in default if the Debtor does not make full payments on each due date.

6. As of March 2, 2020, the Debtor has failed to pay the last 117 contractual payments due July 1, 2010 through March 1, 2020. A copy of the contractual payment history is attached hereto as Exhibit "B".

7. Relief from Stay - Real Estate And Cooperative Apartments Worksheet is attached hereto as Exhibit "C".

8. As of March 2, 2020, there is an unpaid principal balance owed on the Note and Mortgage in the sum of $746,256.13, with interest thereon in the amount of $269,759.19, plus recoverable fees and costs in the amount of $8,564.86, plus escrow advances in the amount of

100400-4

$108,296.39 for an estimated amount owing the Secured Creditor in the amount of $1,132,876.57. Interest on the unpaid balance will continue to accrue, and to protect its secured interest in the Subject Property, Secured Creditor may be required to make further advances for property taxes, insurance, and related matters.

9. On September 10, 2019, the Debtor filed their Schedule A/B: Property. The Schedule A/B Property, estimates the fair market value of the Subject Property to be $1,700,000.00. Consequently, the estimated cost of sale of the Subject Property is $170,000.00. A copy of Schedule A/B: Property is annexed hereto as Exhibit "D".

10. Section 362(d)(1) of the Bankruptcy Code provides in pertinent part that the Court shall grant relief from the stay imposed by Section 362(a) "for cause, including lack of adequate protection of an interest in the property." As set forth above, cause exists to vacate the automatic stay as the Debtor has failed to make monthly mortgage payments to the Secured Creditor.

11. It is well established that "a debtor's failure to make regular mortgage payments as they become due constitutes sufficient 'cause' to lift the automatic stay. *In re Taylor*, 151 B.R. 646, 648 (E.D.N.Y. 1993) citing *In re Heath*, 79 Bankr. 616, 617 (Bankr. E.D. Pa. 1987). *See also, In re Davis*, 64 Bankr. 358, 359 (Bankr. S.D.N.Y. 1986).

12. Accordingly, grounds exist to vacate the stay in the Debtor`s case and the Secured Creditor requests that the automatic stay imposed by Section 362(a) of the Bankruptcy Code be vacated for cause in accordance with Section 362(d) of the Bankruptcy Code to permit the Secured Creditor to pursue its rights under the Mortgage and applicable law, including without limitation, the commencement and consummation of a foreclosure action and/or eviction proceeding.

100400-4

13. Waiver of the stay invoked pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3) is sought so the Secured Creditor, its successors and/or assigns can immediately proceed with the foreclosure and/or eviction actions without further delay or economic harm.

14. A copy of the proposed order granting relief is annexed hereto as Exhibit "E".

**WHEREFORE**, Secured Creditor respectfully requests that this Court enter an Order lifting and vacating the automatic stay to permit Secured Creditor to foreclose its Mortgage on the Subject Property and further relief as the Court deems just and proper.

DATED:   *March 16, 2020*
            Rochester, New York           */s/ Brittany J. Maxon, Esq.*
                                                                WOODS OVIATT GILMAN LLP
                                                              Brittany J. Maxon, Esq.
                                                               Attorneys for Secured Creditor
                                                              500 Bausch & Lomb Place
                                                               Rochester, NY 14604
                                                               Telephone: 855-227-5072