**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **RESPONSE** |
| **MICHAEL KRICHEVSKY** | Case No. 1-19-43516-ess |
| | Chapter 11 |
| **Debtor.** | |

### RESPONSE TO OBJECTION TO CLAIM AND AFFIRMATION IN FURTHER SUPPORT OF APPLICATION FOR RELIEF FROM STAY

Aleksandra K. Fugate, Esq., an attorney duly admitted to practice law in this court, affirms the following to be true, under penalties of perjury:

1. I am an attorney of Woods Oviatt Gilman LLP, attorneys for Wells Fargo Bank, N.A. as servicing agent for U.S. Bank National Association, as Trustee for Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-F, ("Secured Creditor"). I am fully familiar with the facts of this case and submit this response to the Debtor's Cross-Motion to Strike the Claim held by Secured Creditor ("Cross-Motion") for the premises located at 4221 Atlantic Avenue, Brooklyn, NY 11224 ("Subject Property"), and in support of Secured Creditor's Application for Relief from the Automatic Stay.

2. Secured Creditor is the holder of a Note executed by Michael Krichevsky ("Debtor") dated December 14, 2005 in the original amount of $747,600.00 ("Note"), secured by a Mortgage, which was recorded in the Office of the City Register of the City of New York on December 21, 2005 at CRFN 2005000701375 ("Mortgage") covering the Subject Property. Said Mortgage was assigned by an Assignment of Mortgage executed on August 25, 2009 and recorded in the Office of the City Register of the City of New York on October 19, 2009 at CRFN 2009000339958. Said Mortgage was further assigned by an Assignment of Mortgage executed on August 29, 2013 and recorded in the Office of the City Register of the City of New York on

September 17, 2013 at CRFN 2013000380865. A copy of the Note, Recorded Mortgage, Assignments of Mortgage, and Limited Power of Attorney are annexed hereto as Exhibit "A".

3. On August 15, 2019, Secured Creditor filed a Proof of Claim (Claim 3-1) for the Subject Property, for a secured amount of $1,098,754.69. On May 21, 2020, Secured Creditor filed an Amended Proof of Claim (Claim 3-2), in order to include a complete copy of the Limited Power of Attorney, which was initially missing the Schedule A attachment.

4. On March 17, 2020, Secured Creditor filed an Application (ECF 47) pursuant to 11 U.S.C §362(d)1, requesting relief from the automatic stay, as the Debtor had failed to pay the last 117 contractual monthly mortgage payments as of March 2, 2020.

5. On May 19, 2020, Debtor filed the Cross-Motion at hand, in which he states several allegations.

### I.    Debtor's allegation that Rule 9011 was violated lacks merit.

6. Debtor alleges that Federal Rule of Bankruptcy Procedure 9011 was violated solely on the grounds that Secured Creditor filed a Proof Claim and a Motion for Relief from the Automatic Stay when Secured Creditor should have known that "an adversary proceeding was coming".

7. Rule 9011 states in part:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,— [1]
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;

8. Secured Creditor was acting entirely within its rights to establish and preserve its secured status when Secured Creditor filed the Proof of Claim. It should also be noted that Debtor brings the current motion challenging Secured Creditor's Proof of Claim nine months after Secured Creditor filed its Proof of Claim. While Debtor asserts in its motion that he is currently impacted by the Covid-19 pandemic, Secured Creditor filed its Proof of Claim on August 15, 2019, long before there was a pandemic.

9. Furthermore, Secured Creditor filed the instant Motion for Relief on March 17, 2020, more than nine months after the original Chapter 13 filing was commenced by the Debtor. Once again, while Debtor states that he is being impacted by the current pandemic and the Motion for Relief is inappropriate, the grounds upon which Secured Creditor is seeking relief from the automatic stay are based not only on the fact that Debtor failed to pay any post-petition payments to Secured Creditor, but also that Debtor has been delinquent on mortgage payments since July, 2010.

10. Debtor further alleges that the Motion for Relief was not accompanied by an affidavit from the Secured Creditor. This is simply false as the Motion for Relief included the Relief from Stay – Real Estate and Cooperative Apartments worksheet, signed off by the Secured Creditor attesting to the delinquency and current state of the loan. Said declaration was attached under Exhibit C of the motion and is also attached hereto as Exhibit "B".

11. Debtor also alleges that the Proof of Claim and the Motion for Relief are somehow inappropriate because Secured Creditor did not appear at the 341 meeting. As there is no obligation on the Secured Creditor to attend the 341 meeting, this allegation is also unfounded and should be

disregarded.

12. As evidenced by the Proof of Claim and the Motion for Relief and further supported by the above, Secured Creditor was within its rights to file both the Proof of Claim and the Motion for Relief, and did so by providing the necessary evidentiary and legal support. Therefore, Debtor's allegation that FRBP 9011 was violated is meritless and Secured Creditor's Motion for Relief should be granted.

## II.  Debtor's allegation that Secured Creditor lacks standing fails as a matter of law.

13. Debtor first attempts to allege that the Secured Creditor lacks standing as the debt has already been paid off. He uses as supporting evidence a snapshot of an alleged "chat" with the Secured Creditor. As previously stated, Secured Creditor submitted a declaration alleging the current delinquency on the loan and the sizeable outstanding balance. Furthermore, Secured Creditor submitted a Proof of Claim showing the history of the loan from the date of default. Therefore, Secured Creditor has established that not only has the loan not been paid off, but it has been delinquent for almost ten years and Debtor's allegations are completely unfounded.

14. Debtor proceeds to make several different allegations about the Secured Creditor's standing while confusing the foreclosure action in State Court and the matter at hand, and all of the allegations are irrelevant or lack merit.

15. Secured Creditor has established standing to file a claim, as Secured Creditor is the current owner and holder of the note and mortgage. Standing can be established as the assignee of the endorsed Note and Mortgage by physical delivery. *See,* Wells Fargo v. Arias, 121 A.D.3d 973, 995 N.Y.S.2d 118 (2d Dep't 2014) (Plaintiff established standing by submitting an affidavit attesting that affiant examined the records of the servicer and that of Plaintiff and determined that the subject note was delivered to Plaintiff prior to commencement of the action) (citation omitted). Aurora Loan

Servs., LLC v. Taylor, 114 A.D.3d 627, 980 N.Y.S.2d 475, 477 (2d Dep't 2014) (plaintiff established standing as holder through "an affidavit submitted by the plaintiff [that] established that it obtained physical possession of the original note… on May 20, 2010, four days before the action was commenced.") (citation omitted) Here, Secured Creditor produced a note properly endorsed into U.S. Bank National Association, as Trustee for Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-F establishing that Secured Creditor is the rightful owner of the Note.

16. In the recent Court of Appeals decision rendered in Aurora Loan Servs., LLC v. Taylor, 2015 NY Slip Op 04872, the Court upheld the ruling of the Appellate Division in that the Plaintiff's Affidavit demonstrated that the Plaintiff obtained physical possession of the original note prior to commencement of the foreclosure action, and that such was legally sufficient to establish standing. The Defendants had appealed the Supreme Court's Order granting Summary Judgment for the Plaintiff and asserted that the Plaintiff lacked standing to commence. The Defendants argued that to demonstrate possession of the note, the Plaintiff had to produce the original note for examination and that Plaintiff's affidavit was not legally sufficient to prove standing. The Court found there was no indication that such document production was ever requested and that Plaintiff's Affidavit was sufficient proof of possession of the note as the affirming bank representative attested to reviewing the records personally and the moving papers clearly show the note's chain of ownership. The Court went on to state that even though a better practice would have been for the Plaintiff to state how it come into possession of the note to clarify the situation completely, that the court was correct in granting Summary Judgment for the Plaintiff.

17. Similarly here, as evidenced by the Exhibits attached herein, Secured Creditor has produced the mortgage and the unpaid endorsed note.

18. In <u>JPMorgan Chase Bank v. Katsabanis</u>, 2013 NY Slip Op 32642 (Sup. Ct. Suffolk County October 16, 2013) the court found that:

> "Holder status of a note and mortgage is established where the plaintiff possesses the mortgage note which bears, on its face or by allonge, a special indorsement payable to the order of the plaintiff or where it takes possession of a mortgage note that contains an indorsement similarly affixed. New York's Uniform Commercial Code (UCC) § 1-201(20) defines "holder" as "a person who is in possession of a document of title, an instrument or an investment security drawn, issued or indorsed to him or to his order or to bearer or in blank." (emphasis added) A person becomes the holder of an instrument through its negotiation to him or her. Where the instrument is payable to bearer by virtue of an indorsement in blank or otherwise, delivery alone is sufficient. Delivery is defined as the "voluntary transfer of possession" and is thus an act of volition. Constructive delivery of an instrument such as a promissory note to an agent has long been recognized as constituting a valid transfer by delivery." (citations omitted)

19. The subject Note was properly endorsed and was delivered to Secured Creditor prior to the commencement of this action. *See* Exhibits attached thereto. In the present case, the Secured Creditor's production of the endorsed Note constitutes prima facie evidence of its proper transfer to Secured Creditor, who is the legal and proper bearer of said note. <u>HSBC Bank USA. N.A. v. Schwartz</u>, 29 Misc.3d 1229 (A) *2, 2010 WL 4936370 (Sup. Ct. Rockland Co. 2010).

20. Furthermore, Debtor has no standing to intervene in or challenge the operation of any

agreement involving the transfer or negotiation of the Note and Mortgage. As evidenced above, Secured Creditor was transferred the Mortgage by way of a Corrective Assignment of Mortgage that was recorded in the Office of the City Register of the City of New York on September 17, 2013 at CRFN 2013000380865. (See Exhibit "A"). An assignment of mortgage is a contract between the assignee and assignor. Debtor was not a party to that contract and therefore does not have the standing to challenge its validity. Generally, only the principal has standing to question the validity of the assignment of mortgage. *In re Holden,* 271 N.Y. 212, 218, 2 N.E.2d 631, 633-634 (N.Y. 1936) ("No one could question the validity of the assignments except the assignors. . . ."). A borrower or any other third party lacks standing to challenge the assignment. *Id.* In *In re Mortgage Electronic Registration Systems (MERS) Litigation,* Judge Teilborg wrote that "Debtors, as third-party borrowers, are uninvolved and unaffected by the alleged Assignments, and [do] not possess standing to assert a claim based on such." 2011 U.S. Dist. LEXIS 117107, at 43 (D. Ariz. Oct. 3, 2011); *see also Livonia Prop. Holdings L.L.C. v. Farmington Road Holdings, L.L.C.,* 717 F. Supp. 2d 724, 2010 U.S. Dist. LEXIS 58601 (E.D. Mich. 2010) (finding that, "for over a century, state and federal courts around the country have . . . [held] that a litigant who is not a party to an assignment lacks standing to challenge that assignment"), aff'd, 399 Fed. App'x 97 (6th Cir. 2010) ("Regardless of this point, even if there were a flaw in the assignment, Livonia does not have standing to raise that flaw to challenge Farmington's chain of title. As recognized by the district court, there is ample authority to support the proposition that 'a litigant who is not a party to an assignment lacks standing to challenge that assignment.'"). Debtor is a third party who is neither an assignor nor assignee and therefore lacks standing to challenge the Assignment.

21. As evidenced by the documents submitted in the Proof of Claim, Motion for Relief and herein, Secured Creditor has established that Secured Creditor is the holder of the Note and

Mortgage at hand and therefore has standing to file the Proof of Claim and Motion for Relief. Consequently, Debtor's allegations fail as a matter of law and the Cross-Motion should be denied in its entirety.

**WHEREFORE**, Secured Creditor respectfully requests that this Court enter an Order granting Secured Creditor's Motion for Relief and denying Debtor's Cross-Motion and Cross-Motion to Strike and Dismiss with Prejudice Chapter 11 Proof of Claim, and further relief as the Court deems just and proper.

DATED: 06/05/2020               /s/ Aleksandra K. Fugate, Esq.
       Rochester, New York     WOODS OVIATT GILMAN LLP
                               Aleksandra K. Fugate, Esq.
                               Attorneys for Secured Creditor
                               500 Bausch & Lomb Place
                               Rochester, New York 14604
                               Telephone: 855-227-5072