# Exhibit A

# INITIAL INTEREST<sup>SM</sup> ADJUSTABLE RATE NOTE

**(1-Year LIBOR Index - Rate Caps)**
**(Assumable after Initial Period)**

**THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.**

DECEMBER ___14___ , __2005__      BROOKLYN _____ , __NEW YORK__
_____**[Date]**_____      _____**[City]**_____      _____**[State]**

4221 ATLANTIC AVENUE
BROOKLYN, NEW YORK 11224
_____**[Property Address]**_____

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ _____747,600.00_____ (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is_____

**FAIRMONT FUNDING LTD, A NEW YORK CORPORATION** _____

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of _____6.500__ %. The interest rate I will pay will change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will make a payment every month on the first day of the month beginning on __FEBRUARY_____ ___01__ , __2006__ . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and if the payment consists of both principal and interest, it will be applied to interest before Principal. If, on ___JANUARY_____ ___01__ , __2036__ , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at ___1333 60TH STREET, 2ND FLOOR_____
BROOKLYN, NEW YORK 11219 _____
or at a different place if required by the Note Holder.

### (B) Amount of My Initial Monthly Payments

Before the first fully amortizing principal and interest payment due date stated in subsection (C) below (the "First P&I Payment Due Date"), my monthly payments will be only for the interest due on the unpaid principal of this Note.

Each of my initial monthly payments will be in the amount of U.S. $_____4,049.50_____ . This amount may change in accordance with subsection (C) below.

### (C) Monthly Payment Changes

The First P&I Payment Due Date is the first day of __FEBRUARY_____ , __2011__ .

LOAN NO.:
MIN NO.:                                    Initials _M_ _K_ ___ ___ ___ ___

MULTISTATE INITIAL INTEREST ADJUSTABLE RATE NOTE - 1-Year LIBOR Index (Assumable after Initial Period) - Single Family -
Freddie Mac UNIFORM INSTRUMENT

Prior to the First P&I Payment Due Date, my monthly payment may change to reflect changes in the interest rate I must pay in accordance with Section 4 of this Note or to reflect changes in the unpaid principal of my loan in accordance with Section 5 of this Note. Beginning with the First P&I Payment Due Date my monthly payment will change to an amount sufficient to repay the principal and interest at the rate described in Section 4 of this Note.

Before the effective date of any change in my monthly payment, the Note Holder will deliver or mail to me a notice of the change in accordance with Section 8 of this Note. The notice will include the title and telephone number of a person who will answer any question I may have regarding the notice.

## 4. INTEREST RATE AND MONTHLY PAYMENT CHANGES

### (A) Interest Change Dates

The interest rate I will pay may change on the first day of __JANUARY__ , __2011__ , and may change on that day every 12th month thereafter. Each date on which my interest rate could change is called an "Interest Change Date."

### (B) The Index

Beginning with the first Interest Change Date, my interest rate will be based on an Index. The "Index" is the one-year London Interbank Offered Rate ("LIBOR") which is the average of interbank offered rates for one-year U.S. dollar-denominated deposits in the London market, as published in *The Wall Street Journal*. The most recent Index figure available as of the date 45 days before each Interest Change Date is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index which is based upon comparable information. The Note Holder will give me notice of this choice.

### (C) Calculation of Changes

Before each Interest Change Date, the Note Holder will calculate my new interest rate by adding _____ __TWO AND 250/1000__ percentage point(s) ( __2.250__ %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Interest Change Date.

The Note Holder will then determine the amount of my monthly payment. For payment adjustments occurring before the First P&I Payment Due Date, my monthly payment will be the amount sufficient to repay all accrued interest each month on the unpaid principal balance at the new interest rate. For payment adjustments occurring on or after the First P&I Payment Due Date, my monthly payment will be an amount sufficient to repay the unpaid principal that I am expected to owe at the Interest Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

### (D) Limits on Interest Rate Changes

The interest rate I am required to pay at the first Interest Change Date will not be greater than __11.500__ % or less than __2.250__ %. Thereafter, my interest rate will never be increased or decreased on any single Interest Change Date by more than __TWO AND 000/1000__ percentage point(s) ( __2.000__ %) from the rate of interest I have been paying for the preceding 12 months. My interest rate will never be greater than __11.500__ %.

### (E) Effective Date of Changes

My new interest rate will become effective on each Interest Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Interest Change Date until the amount of my monthly payment changes again.

### (F) Notice of Changes

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

LOAN NO.:
MIN NO.:                                                    Initials _M_ _K_ ____ ____ ____

MULTISTATE INITIAL INTEREST ADJUSTABLE RATE NOTE - 1-Year LIBOR Index (Assumable after Initial Period) - Single Family - Freddie Mac UNIFORM INSTRUMENT

## 5.  BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due.  A payment of Principal only is known as a "Prepayment."  When I make a Prepayment, I will tell the Note Holder in writing that I am doing so.  I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge.  The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note.  However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of the Note.  If I make a partial Prepayment, there will be no changes in the due dates of my monthly payment unless the Note Holder agrees in writing to the changes.

If I make a partial Prepayment during the period ending with the due date of my last interest only monthly payment, my partial Prepayment will reduce the amount of my monthly payment.  If I make a partial Prepayment after the last interest only monthly payment, my partial Prepayment may reduce the amount of my monthly payments beginning with the monthly payment due after the Interest Change Date following the partial Prepayment.  After the first Interest Change Date, any reduction due to my partial Prepayment may be offset by an interest rate increase.

## 6.  LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then:  (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me.  The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me.  If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 7.  BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of    15    calendar days after the date it is due, I will pay a late charge to the Note Holder.  The amount of the charge will be      2.000     % of my overdue payment of interest during the period when my payment is interest only, and of principal and interest after that.  I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount.  That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law.  Those expenses include, for example, reasonable attorneys' fees.

## 8.  GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

LOAN NO.:
MIN NO.:                                                                    Initials  _M_ _U_ _____
MULTISTATE INITIAL INTEREST ADJUSTABLE RATE NOTE - 1-Year LIBOR Index (Assumable after Initial Period) - Single Family -
Freddie Mac UNIFORM INSTRUMENT

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 10. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 11. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

(A) UNTIL MY INITIAL INTEREST RATE CHANGES UNDER THE TERMS STATED IN SECTION 4 ABOVE, UNIFORM COVENANT 18 OF THE SECURITY INSTRUMENT IS DESCRIBED AS FOLLOWS:

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

(B) AFTER MY INITIAL INTEREST RATE CHANGES UNDER THE TERMS STATED IN SECTION 4 ABOVE, UNIFORM COVENANT 18 OF THE SECURITY INSTRUMENT DESCRIBED IN SECTION 11(A) ABOVE SHALL THEN CEASE TO BE IN EFFECT, AND UNIFORM COVENANT 18 OF THE SECURITY INSTRUMENT SHALL INSTEAD BE DESCRIBED AS FOLLOWS:

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

LOAN NO.:
MIN NO.:                                                      Initials _M_ _IC_

MULTISTATE INITIAL INTEREST ADJUSTABLE RATE NOTE - 1-Year LIBOR Index (Assumable after Initial Period) - Single Family - Freddie Mac UNIFORM INSTRUMENT

*DOCPREP SERVICES, INC.*  FORM - MS5537N-8604                Page 4 of 5                     Form 5537  5/04 (rev. 7/05)
                                                               ORIGINAL

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
-Borrower

**MICHAEL KRICHEVSKY**

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

PAY TO THE ORDER OF Wells Fargo Bank    N.A.
WITHOUT RECOURSE                          (Seal)
                                          -Borrower
BY: _____
Steven Rimmer, Sr. Vice President
Fairmont Funding, Ltd.

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

**US BANK NATIONAL ASSOCIATION AS TRUSTEE FOR BANC OF AMERICA FUNDING CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES (Sign Original Only) SERIES 2006-F

WITHOUT RECOURSE
PAY TO THE ORDER OF
U.S. Bank National Association as trustee for          U.S. Bank National Association as trustee for
holders of Banc of America Funding Corporation    **          holders of Banc of America Funding Corporation
Mortgage Pass-Through Certificates, Series    WELLS FARGO BANK, N.A.          Mortgage Pass-Through Certificates, Series
without recourse.          BY _____          without recourse.          2006-F
                          Joan M. Mills, Vice President

MULTISTATE INITIAL INTEREST ADJUSTABLE RATE NOTE - 1-Year LIBOR Index (Assumable after Initial Period) - Single Family - Freddie Mac UNIFORM INSTRUMENT

*DocPrep Services, Inc.* FORM - MS5537N-8604          Page 5 of 5          Form 5537  5/04 (rev. 7/05)
**LOAN NO.:**          ORIGINAL    MIN NO.:

# Woods·Oviatt·Gilman LLP®

*The art of representing people®*

## CERTIFICATION ATTACHMENT

**DATE OF NOTE:** 12/14/2005

**ORIGINAL LOAN AMOUNT:** $ 747,600.00

**PROPERTY ADDRESS:** 4221 Atlantic Avenue, Brooklyn, NY 11224

**BORROWER NAME:** Michael Krichevsky

Pursuant to CPLR 2105 I have compared the attached document with the original and found it to be a true and complete copy. The reason this attachment is being used is because there is not enough room on the copy of the original to place said certification at the bottom thereof. This certification is intended to be used to comply with CPLR 2105, and subsequent case law, requiring that the certification be at the end of the document to be certified.

**SIGNED:** Miranda L Sharlette    2/2/2016

**NAME:** Miranda L. Sharlette

{1499538:2}

## NYC DEPARTMENT OF FINANCE
## OFFICE OF THE CITY REGISTER

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2005121500204002001E1EFE

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 22 |
|---|---|

**Document ID:** 2005121500204002    Document Date: 12-14-2005    Preparation Date: 12-15-2005
Document Type: MORTGAGE
Document Page Count: 21

**PRESENTER:**
ATLANTIC LANDTITLE AND ABSTRACT, LTD.
5417 18TH AVENUE
BROOKLYN, NY 11204
718-331-6400
ATLANTICLTA@AOL.COM (AL2387K)

**RETURN TO:**
SMI-FAIRMONT FUNDING LTD
ATTENTION: LANIECE LAMELL
3910 KIRBY DRIVE SUITE 300
HOUSTON, TX 77098

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 7026 | 53 | Entire Lot | 4221 ATLANTIC AVENUE |

**Property Type:** 1- 2 FAM WITH ATTCH GAR /OR VACANT LAND

### CROSS REFERENCE DATA

CRFN_____ *or* Document ID_____ *or* _____ Year_____ Reel __ Page _____ *or* File Number_____

### PARTIES

**MORTGAGER/BORROWER:**
MICHAEL KRICHEVSKY
120 OCEANA DRIVE W.,
BROOKLYN, NY 11235

**MORTGAGEE/LENDER:**
FAIRMONT FUNDING LTD, A NEW YORK
CORPORATION
1333 60TH STREET
BROOKLYN, NY 11219

### FEES AND TAXES

| Mortgage | | | Recording Fee: $ | 142.00 |
|---|---|---|---|---|
| Mortgage Amount: | $ | 747,600.00 | Affidavit Fee:  $ | 0.00 |
| Taxable Mortgage Amount: | $ | 747,600.00 | NYC Real Property Transfer Tax Filing Fee: | |
| Exemption: | | | $ | 0.00 |
| TAXES:  County (Basic): | $ | 3,738.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 8,410.50 | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 1,869.00 | | |
| MTA: | $ | 2,242.80 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 16,260.30 | | |

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**

Recorded/Filed    12-21-2005 12:54
City Register File No.(CRFN):
**2005000701375**

*Annetta M Hill*

*City Register Official Signature*

## NYC DEPARTMENT OF FINANCE
## OFFICE OF THE CITY REGISTER

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2005121500204002001E1EFE

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 22 |
|---|---|---|
| **Document ID:** 2005121500204002 | Document Date: 12-14-2005 | Preparation Date: 12-15-2005 |
| Document Type: MORTGAGE | | |
| Document Page Count: 21 | | |

| PRESENTER: | RETURN TO: |
|---|---|
| ATLANTIC LANDTITLE AND ABSTRACT, LTD. | SMI-FAIRMONT FUNDING LTD |
| 5417 18TH AVENUE | ATTENTION: LANIECE LAMELL |
| BROOKLYN, NY 11204 | 3910 KIRBY DRIVE SUITE 300 |
| 718-331-6400 | HOUSTON, TX 77098 |
| ATLANTICLTA@AOL.COM (AL2387K) | |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 7026 | 53 | Entire Lot | 4221 ATLANTIC AVENUE |

**Property Type:** 1- 2 FAM WITH ATTCH GAR /OR VACANT LAND

### CROSS REFERENCE DATA

CRFN_____ *or* Document ID_____ *or* _____ Year____ Reel ___ Page ____ *or* File Number_____

### PARTIES

| MORTGAGER/BORROWER: | MORTGAGEE/LENDER: |
|---|---|
| MICHAEL KRICHEVSKY | FAIRMONT FUNDING LTD, A NEW YORK |
| 120 OCEANA DRIVE W., | CORPORATION |
| BROOKLYN, NY 11235 | 1333 60TH STREET |
| | BROOKLYN, NY 11219 |

### FEES AND TAXES

| Mortgage | | | | Recording Fee: $ | 142.00 |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 747,600.00 | | Affidavit Fee: $ | 0.00 |
| Taxable Mortgage Amount: | $ | 747,600.00 | | NYC Real Property Transfer Tax Filing Fee: | |
| Exemption: | | | | $ | 0.00 |
| TAXES: County (Basic): | $ | 3,738.00 | | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 8,410.50 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | | |
| TASF: | $ | 1,869.00 | | | |
| MTA: | $ | 2,242.80 | | | |
| NYCTA: | $ | 0.00 | | | |
| Additional MRT: | $ | 0.00 | | | |
| TOTAL: | $ | 16,260.30 | | | |

After Recording Return To:

SMI - FAIRMONT FUNDING LTD
ATTENTION: LANIECE LAMELL
3910 KIRBY DRIVE
SUITE 300
HOUSTON, TEXAS 77098

LOAN NO.:

ESCROW NO.:

TITLE NO.:

PARCEL NO.: _____ —— [SPACE ABOVE THIS LINE FOR RECORDING DATA] ——

MIN NO.: _____

# MORTGAGE

## WORDS USED OFTEN IN THIS DOCUMENT

(A) "Security Instrument." This document, which is dated  DECEMBER      14  ,   2005  , together with all Riders to this document, will be called the "Security Instrument."

(B) "Borrower."
MICHAEL KRICHEVSKY,

_____
_____
_____
_____
_____ ,

whose address is     120 OCEANA DR W
                     BROOKLYN, NY 11235
sometimes will be called "Borrower" and sometimes simply "I" or "me."

(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(D) "Lender."
FAIRMONT FUNDING LTD, A NEW YORK CORPORATION
_____

will be called "Lender." Lender is a corporation or association which exists under the laws of
       NEW YORK                               . Lender's address is _____
1333 60TH STREET 2ND FLOOR; BROOKLYN, NEW YORK 11219                .

(E) "Note." The note signed by Borrower and dated  DECEMBER      14  ,   2005  , will be called the "Note." The Note states that I owe Lender
SEVEN HUNDRED FORTY SEVEN THOUSAND SIX HUNDRED AND 00/100————
Dollars (U.S. $      747,600.00      ) plus interest and other amounts that may be payable. I have promised to pay this debt in Periodic Payments and to pay the debt in full by  JANUARY      01  ,  2036  .

(F) "Property." The property that is described below in the section titled "Description of the Property," will be called the "Property."

Initials _M_ _K_ ____ ____ ____

NEW YORK-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS          Form 3033  1/01
*DOCPREP SERVICES, INC.* FORM - MMTGNY1-3133          Page 1 of 17
                                                      ORIGINAL

**(G) "Loan."** The "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

**(H) "Sums Secured."** The amounts described below in the section titled "Borrower's Transfer to Lender of Rights in the Property" sometimes will be called the "Sums Secured."

**(I) "Riders."** All Riders attached to this Security Instrument that are signed by Borrower will be called "Riders." The following Riders are to be signed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| [X] Adjustable Rate Rider | [ ] Condominium Rider | [ ] Second Home Rider |
| [ ] Balloon Rider | [ ] Planned Unit Development Rider | [ ] Assumption Rider |
| [ ] 1-4 Family Rider | [ ] Biweekly Payment Rider | [ ] Inter Vivos Trust Rider |
| [ ] Other(s) [specify]: | | |

**(J) "Applicable Law."** All controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions will be called "Applicable Law."

**(K) "Community Association Dues, Fees and Assessments."** All dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization will be called "Community Association Dues, Fees and Assessments."

**(L) "Electronic Funds Transfer."** "Electronic Funds Transfer" means any transfer of money, other than by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Some common examples of an Electronic Funds Transfer are point-of-sale transfers (where a card such as an asset or debit card is used at a merchant), automated teller machine (or ATM) transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

**(M) "Escrow Items."** Those items that are described in Section 3 will be called "Escrow Items."

**(N) "Miscellaneous Proceeds."** "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property, (iii) conveyance in lieu of condemnation or sale to avoid condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property. A taking of the Property by any governmental authority by eminent domain is known as "condemnation."

**(O) "Mortgage Insurance."** "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

**(P) "Periodic Payment."** The regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 will be called "Periodic Payment."

**(Q) "RESPA."** "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. § 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

## BORROWER'S TRANSFER TO LENDER OF RIGHTS IN THE PROPERTY

I mortgage, grant and convey the Property to MERS (soley as nominee for Lender and Lender's successors in interest) and its successors in interest subject to the terms of this Security Instrument. This means that, by signing this Security Instrument, I am giving Lender those rights that are stated in this Security Instrument and also those rights that Applicable Law gives to lenders who hold mortgages on real property. I am giving Lender these rights to protect Lender from possible losses that might result if I fail to:

LOAN NO.: _____    Initials $\mathcal{M}$ $\mathcal{U}$ ____ ____ ____

NEW YORK-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS        Form 3033  1/01
*DOCPREP SERVICES, INC.* FORM - MMTGNY1-3133        **Page 2 of 17**
                                                    **ORIGINAL**

(A) Pay all the amounts that I owe Lender as stated in the Note including, but not limited to, all renewals, extensions and modifications of the Note;

(B) Pay, with interest, any amounts that Lender spends under this Security Instrument to protect the value of the Property and Lender's rights in the Property; and

(C) Keep all of my other promises and agreements under this Security Instrument and the Note.

I understand and agree that MERS holds only legal title to the rights granted by me in this Security Instrument, but, if neccesary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right:

(A) to exercise any or all of those rights, including, but not limited to, the right to foreclose and sell the Property; and

(B) to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

## DESCRIPTION OF THE PROPERTY

I give MERS (soley as nominee for Lender and Lender's succssors in interest) rights in the Property described in (A) through (G) below:

(A) The Property which is located at __4221 ATLANTIC AVENUE_____ ,

[Street]

__BROOKLYN_____ , New York __11224_____ .

[City, Town or Village]                                [Zip Code]

This Property is in __KINGS_____ County. It has the following legal description:

**SEE ATTACHED LEGAL DESCRIPTION**

ADJUSTABLE RATE RIDER(S) ATTACHED HERETO AND MADE A PART HEREOF

✓ 1-2 Family with attached garage or vacant land

PARCEL NO.:

(B) All buildings and other improvements that are located on the Property described in subsection (A) of this section;

(C) All rights in other property that I have as owner of the Property described in subsection (A) of this section. These rights are known as "easements and appurtenances attached to the Property";

(D) All rights that I have in the land which lies in the streets or roads in front of, or next to, the Property described in subsection (A) of this section;

LOAN NO.:                                Initials _M_ _K_ ____ ____ ____ ____

NEW YORK-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS          Form 3033  1/01

*DOCPREP SERVICES, INC.* FORM - MMTGNY1-3133          **Page 3 of 17**
                                          **ORIGINAL**

**Schedule A Description**

Title Number **AL2387K**                                                          Page    **1**

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, known and designated on map entitled "Map of Section A Norton Point" made by Font and Beach surveyors, 1894 and filed in the Office of Register Kings County, April 20, 1894, #351-352-353 in Block #7 of said map and described with reference to the private road, laid down on said map as follows:

BEGINNING at a point on the Northerly line of Atlantic Avenue on said map, 160 feet Westerly from the intersection of said Northerly line with the Westerly side of Beach 42nd Street;

RUNNING THENCE Westerly along the Northerly line of Atlantic Avenue as it curves to the Westerly line of lot 351 on said map;

THENCE Northerly along the Westerly line of lot 351 (which line is on a radius of the concentric curves of Atlantic and Surf Avenues); 100 feet to the middle line of block between Atlantic and Surf Avenues;

THENCE Easterly along the middle line of the block as it curves, 60 feet to the Westerly line of lot 354 on said map;

THENCE Southerly at right angles to Atlantic Avenue and along the Westerly line of said lot #354, 100 feet to the point or place of BEGINNING.

(E) All fixtures that are now or in the future will be on the Property described in subsections (A) and (B) of this section;

(F) All of the rights and property described in subsections (B) through (E) of this section that I acquire in the future; and

(G) All replacements of or additions to the Property described in subsections (B) through (F) of this section and all proceeds of insurance for loss or damage to, and all Miscellaneous Proceeds of the Property described in subsections (A) through (F) of this section.

## BORROWER'S RIGHT TO MORTGAGE THE PROPERTY AND BORROWER'S OBLIGATION TO DEFEND OWNERSHIP OF THE PROPERTY

I promise that: (A) I lawfully own the Property; (B) I have the right to mortgage, grant and convey the Property to Lender; and (C) there are no outstanding claims or charges against the Property, except for those which are of public record.

I give a general warranty of title to Lender. This means that I will be fully responsible for any losses which Lender suffers because someone other than myself has some of the rights in the Property which I promise that I have. I promise that I will defend my ownership of the Property against any claims of such rights.

## PLAIN LANGUAGE SECURITY INSTRUMENT

This Security Instrument contains promises and agreements that are used in real property security instruments all over the country. It also contains other promises and agreements that vary in different parts of the country. My promises and agreements are stated in "plain language."

## COVENANTS

I promise and I agree with Lender as follows:

**1. Borrower's Promise to Pay.** I will pay to Lender on time principal and interest due under the Note and any prepayment, late charges and other amounts due under the Note. I will also pay all amounts for Escrow Items under Section 3 of this Security Instrument.

Payments due under the Note and this Security Instrument shall be made in U.S. currency. If any of my payments by check or other payment instrument is returned to Lender unpaid, Lender may require my payment be made by: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location required in the Note, or at another location designated by Lender under Section 15 of this Security Instrument. Lender may return or accept any payment or partial payment if it is for an amount that is less than the amount that is then due. If Lender a lesser payment, Lender may refuse to accept a lesser payment that I may make in the future and does not accepts waive any of its rights. Lender is not obligated to apply such lesser payments when it accepts such payments. If interest on principal accrues as if all Periodic Payments had been paid when due, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until I make payments to bring the Loan current. If I do not do so within a reasonable period of time, Lender will either apply such funds or return them to me. In the event of foreclosure, any unapplied funds will be applied to the outstanding principal balance immediately prior to foreclosure. No offset or claim which I might have now or in the future against Lender will relieve me from making payments due under the Note and this Security Instrument or keeping all of my other promises and agreements secured by this Security Instrument.

**2. Application of Borrower's Payments and Insurance Proceeds.** Unless Applicable Law or this Section 2 requires otherwise, Lender will apply each of my payments that Lender accepts in the following order:

*First,* to pay interest due under the Note;

LOAN NO.:                                    Initials _M_ _K_ __ __ __ __

NEW YORK-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS         Form 3033  1/01
*DOCPREP SERVICES, INC.*  FORM - MMTGNY1-3133                **Page 4 of 17**
                                            **ORIGINAL**

*Next,* to pay principal due under the Note; and
*Next,* to pay the amounts due Lender under Section 3 of this Security Instrument.

Such payments will be applied to each Periodic Payment in the order in which it became due. Any remaining amounts will be applied as follows:

*First,* to pay any late charges;
*Next,* to pay any other amounts due under this Security Instrument; and
*Next,* to reduce the principal balance of the Note.

If Lender receives a payment from me for a late Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the late Periodic Payment and the late charge. If more than one Periodic Payment is due, Lender may apply any payment received from me:

*First,* to the repayment of the Periodic Payments that are due if, and to the extent that, each payment can be paid in full;
*Next,* to the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due.

Voluntary prepayments will be applied as follows:

*First,* to any prepayment charges; and
*Next,* as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note will not extend or postpone the due date of the Periodic Payments or change the amount of those payments.

### 3.  Monthly Payments For Taxes And Insurance.

(a)  **Borrower's Obligations.**  I will pay to Lender all amounts necessary to pay for taxes, assessments, water charges, sewer rents and other similar charges, ground leasehold payments or rents (if any), hazard or property insurance covering the Property, flood insurance (if any), and any required Mortgage Insurance, or a loss reserve as described in Section 10 in the place of Mortgage Insurance. Each Periodic Payment will include an amount to be applied toward payment of the following items which are called "Escrow Items":

(1)  The taxes, assessments, water charges, sewer rents and other similar charges, on the Property which under Applicable Law may be superior to this SecurityInstrument as a lien on the Property. Any claim, demand or charge that is made against property because an obligation has not been fulfilled is known as a "lien";

(2)  The leasehold payments or ground rents on the Property (if any);

(3)  The premium for any and all insurance required by Lender under Section 5 of this Security Instrument;

(4)  The premium for Mortgage Insurance (if any);

(5)  The amount I may be required to pay Lender under Section 10 of this Security Instrument instead of the payment of the premium for Mortgage Insurance (if any); and

(6)  If required by Lender, the amount for any Community Association Dues, Fees and Assessments.

After signing the Note, or at any time during its term, Lender may include these amounts as Escrow Items. The monthly payment I will make for Escrow Items will be based on Lender's estimate of the annual amount required.

I will pay all of these amounts to Lender unless Lender tells me, in writing, that I do not have to do so, or unless Applicable Law requires otherwise. I will make these payments on the same day that my Periodic Payments of principal and interest are due under the Note.

The amounts that I pay to Lender for Escrow Items under this Section 3 will be called "Funds." I will pay Lender the Funds for Escrow Items unless Lender waives my obligation to pay the Funds for any or all Escrow Items. Lender may waive my obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver must be in writing. In the event of such waiver, I will pay directly, when and where payable, the

LOAN NO.:                                        Initials  *M  M*  ___  ___  ___  ___

**NEW YORK**-Single Family-**Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS**          **Form 3033  1/01**
*DOCPREP SERVICES, INC.*  FORM - MMTGNY1-3133          **Page 5 of 17**
                                                   **ORIGINAL**

amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, will promptly send to Lender receipts showing such payment within such time period as Lender may require. My obligation to make such payments and to provide receipts will be considered to be a promise and agreement contained in this Security Instrument, as the phrase "promises and agreements" is used in Section 9 of this Security Instrument. If I am obligated to pay Escrow Items directly, pursuant to a waiver, and I fail to pay the amount due for an Escrow Item, Lender may pay that amount and I will then be obligated under Section 9 of this Security Instrument to repay to Lender. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 of this Security Instrument and, upon the revocation, I will pay to Lender all Funds, and in amounts, that are then required under this Section 3.

I promise to promptly send to Lender any notices that I receive of Escrow Item amounts to be paid. Lender will estimate from time to time the amount of Funds I will have to pay by using existing assessments and bills and reasonable estimates of the amount I will have to pay for Escrow Items in the future, unless Applicable Law requires Lender to use another method for determining the amount I am to pay.

Lender may, at any time, collect and hold Funds in an amount sufficient to permit Lender to apply the Funds at the time specified under RESPA. Applicable Law puts limits on the total amount of Funds Lender can at any time collect and hold. This total amount cannot be more than the maximum amount a lender could require under RESPA. If there is another Applicable Law that imposes a lower limit on the total amount of Funds Lender can collect and hold, Lender will be limited to the lower amount.

**(b) Lender's Obligations.** Lender will keep the Funds in a savings or banking institution which has its deposits insured by a federal agency, instrumentality, or entity, or in any Federal Home Loan Bank. If Lender is such a savings or banking institution, Lender may hold the Funds. Lender will use the Funds to pay the Escrow Items no later than the time allowed under RESPA or other Applicable Law. Lender will give to me, without charge, an annual accounting of the Funds. That accounting will show all additions to and deductions from the Funds and the reason for each deduction.

Lender may not charge me for holding or keeping the Funds, for using the Funds to pay Escrow Items, for making a yearly analysis of my payment of Funds or for receiving, or verifying and totaling assessments and bills. However, Lender may charge me for these services if Lender pays me interest on the Funds and if Applicable Law permits Lender to make such a charge. Lender will not be required to pay me any interest or earnings on the Funds unless either (1) Lender and I agree in writing that Lender will pay interest on the Funds, or (2) Applicable Law requires Lender to pay interest on the Funds.

**(c) Adjustments to the Funds.** Under Applicable Law, there is a limit on the amount of Funds Lender may hold. If the amount of Funds held by Lender exceeds this limit, then there will be an excess amount and RESPA requires Lender to account to me in a special manner for the excess amount of Funds.

If, at any time, Lender has not received enough Funds to make the payments of Escrow Items when the payments are due, Lender may tell me in writing that an additional amount is necessary. I will pay to Lender whatever additional amount is necessary to pay the Escrow Items when the payments are due, but the number of payments will not be more than 12.

When I have paid all of the Sums Secured, Lender will promptly refund to me any Funds that are then being held by Lender.

**4. Borrower's Obligation to Pay Charges, Assessments And Claims.** I will pay all taxes, assessments, water charges, sewer rents and other similar charges, and any other charges and fines that may be imposed on the Property and that may be superior to this Security Instrument. I will also make ground rents or payments due under my lease if I am a tenant on the Property and Community Association Dues, Fees and Assessments (if any) due on the Property. If these items are Escrow Items, I will do this by making the payments as described in Section 3 of this Security Instrument. In this Security Instrument, the word "person" means any individual, organization, governmental authority or other party.

LOAN NO.:                                        Initials _M_ _K_ ____ ____ ____

NEW YORK-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS          Form 3033  1/01
*DOCPREP SERVICES, INC.* FORM - MMTGNY1-3133          **Page 6 of 17**
                                                     **ORIGINAL**

I will promptly pay or satisfy all liens against the Property that may be superior to this Security Instrument. However, this Security Instrument does not require me to satisfy a superior lien if: (a) I agree, in writing, to pay the obligation which gave rise to the superior lien and Lender approves the way in which I agree to pay that obligation, but only so long as I am performing such agreement; (b) in good faith, I argue or defend against the superior lien in a lawsuit so that in Lender's opinion, during the lawsuit, the superior lien may not be enforced, but only until the lawsuit ends; or (c) I secure from the holder of that other lien an agreement, approved in writing by Lender, that the lien of this Security Instrument is superior to the lien held by that person. If Lender determines that any part of the Property is subject to a superior lien, Lender may give Borrower a notice identifying the superior lien. Within 10 days of the date on which the notice is given, Borrower shall pay or satisfy the superior lien or take one or more of the actions mentioned in this Section 4.

Lender also may require me to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with the Loan, unless Applicable Law does not permit Lender to make such a charge.

**5. Borrower's Obligation to Maintain Hazard Insurance or Property Insurance.** I will obtain hazard or property insurance to cover all buildings and other improvements that now are, or in the future will be, located on the Property. The insurance will cover loss or damage caused by fire, hazards normally covered by "extended coverage" hazard insurance policies, and any other hazards for which Lender requires coverage, including, but not limited to earthquakes and floods. The insurance will be in the amounts (including, but not limited to, deductible levels) and for the periods of time required by Lender. What Lender requires under the last sentence can change during the term of the Loan. I may choose the insurance company, but my choice is subject to Lender's right to disapprove. Lender may not disapprove my choice unless the disapproval is reasonable. Lender may require me to pay either (a) a one-time charge for flood zone determination, certification and tracking services, or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect the flood zone determination or certification. If I disagree with the flood zone determination, I may request the Federal Emergency Management Agency to review the flood zone determination and I promise to pay any fees charged by the Federal Emergency Management Agency for its review.

If I fail to maintain any of the insurance coverages described above, Lender may obtain insurance coverage, at Lender's option and my expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage will cover Lender, but might or might not protect me, my equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. I acknowledge that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that I could have obtained. Any amounts disbursed by Lender under this Section 5 will become my additional debt secured by this Security Instrument. These amounts will bear interest at the interest rate set forth in the Note from the date of disbursement and will be payable with such interest, upon notice from Lender to me requesting payment.

All of the insurance policies and renewals of those policies will include what is known as a "standard mortgage clause" to protect Lender and will name Lender as mortgagee and/or as an additional loss payee. The form of all policies and renewals will be acceptable to Lender. Lender will have the right to hold the policies and renewal certificates. If Lender requires, I will promptly give Lender all receipts of paid premiums and renewal notices that I receive.

If I obtain any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy will include a standard mortgage clause and will name Lender as mortgagee and/or as an additional loss payee.

If there is a loss or damage to the Property, I will promptly notify the insurance company and Lender. If I do not promptly prove to the insurance company that the loss or damage occurred, then Lender may do so.

LOAN NO.:                                          Initials _M_ _U_ ___ ___ ___ ___

NEW YORK–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS          Form 3033  1/01
*DOCPREP SERVICES, INC.*  FORM - MMTGNY1-3133          **Page 7 of 17**
                                                       **ORIGINAL**

The amount paid by the insurance company for loss or damage to the Property is called "proceeds." Unless Lender and I otherwise agree in writing, any proceeds, whether or not the underlying insurance was required by Lender, will be used to repair or to restore the damaged Property unless: (a) it is not economically feasible to make the repairs or restoration; (b) the use of the proceeds for that purpose would lessen the protection given to Lender by this Security Instrument; or (c) Lender and I have agreed in writing not to use the proceeds for that purpose. During the period that any repairs or restorations are being made, Lender may hold any proceeds until it has had an opportunity to inspect the Property to verify that the repair work has been completed to Lender's satisfaction. However, this inspection will be done promptly. Lender may make payments for the repairs and restorations in a single payment or in a series of progress payments as the work is completed. Unless Lender and I agree otherwise in writing or unless Applicable Law requires otherwise, Lender is not required to pay me any interest or earnings on the proceeds. I will pay for any public adjusters or other third parties that I hire, and their fees will not be paid out of the proceeds. If the repair or restoration is not economically feasible or if it would lessen Lender's protection under this Security Instrument, then the proceeds will be used to reduce the amount that I owe to Lender under this Security Instrument. Such insurance proceeds will be applied in the order provided for in Section 2. If any of the proceeds remain after the amount that I owe to Lender has been paid in full, the remaining proceeds will be paid to me.

If I abandon the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If I do not answer, within 30 days, a notice from Lender stating that the insurance company has offered to settle a claim, Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 of this Security Instrument or otherwise, I give Lender my rights to any insurance proceeds in an amount not greater than the amounts unpaid under the Note and this Security Instrument. I also give Lender any other of my rights (other than the right to any refund of unearned premiums that I paid) under all insurance policies covering the Property, if the rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

**6. Borrower's Obligations to Occupy The Property.** I will occupy the Property and use the Property as my principal residence within 60 days after I sign this Security Instrument. I will continue to occupy the Property and to use the Property as my principal residence for at least one year. The one-year period will begin when I first occupy the Property. However, I will not have to occupy the Property and use the Property as my principal residence within the time frames set forth above if Lender agrees in writing that I do not have to do so. Lender may not refuse to agree unless the refusal is reasonable. I also will not have to occupy the Property and use the Property as my principal residence within the time frames set forth above if extenuating circumstances exist which are beyond my control.

**7. Borrower's Obligations to Maintain And Protect The Property And to Fulfill Any Lease Obligations.**

**(a) Maintenance and Protection of the Property.** I will not destroy, damage or harm the Property, and I will not allow the Property to deteriorate. Whether or not I am residing in the Property, I will keep the Property in good repair so that it will not deteriorate or decrease in value due to its condition. Unless it is determined under Section 5 of this Security Instrument that repair is not economically feasible, I will promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation (as described in the definition of Miscellaneous Proceeds) proceeds are paid because of loss or damage to, or condemnation of, the Property, I will repair or restore the Property only if Lender has released those proceeds for such purposes. Lender may pay for the repairs and restoration out of proceeds in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, I promise to pay for the completion of such repair or restoration.

LOAN NO.:                                  Initials _M_ _K_ ___ ___ ___ ___

NEW YORK-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS          Form 3033  1/01
*DocPrep Services, Inc.*  FORM - MMTGNY1-3133                **Page 8 of 17**
                                                            **ORIGINAL**

**(b) Lender's Inspection of Property.** Lender, and others authorized by Lender, may enter on and inspect the Property. They will do so in a reasonable manner and at reasonable times. If it has a reasonable purpose, Lender may inspect the inside of the home or other improvements on the Property. Before or at the time an inspection is made, Lender will give me notice stating a reasonable purpose for such interior inspection.

**8. Borrower's Loan Application.** If, during the application process for the Loan, I, or any person or entity acting at my direction or with my knowledge or consent, made false, misleading, or inaccurate statements to Lender about information important to Lender in determining my eligibility for the Loan (or did not provide Lender with such information), Lender will treat my actions as a default under this Security Instrument. False, misleading, or inaccurate statements about information important to Lender would include a misrepresentation of my intention to occupy the Property as a principal residence. This is just one example of a false, misleading, or inaccurate statement of important information.

**9. Lender's Right to Protect Its Rights in The Property.** If: (a) I do not keep my promises and agreements made in this Security Instrument; (b) someone, including me, begins a legal proceeding that may significantly affect Lender's interest in the Property or rights under this Security Instrument (such as a legal proceeding in bankruptcy, in probate, for condemnation or forfeiture, proceedings which could give a person rights which could equal or exceed Lender's interest in the Property or under this Security Instrument, proceedings for enforcement of a lien which may become superior to this Security Instrument, or to enforce laws or regulations); or (c) I have abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and Lender's rights under this Security Instrument.

Lender's actions may include, but are not limited to: (a) protecting and/or assessing the value of the Property; (b) securing and/or repairing the Property; (c) paying sums to eliminate any lien against the Property that may be equal or superior to this Security Instrument; (d) appearing in court; and (e) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Lender can also enter the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, have utilities turned on or off, and take any other action to secure the Property. Although Lender may take action under this Section 9, Lender does not have to do so and is under no duty to do so. I agree that Lender will not be liable for not taking any or all actions under this Section 9.

I will pay to Lender any amounts, with interest, which Lender spends under this Section 9. I will pay those amounts to Lender when Lender sends me a notice requesting that I do so. I will pay interest on those amounts at the interest rate set forth in the Note. Interest on each amount will begin on the date that the amount is spent by Lender. This Security Instrument will protect Lender in case I do not keep this promise to pay those amounts with interest.

If I do not own, but am a tenant on the Property, I will fulfill all my obligations under my lease. I also agree that, if I acquire the full title (sometimes called "fee title") to the Property, my lease interest and the fee title will not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, I will pay the premiums for the Mortgage Insurance. If, for any reason, the Mortgage Insurance coverage ceases to be available from the mortgage insurer that previously provided such insurance and Lender required me to make separate payments toward the premiums for Mortgage Insurance, I will pay the premiums for substantially equivalent Mortgage Insurance coverage from an alternate mortgage insurer. However, the cost of this Mortgage Insurance coverage will be substantially equivalent to the cost to me of the previous Mortgage Insurance coverage, and the alternate mortgage insurer will be selected by Lender.

LOAN NO.:                                          Initials _M_ _LC_ ___ ___ ___ ___

NEW YORK–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT – MERS          Form 3033  1/01
*DocPrep Services, Inc.* FORM - MMTGNY1-J133                  **Page 9 of 17**
                                                          **ORIGINAL**

If substantially equivalent Mortgage Insurance coverage is not available, Lender will establish a non-refundable "loss reserve" as a substitute for the Mortgage Insurance coverage. I will continue to pay to Lender each month an amount equal to one-twelfth of the yearly Mortgage Insurance premium (as of the time the coverage lapsed or ceased to be in effect). Lender will retain these payments, and will use these payments to pay for losses that the Mortgage Insurance would have covered. The loss reserve is non-refundable even if the Loan is ultimately paid in full and Lender is not required to pay me any interest on the loss reserve. Lender can no longer require loss reserve payments if: (a) Mortgage Insurance coverage again becomes available through an insurer selected by Lender; (b) such Mortgage Insurance is obtained; (c) Lender requires separately designated payments toward the premiums for Mortgage Insurance; and (d) the Mortgage Insurance coverage is in the amount and for the period of time required by Lender.

If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separate payments toward the premiums for Mortgage Insurance, I will pay the Mortgage Insurance loss reserve payments, until the requirement for Mortgage Insurance ends according to any written agreement between premiums, or the Lender and me providing for such termination or until termination of Mortgage Insurance is required by Applicable Law. Lender may require me to pay the premiums, or the loss reserve payments, in the manner described in Section 3 of this Security Instrument. Nothing in this Section 10 will affect my obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

**11. Agreements About Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are assigned to and will be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds will be applied to restoration or repair of the Property, if (a) the restoration or repair is economically feasible, and (b) Lender's security given in this Security Instrument is not lessened. During such repair and restoration period, Lender will have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect the Property to verify that the

LOAN NO.:                                    Initials _____ _____ _____ _____ _____ _____

NEW YORK-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS          Form 3033  1/01
*DOCPREP SERVICES, INC.*  FORM - MMTGNY1-3133          **Page 10 of 17**
                                             **ORIGINAL**

work has been completed to Lender's satisfaction. However, the inspection will be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless Lender and I agree otherwise in writing or unless Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender will not be required to pay Borrower any interest or earnings on the Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security given in this Security Instrument would be lessened, the Miscellaneous Proceeds will be applied to the Sums Secured, whether or not then due. The excess, if any, will be paid to me. Such Miscellaneous Proceeds will be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds will be applied to the Sums Secured, whether or not then due. The excess, if any, will be paid to me.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the Sums Secured immediately before the partial taking, destruction, or loss in value, the Sums Secured will be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the Sums Secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to me.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the Sums Secured immediately before the partial taking, destruction, or loss in value, the Miscellaneous Proceeds will be applied to the Sums Secured whether or not the sums are then due.

If I abandon the Property, or if, after Lender sends me notice that the Opposing Party (as defined in the next sentence) offered to make an award to settle a claim for damages, I fail to respond to Lender within 30 days after the date the Lender gives notice, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the Sums Secured, whether or not then due. "Opposing Party" means the third party that owes me Miscellaneous Proceeds or the party against whom I have a right of action in regard to Miscellaneous Proceeds.

I will be in default under this Security Instrument if any civil or criminal action or proceeding that Lender determines could result in a court ruling (a) that would require forfeiture of the Property, or (b) that could damage Lender's interest in the Property or rights under this Security Instrument. "Forfeiture" is a court action to require the Property, or any part of the Property, to be given up. I may correct the default by obtaining a court ruling that dismisses the court action, if Lender determines that this court ruling prevents forfeiture of the Property and also prevents any damage to Lender's interest in the Property or rights under this Security Instrument. If I correct the default, I will have the right to have enforcement of this Security Instrument discontinued, as provided in Section 19 of this Security Instrument, even if Lender has required immediate payment in full. The proceeds of any award or claim for damages that are attributable to the damage or reduction of Lender's interest in the Property are assigned, and will be paid, to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property will be applied in the order provided for in Section 2.

**12. Continuation of Borrower's Obligations And of Lender's Rights.**

(a) **Borrower's Obligations.** Lender may allow me, or a person who takes over my rights and obligations, to delay or to change the amount of the Periodic Payments. Even if Lender does this, however, I will still be fully obligated under the Note and under this Security Instrument unless Lender agrees to release me, in writing, from my obligations.

Lender may allow those delays or changes for me or a person who takes over my rights and obligations, even if Lender is requested not to do so. Even if Lender is requested to do so, Lender will not be required to (1) bring a lawsuit against me or such a person for not fulfilling obligations under the Note or under this Security Instrument, or (2) refuse to extend time for payment or otherwise modify amortization of the Sums Secured.

LOAN NO.:                                              Initials _M_ _U(_  ___  ___  ___  ___

NEW YORK-Single Family-Fannie Mae/Freddie Mac **UNIFORM INSTRUMENT - MERS**            Form 3033  1/01
*DOCPREP SERVICES, INC.* FORM - MMTGNY1-3133                     **Page 11 of 17**
                                              **ORIGINAL**

**(b) Lender's Rights.** Even if Lender does not exercise or enforce any right of Lender under this Security Instrument or under Applicable Law, Lender will still have all of those rights and may exercise and enforce them in the future. Even if: (1) Lender obtains insurance, pays taxes, or pays other claims, charges or liens against the Property; (2) Lender accepts payments from third persons; or (3) Lender accepts payments in amounts less than the amount then due, Lender will have the right under Section 22 below to demand that I make immediate payment in full of any amounts remaining due and payable to Lender under the Note and under this Security Instrument.

**13. Obligations of Borrower And of Persons Taking Over Borrower's Rights or Obligations.** If more than one person signs this Security Instrument as Borrower, each of us is fully obligated to keep all of Borrower's promises and obligations contained in this Security Instrument. Lender may enforce Lender's rights under this Security Instrument against each of us individually or against all of us together. This means that any one of us may be required to pay all of the Sums Secured. However, if one of us does not sign the Note: a) that person is signing this Security Instrument only to give that person's rights in the Property to Lender under the terms of this Security Instrument; (b) that person is not personally obligated to pay the Sums Secured; and (c) that person agrees that Lender may agree with the other Borrowers to delay enforcing any of Lender's rights, to modify, or make any accommodations with regard to the terms of this Security Instrument or the Note without that person's consent.

Subject to the provisions of Section 18 of this Security Instrument, any person who takes over my rights or obligations under this Security Instrument in writing, and is approved by Lender in writing, will have all of my rights and will be obligated to keep all of my promises and agreements made in this Security Instrument. Borrower will not be released from Borrower's obligations and liabilities under this Security Instrument unless Lender agrees to such release in writing. Any person who takes over Lender's rights or obligations under this Security Instrument will have all of Lender's rights and will be obligated to keep all of Lender's promises and agreements made in this Security Instrument except as provided under Section 20.

**14. Loan Charges.** Lender may charge me fees for services performed in connection with my default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. With regard to other fees, the fact that this Security Instrument does not expressly indicate that Lender may charge a certain fee does not mean that Lender cannot charge that fee. Lender may not charge fees that are prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to Applicable Law which sets maximum loan charges, and that Applicable Law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed permitted limits: (a) any such loan charge will be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (even if a prepayment charge is provided for under the Note). If I accept such a refund that is paid directly to me, I will waive any right to bring a lawsuit against Lender because of the overcharge.

**15. Notices Required under this Security Instrument.** All notices given by me or Lender in connection with this Security Instrument will be in writing. Any notice to me in connection with this Security Instrument is considered given to me when mailed by first class mail or when actually delivered to my notice address if sent by other means. Notice to any one Borrower will be notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address is the address of the Property unless I give notice to Lender of a different address. I will promptly notify Lender of my change of address. If Lender specifies a procedure for reporting my change of address, then I will only report a change of address through that specified

LOAN NO.:                                        Initials  _M_  _K_  ____  ____  ____  ____

NEW YORK–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS                Form 3033  1/01
*DocPrep Services, Inc.*  FORM - MMTGNY1-3133                    **Page 12 of 17**
                                                    **ORIGINAL**

procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender will be given by delivering it or by mailing it by first class mail to Lender's address stated on the first page of this Security Instrument unless Lender has given me notice of another address. Any notice in connection with this Security Instrument is given to Lender when it is actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Law That Governs this Security Instrument; Word Usage.** This Security Instrument is governed by federal law and the law of New York State. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might allow the parties to agree by contract or it might be silent, but such silence does not mean that Lender and I cannot agree by contract. If any term of this Security Instrument or of the Note conflicts with Applicable Law, the conflict will not affect other provisions of this Security Instrument or the Note which can operate, or be given effect, without the conflicting provision. This means that the Security Instrument or the Note will remain as if the conflicting provision did not exist.

As used in this Security Instrument: (a) words of the masculine gender mean and include corresponding words of the feminine and neuter genders; (b) words in the singular mean and include the plural, and words in the plural mean and include the singular; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** I will be given one copy of the Note and of this Security Instrument.

**18. Agreements about Lender's Rights If the Property Is Sold or Transferred.** Lender may require immediate payment in full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission. If Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred without Lender's prior written permission, Lender also may require immediate payment in full. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender requires immediate payment in full under this Section 18, Lender will give me a notice which states this requirement. The notice will give me at least 30 days to make the required payment. The 30-day period will begin on the date the notice is given to me in the manner required by Section 15 of this Security Instrument. If I do not make the required payment during that period, Lender may act to enforce its rights under this Security Instrument without giving me any further notice or demand for payment.

**19. Borrower's Right to Have Lender's Enforcement of this Security Instrument Discontinued.** Even if Lender has required immediate payment in full, I may have the right to have enforcement of this Security Instrument stopped. I will have this right at any time before the earliest of: (a) 5 days before sale of the Property under any power of sale granted by this Security Instrument; (b) another period as Applicable Law might specify for the termination of my right to have enforcement of the Loan stopped; or (c) a judgment has been entered enforcing this Security Instrument. In order to have this right, I will meet the following conditions:

(a) I pay to Lender the full amount that then would be due under this Security Instrument and the Note as if immediate payment in full had never been required;

(b) I correct my failure to keep any of my other promises or agreements made in this Security Instrument;

(c) I pay all of Lender's reasonable expenses in enforcing this Security Instrument including, for example, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and

(d) I do whatever Lender reasonably requires to assure that Lender's interest in the Property and rights under this Security Instrument and my obligations under the Note and under this Security Instrument continue unchanged.

LOAN NO.:                                                    Initials _H_ _U_ ____ ____ ____ ____

NEW YORK-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS              Form 3033  1/01
*DOCPREP SERVICES, INC.* FORM - MMTGNY1-3133                    Page 13 of 17
                                                               ORIGINAL

Lender may require that I pay the sums and expenses mentioned in (a) through (d) in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer.

If I fulfill all of the conditions in this Section 19, then this Security Instrument will remain in full effect as if immediate payment in full had never been required. However, I will not have the right to have Lender's enforcement of this Security Instrument discontinued if Lender has required immediate payment in full under Section 18 of this Security Instrument.

**20. Note Holder's Right to Sell the Note or an Interest in the Note; Borrower's Right to Notice of Change of Loan Servicer; Lender's and Borrower's Right to Notice of Grievance.** The Note, or an interest in the Note, together with this Security Instrument, may be sold one or more times. I might not receive any prior notice of these sales.

The entity that collects the Periodic Payments and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law is called the "Loan Servicer." There may be a change of the Loan Servicer as a result of the sale of the Note. There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note. Applicable Law requires that I be given written notice of any change of the Loan Servicer. The notice will state the name and address of the new Loan Servicer, and also tell me the address to which I should make my payments. The notice also will contain any other information required by RESPA or Applicable Law. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to me will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither I nor Lender may commence, join or be joined to any court action (as either an individual party or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other has not fulfilled any of its obligations under this Security Instrument, unless the other is notified (in the manner required under Section 15 of this Security Instrument) of the unfulfilled obligation and given a reasonable time period to take corrective action. If Applicable Law provides a time period which will elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to me under Section 22 and the notice of the demand for payment in full given to me under Section 22 will be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20. All rights under this paragraph are subject to Applicable Law.

**21. Continuation of Borrower's Obligations to Maintain and Protect the Property.** The federal laws and the laws of New York State that relate to health, safety or environmental protection are called "Environmental Law." Environmental Law classifies certain substances as toxic or hazardous. There are other substances that are considered hazardous for purposes of this Section 21. These substances are gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. The substances defined as toxic or hazardous by Environmental Law and the substances considered hazardous for purposes of this Section 21 are called "Hazardous Substances." "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law. An "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

I will not do anything affecting the Property that violates Environmental Law, and I will not allow anyone else to do so. I will not cause or permit Hazardous Substances to be present on the Property. I will not use or store Hazardous Substances on the Property. I also will not dispose of Hazardous Substances on the Property, or release any Hazardous Substance on the Property, and I will not allow anyone else to do so. I also will not

LOAN NO.:                                       Initials _M_ _K_ ___ ___ ___

NEW YORK-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS                Form 3033  1/01
*DocPrep Services, Inc.*  FORM - MMTGNY1-3133                    **Page 14 of 17**
                                                                **ORIGINAL**

do, nor allow anyone else to do, anything affecting the Property that: (a) is in violation of any Environmental Law; (b) creates an Environmental Condition; or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The promises in this paragraph do not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized as appropriate for normal residential use and maintenance of the Property (including, but not limited to, Hazardous Substances in consumer products). I may use or store these small quantities on the Property. In addition, unless Environmental Law requires removal or other action, the buildings, the improvements and the fixtures on the Property are permitted to contain asbestos and asbestos-containing materials if the asbestos and asbestos-containing materials are undisturbed and "non-friable" (that is, not easily crumbled by hand pressure).

I will promptly give Lender written notice of: (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which I have actual knowledge; (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance; and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If I learn, or any governmental or regulatory authority, or any private party, notifies me that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, I will promptly take all necessary remedial actions in accordance with Environmental Law.

Nothing in this Security Instrument creates an obligation on Lender for an Environmental Cleanup.

## NON-UNIFORM COVENANTS

I also promise and agree with Lender as follows:

**22. Lender's Rights If Borrower Fails to Keep Promises and Agreements. Except as provided in Section 18 of this Security Instrument, if all of the conditions stated in subsections (a), (b) and (c) of this Section 22 are met, Lender may require that I pay immediately the entire amount then remaining unpaid under the Note and under this Security Instrument. Lender may do this without making any further demand for payment. This requirement is called "immediate payment in full."**

**If Lender requires immediate payment in full, Lender may bring a lawsuit to take away all of my remaining rights in the Property and have the Property sold. At this sale Lender or another person may acquire the Property. This is known as "foreclosure and sale." In any lawsuit for foreclosure and sale, Lender will have the right to collect all costs and disbursements and additional allowances allowed by Applicable Law and will have the right to add all reasonable attorneys' fees to the amount I owe Lender, which fees shall become part of the Sums Secured or if another default occurs under this Security Instrument.**

**Lender may require immediate payment in full under this Section 22 only if all of the following conditions are met:**

**(a) I fail to keep any promise or agreement made in this Security Instrument or the Note, including, but not limited to, the promises to pay when due the Sums Secured or if another default occurs under this Security Instrument;**

**(b) Lender sends to me, in the manner described in Section 15 of this Security Instrument, a notice that states:**

**(1) The promise or agreement that I failed to keep or the default that has occurred;**

**(2) The action that I must take to correct that default;**

**(3) A date by which I must correct the default. That date will be at least 30 days from the date on which the notice is given;**

LOAN NO.:                                            Initials _M_ _K___  ___  ___  ___

NEW YORK-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS          Form 3033 1/01
*DOCPREP SERVICES, INC.* FORM - MMTGNY1-3133                    **Page 15 of 17**
                                                        **ORIGINAL**

(4) That if I do not correct the default by the date stated in the notice, Lender may require immediate payment in full, and Lender or another person may acquire the Property by means of foreclosure and sale;

(5) That if I meet the conditions stated in Section 19 of this Security Instrument, I will have the right to have Lender's enforcement of this Security Instrument stopped and to have the Note and this Security Instrument remain fully effective as if immediate payment in full had never been required; and

(6) That I have the right in any lawsuit for foreclosure and sale to argue that I did keep my promises and agreements under the Note and under this Security Instrument, and to present any other defenses that I may have; and

(c) I do not correct the default stated in the notice from Lender by the date stated in that notice.

**23. Lender's Obligation to Discharge this Security Instrument.** When Lender has been paid all amounts due under the Note and under this Security Instrument, Lender will discharge this Security Instrument by delivering a certificate stating that this Security Instrument has been satisfied. I will pay all costs of recording the discharge in the proper official records. I agree to pay a fee for the discharge of this Security Instrument, if Lender so requires. Lender may require that I pay such a fee, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted by Applicable Law.

**24. Agreements about New York Lien Law.** I will receive all amounts lent to me by Lender subject to the trust fund provisions of Section 13 of the New York Lien Law. This means that I will: (a) hold all amounts which I receive and which I have a right to receive from Lender under the Note as a "trust fund; " and (b) use those amounts to pay for "cost of improvement" (as defined in the New York Lien Law) before I use them for any other purpose. The fact that I am holding those amounts as a "trust fund" means that for any building or other improvement located on the Property I have a special responsibility under the law to use the amount in the manner described in this Section 24.

**25. Borrower's Statement Regarding the Property [check box as applicable].**

☐ This Security Instrument covers real property improved, or to be improved, by a 1 or 2 family dwelling only.

☐ This Security Instrument covers real property principally improved, or to be improved, by one or more structures containing, in the aggregate, not more than 6 residential dwelling units with each dwelling unit having its own separate cooking facilities.

☐ This Security Instrument does not cover real property improved as described above.

LOAN NO.:                                                                    Initials _M_ _U_ ___ ___ ___ ___

NEW YORK–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS          Form 3033  1/01
*DOCPREP SERVICES, INC.*  FORM - MMTGNY1-3133              **Page 16 of 17**
                                                          **ORIGINAL**

**BY SIGNING BELOW,** I accept and agree to the promises and agreements contained in pages 1 through 17 of this Security Instrument and in any Rider signed by me and recorded with it.

Witnesses:

_____    _____ (Seal)
                           MICHAEL KRICHEVSKY                    -Borrower

_____    _____ (Seal)
                                                                -Borrower

                           _____ (Seal)
                                                                -Borrower

                           _____ (Seal)
                                                                -Borrower

                           _____ (Seal)
                                                                -Borrower

LOAN NO.:

                           _____ (Seal)
                                                                -Borrower

———————————— [Space Below This Line For Acknowledgment] ————————————

**STATE OF NEW YORK**

**COUNTY OF** _Kings_                    } SS:

On the _14th_ day of _December_ , in the year _2005_ , before me, the undersigned, personally appeared _____

MICHAEL KRICHEVSKY _____

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted or the person upon behalf of which the individual(s) acted, executed the agreement.

Sworn to before me this _14th_
Day of _December_ , _2005_ .

_____
Notary Public

**AVROHOM BIRNBAUM**
Notary Public State of NY
No. 01BI5047128
Qualified in Kings County
Comm. Expires 07/24/2009

# INITIAL INTEREST<sup>SM</sup> ADJUSTABLE RATE RIDER

### (1-Year LIBOR Index - Rate Caps)
### (Assumable after Initial Period)

THIS INITIAL INTEREST ADJUSTABLE RATE RIDER is made this ___14TH___ day of ___DECEMBER___ , ___2005___ , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure the Borrower's Initial Interest Adjustable Rate Note (the "Note") to **FAIRMONT FUNDING LTD, A NEW YORK CORPORATION** _____

(the "Lender") of the same date and covering the property described in the Security Instrument and located at:
**4221 ATLANTIC AVENUE** _____
**BROOKLYN, NEW YORK 11224** _____

(Property Address)

**THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE INTEREST RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE AMOUNT THE BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE THE BORROWER MUST PAY.**

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

## A. INTEREST RATE AND MONTHLY PAYMENT CHANGES

The Note provides for an initial interest rate of ___6.500___ %. The Note provides for interest only payments until the first fully amortizing principal and interest payment due date (the "First P&I Payment Due Date"), which is the first day of **FEBRUARY** _____ , ___2011___ .

The Note provides for changes in the interest rate and the monthly payments, as follows:

## 4. INTEREST RATE AND MONTHLY PAYMENT CHANGES

### (A) Interest Change Dates

The interest rate I will pay may change on the first day of **JANUARY** _____ , ___2011___ , and may change on that day every 12th month thereafter. Each date on which my interest rate could change is called an "Interest Change Date."

### (B) The Index

Beginning with the first Interest Change Date, my interest rate will be based on an Index. The "Index" is the one-year London Interbank Offered Rate ("LIBOR") which is the average of interbank offered rates for one-year U.S. dollar-denominated deposits in the London market, as published in *The Wall Street Journal*. The most recent Index figure available as of the date 45 days before each Interest Change Date is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index which is based upon comparable information. The Note Holder will give me notice of this choice.

### (C) Calculation of Changes

Before each Interest Change Date, the Note Holder will calculate my new interest rate by adding **TWO AND 250/1000** _____ percentage point(s) ( ___2.250___ %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Interest Change Date.

LOAN NO.:                 Initials _M_ _K_ ____ ____ ____ ____

MULTISTATE INITIAL INTEREST ADJUSTABLE RATE RIDER - 1-Year LIBOR Index (Assumable after Initial Period) -Single Family-
Freddie Mac UNIFORM INSTRUMENT
*DocPrep Services, Inc.* FORM - MS5137N-8605        Page 1 of 3        Form 5137 7/05

ORIGINAL

The Note Holder will then determine the amount of my monthly payment. For payment adjustments occurring before the First P&I Payment Due Date, my monthly payment will be the amount sufficient to repay all accrued interest each month on the unpaid principal balance at the new interest rate. For payment adjustments occurring on or after the First P&I Payment Due Date, my monthly payment will be an amount sufficient to repay the unpaid principal that I am expected to owe at the Interest Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Interest Change Date will not be greater than __11.500__ % or less than __2.250__ %. Thereafter, my interest rate will never be increased or decreased on any single Interest Change Date by more than __TWO AND 000/1000__ percentage point(s) ( __2.000__ %) from the rate of interest I have been paying for the preceding 12 months. My interest rate will never be greater than __11.500__ %.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Interest Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Interest Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

## B. TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER

**1. UNTIL BORROWER'S INITIAL INTEREST RATE CHANGES UNDER THE TERMS STATED IN SECTION A ABOVE, UNIFORM COVENANT 18 OF THE SECURITY INSTRUMENT SHALL BE IN EFFECT AS FOLLOWS:**

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

LOAN NO.:                                    Initials _M_ _K_ ____ ____ ____ ____

MULTISTATE INITIAL INTEREST ADJUSTABLE RATE RIDER - 1-Year LIBOR Index (Assumable after Initial Period) -Single Family-
Freddie Mac UNIFORM INSTRUMENT
*DOCPREP SERVICES, INC.* FORM - MSS137N-8605              **Page 2 of 3**                           Form 5137  7/05
                                                        **ORIGINAL**

**2. AFTER BORROWER'S INITIAL INTEREST RATE CHANGES UNDER THE TERMS STATED IN SECTION A ABOVE, UNIFORM COVENANT 18 OF THE SECURITY INSTRUMENT DESCRIBED IN SECTION B1 ABOVE SHALL THEN CEASE TO BE IN EFFECT, AND THE PROVISIONS OF UNIFORM COVENANT 18 OF THE SECURITY INSTRUMENT SHALL BE AMENDED TO READ AS FOLLOWS:**

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**BY SIGNING BELOW,** Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider.

_____ (Seal)                    _____ (Seal)
                                     -Borrower                                           -Borrower
MICHAEL KRICHEVSKY

_____ (Seal)                    _____ (Seal)
                                     -Borrower                                           -Borrower

(Sign Original Only)

LOAN NO.:

MULTISTATE INITIAL INTEREST ADJUSTABLE RATE RIDER - 1-Year LIBOR Index (Assumable after Initial Period) -Single Family-
Freddie Mac UNIFORM INSTRUMENT

*DOCPREP SERVICES, INC.* FORM - MS5137N-8605          Page 3 of 3          Form 5137 7/05
                                                     ORIGINAL

<table>
<tr><td>

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

</td><td>



2009100900097001001E9E67

</td></tr>
</table>

**RECORDING AND ENDORSEMENT COVER PAGE**          **PAGE 1 OF 3**

| | | |
|---|---|---|
| **Document ID:** 2009100900097001 | Document Date: 08-25-2009 | Preparation Date: 10-09-2009 |

Document Type: ASSIGNMENT, MORTGAGE
Document Page Count: 1

| PRESENTER: | RETURN TO: |
|---|---|
| HOLD FOR PICK-UP SUZANNE MANGO | IN CARE OF SUZANNE MANGO |
| PRIME TITLE (PT70347) | STEVEN J. BAUM, PC. |
| 410 NEW YORK AVENUE | 220 NORTHPOINTE PARKWAY, SUITE G |
| HUNTINGTON, NY 11743 | AMHERST, NY 14228 |
| 631-870-1100 | 716-204-2400 |
| mbrenner@primetitlellc.com | |

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 7026 | 53 | Entire Lot | 4221 ATLANTIC AVENUE |

**Property Type:** DWELLING ONLY - 1 FAMILY

**CROSS REFERENCE DATA**

**CRFN:** 2005000701375

**PARTIES**

| ASSIGNOR/OLD LENDER: | ASSIGNEE/NEW LENDER: |
|---|---|
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC | US BANK NATIONAL ASSOCIATION |
| 3300 SW 34TH AVENUE, SUITE 101 | 180 EAST 5TH STREET |
| OCALA, FL 34474 | ST PAUL, MN 55101 |
| x   Additional Parties Listed on Continuation Page | |

**FEES AND TAXES**

| Mortgage | | | Filing Fee: | | |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | | |
| Exemption: | | | | $ | 0.00 |
| TAXES:  County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 0.00 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | | |
| TASF: | $ | 0.00 | | | |
| MTA: | $ | 0.00 | | | |
| NYCTA: | $ | 0.00 | | | |
| Additional MRT: | $ | 0.00 | | | |
| TOTAL: | $ | 0.00 | | | |
| Recording Fee: | $ | 42.00 | | | |
| Affidavit Fee: | $ | 0.00 | | | |

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**

Recorded/Filed          10-19-2009 15:47
City Register File No.(CRFN):
          **2009000339958**

*Annette M. Hill*

***City Register Official Signature***



**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

2009100900097001001C9CE7

| RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION) | PAGE 2 OF 3 |
|---|---|

**Document ID:** 2009100900097001    Document Date: 08-25-2009    Preparation Date: 10-09-2009
Document Type: ASSIGNMENT, MORTGAGE

---

**PARTIES**
**ASSIGNOR/OLD LENDER:**
FAIRMONT FUNDING LTD
3300 SW 34TH AVENUE, SUITE 101
OCALA, FL  34474

---

**PARTIES**
**ASSIGNEE/NEW LENDER:**
MORTGAGE PASS THROUGH CERTIFICATES SERES
2006-F
180 EAST 5TH STREET
ST PAUL, MN  55101

Loan #

# *ASSIGNMENT OF MORTGAGE*

County of **KINGS**, State of New York

Assignor: **Mortgage Electronic Registration Systems, Inc. as nominee for Fairmont Funding, Ltd., its successors and assigns, 3300 SW 34th Ave. Suite 101, Ocala, FL 34474**

Assignee: **US Bank National Association, as Trustee for Mortgage Pass-Through Certificates, Series 2006-F, 180 East 5th St., St. Paul, MN 55101**

Original Lender: **Mortgage Electronic Registration Systems, Inc. as nominee for Fairmont Funding, Ltd., its successors and assigns**

Mortgage made by MICHAEL KRICHEVSKY, dated **the 14th day of December, 2005** in the amount of **Seven hundred and forty seven thousand six hundred dollars ($747,600.00)** and interest, recorded on **the 21st day of December, 2005** in the Office of the Clerk of the County of KINGS at Certificate/Docket Number 2005000701375.

This said mortgage has not been otherwise assigned.

Property Address: 4221 ATLANTIC AVENUE, BROOKLYN, NY 11224
SBL # Block 7026 Lot 53

Know that All Men By These Present in consideration of the sum of One and No/100th Dollars and other good valuable consideration, paid to the above Named assignor, the receipt and sufficiency of which is hereby acknowledged the Said Assignor hereby assigns unto the above named Assignee the said Mortgage, and the full benefit of all the powers and of all the covenants and Provisions therein contained, and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's beneficial interest under the Mortgage.

*TO HAVE AND TO HOLD* the said Mortgage, and also the said property unto the said Assignee forever, subject to the terms contained in said Mortgage.
*THIS* Assignment is not subject to the requirement of Section 275 of the Real Property Law because it is within the secondary mortgage market.
*IN WITNESS WHEREOF*, the Assignor has caused these presents to be signed by its duly authorized officer this 25th day of August, 2009.

*IN PRESENCE OF*

Mortgage Electronic Registration Systems, Inc. as nominee for Fairmont Funding, Ltd., its successors and assigns

BY: _____
Elpiniki M. Bechakas
Assistant Secretary and Vice President

State of New York
County of Erie   ss:
On the 25th day of August, in the year 2009 before me, the undersigned, a notary public in and for said state, personally appeared Elpiniki M. Bechakas, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he she they executed the same in his/her their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

**SEAL**

R. P.
Pillar Processing, LLC
220 Northpointe Pkwy., Suite B
Amherst, NY 14228
PT 70 310

**Jeanette Sheliga**
**Notary Public State of New York**
**Qualified in Niagara County**
**My Commission Expires July 27, 2013**



**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument.The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

2013090400289001001ECD26

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 4 |
|---|---|---|
| **Document ID: 2013090400289001** | Document Date: 08-29-2013 | Preparation Date: 09-04-2013 |

Document Type:  ASSIGNMENT, MORTGAGE
Document Page Count: 2

| PRESENTER: | RETURN TO: |
|---|---|
| DEFAULT ASSIGNMENT TEAM<br>WELLS FARGO HOME MORTGAGE, X9999-018<br>P O BOX 1629<br>MINNEAPOLIS, MN 55440-9790<br>651-605-7792<br>AMYEGGERS@WELLSFARGO.COM | DEFAULT ASSIGNMENT TEAM<br>WELLS FARGO HOME MORTGAGE, X9999-018<br>P O BOX 1629<br>MINNEAPOLIS, MN 55440-9790<br>651-605-7792<br>AMYEGGERS@WELLSFARGO.COM |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 7026 | 53 | Entire Lot | 4221 ATLANTIC AVENUE |

**Property Type:**  1- 2 FAM WITH ATTCH GAR &/OR VACANT LAND

### CROSS REFERENCE DATA

**CRFN:**  2005000701375
☒ Additional  Cross References on Continuation  Page

### PARTIES

| ASSIGNOR/OLD LENDER: | ASSIGNEE/NEW LENDER: |
|---|---|
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC<br>1901 E. VOORHEES STREET, SUITE C<br>DANVILLE, IL 61834 | US BANK NA<br>60 LIVINGSTON AVENUE<br>ST. PAUL, MN 55107 |

### FEES AND TAXES

| Mortgage : | | | Filing Fee: | | |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | | |
| Exemption: | | | | $ | 0.00 |
| TAXES:   County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 0.00 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | | |
| TASF: | $ | 0.00 | | | |
| MTA: | $ | 0.00 | | | |
| NYCTA: | $ | 0.00 | | | |
| Additional MRT: | $ | 0.00 | | | |
| TOTAL: | $ | 0.00 | | | |
| Recording Fee: | $ | 47.00 | | | |
| Affidavit Fee: | $ | 0.00 | | | |

**RECORDED OR FILED IN THE OFFICE**
**OF THE CITY REGISTER OF THE**
**CITY OF NEW YORK**

Recorded/Filed          09-17-2013 12:01
City Register File No.(CRFN):
**2013000380865**

*Annette M Hill*

***City Register Official Signature***



**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

2013090400289001001CCFA6

| RECORDING AND ENDORSEMENT COVER PAGE  (CONTINUATION) | PAGE 2 OF 4 |
|---|---|

**Document ID:** 2013090400289001       Document Date: 08-29-2013       Preparation Date: 09-04-2013
Document Type: ASSIGNMENT, MORTGAGE

**CROSS REFERENCE DATA**
**CRFN:** 2009000339958

Recording Requested By:
WELLS FARGO BANK, N.A.

When Recorded Return To:

DEFAULT ASSIGNMENT
WELLS FARGO BANK, N.A.
MAC X9998-01P
PO BOX 1629
MINNEAPOLIS, MN  55440-9049

---

**Kings, New York**          ## CORRECTIVE ASSIGNMENT OF MORTGAGE
"KRICHEVSKY"

**MERS #:**          **SIS #: 1-888-679-6377**

Date of Assignment: August 26th, 2013
Assignor: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR FARIMONT
FUNDING, LIMITED, ITS SUCCESSORS AND ASSIGNS at BOX 2026 FLINT MI 48501, 1901 E VOORHEES ST
STE C., DANVILLE, IL  61834
Assignee: U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR BANC OF AMERICA FUNDING
CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-F at 60 LIVINGSTON AVE, ST.
PAUL, MN  55107
Executed By: MICHAEL KRICHEVSKY  To: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS
NOMINEE FOR FAIRMONT FUNDING, LIMITED, ITS SUCCESSORS AND ASSIGNS
Date of Mortgage: 12/14/2005 Recorded:  12/21/2005  as Instrument No.: 2005000701375  In the County of Kings,
State of New York.

-Assigned Wholly by MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR FAIRMONT
FUNDING, LIMITED, ITS SUCCESSORS AND ASSIGNS TO US BANK NATIONAL ASSOCIATION, AS TRUSTEE
FOR MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-F Dated: 08/25/2009 Recorded:  10/19/2009
as Instrument No.: 2009000339958

Section/Block/Lot BROOKLYN-7026-53

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC is at 1901 E Voorhees Street, Suite C, Danville, IL
61834, P.O. BOX 2026, FLINT, MI 48501-2026

Property Address: 4221 ATLANTIC AVENUE, BROOKLYN, NY  11224
Legal:  NA

This Corrective Assignment is being recorded to correct the Assignment recorded on the 19th day of October, 2009
as CRFN 2009000339958 as that Assignment states an incorrect Assignee of US Bank National Association, as
Trustee for Mortgage Pass-Through Certificates, Series 2006-F and it should have stated U.S. Bank National
Association, as Trustee for Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series
2006-F

This Assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an
assignment within the secondary mortgage market.

KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of
which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said
Mortgage having an original principal sum of $747,600.00 with interest, secured thereby, with all moneys now owing
or that may hereafter become due or owing in respect thereof, and the full benefit of all the powers and of all the
covenants and provisos therein contained, and the said Assignor hereby grants and conveys unto the said Assignee,
the Assignor's beneficial interest under the Mortgage.

TO HAVE AND TO HOLD the said Mortgage, and the said property unto the said Assignee forever, subject to the
terms contained in said Mortgage.  IN WITNESS WHEREOF, the assignor has executed these presents the day and
year first above written:

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR FARIMONT FUNDING,
LIMITED, ITS SUCCESSORS AND ASSIGNS
On ___8·29·2013___

By: _____
Stephanie Therese Tautges
Assistant  Secretary

CORRECTIVE ASSIGNMENT OF MORTGAGE PAGE 2 OF 2

STATE OF Minnesota
COUNTY OF Dakota

On the _29th_ day of _August_ in the year _2013_ before me, the undersigned, personally appeared _Stephanie Therese Tautges_, Assistant Secretary, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individuals(s) made such appearance before the undersigned in the County of Dakota, State of Minnesota.

WITNESS my hand and official seal,

_Lynn Marie Sevick_
Notary Expires: 1/31/17
Dakota, Minnesota

LYNN MARIE SEVICK
NOTARY PUBLIC - MINNESOTA
My Commission Expires
January 31, 2017

(This area for notarial seal)

PREPARED BY: WELLS FARGO BANK, N.A.

SEAL

Document drafted by and
RECORDING REQUESTED BY:
Wells Fargo Bank, N.A.
8480 Stagecoach Circle
MAC X3800-027
Frederick, MD 21701

---

SPACE ABOVE THIS LINE FOR RECORDER'S USE

### LIMITED POWER OF ATTORNEY

**The trusts identified on the attached Schedule A (the "Trusts"),** by and through **U.S. Bank National Association,** a national banking association organized and existing under the laws of the United States and having an office at, One Federal Street, EX-MA-FED, Boston, MA 02110, not in its individual capacity but solely as Trustee ("Trustee"), hereby constitutes and appoints Wells Fargo Bank, N.A., ("Servicer"), having an office at 8480 Stagecoach Circle, Frederick, MD 21701 and in its name, aforesaid Attorney-In-Fact, by and through any officer appointed by the Board of Directors of Servicer, to execute and acknowledge in writing or by facsimile stamp all documents customarily and reasonably necessary and appropriate for the tasks described in the items (1) through (12) below; provided however, that (a) the documents described below may only be executed and delivered by such Attorneys-In-Fact if such documents are required or permitted under the terms of the related servicing agreements, (b) all actions taken by Servicer pursuant to this Limited Power of Attorney must be in accordance with Federal, State and local laws and procedures, as applicable and (c) no power is granted hereunder to take any action that would be either adverse to the interests of or be in the name of U.S. Bank National Association in its individual capacity. This Limited Power of Attorney is being issued in connection with Servicer's responsibilities to service certain mortgage loans (the "Loans") held by the Trustee. These Loans are secured by collateral comprised of mortgages, deeds of trust, deeds to secure debt and other forms of security instruments (collectively the "Security Instruments") encumbering any and all real and personal property delineated therein (the "Property") and the Notes secured thereby. Please refer to **Schedule A** attached hereto.

1.    Demand, sue for, recover, collect and receive each and every sum of money, debt, account and interest (which now is, or hereafter shall become due and payable) belonging to or claimed by the Trustee, and to use or take any lawful means for recovery by legal process or otherwise, including but not limited to the substitution of trustee serving under a Deed of Trust, the preparation and issuance of statements of breach, notices of default, and/or notices of sale, accepting deeds in lieu of foreclosure, evicting (to the extent allowed by federal, state or local laws) foreclosing on the properties under the Security Instruments by judicial or non-judicial foreclosure, actions for temporary restraining orders, injunctions, appointments of receiver, suits for waste, fraud and any and all other tort, contractual or verifications in support thereof, as may be necessary or advisable in any bankruptcy action, state or federal suit or any other action.

2.  Execute and/or file such documents and take such other action as is proper and necessary to defend the Trustee in litigation and to resolve any litigation where the Servicer has an obligation to defend the Trustee, including but not limited to dismissal, termination, cancellation, rescission and settlement.

3.  Transact business of any kind regarding the Loans, as the Trustee's act and deed, to contract for, purchase, receive and take possession and evidence of title in and to the Property and/or to secure payment of a promissory note or performance of any obligation or agreement relating thereto.

4.  Execute, complete, indorse or file bonds, notes, mortgages, deeds of trust and other contracts, agreements and instruments regarding the borrowers and/or the Property, including but not limited to the execution of estoppel certificates, financing statements, continuation statements, releases, satisfactions, reconveyances, assignments, loan modification agreements, payment plans, waivers, consents, amendments, forbearance agreements, loan assumption agreements, subordination agreements, property adjustment agreements, management agreements, listing agreements, purchase and sale agreements, short sale transactions and other instruments pertaining to mortgages or deeds of trust, and execution of deeds and associated instruments, if any, conveying the Property, in the interest of the Trustee.

5.  Endorse on behalf of the undersigned all checks, drafts and/or other negotiable instruments made payable to the undersigned.

6.  Execute any document or perform any act in connection with the administration of any PMI policy or LPMI policy, hazard or other insurance claim relative to the Loans or related Property.

7.  Execute any document or perform any act described in items (3), (4), and (5) in connection with the termination of any Trust as necessary to transfer ownership of the affected Loans to the entity (or its designee or assignee) possessing the right to obtain ownership of the Loans.

8.  Subordinate the lien of a mortgage, deed of trust, or deed or other security instrument to secure debt (i) for the purpose of refinancing Loans, where applicable, or (ii) to an easement in favor of a public utility company or a government agency or unit with powers of eminent domain, including but not limited to the execution of partial satisfactions and releases and partial reconveyances reasonably required for such purpose, and the execution or requests to the trustees to accomplish the same.

9.  Convey the Property to the mortgage insurer, or close the title to the Property to be acquired as real estate owned, or convey title to real estate owned property ("REO Property").

10. Execute and deliver any documentation with respect to the sale, maintenance, preservation, renovation, repair, demolition or other disposition, of REO Property acquired through a foreclosure or deed-in-lieu of foreclosure, including, without limitation: permits, remediation plans or agreements, certifications, compliance certificates, health and safety certifications, listing agreements; purchase and sale agreements; grant / limited or special warranty / quit claim deeds or any other deed, but not general warranty deeds, causing the transfer of title of

the property to a party contracted to purchase same; escrow instructions; and any and all documents necessary to effect the transfer of REO Property.

11. Servicer has the power to execute additional limited powers of attorney and delegate the authority given to it by U.S. Bank National Association, as Trustee, under the applicable servicing agreements for the Trusts listed on Schedule A, attached.

12. To execute, record, file and/or deliver any and all documents of any kind for the purpose of fulfilling any servicing duties, including but not limited to those listed in subparagraphs (1) through (11), above, where Trustee's interest is designated, stated, characterized as or includes any reference to one or more of the following: "Indenture Trustee", "Owner Trustee", "Successor Trustee", "Successor in Interest", "Successor to" "Successor by Merger", "Trustee/Custodian", "Custodian/Trustee" or other similar designation.

Trustee also grants unto Servicer the full power and authority to correct ambiguities and errors in documents necessary to effect or undertake any of the items or powers set forth in items (1) to (12), above.

In addition to the indemnification provisions set forth in the applicable servicing agreements for the Trusts listed on Schedule A, attached, Servicer hereby agrees to indemnify and hold the Trustee, and its directors, officers, employees and agents harmless from and against any and all liabilities, obligations, losses, damages, penalties, actions, judgments, suits, costs, expenses or disbursements of any kind or nature whatsoever incurred by reason or result of the misuse of this Limited Power of Attorney by the Servicer. The foregoing indemnity shall survive the termination of this Limited Power of Attorney and the related servicing agreements or the earlier resignation or removal of the Trustee for the Trusts listed on Schedule A.

**Witness** my hand and seal this 20th day of November, 2018.

**NO CORPORATE SEAL**

On Behalf of the Trusts, by
U.S. Bank National Association, as Trustee

_____
Witness: Matthew Abrams

By: _____
Amy B. Byrnes, Senior Vice President

_____
Witness: William P. Murphy

By: _____
Maryellen Hunter, Vice President

_____
Attest: Jodi L. Scully, Vice President

## CORPORATE ACKNOWLEDGMENT

Commonwealth of Massachusetts

County of Suffolk

On this 20th day of November, 2018, before me, the undersigned, a Notary Public in and for said County and State, personally appeared Amy B. Byrnes, Maryellen Hunter, and Jodi L. Scully, personally known to me (or proved to me on the basis of satisfactory evidence) to be the persons who executed the within instrument as Senior Vice President, Vice President, and Vice President, respectively of U.S. Bank National Association, a national banking association, and acknowledged to me that such national banking association executed the within instrument pursuant to its by-laws or a resolution of its Board of Directors.

WITNESS my hand and official seal.

Signature: _____

Paul J. Gobin

My commission expires: 7/16/2021



# Schedule A

| Client | Investor | Deal |
|--------|----------|------|
| 708 | 18R | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, N.A. formerly known as First Union National Bank, as Trustee for ABFC 2002-WF1 Trust, ABFC Mortgage Loan Asset-Backed Certificates, Series 2002-WF1 |
| 708 | 18U | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for ABFC 2002-WF2 Trust, ABFC Mortgage Loan Asset-Backed Certificates, Series 2002-WF2 |
| 708 | 17N | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, N.A. (formerly known as First Union National Bank), as Trustee for ACE Securities Home Equity Loan Trust 2001-HE1 |
| 708 | 8FU | U.S. Bank National Association, as Trustee for Adjustable Rate Mortgage Trust 2004-1, Adjustable Rate Mortgage Backed Pass Through Certificates, Series 2004-1 |
| 708 | 8FX | U.S. Bank National Association, as Trustee for Adjustable Rate Mortgage Trust 2004-2, Adjustable Rate Mortgage-Backed Pass-Through Certificates, Series 2004-2 |
| 708 | B1F | |
| 708 | 8FY | U.S. Bank National Association, as Trustee for Adjustable Rate Mortgage Trust 2004-3, Adjustable Rate Mortgage Backed Pass Through Certificates, Series 2004-3 |
| 708 | 8GC | U.S. Bank National Association, as Trustee for Adjustable Rate Mortgage Trust 2004-4, Adjustable Rate Mortgage Backed Pass Through Certificates, Series 2004-4 |
| 708 | 8GJ | U.S. Bank National Association, as Trustee for Adjustable Rate Mortgage Trust 2005-2, Adjustable Rate Mortgage-Backed Pass-Through Certificates, Series 2005-2 |
| 708 | 8GQ | U.S. Bank National Association, as Trustee for Adjustable Rate Mortgage Trust 2005-3, Adjustable Rate Mortgage-Backed Pass-Through Certificates, Series 2005-3 |
| 708 | K71 | |
| 708 | 8GR | U.S. Bank National Association, as Trustee for Adjustable Rate Mortgage Trust 2005-4, Adjustable Rate Mortgage-Backed Pass-Through Certificates, Series 2005-4 |
| 708 | B1K | |
| 708 | 8GZ | U.S. Bank National Association, as Trustee for Adjustable Rate Mortgage Trust 2005-5, Adjustable Rate Mortgage Backed Pass Through Certificates, Series 2005-5 |
| 708 | B1N | |
| 708 | 8HH | U.S. Bank National Association, as Trustee for Adjustable Rate Mortgage Trust 2005-6A, Adjustable Rate Mortgage-Backed Pass-Through Certificates, Series 2005-6A |
| 708 | L93 | |
| 708 | 8HC | U.S. Bank National Association, as Trustee for Adjustable Rate Mortgage Trust 2005-7, Adjustable Rate Mortgage-Backed Pass-Through Certificates, Series 2005-7 |
| 708 | L67 | |
| 708 | 8HJ | U.S. Bank National Association, as Trustee for Adjustable Rate Mortgage Trust 2005-8, Adjustable Rate Mortgage-Backed Pass-Through Certificates, Series 2005-8 |
| 708 | L82 | |
| 708 | C0K | |
| 708 | 8HR | U.S. Bank National Association, as Trustee for Adjustable Rate Mortgage Trust 2005-9, Adjustable Rate Mortgage Backed Pass Through Certificates, Series 2005-9 |
| 708 | B9C | |
| 708 | 8HW | U.S. Bank National Association, as Trustee for Adjustable Rate Mortgage Trust 2005-10, Adjustable Rate Mortgage Backed Pass Through Certificates, Series 2005-10 |
| 708 | 8HY | U.S. Bank National Association, as Trustee for Adjustable Rate Mortgage Trust 2005-11, Adjustable Rate Mortgage Backed Pass Through Certificates, Series 2005-11 |
| 708 | 8JB | U.S. Bank National Association, as Trustee for Adjustable Rate Mortgage Trust 2005-12, Adjustable Rate Mortgage Backed Pass Through Certificates, Series 2005-12 |
| 708 | 8JF | U.S. Bank National Association, as Trustee for Adjustable Rate Mortgage Trust 2006-1, Adjustable Rate Mortgage-Backed Pass-Through Certificates, Series 2006-1 |
| 708 | 8NA | |
| 708 | 8JG | U.S. Bank National Association, as Trustee for Adjustable Rate Mortgage Trust 2006-2, Adjustable Rate Mortgage-Backed Pass-Through Certificates, Series 2006-2 |
| 708 | B78 | |
| 708 | 8KA | U.S. Bank National Association, as Trustee for Adjustable Rate Mortgage Trust 2006-3, Adjustable Rate Mortgage-Backed Pass-Through Certificates, Series 2006-3 |
| 708 | 8NH | |
| 708 | 391 | |

# Schedule A

| Client | Investor | Deal |
|--------|----------|------|
| 708 | 8NQ | U.S. Bank National Association, as Trustee for Adjustable Rate Mortgage Trust 2007-1, Adjustable Rate Mortgage-Backed Pass Through Certificates, Series 2007-1 |
| 708 | 94G | |
| 708 | B4U | |
| 708 | 8LJ | U.S. Bank National Association, as Trustee for Adjustable Rate Mortgage Trust 2007-2, Adjustable Rate Mortgage-Backed Pass-Through Certificates, Series 2007-2 |
| 708 | 8NS | |
| 708 | C1S | |
| 708 | 8LC | U.S. Bank National Association, as Trustee for Adjustable Rate Mortgage Trust 2007-3, Adjustable Rate Mortgage-Backed Pass Through Certificates, Series 2007-3 |
| 708 | 8NT | |
| 708 | 19D | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Banc of America Funding Corporation, Series 2003-1 |
| 708 | J78 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Banc of America Funding Corporation Series 2004-1 |
| 708 | 913 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Banc of America Funding 2004-2 Trust |
| 708 | K00 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Banc of America Funding Corporation 2004-4 |
| 708 | K31 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Banc of America Funding Corporation 2004-5 |
| 708 | 911 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Banc of America Funding 2004-A Trust |
| 708 | B21 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Banc of America Funding Corporation 2004-B |
| 708 | K23 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Banc of America Funding Corporation 2004-C |
| 708 | K34 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Banc of America Funding Corporation 2004-D |
| 708 | K45 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Banc of America Funding Corporation 2005-1 |
| 708 | L16 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Banc of America Funding Corporation 2005-2 |
| 708 | L51 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Banc of America Funding Corporation 2005-3 |
| 708 | M60 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Banc of America Funding Corporation 2005-4 |
| 708 | M76 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Banc of America Funding Trust 2005-5 Trust |
| 708 | M36 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Banc of America Funding Corporation 2005-6 |
| 708 | B30 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Banc of America Funding Corporation 2005-7 |
| 708 | B65 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Banc of America Funding Corporation 2005-8 Trust |
| 708 | K46 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Banc of America Funding Corporation 2005-A Trust |
| 708 | L63 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Banc of America Funding Corporation 2005-D Trust |

# Schedule A

| Client | Investor | Deal |
|--------|----------|------|
| 708 | L73 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Banc of America Funding Corporation 2005-E Trust |
| 708 | B15 | U.S. Bank National Association, as Trustee for Banc of America Funding Corporation 2006-1 |
| 708 | B42 | U.S. Bank National Association, as Trustee for Banc of America Funding Corporation 2006-2 |
| 708 | B50 | U.S. Bank National Association, as Trustee for Banc of America Funding Corporation 2006-3 |
| 708 | 366 | U.S. Bank National Association, as Trustee for Banc of America Funding Corporation 2006-4 |
| 708 | 456 | U.S. Bank National Association, as Trustee for Banc of America Funding Corporation 2006-5 |
| 708 | 94V | |
| 708 | 811 | U.S. Bank National Association, as Trustee for Banc of America Funding Corporation 2006-6 |
| 708 | B35 | U.S. Bank National Association, as Trustee for Banc of America Funding Corporation 2006-A |
| 708 | B32 | U.S. Bank National Association, as Trustee for Banc of America Funding Corporation 2006-D |
| 708 | B83 | U.S. Bank National Association, as Trustee for Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-F |
| 708 | 444 | U.S. Bank National Association, as Trustee for Banc of America Funding Corporation, Mortgage Pass-Through Certificates, Series 2006-G |
| 708 | 460 | U.S. Bank National Association, as Trustee for the Banc of America Funding Corporation 2006-H |
| 708 | 846 | U.S. Bank National Association, as Trustee for Banc of America Funding Corporation 2006-I |
| 708 | 849 | U.S. Bank National Association, as Trustee for the Banc of America Funding Corporation 2006-J |
| 708 | 878 | U.S. Bank National Association, as Trustee for Banc of America Funding Corporation 2007-1 |
| 708 | C24 | U.S. Bank National Association, as Trustee for Banc of America Funding Corporation 2007-2 |
| 708 | C81 | U.S. Bank National Association, as Trustee for Banc of America Funding Corporation 2007-3 |
| 708 | D00 | U.S. Bank National Association, as Trustee for Banc of America Funding Corporation 2007-4 |
| 708 | 95D | U.S. Bank National Association, as Trustee for Banc of America Funding Corporation 2007-6 |
| 708 | 879 | U.S. Bank National Association, as Trustee for Banc of America Funding Corporation 2007-A |
| 708 | C61 | U.S. Bank National Association, as Trustee for Banc of America Funding Corporation 2007-B |
| 708 | C83 | U.S. Bank National Association, as Trustee for Banc of America Funding Corporation 2007-C |
| 708 | C96 | U.S. Bank National Association, as Trustee for Banc of America Funding Corporation 2007-D |
| 708 | H78 | U.S. Bank National Association, as Trustee for Banc of America Funding Corporation 2008-1 |

# Schedule A

| Client | Investor | Deal |
|--------|----------|------|
| 708 | 14Z/002 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Bayview Financial Mortgage Pass-Through Certificates, Series 2004-A |
| 708 | 18J | |
| 708 | 922 | U.S. Bank National Association, as Trustee for Bayview Financial Mortgage Pass-Through Trust 2004-C |
| 708 | 29L/008 | U.S. Bank National Association, as Trustee, successor-in-interest to Wachovia Bank, N.A., as Trustee for Bayview Financial Mortgage Pass-Through Certificates, Series 2004-C |
| 708 | K25 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Bayview Financial Mortgage Pass-Through Certificates, Series 2004-D |
| 936 | J47/001 | U.S. Bank National Association, as Trustee for Bayview Asset-Backed Securities, Series 2004-10 |
| 936 | L16 | U.S. Bank National Association, as Indenture Trustee for Bayview Financial Asset Trust, Series 2005-E |
| 708 | L04/001 | U.S. Bank National Association, as Trustee for Bayview Financial Mortgage Pass-Through Certificates, Series 2005-B |
| 708 | 14P | U.S. Bank National Association, as Indenture Trustee for Bayview Financial Revolving Asset Trust 2005-E |
| 708 | 12P | |
| 708 | L04/002 | |
| 708 | 13H | U.S. Bank National Association, as Trustee for Bayview Financial Mortgage Pass-Through Trust 2006-A |
| 936 | J47/002 | U.S. Bank National Association, as Trustee of Bayview Financial Mortgage Pass-Through Trust 2006-B |
| 708 | 19Z | U.S. Bank National Association, as Trustee for Bayview Financial Mortgage Pass-Through Trust 2006-C |
| 708 | 866 | U.S. Bank National Association, as Trustee for Bayview Financial Mortgage Pass-Through Trust 2006-D, Mortgage Pass-Through Certificates, Series 2006-D |
| 936 | 866 | |
| 936 | J44 | U.S. Bank National Association, as Trustee of Bayview Financial Mortgage Pass-Through Trust 2007-A |
| 708 | H27 | U.S. Bank National Association, as Trustee for Bayview Financial Mortgage Pass-Through Trust 2007-B, Mortgage Pass-Through Certificates, Series 2007-B |
| 936 | H27 | |
| 708 | K52/001 | U.S. Bank National Association, as Trustee of Bayview Asset-Backed Securities Trust 2008-10 |
| 936 | J47/003 | U.S. Bank National Association, as Trustee for Bayview Asset-Backed Securities Trust 2008-11 |
| 708 | J61 | U.S. Bank National Association, as Trustee for Bear Stearns ARM Trust, Mortgage Pass-Through Certificates, Series 2004-1 |
| 708 | 953 | U.S. Bank National Association, as Trustee for Bear Stearns ARM Trust, Mortgage Pass-Through Certificates, Series 2004-7 |
| 708 | 8CC | U.S. Bank National Association, as Trustee for Bear Stearns ARM Trust, Mortgage Pass-Through Certificates, Series 2004-8 |
| 708 | D29 | |
| 708 | D76 | U.S. Bank National Association, as Trustee for Bear Stearns ARM Trust, Mortgage Pass-Through Certificates, Series 2004-10 |
| 708 | L00 | U.S. Bank National Association, as Trustee for Bear Stearns ARM Trust, Mortgage Pass-Through Certificates, Series 2005-1 |
| 708 | L50 | U.S. Bank National Association, as Trustee for Bear Stearns ARM Trust, Mortgage Pass-Through Certificates, Series 2005-4 |

# Schedule A

| Client | Investor | Deal |
|--------|----------|------|
| 708 | M87 | U.S. Bank National Association, as Indenture Trustee for Bear Stearns ARM Trust 2005-9, Mortgage-Backed Notes, Series 2005-9 |
| 708 | M43 | U.S. Bank National Association, as Trustee for Bear Stearns ARM Trust, Mortgage Pass-Through Certificates, Series 2005-10 |
| 708 | B66 | U.S. Bank National Association, as Trustee for Bear Stearns ARM Trust, Mortgage Pass-Through Certificates, Series 2005-12 |
| 708 | B8F | |
| 708 | B13 | U.S. Bank National Association, as Indenture Trustee for Bear Stearns ARM Trust 2006-1, Mortgage Backed Notes,  Series 2006-1 |
| 708 | 342 | U.S. Bank National Association, as Trustee for Bear Stearns ARM Trust, Mortgage Pass-Through Certificates, Series 2006-2 |
| 708 | 99A | U.S. Bank National Association, as Trustee for BEAR STEARNS ASSET BACKED SECURITIES TRUST 2003-AC6 ASSET-BACKED CERTIFICATES, SERIES 2003-AC6 |
| 708 | 99B | U.S. Bank National Association, as Trustee for BEAR STEARNS ASSET BACKED SECURITIES TRUST 2003-AC7 ASSET-BACKED CERTIFICATES, SERIES 2003-AC7 |
| 708 | 99C | U.S. Bank National Association, as Trustee for Bear Stearns Asset Backed Securities Trust 2004-AC1 Asset-Backed Certificates, Series 2004-AC1 |
| 708 | 99D | U.S. Bank National Association, as Trustee for Bear Stearns Asset Backed Securities I Trust 2004-AC2 Asset-Backed Certificates, Series 2004-AC2 |
| 708 | 99E | U.S. Bank National Association, as Trustee for Bear Stearns Asset Backed Securities Trust 2004-AC3, Asset-Backed Certificates, Series 2004-AC3 |
| 708 | B6X | |
| 708 | 99F | U.S. Bank National Association, as Trustee for Bear Stearns Asset Backed Securities I Trust 2004-AC4 Asset-Backed Certificates, Series 2004-AC4 |
| 708 | 99X | |
| 708 | B6Y | |
| 708 | 99G | U.S. Bank National Association, as Trustee for Bear Stearns Asset Backed Securities I Trust 2004-AC5, Asset-Backed Certificates, Series 2004-AC5 |
| 708 | B7C | |
| 708 | 99H | U.S. Bank National Association, as Trustee for Bear Stearns Asset Backed Securities I Trust 2004-AC6, Asset-Backed Certificates, Series 2004-AC6 |
| 708 | B7D | |
| 708 | 99J | U.S. Bank National Association, as Trustee for Bear Stearns Asset Backed Securities I Trust 2004-AC7, Asset-Backed Certificates, Series 2004-AC7 |
| 708 | B7S | |
| 708 | 99K | U.S. Bank National Association, as Trustee for Bear Stearns Asset Backed Securities I Trust 2005-AC1, Asset-Backed Certificates, Series 2005-AC1 |
| 708 | B7Y | |
| 708 | 99L | U.S. Bank National Association, as Trustee for Bear Stearns Asset Backed Securities I Trust 2005-AC2, Asset-Backed Certificates, Series 2005-AC2 |
| 708 | B7V | |
| 708 | 99M | U.S. Bank National Association, as Trustee for Bear Stearns Asset Backed Securities I Trust 2005-AC3, Asset-Backed Certificates, Series 2005-AC3 |
| 708 | B7W | |
| 708 | 8AL | U.S. Bank National Association, as Trustee for Bear Stearns Asset Backed Securities I Trust 2005-AC4, Asset-Backed Certificates, Series 2005-AC4 |
| 708 | 8AM | U.S. Bank National Association, as Trustee for Bear Stearns Asset Backed Securities I Trust 2005-AC5, Asset-Backed Certificates, Series 2005-AC5 |
| 708 | 8AQ | U.S. Bank National Association, as Trustee for Bear Stearns Asset Backed Securities I Trust 2005-AC6, Asset-Backed Certificates, Series 2005-AC6 |
| 708 | 8AS | U.S. Bank National Association, as Trustee for Bear Stearns Asset Backed Securities I Trust 2005-AC7, Asset-Backed Certificates, Series 2005-AC7 |
| 708 | 8AX | U.S. Bank National Association, as Trustee for Bear Stearns Asset Backed Securities I Trust 2005-AC8, Asset-Backed Certificates, Series 2005-AC8 |
| 708 | 8AY | U.S. Bank National Association, as Trustee for Bear Stearns Asset Backed Securities I Trust 2005-AC9, Asset-Backed Certificates, Series 2005-AC9 |
| 708 | 8DA | |

# Schedule A

| Client | Investor | Deal |
|--------|----------|------|
| 708 | 99V | U.S. Bank National Association, as Trustee for Bear Stearns Asset Backed Securities I Trust 2006-AC1, Asset-Backed Certificates, Series 2006-AC1 |
| 708 | 8DB | |
| 708 | B38 | |
| 708 | 8CK | |
| 708 | 99W | U.S. Bank National Association, as Trustee for Bear Stearns Asset Backed Securities I Trust 2006-AC2 Asset-Backed Certificates, Series 2006-AC2 |
| 708 | 8CX | |
| 708 | 8DC | |
| 708 | 8CL | U.S. Bank National Association, as Trustee for Bear Stearns Asset Backed Securities I Trust 2006-AC3, Asset-Backed Certificates, Series 2006-AC3 |
| 708 | 8DE | |
| 708 | 8CY | U.S. Bank National Association, as Trustee for Bear Stearns Asset Backed Securities I Trust 2006-AC4, Asset-Backed Certificates, Series 2006-AC4 |
| 708 | 8QE | U.S. Bank National Association, as Trustee for BNC Mortgage Loan Trust 2006-1, Mortgage Pass-Through Certificates, Series 2006-1 |
| 708 | 8QH | U.S. Bank National Association, as Trustee for BNC Mortgage Loan Trust 2006-2, Mortgage Pass-Through Certificates, Series 2006-2 |
| 708 | 8QP | U.S. Bank National Association, as Trustee for BNC Mortgage Loan Trust 2007-1, Mortgage Pass-Through Certificates, Series 2007-1 |
| 708 | 18D | U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust Inc., Mortgage Pass-Through Certificates, Series 2003-1 |
| 936 | F15 | U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust Inc., Mortgage Pass-Through Certificates, Series 2004-1 |
| 708 | J74 | U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust Inc., Mortgage Pass-Through Certificates, Series 2004-HYB2 |
| 708 | K11 | U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust Inc., Mortgage Pass-Through Certificates, Series 2004-HYB4 |
| 708 | K35/003 | U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust Inc., Mortgage Pass-Through Certificates, Series 2005-2 |
| 708 | K12 | U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust Inc., Mortgage Pass-Through Certificates, Series 2005-3 |
| 708 | M93 | U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust Inc., Mortgage Pass-Through Certificates, Series 2005-4 |
| 708 | M94 | U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust Inc., Mortgage Pass-Through Certificates, Series 2005-5 |
| 708 | M95 | U.S. Bank National Association, as Indenture Trustee for Citigroup Mortgage Loan Trust, Mortgage-Backed Notes, Series 2005-6 |
| 708 | M89 | U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust Inc., Mortgage Pass Through Certificates, Series 2005-7 |
| 708 | 81E | U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust, Inc., Mortgage Pass-Through Certificates, Series 2005-8 |
| 708 | M35 | |
| 708 | 81F | U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust Inc., Mortgage Pass-Through Certificates, Series 2005-10 |
| 708 | K13 | |
| 708 | B06 | U.S. Bank National Association, as Indenture Trustee for Citigroup Mortgage Loan Trust 2005-11, Mortgage-Backed Notes, Series 2005-11 |
| 708 | L13 | U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust Inc., Asset-Backed Pass-Through Certificates, Series 2005-WF1 |
| 708 | M69 | U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust Inc., Asset-Backed Pass-Through Certificates, Series 2005-WF2 |

# Schedule A

| Client | Investor | Deal |
|--------|----------|------|
| 708 | 81L | U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust Inc., Mortgage Pass-Through Certificates, Series 2006-4 |
| 708 | K14 | U.S. Bank National Association, as Indenture Trustee for Citigroup Mortgage Loan Trust 2006-AR1, Mortgage-Backed Notes, Series 2006-AR1 |
| 708 | 81K | U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust Inc., Mortgage Pass-Through Certificates, Series 2006-AR2 |
| 708 | 82C | |
| 708 | K15 | |
| 708 | 81M | U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust Inc., Mortgage Pass-Through Certificates, Series 2006-AR3 |
| 708 | 82D | |
| 708 | K16 | |
| 708 | 81N | U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust Inc., Mortgage Pass-Through Certificates, Series 2006-AR5 |
| 708 | 82E | |
| 708 | K17 | |
| 708 | 452 | U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust Inc., Mortgage Pass-Through Certificates, Series 2006-AR6 |
| 708 | 81R | U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust Inc., Mortgage Pass-Through Certificates, Series 2006-AR7 |
| 708 | 82F | |
| 708 | C53 | |
| 708 | C54 | U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust Inc., Mortgage Pass-Through Certificates, Series 2006-AR9 |
| 708 | 81T | U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust, Inc. 2006-FX1, Asset-Backed Pass-Through Certificates Series 2006-FX1 |
| 708 | 81J | U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust, Inc.2006-HE1, Asset-Backed Pass-Through Certificates, Series 2006-HE1 |
| 708 | 81Q | U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust, Inc. 2006-HE2, Asset-Backed Pass-Through Certificates Series 2006-HE2 |
| 708 | 81U | U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust, Inc. 2006-HE3, Asset-Backed Pass-Through Certificates Series 2006-HE3 |
| 708 | 854 | |
| 708 | 81P | U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust, Inc. 2006-NC1, Asset-Backed Pass-Through Certificates Series 2006-NC1 |
| 708 | 81S | U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust, Inc. 2006-NC2, Asset Backed Pass Through Certificates Series 2006-NC2 |
| 708 | B51 | U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust, Inc., Mortgage Pass-Through Certificates, Series 2006-WF1 |
| 708 | B67 | U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust, Inc., Mortgage Pass-Through Certificates, Series 2006-WF2 |
| 708 | B33 | U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust 2006-WFHE1, Asset-Backed Pass-Through Certificates, Series 2006-WFHE1 |
| 708 | 438 | U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust 2006-WFHE2, Asset-Backed Pass-Through Certificates, Series 2006-WFHE2 |
| 708 | 823 | U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust 2006-WFHE3, Asset-Backed Pass-Through Certificates, Series 2006-WFHE3 |
| 708 | 837 | U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust 2006-WFHE4, Asset-Backed Pass-Through Certificates, Series 2006-WFHE4 |
| 708 | 81G | U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust Inc., Asset-Backed Pass-Through Certificates, Series 2006-WMC1 |
| 708 | 81H | |
| 708 | C06 | U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust Inc., Mortgage Pass-Through Certificates, Series 2007-2 |

# Schedule A

| Client | Investor | Deal |
|--------|----------|------|
| 708 | B5F | U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust Inc., Mortgage Pass-Through Certificates, Series 2007-6 |
| 708 | 81V | U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust, Inc. 2007-AHL1, Asset-Backed Pass-Through Certificates Series 2007-AHL1 |
| 708 | 81W | U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust Inc., Mortgage Pass-Through Certificates, Series 2007-AR1 |
| 708 | C04 | |
| 708 | C36 | U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust Inc., Mortgage Pass-Through Certificates, Series 2007-AR4 |
| 708 | C58 | U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust Inc., Mortgage Pass-Through Certificates, Series 2007-AR5 |
| 708 | H73 | U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust Inc., Mortgage Pass-Through Certificates, Series 2007-AR8 |
| 708 | 872 | U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust 2007-WFHE1, Asset-Backed Pass-Through Certificates, Series 2007-WFHE1 |
| 708 | C39 | U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust 2007-WFHE2, Asset-Backed Pass-Through Certificates, Series 2007-WFHE2 |
| 708 | D09 | U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust 2007-WFHE3, Asset-Backed Pass-Through Certificates, Series 2007-WFHE3 |
| 708 | E21 | U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust 2007-WFHE4, Asset-Backed Pass-Through Certificates, Series 2007-WFHE4 |
| 708 | 8MZ | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Acceptance Corp., Home Equity Asset Trust 2005-9, Home Equity Pass-Through Certificates, Series 2005-9 |
| 708 | 332 | |
| 708 | 8JC | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Acceptance Corp., CSFB Mortgage-Backed Pass-Through Certificates, Series 2005-11 |
| 708 | B1Q | |
| 708 | 8JN | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSAB Mortgage-Backed Pass-Through Certificates, Series 2006-1 |
| 708 | 8KF | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSAB Mortgage-Backed Pass-Through Certificates, Series 2006-2 |
| 708 | 821 | |
| 708 | B9D | |
| 708 | 8KH | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSAB Mortgage-Backed Pass-Through Certificates, Series 2006-3 |
| 708 | 829 | |
| 708 | 8KM | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSAB Mortgage-Backed Pass-Through Certificates, Series 2006-4 |
| 708 | 839 | |
| 708 | 8LK | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSAB Mortgage-Backed Pass-Through Certificates, Series 2007-1 |
| 708 | 8LZ | |
| 708 | 8NW | |
| 708 | 8DM | |
| 708 | C84 | |
| 708 | 8GS | U.S. Bank National Association, as Trustee, successor in interest to Bank One, National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp. CSFB Mortgage-Backed Pass-Through Certificates, Series 2002-19 |
| 708 | 8GT | U.S. Bank National Association, as Trustee, successor in interest to Bank One, National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp. CSFB Mortgage-Backed Pass-Through Certificates, Series 2002-26 |
| 708 | 8GU | U.S. Bank National Association, as Trustee, successor in interest to Bank One, National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp. CSFB Mortgage-Backed Pass-Through Certificates, Series 2002-29 |

# Schedule A

| Client | Investor | Deal |
|--------|----------|------|
| 708 | 8GV | U.S. Bank National Association, as Trustee, successor in interest to Bank One, National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp. CSFB Mortgage-Backed Pass-Through Certificates, Series 2002-30 |
| 708 | 8GW | U.S. Bank National Association, as Trustee, successor in interest to Bank One, National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp. CSFB Mortgage-Backed Pass-Through Certificates, Series 2002-34 |
| 708 | 8GX | U.S. Bank National Association, as Trustee, successor in interest to Bank One, National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp. CSFB Mortgage-Backed Pass-Through Certificates, Series 2003-1 |
| 708 | 8HM | U.S. Bank National Association, as Trustee, successor in interest to Bank One, National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSFB Mortgage Pass-Through Certificates, Series 2003-8 |
| 708 | 8GY | U.S. Bank National Association, as Trustee, successor in interest to Bank One, National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp. CSFB Mortgage-Backed Pass-Through Certificates, Series 2003-10 |
| 708 | 8HP | U.S. Bank National Association, as Trustee, successor in interest to Bank One, National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp. CSFB Mortgage-Backed Pass-Through Certificates, Series 2003-17 |
| 708 | 89V | |
| 708 | J01 | U.S. Bank National Association, as Trustee, successor in interest to Bank One, National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp. CSFB Mortgage-Backed Pass-Through Certificates, Series 2003-AR22 |
| 708 | P82 | U.S. Bank National Association, as Trustee, successor in interest to Bank One, National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp. CSFB Mortgage-Backed Pass-Through Certificates, Series 2003-AR24 |
| 708 | 8HU | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp. CSFB Mortgage Pass-Through Certificates, Series 2003-AR26 |
| 708 | 8HV | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp. CSFB Mortgage Pass-Through Certificates, Series 2003-AR28 |
| 708 | 8HT | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp. CSFB Mortgage Pass-Through Certificates, Series 2003-AR30 |
| 708 | 8FH | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSFB Mortgage-Backed Pass-Through Certificates, Series 2004-1 |
| 708 | 8HG | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSFB Mortgage Pass-Thru Certificates, Series 2004-3 |
| 708 | 8FN | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSFB Mortgage-Backed Pass-Through Certificates, Series 2004-4 |
| 708 | 435 | |
| 708 | B1B | |
| 708 | 8FT | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Acceptance Corp., CSFB Mortgage-Backed Pass-Through Certificates, Series 2004-5 |
| 708 | 8GA | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Acceptance Corp., CSFB Mortgage-Backed Pass-Through Certificates, Series 2004-6 |
| 708 | B1D | |
| 708 | 8GB | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Acceptance Corp., CSFB Mortgage-Backed Pass-Through Certificates, Series 2004-7 |
| 708 | B1E | |
| 708 | 8FV | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSFB Mortgage-Backed Pass-Through Certificates, Series 2004-8 |
| 708 | B1G | |
| 708 | 8FJ | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp. CSFB Mortgage-Backed Pass-Through Certificates, Series 2004-AR1 |

# Schedule A

| Client | Investor | Deal |
|--------|----------|------|
| 708 | 8FK | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSFB Mortgage-Backed Pass-Through Certificates, Series 2004-AR2 |
| 708 | 8FL | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp. CSFB Mortgage-Backed Pass-Through Certificates, Series 2004-AR3 |
| 708 | 8FM | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp. CSFB Mortgage-Backed Pass-Through Certificates, Series 2004-AR4 |
| 708 | 8FP | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp. CSFB Mortgage-Backed Pass-Through Certificates, Series 2004-AR5 |
| 708 | 8FQ | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSFB Mortgage-Backed Pass-Through Certificates, Series 2004-AR6 |
| 708 | 8FR | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSFB Mortgage-Backed Pass-Through Certificates, Series 2004-AR7 |
| 708 | 8FS | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSFB Mortgage-Backed Pass-Through Certificates, Series 2004-AR8 |
| 708 | 8MF | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSFB Trust 2004-CF2, CSFB Mortgage Pass-Through Certificates, Series 2004-CF2 |
| 708 | 8GF | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSFB Mortgage-Backed Pass-Through Certificates, Series 2005-1 |
| 708 | 8MJ | |
| 708 | 8GG | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSFB Mortgage-Backed Pass-Through Certificates, Series 2005-2 |
| 708 | 8GK | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSFB Mortgage-Backed Pass-Through Certificates, Series 2005-3 |
| 708 | 8MM | |
| 708 | B1J | |
| 708 | 8GL | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSFB Mortgage-Backed Pass-Through Certificates, Series 2005-4 |
| 708 | B1M | |
| 708 | C0H | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSFB Mortgage Pass-Thru Certificates, Series 2005-5 |
| 708 | 8HA | |
| 708 | L54 | |
| 708 | 8HE | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSFB Mortgage-Backed Pass-Through Certificates, Series 2005-6 |
| 708 | 8MQ | |
| 708 | 8HK | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSFB Mortgage-Backed Pass-Through Certificates, Series 2005-7 |
| 708 | 8MT | |
| 708 | C0J | |
| 708 | L85 | |
| 708 | 8MU | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSFB Mortgage-Backed Pass-Through Certificates, Series 2005-8 |
| 708 | 8HS | |
| 708 | C0N | |
| 708 | 8HX | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSFB Mortgage-Backed Pass-Through Certificates, Series 2005-9 |
| 708 | C0Q | |
| 708 | M86 | |
| 708 | 8JA | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSFB Mortgage-Backed Pass-Through Certificates, Series 2005-10 |
| 708 | C0S | |
| 708 | M37 | |
| 708 | 8JD | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSFB Mortgage-Backed Pass-Through Certificates, Series 2005-12 |
| 708 | 8KC | |
| 708 | B49 | |
| 708 | C0U | |

# Schedule A

| Client | Investor | Deal |
|--------|----------|------|
| 708 | 8JE | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSMC Mortgage-Backed Pass-Through Certificates, Series 2006-1 |
| 708 | B36 | |
| 708 | C0V | |
| 708 | 8JH | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSMC Mortgage-Backed Pass-Through Certificates, Series 2006-2 |
| 708 | B34 | |
| 708 | C0W | |
| 708 | 8JP | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSMC Mortgage-Backed Pass-Through Certificates, Series 2006-3 |
| 708 | B61 | |
| 708 | C0X | |
| 708 | 8JJ | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSMC Mortgage-Backed Pass-Through Certificates, Series 2006-4 |
| 708 | B74 | |
| 708 | 8KX | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSMC Mortgage-Backed Pass-Through Certificates, Series 2006-5 |
| 708 | 8JZ | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSMC Mortgage-Backed Pass-Through Certificates, Series 2006-6 |
| 708 | 8KB | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSMC Mortgage-Backed Pass-Through Certificates, Series 2006-7 |
| 708 | 379 | |
| 708 | C0Y | |
| 708 | 8KE | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSMC Mortgage-Backed Pass-Through Certificates, Series 2006-8 |
| 708 | 8NK | |
| 708 | 820 | |
| 708 | C1A | |
| 708 | 8KG | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSMC Mortgage-Backed Pass-Through Certificates, Series 2006-9 |
| 708 | 8NL | |
| 708 | 8KQ | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSMC Mortgage-Backed Pass-Through Certificates, Series 2007-1 |
| 708 | 8NP | |
| 708 | 883 | |
| 708 | 8KW | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSMC Mortgage-Backed Pass-Through Certificates, Series 2007-2 |
| 708 | 8NU | |
| 708 | 8LE | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSMC Mortgage-Backed Pass-Through Certificates, Series 2007-3 |
| 708 | 8MA | |
| 708 | 8NV | |
| 708 | 94A | |
| 708 | 8DN | |
| 708 | H51 | |
| 708 | 8MB | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSMC Mortgage-Backed Pass-Through Certificates, Series 2007-4 |
| 708 | 94B | |
| 708 | C97 | |
| 708 | 8LQ | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSMC Mortgage-Backed Pass-Through Certificates, Series 2007-5 |
| 708 | 8NX | |
| 708 | D20 | |
| 708 | 8LW | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSMC Mortgage-Backed Pass-Through Certificates, Series 2007-6 |
| 708 | 8NZ | |
| 708 | J38 | |
| 708 | 8DP | |
| 708 | 8LV | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp. CSMC Mortgage-Backed Pass-Through Certificates, Series 2007-7 |
| 708 | 8NY | |

# Schedule A

| Client | Investor | Deal |
|--------|----------|------|
| 708 | 89X | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., Home Equity Asset Trust 2003-5, Home Equity Pass-Through Certificates, Series 2003-5 |
| 708 | 89S | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., Home Equity Asset Trust 2003-7, Home Equity Pass-Through Certificates, Series 2003-7 |
| 708 | 89U | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., Home Equity Asset Trust 2003-8, Home Equity Pass-Through Certificates, Series 2003-8 |
| 708 | 89Y | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., Home Equity Asset Trust 2004-1, Home Equity Pass-Through Certificates, Series 2004-1 |
| 708 | 90A | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., Home Equity Asset Trust 2004-2, Home Equity Pass-Through Certificates, Series 2004-2 |
| 708 | 90C | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., Home Equity Asset Trust 2004-3, Home Equity Pass-Through Certificates, Series 2004-3 |
| 708 | 90D | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., Home Equity Asset Trust 2004-4, Home Equity Pass-Through Certificates, Series 2004-4 |
| 708 | 90E | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., Home Equity Asset Trust 2004-5, Home Equity Pass-Through Certificates, Series 2004-5 |
| 708 | 8ME | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., Home Equity Asset Trust 2004-7, Home Equity Pass-Through Certificates, Series 2004-7 |
| 708 | 8MN | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., Home Equity Asset Trust 2005-2, Home Equity Pass-Through Certificates, Series 2005-2 |
| 708 | 8MP | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., Home Equity Asset Trust 2005-3, Home Equity Pass-Through Certificates, Series 2005-3 |
| 708 | 8MR | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., Home Equity Asset Trust 2005-4, Home Equity Pass-Through Certificates, Series 2005-4 |
| 708 | 8MS | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., Home Equity Asset Trust 2005-5, Home Equity Pass-Through Certificates, Series 2005-5 |
| 708 | 8MV | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., Home Equity Asset Trust 2005-6, Home Equity Pass-Through Certificates, Series 2005-6 |
| 708 | 8MX | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., Home Equity Asset Trust 2005-7, Home Equity Pass-Through Certificates, Series 2005-7 |
| 708 | 334 | |
| 708 | 8MY | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., Home Equity Asset Trust 2005-8, Home Equity Pass-Through Certificates, Series 2005-8 |
| 708 | 335 | |

# Schedule A

| Client | Investor | Deal |
|--------|----------|------|
| 708 | 8NB | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., Home Equity Asset Trust 2006-1, Home Equity Pass-Through Certificates, Series 2006-1 |
| 708 | 333 | |
| 708 | 8NC | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., Home Equity Asset Trust 2006-2, Home Equity Pass-Through Certificates, Series 2006-2 |
| 708 | 336 | |
| 708 | 8ND | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., Home Equity Asset Trust 2006-3, Home Equity Pass-Through Certificates, Series 2006-3 |
| 708 | 337 | |
| 708 | 8JQ | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., Home Equity Asset Trust 2006-4, Home Equity Pass-Through Certificates, Series 2006-4 |
| 708 | 338 | |
| 708 | 365 | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., Home Equity Asset Trust 2006-5, Home Equity Pass-Through Certificates, Series 2006-5 |
| 708 | 8KK | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., Home Equity Asset Trust 2006-6, Home Equity Pass-Through Certificates, Series 2006-6 |
| 708 | 8NG | |
| 708 | 8NJ | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., Home Equity Asset Trust 2006-7, Home Equity Pass-Through Certificates, Series 2006-7 |
| 708 | 8KN | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., Home Equity Asset Trust 2006-8, Home Equity Pass-Through Certificates, Series 2006-8 |
| 708 | 8NM | |
| 708 | 8NR | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., Home Equity Asset Trust 2007-1, Home Equity Pass-Through Certificates, Series 2007-1 |
| 708 | 8MG | U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSFB Home Equity Pass-Through Certificates, Series 2004-AA1 Trust, Home Equity Pass-Through Certificates, Series 2004-AA1 |
| 708 | Q00 | U.S. Bank National Association, as trustee for the CWMBS Reperforming Loan REMIC Trust Certificates, Series 2005-R3 |
| 708 | B37 | U.S. Bank National Association, as trustee for the CWMBS Reperforming Loan REMIC Trust Certificates, Series 2006-R1 |
| 936 | J68 | |
| 936 | K91 | |
| 708 | 439 | U.S. Bank National Association, as trustee for the CWMBS Reperforming Loan REMIC Trust Certificates, Series 2006-R2 |
| 936 | P11 | |
| 708 | B5S | U.S. Bank National Association, as Trustee for Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-2 Mortgage Pass-Through Certificates |
| 708 | 97K | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as successor by merger to LaSalle Bank National Association, as Trustee for certificate holders of EMC Mortgage Loan Trust 2006-A, Mortgage Pass-Through Certificates, Series 2006-A |
| 708 | 16B | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association f/k/a First Union National Bank, as Trustee for Financial Asset Securities Corp., Home Loan Mortgage Trust 1999-A, Asset-Backed Certificates, Series 1999-A |

# Schedule A

| Client | Investor | Deal |
|--------|----------|------|
| 708 | 88B | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for First Franklin Mortgage Loan Trust 2004-FFA, Mortgage Pass-Through Certificates, Series 2004-FFA |
| 708 | 477 | U.S. Bank National Association as Trustee successor in interest to First Trust National Association, as Trustee for GE Capital Mortgage Services, Inc., Mortgage Pass-Through Certificates, Series G9501-FH01 |
| 708 | 85H | U.S. Bank National Association, as Trustee for GSAA Home Equity Trust 2006-5, Asset-Backed Certificates Series 2006-5 |
| 708 | B72 | U.S. Bank National Association, as Trustee for GSAA Home Equity Trust 2006-6, Asset-Backed Certificates Series 2006-6 |
| 708 | 8TS | U.S. Bank National Association, as Trustee for GSAA Home Equity Trust 2006-9, Asset-Backed Certificates Series 2006-9 |
| 708 | 383 | U.S. Bank National Association, as Trustee for GSAA Home Equity Trust 2006-12, Asset-Backed Certificates Series 2006-12 |
| 708 | 395 | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for GSAA Home Equity Trust 2006-14 |
| 708 | C1H | |
| 708 | B4Y | U.S. Bank National Association, as Trustee for GSAA Home Equity Trust 2006-19, Asset-Backed Certificates Series 2006-19 |
| 708 | B5A | U.S. Bank National Association, as Trustee for GSAA Home Equity Trust 2006-20, Asset-Backed Certificates, Series 2006-20 |
| 708 | B5B | U.S. Bank National Association, as Trustee for GSAA Home Equity Trust 2007-1, Asset-Backed Certificates Series 2007-1 |
| 708 | D19 | U.S. Bank National Association, as Trustee for GSAA Home Equity Trust 2007-7, Asset-Backed Certificates, Series 2007-7 |
| 708 | 234 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for GSAMP Trust 2004-SEA1 |
| 708 | J77 | |
| 936 | L47 | U.S. Bank National Association, as Trustee for GSMPS Mortgage Loan Trust 1998-1 |
| 708 | 465 | U.S. Bank National Association, as Trustee, successor in interest to State Street Bank and Trust Company, as Trustee for GSMPS Mortgage Loan Trust 1998-4 |
| 936 | L49 | U.S. Bank National Association, as Trustee, successor in interest to State Street Bank and Trust Company, as Trustee for GSMPS Mortgage Loan Trust 1999-1 |
| 708 | 484 | U.S. Bank National Association, as Trustee, successor in interest to State Street Bank and Trust Company, as Trustee for GSMPS Mortgage Loan Trust 1999-2 |
| 708 | 11N | U.S. Bank National Association, as Trustee, successor in interest to State Street Bank and Trust Company, as Trustee for GSMPS Mortgage Loan Trust 2001-1 |
| 708 | 413 | |
| 708 | J18 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for GSMPS Mortgage Loan Trust 2003-3 |
| 936 | J81 | |
| 708 | J62 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for GSMPS Mortgage Loan Trust 2004-1 |
| 936 | L56 | |
| 708 | J99 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for GSMPS Mortgage Loan Trust 2004-3 |
| 936 | L57 | |
| 708 | B53 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for GSMPS Mortgage Loan Trust 2004-4 |
| 936 | K99 | |
| 708 | L32 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for GSMPS Mortgage Loan Trust 2005-RP2 |
| 936 | L03 | |

# Schedule A

| Client | Investor | Deal |
|--------|----------|------|
| 708 | M51 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for GSMPS Mortgage Loan Trust 2005-RP3 |
| 936 | L05 | |
| 708 | B11 | U.S. Bank National Association, as Trustee for GSMPS Mortgage Loan Trust 2006-RP1 |
| 936 | L06 | |
| 708 | 440 | U.S. Bank National Association, as Trustee for GSMPS Mortgage Loan Trust 2006-RP2 |
| 936 | M07 | |
| 708 | P92 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for GSR 2003-7F |
| 708 | 18F | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for GSR Mortgage Loan Trust 2004-4 |
| 708 | 904 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for GSR Mortgage Loan Trust 2004-9, Mortgage Pass-Through Certificates, Series 2004-9 |
| 708 | 914 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for GSR Mortgage Loan Trust 2004-11 |
| 708 | F09 | U.S. Bank National Association, as Trustee for GSR Mortgage Loan Trust 2004-12 |
| 708 | F32 | U.S. Bank National Association, as Trustee for GSR Mortgage Loan Trust 2004-14 |
| 708 | 237 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for GSR 2004-2F |
| 708 | 227 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for GSR 2004-8F |
| 708 | 17H | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for GSR Mortgage Loan Trust 2004-13F, Mortgage Pass-Through Certificates, Series 2004-13F |
| 708 | L49 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association as Trustee for GSR 2005-5F |
| 708 | 84N | U.S. Bank National Association, as Trustee for GSR Mortgage Loan Trust 2005-6F |
| 708 | 84P | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for GSR Mortgage Loan Trust 2005-7F |
| 708 | M54 | |
| 708 | 84Q | U.S. Bank National Association, as Trustee for GSR Mortgage Loan Trust 2005-8F, Mortgage Pass-Through Certificates, Series 2005-8F |
| 708 | K42 | U.S. Bank National Association, as Trustee for GSR Mortgage Loan Trust 2005-AR1 |
| 708 | L18 | U.S. Bank National Association, as Trustee for GSR Mortgage Loan Trust 2005-AR2 |
| 708 | L66 | U.S. Bank National Association, as Trustee for GSR Mortgage Loan Trust 2005-AR4 |
| 708 | M57 | U.S. Bank National Association, as Trustee for GSR Mortgage Loan Trust 2005-AR5 |
| 708 | M75 | U.S. Bank National Association, as Trustee for GSR Mortgage Loan Trust 2005-AR6 |
| 708 | M31 | U.S. Bank National Association, as Trustee for GSR Mortgage Loan Trust 2005-AR7 |
| 708 | B4W | U.S. Bank National Association, as Trustee for GSR Mortgage Loan Trust 2006-5F |
| 708 | B4X | U.S. Bank National Association, as Trustee for GSR Mortgage Loan Trust 2006-6F |
| 708 | B07 | U.S. Bank National Association, as Trustee for GSR Mortgage Loan Trust 2006-AR1 |
| 708 | 8KU | U.S. Bank National Association, as Trustee for GSR Mortgage Loan Trust 2007-1F |
| 708 | C19 | |
| 708 | C46 | U.S. Bank National Association, as Trustee for GSR Mortgage Loan Trust 2007-2F |
| 708 | 8LG | U.S. Bank National Association, as Trustee for GSR Mortgage Loan Trust 2007-3F |
| 708 | C64 | |
| 708 | D22 | U.S. Bank National Association, as Trustee for GSR Mortgage Loan Trust 2007-4F |
| 708 | H12 | U.S. Bank National Association, as Trustee for GSR Mortgage Loan Trust 2007-5F |

# Schedule A

| Client | Investor | Deal |
|--------|----------|------|
| 708 | 231 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for GSRPM Trust 2004-1 |
| 708 | 8MD | U.S. Bank National Association, as Trustee for Home Equity Asset Trust 2004-6 Home Equity Pass-Through Certificates, Series 2004-6 |
| 708 | 8MH | U.S. Bank National Association, as Trustee for Home Equity Asset Trust 2004-8 Home Equity Pass-Through Certificates, Series 2004-8 |
| 708 | 8ML | U.S. Bank National Association, as Trustee for Home Equity Asset Trust 2005-1, Home Equity Pass-Through Certificates, Series 2005-1 |
| 708 | D04 | U.S. Bank National Association, as Trustee for J.P. Morgan Alternative Loan Trust 2007-A2 |
| 708 | C91 | U.S. Bank National Association, as Trustee for J.P. Morgan Alternative Loan Trust 2007-S1, Mortgage Pass-Through Certificates |
| 708 | 396 | U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-WF1 |
| 708 | E77 | U.S. Bank National Association, as Trustee, successor in interest to State Street Bank and Trust Company, as Trustee for J.P. Morgan Mortgage Pass-Through Corporation, Mortgage Pass-Through Certificates, Series 1988-1 |
| 708 | L57 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for J.P. Morgan Mortgage Trust 2005-A3 |
| 708 | M74 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for J.P. Morgan Mortgage Trust 2005-A7 |
| 708 | M67 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for J.P. Morgan Mortgage Trust 2005-S2 |
| 708 | B10 | U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Trust 2006-A1 |
| 708 | B29 | U.S. Bank National Association, as Trustee for JP Morgan Mortgage Trust 2006-A2 |
| 708 | B86 | U.S. Bank National Association, as Trustee for JP Morgan Mortgage Trust 2006-A4 |
| 708 | 455 | U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Trust 2006-A6 |
| 708 | 859 | U.S. Bank National Association, as Trustee of J.P. Morgan Mortgage Trust 2006-A7 |
| 708 | 380 | U.S. Bank National Association, as Trustee for JP Morgan Mortgage Trust 2006-S3 |
| 708 | C76 | U.S. Bank National Association, as Trustee for JP Morgan Mortgage Trust 2007-A3 |
| 708 | C92 | U.S. Bank National Association, as Trustee for JP Morgan Mortgage Trust 2007-A4 |
| 708 | C50 | U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Trust 2007-S1, Mortgage Pass-Through Certificates |
| 708 | L92 | U.S. Bank National Association, as Trustee, successor in interest to Bank of America,  National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Lehman XS Trust, Mortgage Pass-Through Certificates, Series 2005-2 |
| 708 | 387 | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2006-11 |
| 708 | 458 | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-15 |
| 708 | 831 | U.S. Bank National Association, as successor Trustee to Wilmington Trust Company, as successor Trustee to Bank of America, National Association, successor by merger to LaSalle Bank National Association, as Trustee for Lehman XS Trust, Mortgage Pass-Through Certificates, Series 2006-19 |

# Schedule A

| Client | Investor | Deal |
|--------|----------|------|
| 708 | C16 | U.S. Bank National Association, as successor Trustee to Wilmington Trust Company, as successor Trustee to Bank of America, National Association, successor by merger to LaSalle Bank National Association, as Trustee for Lehman XS Trust, Mortgage Pass-Through Certificates, Series 2007-1 |
| 708 | C41 | U.S. Bank National Association, as successor Trustee to Wilmington Trust Company, as successor Trustee to Bank of America, National Association, successor by merger to LaSalle Bank National Association, as Trustee for Lehman XS Trust, Mortgage Pass-Through Certificates, Series 2007-3 |
| 708 | C77 | U.S. Bank National Association, as successor Trustee to Wilmington Trust Company, as successor Trustee to Bank of America, National Association, successor by merger to LaSalle Bank National Association, as Trustee for Lehman XS Trust, Mortgage Pass-Through Certificates, Series 2007-6 |
| 708 | D01 | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Lehman XS Trust Series 2007-9 |
| 708 | B99 | U.S. Bank National Association, as Trustee for LMT 2005-2 |
| 708 | 901 | U.S. Bank National Association, as Trustee for LMT 2006-8 |
| 708 | D30 | U.S. Bank National Association, as Trustee for LMT 2007-7 |
| 708 | L27 | U.S. Bank National Association, as Trustee for LMT 2007-10 |
| 708 | 346 | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for LXS 2006-8 |
| 708 | 374 | U.S. Bank National Association, as Trustee for LXS 2006-10N |
| 708 | 8AW | U.S. Bank National Association, as Indenture Trustee, successor in interest to Bank of America, National Association, as Indenture Trustee, successor by merger to LaSalle Bank National Association, as Indenture Trustee for Luminent Mortgage Trust 2005-1, Mortgage-Backed Notes, Series 2005-1 |
| 708 | E09 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for MASTR Adjustable Rate Mortgages Trust 2004-13, Mortgage Pass-Through Certificates, Series 2004-13 |
| 708 | E32 | U.S. Bank National Association, as Trustee for MASTR Adjustable Rate Mortgages Trust 2006-2 |
| 708 | D93 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for MASTR Alternative Loan Trust 2003-7 |
| 708 | 83V | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for MASTR Alternative Loan Trust 2003-8, Mortgage Pass-Through Certificates, Series 2003-8 |
| 708 | D75 | |
| 708 | D83 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for MASTR Alternative Loan Trust 2004-5 |
| 708 | D97 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for MASTR Alternative Loan Trust 2004-9 |
| 708 | E03 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for MASTR Alternative Loan Trust 2004-10 |
| 708 | B2A | U.S. Bank National Association, as Trustee for MASTR Alternative Loan Trust 2004-11 |
| 708 | D94 | |
| 708 | D99 | U.S. Bank National Association, as Trustee for MASTR Alternative Loan Trust 2004-13 |
| 708 | B2E | U.S. Bank National Association, as Trustee for MASTR Alternative Loan Trust 2005-1 |
| 708 | D95 | |

# Schedule A

| Client | Investor | Deal |
|--------|----------|------|
| 708 | B9H | U.S. Bank National Association, as Trustee for MASTR Alternative Loan Trust 2007-1 |
| 708 | E60 | |
| 708 | M32 | U.S. Bank National Association, as Trustee for MASTR Asset Backed Securities Trust 2005-AB1, Mortgage Pass-Through Certificates, Series 2005-AB1 |
| 708 | M71 | U.S. Bank National Association, as Trustee for MASTR Asset Backed Securities Trust 2005-WF1 |
| 708 | M73 | U.S. Bank National Association, as Trustee for MASTR Asset Backed Securities Trust 2006-AB1, Mortgage Pass-Through Certificates, Series 2006-AB1 |
| 708 | 8TD | U.S. Bank National Association, as Trustee for MASTR Asset Backed Securities Trust 2006-AM2, Mortgage Pass-Through Certificates, Series 2006-AM2 |
| 708 | 8SR | U.S. Bank National Association, as Trustee for MASTR Asset Backed Securities Trust 2006-FRE1, Mortgage Pass-Through Certificates, Series 2006-FRE1 |
| 708 | 8SZ | U.S. Bank National Association, as Trustee for MASTR Asset Backed Securities Trust 2006-FRE2, Mortgage Pass-Through Certificates, Series 2006-FRE2 |
| 708 | 8SW | U.S. Bank National Association, as Trustee for MASTR Asset Backed Securities Trust 2006-HE1, Mortgage Pass-Through Certificates, Series 2006-HE1 |
| 708 | 8TC | U.S. Bank National Association, as Trustee for MASTR Asset Backed Securities Trust 2006-HE2, Mortgage Pass-Through Certificates, Series 2006-HE2 |
| 708 | 8TE | U.S. Bank National Association, as Trustee for MASTR Asset Backed Securities Trust 2006-HE4, Mortgage Pass-Through Certificates, Series 2006-HE4 |
| 708 | 8SV | U.S. Bank National Association, as Trustee for MASTR Asset Backed Securities Trust 2006-NC1, Mortgage Pass-Through Certificates, Series 2006-NC1 |
| 708 | 8TB | U.S. Bank National Association, as Trustee for MASTR Asset Backed Securities Trust 2006-WMC2, Mortgage Pass-Through Certificates, Series 2006-WMC2 |
| 708 | 8TJ | U.S. Bank National Association, as Trustee for MASTR Asset Backed Securities Trust 2007-HE1 Mortgage Pass-Through Certificates Series 2007-HE1 |
| 708 | E42 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for MASTR Asset Securitization Trust 2003-11 |
| 708 | D69 | U.S. Bank National Association, as Trustee for MASTR Asset Securitization Trust 2003-12 |
| 708 | 17G | U.S. Bank National Association, as Trustee for MASTR Seasoned Securitization Trust 2005-1, Mortgage Pass-Through Certificates, Series 2005-1 |
| 708 | M38 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, N.A., as Trustee for Merrill Lynch Mortgage Investors, Inc., Merrill Lynch Mortgage Investors Trust, Series 2005-3 |
| 708 | L91 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, N.A., as Trustee for Merrill Lynch Mortgage Investors, Inc., Merrill Lynch Mortgage Investors Trust, Series 2005-A6 |
| 708 | B90 | U.S. Bank National Association, as Indenture Trustee, successor in interest to Wachovia Bank, National Association, as Indenture Trustee for Merrill Lynch Mortgage Investors Trust, Series 2005-A9, Mortgage Loan Asset-Backed Notes |
| 708 | B3U | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Morgan Stanley Mortgage Loan Trust 2006-2, Mortgage Pass-Through Certificates, Series 2006-2 |

# Schedule A

| Client | Investor | Deal |
|--------|----------|------|
| 708 | B18 | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Morgan Stanley Mortgage Loan Trust 2006-3AR, Mortgage Pass-Through Certificates, Series 2006-3AR |
| 708 | C1E | |
| 708 | B3V | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Morgan Stanley Mortgage Loan Trust 2006-5AR, Mortgage Pass-Through Certificates, Series 2006-5AR |
| 708 | B3W | U.S. Bank National Association, as trustee successor in interest to Bank of America, National Association, as trustee, successor by merger to LaSalle Bank National Association, as Trustee for Morgan Stanley Mortgage Loan Trust 2006-6AR, Mortgage Pass-Through Certificates, Series 2006-6AR |
| 708 | B3X | U.S. Bank National Association, as Trustee, successor in interest to Bank of America,  National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Morgan Stanley Mortgage Loan Trust 2006-7 |
| 708 | B3Y | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Morgan Stanley Mortgage Loan Trust 2006-8AR, Mortgage Pass-Through Certificates, Series 2006-8AR |
| 708 | B4A | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Morgan Stanley Mortgage Loan Trust 2006-9AR, Mortgage Pass-Through Certificates, Series 2006-9AR |
| 708 | B4B | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Morgan Stanley Mortgage Loan Trust 2006-13ARX, Mortgage Pass-Through Certificates, Series 2006-13ARX |
| 708 | B4C | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Morgan Stanley Mortgage Loan Trust 2006-17XS |
| 708 | B4D | U.S. Bank National Association, as Trustee, successor in interest to Bank of America,  National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Morgan Stanley Mortgage Loan Trust 2007-1XS |
| 708 | B4E | U.S. Bank National Association, as Trustee, successor in interest to Bank of America,  National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Morgan Stanley Mortgage Loan Trust 2007-2AX |
| 708 | B4F | U.S. Bank National Association, as Trustee, successor in interest to Bank of America,  National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Morgan Stanley Mortgage Loan Trust 2007-3XS |
| 708 | B4G | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Morgan Stanley Mortgage Loan Trust 2007-5AX, Mortgage Pass-Through Certificates, Series 2007-5AX |
| 708 | B4H | U.S. Bank National Association, as Trustee, successor in interest to Bank of America,  National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Morgan Stanley Mortgage Loan Trust 2007-6XS |

# Schedule A

| Client | Investor | Deal |
|--------|----------|------|
| 708 | B4J | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Morgan Stanley Mortgage Loan Trust 2007-7AX |
| 708 | C70 | |
| 708 | B4N | U.S. Bank National Association, as trustee successor in interest to Bank of America, National Association, as trustee, successor by merger to LaSalle Bank National Association, as Trustee for Morgan Stanley Mortgage Loan Trust 2007-11AR, Mortgage Pass-Through Certificates, Series 2007-11AR |
| 708 | 11U | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for MSSTR 2004-1 |
| 708 | 8TU | U.S. Bank National Association, as Trustee for New Century Alternative Mortgage Loan Trust 2006-ALT2 |
| 708 | Z01 | U.S. Bank National Association, as Trustee, successor-in-interest to Wachovia Bank, N.A. (formerly known as First Union National Bank), as Trustee for Norwest Asset Acceptance Corporation Asset Backed Certificates, Series 1998-HE1 |
| 708 | 290 | NRZ Inventory Trust, U.S. Bank National Association, as Trustee |
| 708 | 350 | |
| 708 | 378 | |
| 708 | 228 | U.S. Bank National Association, not in its individual capacity, but solely as Trustee of NRZ Inventory Trust |
| 708 | 397 | |
| 708 | 339 | NRZ Pass-Through Trust V-B, U.S. Bank National Association, as trustee |
| 708 | 352 | |
| 708 | 919 | |
| 708 | 226 | U.S. Bank National Association, not in its individual capacity, but solely as Trustee of NRZ Pass-Through Trust V-B |
| 708 | 339 | |
| 708 | 352 | |
| 708 | 919 | |
| 708 | 408 | NRZ Pass-Through Trust VII (NPL), U.S. Bank National Association, as trustee |
| 708 | 409 | |
| 708 | 408 | U.S. Bank National Association, not in it's individual capacity, but solely as trustee of the NRZ Pass-Through Trust VII (NPL) |
| 708 | 409 | |
| 708 | 845 | NRZ Pass-Through Trust VII-B (PREF), U.S. Bank National Association, as trustee |
| 708 | 900 | |
| 708 | 329 | NRZ Pass-Through Trust VIII-B, U.S. Bank National Association, as trustee |
| 708 | 917 | |
| 708 | 917 | U.S. Bank National Association not in its individual capacity by solely as trustee for NRZ Pass-Through Trust VIII-B |
| 708 | 260 | NRZ Pass-Through Trust X, U.S. Bank National Association, as Trustee |
| 708 | 260 | U.S. Bank National Association, not in its individual capacity, but soley as trustee of the NRZ Pass-Through Trust X |
| 708 | 264 | NRZ Pass-Through Trust IX, U.S. Bank National Association, as Trustee |
| 708 | 264 | U.S. Bank National Association, not in its individual capacity, but soley as trustee of the NRZ Pass-Through Trust IX |
| 708 | 369 | NRZ Pass-Through Trust IX-B, U.S. Bank National Association, as trustee |
| 708 | 283 | U.S. Bank National Association, not in its individual capacity, but solely as Trustee of NRZ Pass-Through Trust IX-B |

# Schedule A

| Client | Investor | Deal |
|--------|----------|------|
| 708 | 96J | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, N.A., as Trustee for Park Place Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2004-WWF1 |
| 708 | 18E | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for the holders of Prime Mortgage Trust, Mortgage Pass-Through Certificates, Series 2004-CL1 |
| 708 | 18G | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Prime Mortgage Trust, Mortgage Pass-Through Certificates, Series 2004-CL2 |
| 708 | 836 | U.S. Bank National Association, as Trustee for Prime Mortgage Trust, Mortgage Pass-Through Certificates, Series 2006-2 |
| 708 | C1G | U.S. Bank National Association, as Trustee for Prime Mortgage Trust, Mortgage Pass-Through Certificates, Series 2007-1 |
| 708 | C47 | |
| 708 | M79 | U.S. Bank National Association, as Trustee for RBSGC Mortgage Loan Trust 2005-A |
| 708 | 18C | U.S. Bank National Association, as Trustee for Salomon Brothers Mortgage Securities VII, Inc., Asset-Backed Pass-Through Certificates, Series 2002-HYB1 |
| 708 | 90N | U.S. Bank National Association, as Trustee for Securitized Asset Backed Receivables LLC Trust 2006-NC1, Mortgage Pass-Through Certificates, Series 2006-NC1 |
| 708 | 96V | U.S. Bank National Association, as Trustee for SG Mortgage Securities Trust 2006-FRE2, Asset Backed Certificates, Series 2006-FRE2 |
| 708 | B52 | U.S. Bank National Association, as Trustee for Structured Adjustable Rate Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2005-22 |
| 708 | B85 | U.S. Bank National Association, as Trustee for Structured Adjustable Rate Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2005-23 |
| 708 | B56 | U.S. Bank National Association, as Trustee for Structured Adjustable Rate Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2006-1 |
| 708 | B40 | U.S. Bank National Association, as Trustee for Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2006-2 |
| 708 | B57 | U.S. Bank National Association, as Trustee for Structured Adjustable Rate Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2006-3 |
| 708 | B76 | U.S. Bank National Association, as Trustee for Structured Adjustable Rate Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2006-4 |
| 708 | 345 | U.S. Bank National Association, as Trustee for Structured Adjustable Rate Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2006-5 |
| 708 | 373 | U.S. Bank National Association, as Trustee for Structured Adjustable Rate Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2006-6 |
| 708 | 386 | U.S. Bank National Association, as Trustee for Structured Adjustable Rate Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2006-7 |
| 708 | 450 | U.S. Bank National Association, as Trustee for Structured Adjustable Rate Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2006-8 |
| 708 | P89 | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for SAIL 2003-BC6 |
| 708 | P88 | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for SAIL 2003-BC7 |

# Schedule A

| Client | Investor | Deal |
|--------|----------|------|
| 708 | P97 | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for SAIL 2003-BC8 |
| 708 | P98 | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for SAIL 2003-BC9 |
| 708 | B47 | U.S. Bank National Association, as Trustee for SAIL 2006-2 |
| 708 | P33 | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2003-BC1 |
| 708 | P64 | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2003-BC5 |
| 708 | J07 | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2003-BC10 |
| 708 | 87Y | U.S. Bank National Association, as Trustee, successor in interest to Bank of America,  National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for the Structured Asset Investment Loan Trust Series 2003-BC11 |
| 708 | 88C | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2004-2 |
| 708 | 88E | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2004-3 |
| 708 | J81 | |
| 708 | 88H | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for STRUCTURED ASSET INVESTMENT LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-4 |
| 708 | 88K | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for STRUCTURED ASSET INVESTMENT LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-5 |
| 708 | 88M | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2004-6 |
| 708 | 88N | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2004-7 |

# Schedule A

| Client | Investor | Deal |
|--------|----------|------|
| 708 | 88S | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2004-8 |
| 708 | 88T | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2004-9 |
| 708 | M21 | |
| 708 | 88W | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2004-10 |
| 708 | H42 | |
| 708 | 88Z | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2004-11 |
| 708 | 88Q | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2004-BNC1 |
| 708 | 88X | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2004-BNC2 |
| 708 | 89A | U.S. Bank National Association, as successor Trustee to Wilmington Trust Company, as successor Trustee to Bank of America, National Association, successor by merger to LaSalle Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2005-1 |
| 708 | 89E | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2005-2 |
| 708 | 89F | U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2005-3 |
| 708 | 8PE | U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2005-4 |
| 708 | L42 | |
| 708 | 8PF | U.S. Bank National Association, as Trustee for the Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series  2005-5 |
| 708 | 87S | |
| 708 | 8PG | U.S. Bank National Association, as Trustee for the Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2005-6 |
| 708 | 87Q | |
| 708 | 8PH | U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2005-7 |
| 708 | 87N | |
| 708 | 8PK | U.S. Bank National Association, as Trustee for the Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series  2005-8 |
| 708 | 87K | |
| 708 | 8PL | U.S. Bank National Association, as Trustee for the Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series  2005-9 |
| 708 | 87G | |
| 708 | 8PM | U.S. Bank National Association, as Trustee for the Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series  2005-10 |
| 708 | 87D | |

# Schedule A

| Client | Investor | Deal |
|--------|----------|------|
| 708 | 8PN | U.S. Bank National Association, as Trustee for the Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2005-11 |
| 708 | 87F | |
| 708 | 87J | U.S. Bank National Association, as Trustee for the Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2005-HE2 |
| 708 | 8PJ | U.S. Bank National Association, as Trustee for the Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2005-HE3 |
| 708 | 87H | |
| 708 | 8PQ | U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2006-1 |
| 708 | 87C | |
| 708 | B02 | |
| 708 | 8PS | U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2006-2 |
| 708 | 87A | |
| 708 | 8PW | U.S. Bank National Association, as trustee for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2006-3 |
| 708 | 8PY | U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2006-4 |
| 708 | 8PR | U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2006-BNC1 |
| 708 | 8PU | U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2006-BNC2 |
| 708 | 8QC | U.S. Bank National Association, as trustee for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2006-BNC3 |
| 708 | B22 | U.S. Bank National Association, as Trustee for Structured Asset Mortgage Investments II Inc., Prime Mortgage Trust, Mortgage Pass-Through Certificates, Series 2004-2 |
| 708 | 418 | U.S. Bank National Association, as Trustee for Structured Asset Mortgage Investments II Inc., Prime Mortgage Trust, Certificates Series 2005-2 |
| 708 | L56 | |
| 708 | M61 | U.S. Bank National Association, as Trustee for Structured Asset Mortgage Investments II Inc., Prime Mortgage Trust, Certificates Series 2005-3 |
| 708 | M78 | U.S. Bank National Association, as Trustee for Structured Asset Mortgage Investments II Inc., Prime Mortgage Trust, Certificates Series 2005-4 |
| 708 | B8E | U.S. Bank National Association, as Trustee for Structured Asset Mortgage Investments II Trust, Mortgage Pass-Through Certificates, Series 2005-AR5 |
| 708 | B9S | U.S. Bank National Association, as Trustee for Structured Asset Mortgage Investments II Inc., Prime Mortgage Trust, Certificates, Series 2006-1 |
| 708 | 13G | U.S. Bank National Association, as Trustee for SASCO Mortgage Loan Trust 2002-12 |
| 936 | J24 | |
| 936 | K28 | |
| 708 | J65 | U.S. Bank National Association, as Trustee for SASCO Mortgage Loan Trust 2004-6XS |
| 708 | 88L | U.S. Bank National Association, as Indenture Trustee for SASCO Mortgage Loan Trust 2004-GEL2 |
| 708 | 893 | |
| 708 | 88U | U.S. Bank National Association, as Indenture Trustee for SASCO Mortgage Loan Trust 2004-GEL3 |
| 708 | B28 | |
| 708 | 18Y | U.S. Bank National Association, as Trustee for SASCO Mortgage Loan Trust 2005-SC1 |
| 708 | M28 | U.S. Bank National Association, as Trustee for SASCO Mortgage Loan Trust 2005-WF2 |
| 708 | L88 | U.S. Bank National Association, as Trustee for SASCO Mortgage Loan Trust 2005-WF3 |
| 708 | B54 | U.S. Bank National Association, as Trustee for SASCO Mortgage Loan Trust 2005-WF4 |
| 708 | B58 | U.S. Bank National Association, as Trustee for SASCO Mortgage Loan Trust 2006-WF1 |
| 708 | 367 | U.S. Bank National Association, as Trustee for SASCO Mortgage Loan Trust 2006-WF2 |

# Schedule A

| Client | Investor | Deal |
|--------|----------|------|
| 708 | 441 | U.S. Bank National Association, as Trustee for SASCO Mortgage Loan Trust 2006-WF3 |
| 708 | 19V | U.S. Bank National Association, as Trustee for SASCO Mortgage Loan Trust 2007-TC1 |
| 708 | D13 | U.S. Bank National Association, as Trustee for SASCO Mortgage Loan Trust 2007-WF2 |
| 708 | 88V | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Structured Asset Securities Corporation, Amortizing Residential Collateral Trust, Mortgage Pass-Through Certificates, Series 2004-1 |
| 708 | 955 | |
| 708 | B3D | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Structured Asset Securities Corporation, Series 2004-21XS |
| 708 | M22 | |
| 708 | 25V | U.S. Bank National Association, as Indenture Trustee for Structured Asset Securities Corporation Mortgage Loan Trust 2003-NP1 |
| 936 | J18 | U.S. Bank National Association, as Indenture Trustee for Structured Asset Securities Corporation Mortgage Loan Trust 2003-NP2 |
| 936 | K40 | |
| 708 | L33 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Structured Asset Securities Corporation Mortgage Loan Trust 2005-RF1 |
| 936 | J13 | |
| 936 | L11 | |
| 936 | J12 | U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation Mortgage Loan Trust 2005-RF2 |
| 708 | L55 | |
| 936 | L15 | |
| 708 | L72 | U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation Mortgage Loan Trust 2005-RF3 |
| 936 | J31 | |
| 936 | K64 | |
| 708 | M48 | U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation Mortgage Loan Trust 2005-RF4 |
| 936 | J32 | |
| 936 | K65 | |
| 708 | M81 | U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation Mortgage Loan Trust 2005-RF5 |
| 936 | J33 | |
| 936 | K66 | |
| 708 | M44 | U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation Mortgage Loan Trust 2005-RF6 |
| 936 | J34 | |
| 936 | K67 | |
| 708 | B12 | U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation Mortgage Loan Trust 2005-RF7 |
| 936 | J35 | |
| 936 | K68 | |
| 708 | 833 | U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation Mortgage Loan Trust 2006-RF3 |
| 708 | 869 | |
| 936 | P14 | |
| 708 | 897 | U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation Mortgage Loan Trust 2006-RF4 |
| 936 | P15 | |
| 708 | E27 | U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation Mortgage Loan Trust 2007-RF1 |
| 936 | E27 | |
| 708 | C38 | U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation Mortgage Loan Trust 2007-WF1 |

# Schedule A

| Client | Investor | Deal |
|--------|----------|------|
| 708 | 17X | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2002-6 |
| 708 | B3C | U.S. Bank National Association, as successor Trustee to Wilmington Trust Company, as successor Trustee to Bank of America, National Association, successor by merger to LaSalle Bank National Association, as Trustee for Structured Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2004-19XS |
| 708 | 88G | U.S. Bank National Association, as Trustee for the Structured Asset Securities Corporation Mortgage Pass-Through Certificates Series 2004-S2 |
| 708 | 88R | U.S. Bank National Association, as Trustee for the Structured Asset Securities Corporation Mortgage Pass-Through Certificates Series 2004-S3 |
| 708 | 88Y | U.S. Bank National Association, as Trustee for the Structured Asset Securities Corporation Mortgage Pass-Through Certificates Series 2004-S4 |
| 708 | 87U | U.S. Bank National Association, as Trustee, successor in interest to Bank of America,  National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Structured Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-7XS |
| 708 | 87E | U.S. Bank National Association, as Trustee for the Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2005-AR1 |
| 708 | 89B | U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-GEL1 |
| 708 | K47 | |
| 708 | 8PD | U.S. Bank National Association, as Trustee for the Structured Asset Securities Corporation Mortgage Pass-Through Certificates Series 2005-GEL2 |
| 708 | 87T | |
| 708 | 89G | |
| 708 | 87P | U.S. Bank National Association, as Trustee for the Structured Asset Securities Corporation Mortgage Pass-Through Certificates Series 2005-GEL3 |
| 708 | 87M | U.S. Bank National Association, as Trustee for the Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2005-GEL4 |
| 708 | 87V | U.S. Bank National Association, as Trustee for the Structured Asset Securities Corporation Mortgage Pass-Through Certificates Series 2005-RMS1 |
| 708 | 89J | U.S. Bank National Association, as Trustee for the Structured Asset Securities Corporation Mortgage Pass-Through Certificates Series 2005-S1 |
| 708 | 89H | U.S. Bank National Association, as Trustee for the Structured Asset Securities Corporation Mortgage Pass-Through Certificates Series 2005-S2 |
| 708 | 87R | U.S. Bank National Association, as Trustee for the Structured Asset Securities Corporation Mortgage Pass-Through Certificates Series 2005-S3 |
| 708 | M25 | U.S. Bank National Association, as Trustee, successor-in-interest to Bank of America, N.A., as Trustee, successor to LaSalle Bank, N.A., as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2005-WF1 |
| 708 | 8PT | U.S. Bank National Association, as trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2006-AM1 |
| 708 | 8PV | U.S. Bank National Association, as trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2006-BC1 |
| 708 | 8QB | U.S. Bank National Association, as trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2006-BC2 |
| 708 | 8QD | U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2006-BC3 |

# Schedule A

| Client | Investor | Deal |
|--------|----------|------|
| 708 | 8QJ | U.S. Bank National Association, as trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2006-BC4 |
| 708 | 8QG | U.S. Bank National Association, as trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2006-BC5 |
| 708 | 86V | |
| 708 | 8QL | U.S. Bank National Association, as trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2006-BC6 |
| 708 | 8PZ | U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2006-EQ1 |
| 708 | 87B | U.S. Bank National Association, as Trustee for the Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2006-GEL1 |
| 708 | B82 | |
| 708 | 8QA | U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2006-GEL3 |
| 708 | 86Y | |
| 708 | 385 | |
| 708 | 8QF | U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2006-GEL4 |
| 708 | 86W | |
| 708 | 889 | |
| 936 | L91 | |
| 936 | P06 | |
| 708 | 8PX | U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2006-NC1 |
| 708 | 8PP | U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2006-OW1 |
| 708 | B45 | U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2006-RF2 |
| 936 | L83 | |
| 936 | L85 | |
| 708 | 8QK | U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2006-Z |
| 708 | 8QN | U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2007-BC2 |
| 708 | 8QS | U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2007-BC3 |
| 708 | C95 | |
| 708 | 8QR | U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2007-BC4 |
| 708 | 86Q | |
| 708 | J80 | |
| 708 | 8QT | U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation Mortgage Loan Trust 2007-BNC1 Mortgage Pass-Through Certificates, Series 2007-BNC1 |
| 708 | 86S | |
| 708 | 8QM | U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2007-EQ1 |
| 708 | 86T | U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2007-GEL1 |
| 708 | H52 | |
| 708 | E07 | |
| 708 | 8QQ | U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2007-GEL2 |
| 708 | 86U | |
| 708 | F70 | |
| 708 | C93 | U.S. Bank National Association, as Trustee for STARM Mortgage Loan Trust 2007-3, Mortgage Pass Through Certificates, Series 2007-3 |

# Schedule A

| Client | Investor | Deal |
|--------|----------|------|
| 708 | L68 | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Thornburg Mortgage Securities Trust 2005-2 |
| 708 | M84 | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Thornburg Mortgage Securities Trust 2005-3 |
| 708 | B60 | U.S. Bank National Association, as Trustee for Thornburg Mortgage Securities Trust 2005-4 |
| 708 | B09 | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Thornburg Mortgage Securities Trust 2006-1 |
| 708 | 382 | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Thornburg Mortgage Securities Trust 2006-4 |
| 708 | 390 | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Thornburg Mortgage Securities Trust 2006-5 |
| 708 | 807 | Travelers Mortgage Services, Inc. Mortgage Pass-Through Certificates, Series 1988-3, U.S. Bank National Association, as Trustee |
| 708 | 809 | Travelers Mortgage Services, Inc. Mortgage Pass-Through Certificates, Series 1988-5, U.S. Bank National Association, as Trustee |
| 708 | M55 | U.S. Bank National Association, as Trustee for Wachovia Mortgage Loan Trust, LLC Mortgage Pass-Through Certificates, Series 2005-A |
| 708 | 94E | U.S. Bank National Association, as Trustee for Wachovia Mortgage Loan Trust, Asset-Backed Certificates, Series 2006-AMN1 |
| 708 | 15D/012 | U.S. Bank National Association, as Trustee, successor in interest to State Street Bank and Trust, as Trustee for Washington Mutual MSC Mortgage Pass-Through Certificates, Series 2002-AR1 |
| 708 | 481/006 | |
| 708 | 15P/001 | U.S. Bank National Association, as Trustee for Washington Mutual MSC Pass-Through Certificates, Series 2003-MS9 |
| 936 | L80/001 | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, as successor by merger to LaSalle Bank National Association, as Trustee for Washington Mutual MSC Mortgage Pass-Through Certificates, Series 2004-RA4 |
| 708 | 29L/009 | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, as successor by merger to LaSalle Bank National Association, as Trustee for Washington Mutual MSC Mortgage Pass-Through Certificates, Series 2005-RA1 |
| 708 | 15D/028 | |
| 708 | D14 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Alternative Loan 2005-2 Trust, Mortgage Asset-Backed Pass-Through Certificates, Series 2005-2 |
| 708 | 11D/098 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Asset-Backed Pass-Through Certificates, Series 2002-1 |
| 708 | Y08 | |
| 708 | U09 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Asset-Backed Pass-Through Certificates, Series 2003-1 |

# Schedule A

| Client | Investor | Deal |
|--------|----------|------|
| 708 | S29 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2003-D |
| 708 | S34 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2003-E |
| 708 | S36 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2003-G |
| 708 | S41 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2003-H |
| 708 | S42 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2003-I |
| 708 | S44 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2003-J |
| 708 | S47 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2003-K |
| 708 | S48 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2003-L |
| 708 | S52 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2003-M |
| 708 | S53 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2003-N |
| 708 | S57 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2003-O |
| 708 | S64 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2004-4 |
| 708 | S68 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2004-6 |
| 708 | S60 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2004-A |
| 708 | S92 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2004-AA |
| 708 | S61 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2004-B |

# Schedule A

| Client | Investor | Deal |
|--------|----------|------|
| 708 | S93 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2004-BB |
| 708 | S63 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2004-C |
| 708 | S94 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2004-CC |
| 708 | S65 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2004-D |
| 708 | S95 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2004-DD |
| 708 | S66 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2004-E |
| 708 | S96 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2004-EE |
| 708 | S69 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2004-F |
| 708 | S70 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2004-G |
| 708 | S71 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2004-H |
| 708 | S73 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2004-I |
| 708 | S75 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2004-J |
| 708 | S74 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2004-K |
| 708 | S76 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2004-L |
| 708 | S78 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2004-M |
| 708 | S79 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2004-N |

# Schedule A

| Client | Investor | Deal |
|--------|----------|------|
| 708 | S80 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2004-O |
| 708 | S81 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2004-P |
| 708 | S82 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2004-Q |
| 708 | S85 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2004-R |
| 708 | S83 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2004-S |
| 708 | S86 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2004-U |
| 708 | S87 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2004-V |
| 708 | S88 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2004-W |
| 708 | S89 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2004-X |
| 708 | S90 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2004-Y |
| 708 | S91 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2004-Z |
| 708 | Y10 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-1 |
| 708 | S02 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-2 |
| 708 | S07 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-3 |
| 708 | S03 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-4 |
| 708 | Z02 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-6 |

# Schedule A

| Client | Investor | Deal |
|--------|----------|------|
| 708 | Z03 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-7 |
| 708 | Z05 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-8 |
| 708 | Z06 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-9 |
| 708 | Z09 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-11 |
| 708 | Z45 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-12 |
| 708 | Z10 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-14 |
| 708 | Z12 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-16 |
| 708 | Z13 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-17 |
| 708 | Z14 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-18 |
| 708 | S97 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-AR1 |
| 708 | S99 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-AR2 |
| 708 | S01 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-AR3 |
| 708 | S04 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-AR4 |
| 708 | S05 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-AR5 |
| 708 | S06 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-AR6 |
| 708 | S09 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-AR7 |

# Schedule A

| Client | Investor | Deal |
|--------|----------|------|
| 708 | S11 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-AR8 |
| 708 | S10 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-AR9 |
| 708 | S12 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-AR10 |
| 708 | S13 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-AR11 |
| 708 | 11D/100 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-AR12 |
| 708 | S15 | |
| 708 | S14 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-AR13 |
| 708 | S16 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-AR14 |
| 708 | Z04 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-AR15 |
| 708 | Z08 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-AR16 |
| 708 | Z16 | U.S. Bank National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates Series 2006-2 |
| 708 | Z17 | U.S. Bank National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates Series 2006-3 |
| 708 | Z20 | U.S. Bank National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates Series 2006-4 |
| 708 | Z18 | U.S. Bank National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2006-AR1 |
| 708 | 11D/101 | U.S. Bank National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2006-AR2 |
| 708 | S19 | |
| 708 | Z19 | U.S. Bank National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates Series 2006-AR3 |
| 708 | Z21 | U.S. Bank National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates Series 2006-AR4 |
| 708 | S22 | U.S. Bank National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2006-AR5 |
| 708 | Z22 | U.S. Bank National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates Series 2006-AR6 |

# Schedule A

| Client | Investor | Deal |
|--------|----------|------|
| 708 | J82 | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Wells Fargo Home Equity Trust Mortgage Pass-Through Certificates, Series 2004-1 |
| 708 | 8PA | U.S. Bank National Association, as Trustee for Yale Mortgage Loan Trust, Series 2007-1 |
| 708 | 189 | Towd Point Mortgage Trust 2015-2, by U.S. Bank National Association as Indenture Trustee |
| 936 | 189 | |
| 708 | 238 | Towd Point Mortgage Trust 2015-6, by U.S. Bank National Association as Indenture Trustee |
| 936 | 238 | |
| 936 | 287 | Towd Point Mortgage Trust 2016-4, by U.S. Bank National Association as Indenture Trustee |
| 708 | B0F/068 | U.S. Bank National Association, as Trustee, for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-QS2 |
| 708 | 91G/028 | U.S. Bank National Association, as Trustee, for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-SP4 |
| 708 | 91E/006 | U.S. Bank National Association, as Trustee, for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2005-EMX1 |
| 708 | 91E/007 | U.S. Bank National Association, as Trustee, for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2005-EMX2 |
| 708 | 91E/008 | U.S. Bank National Association, as Trustee, for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2005-EMX3 |
| 708 | 91E/009 | U.S. Bank National Association, as Trustee, for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2005-EMX4 |
| 708 | 91E/010 | U.S. Bank National Association, as Trustee, for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2005-EMX5 |
| 708 | 91E/011 | U.S. Bank National Association, as Trustee, for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2006-EMX1 |
| 708 | 91E/012 | U.S. Bank National Association, as Trustee, for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2006-EMX2 |
| 708 | 91E/013 | U.S. Bank National Association, as Trustee, for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2006-EMX3 |
| 708 | 91F/001 | |
| 708 | 91E/014 | U.S. Bank National Association, as Trustee, for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2006-EMX4 |
| 708 | 91F/002 | |
| 708 | 91E/015 | U.S. Bank National Association, as Trustee, for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2006-EMX5 |
| 708 | 91F/003 | |
| 708 | 91F/004 | U.S. Bank National Association, as Trustee, for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2006-EMX6 |
| 708 | 91F/005 | U.S. Bank National Association, as Trustee, for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2006-EMX7 |
| 708 | 91F/006 | U.S. Bank National Association, as Trustee, for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2006-EMX8 |
| 708 | 91F/007 | U.S. Bank National Association, as Trustee, for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2006-EMX9 |
| 708 | B0F/031 | U.S. Bank National Association, as Trustee, for Residential Funding Mortgage Securities I, Inc., Mortgage Pass-Through Certificates, Series 2005-S7 |
| 708 | B0F/032 | U.S. Bank National Association, as Trustee, for Residential Funding Mortgage Securities I, Inc., Mortgage Pass-Through Certificates, Series 2005-S8 |
| 708 | B0F/033 | U.S. Bank National Association, as Trustee, for Residential Funding Mortgage Securities I, Inc., Mortgage Pass-Through Certificates, Series 2005-S9 |

# Schedule A

| Client | Investor | Deal |
|--------|----------|------|
| 708 | B0F/066 | U.S. Bank National Association, as Trustee, for Residential Funding Mortgage Securities I, Inc., Mortgage Pass-Through Certificates, Series 2005-SA2 |
| 708 | 8SS/098 | U.S. Bank National Association, as Trustee, for Residential Funding Mortgage Securities I, Inc., Mortgage Pass-Through Certificates, Series 2006-S1 |
| 708 | 8SM/600 | U.S. Bank National Association, as Trustee, for Residential Funding Mortgage Securities I, Inc., Mortgage Pass-Through Certificates, Series 2006-S10 |
| 708 | B0F/080 | |
| 708 | B0F/124 | |
| 708 | B0F/081 | U.S. Bank National Association, as Trustee, for Residential Funding Mortgage Securities I, Inc., Mortgage Pass-Through Certificates, Series 2006-S11 |
| 708 | B0F/082 | U.S. Bank National Association, as Trustee, for Residential Funding Mortgage Securities I, Inc., Mortgage Pass-Through Certificates, Series 2006-S12 |
| 708 | B0F/034 | U.S. Bank National Association, as Trustee, for Residential Funding Mortgage Securities I, Inc., Mortgage Pass-Through Certificates, Series 2006-S3 |
| 708 | B0F/035 | U.S. Bank National Association, as Trustee, for Residential Funding Mortgage Securities I, Inc., Mortgage Pass-Through Certificates, Series 2006-S4 |
| 708 | 91H/004 | U.S. Bank National Association, as Trustee, for Residential Funding Mortgage Securities I, Inc., Mortgage Pass-Through Certificates, Series 2006-S5 |
| 708 | B0F/036 | U.S. Bank National Association, as Trustee, for Residential Funding Mortgage Securities I, Inc., Mortgage Pass-Through Certificates, Series 2006-S6 |
| 708 | B0F/037 | U.S. Bank National Association, as Trustee, for Residential Funding Mortgage Securities I, Inc., Mortgage Pass-Through Certificates, Series 2006-S7 |
| 708 | B0F/038 | U.S. Bank National Association, as Trustee, for Residential Funding Mortgage Securities I, Inc., Mortgage Pass-Through Certificates, Series 2006-S8 |
| 708 | B0F/002 | U.S. Bank National Association, as Trustee, for Residential Funding Mortgage Securities I, Inc., Mortgage Pass-Through Certificates, Series 2007-S1 |
| 708 | B0F/098 | U.S. Bank National Association, as Trustee, for Residential Funding Mortgage Securities I, Inc., Mortgage Pass-Through Certificates, Series 2007-S2 |
| 708 | B0F/099 | U.S. Bank National Association, as Trustee, for Residential Funding Mortgage Securities I, Inc., Mortgage Pass-Through Certificates, Series 2007-S3 |
| 708 | B0F/041 | U.S. Bank National Association, as Trustee, for Residential Funding Mortgage Securities I, Inc., Mortgage Pass-Through Certificates, Series 2007-S6 |
| 708 | B0F/102 | |
| 708 | B0F/104 | U.S. Bank National Association, as Trustee, for Residential Funding Mortgage Securities I, Inc., Mortgage Pass-Through Certificates, Series 2007-S8 |
| 708 | 93N/604 | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee, for RAAC Series 2007-SP2 Trust, Mortgage Asset-Backed Pass-Through Certificates, Series 2007-SP2 |
| 708 | B0F/094 | |
| 708 | 91G/032 | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee, for RAAC Series 2007-SP3 Trust, Mortgage Asset-Backed Pass-Through Certificates, Series 2007-SP3 |
| 708 | P59/606 | |
| 708 | 91G/029 | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee, for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RP1 |

# Schedule A

| Client | Investor | Deal |
|--------|----------|------|
| 708 | 91G/030 | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee, for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RP2 |
| 708 | P59/605 | |
| 708 | B0F/091 | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee, for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RS1 |
| 708 | B0F/114 | |
| 708 | B0F/092 | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee, for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RS2 |
| 708 | B0F/115 | |
| 708 | 93N/605 | U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee, for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-SP1 |
| 708 | B0F/116 | U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, N.A., as Trustee, for Banc of America Funding Corporation Mortgage Pass Through Certificates, Series 2005-8 |