Natsayi Mawere
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 251-5400
Facsimile: (212) 521-5450
Email: nmawere@reedsmith.com

*Co-counsel for Secured Creditor U.S. Bank National Association,
as Trustee for Banc of America Funding Corporation
Mortgage Pass-Through Certificates, Series 2006-F,
through its servicer Wells Fargo Bank, N.A.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:

MICHAEL KRICHEVSKY

                      Debtor.
--------------------------------------------------------X

Case No. 1-19-43516-ess

## U.S. BANK'S OPPOSITION TO DEBTOR'S AMENDED CROSS-MOTION TO STRIKE AND DISMISS WITH PREJUDICE CHAPTER 11 PROOF OF CLAIM

Secured Creditor U.S. Bank National Association, as Trustee for Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-F ("U.S. Bank"), through its servicer Wells Fargo Bank, N.A., by and through its undersigned counsel, hereby submits this opposition to Debtor Michael Krichevsky's amended cross-motion motion to strike the claim held by U.S. Bank for the premises commonly known as 4221 Atlantic Avenue, Brooklyn, NY 11224 (the "Subject Property"), and in further support of U.S. Bank's application for relief from the automatic stay. In support thereof, U.S. Bank states:

### I.     RELEVANT BACKGROUND AND PROCEDURAL HISTORY

**A.     The Foreclosure Action.**

Following Mr. Krichevsky's default on his monthly mortgage payments, on April 18, 2016, U.S. Bank filed an action to foreclose his $747,600 mortgage in the Kings County Clerk's office under index number 506127/2016. Declaration of Natsayi Mawere, dated November 13, 2020 ("Mawere Decl."), Ex. 1. On March 9, 2017, Mr. Krichevsky served an untimely answer (wherein he asserted an affirmative defense of lack of standing). *Id.*, Ex. 2. U.S. Bank rejected Mr. Krichevsky's answer by notice of rejection dated March 17, 2017. *Id.*, Ex. 3.

U.S. Bank moved for summary judgment and an order of reference on May 31, 2017, which Mr. Krichevsky opposed. In an order dated October 12, 2018, the Supreme Court granted U.S. Bank's motion and denied Mr. Krichevsky's cross-motion. *Id.*, Ex. 4. The Supreme Court held Mr. Krichevsky did not establish a reasonable excuse for his delay in serving an answer, and therefore waived the defenses raised in his opposition and cross-motion (which, necessarily, includes the affirmative defense of standing). *Id.*

U.S. Bank moved for judgment of foreclosure and sale on January 24, 2019, which U.S. Bank ultimately withdrew by letter, dated June 10, 2019, due to Mr. Krichevsky's recently filed bankruptcy action. *Id.*, Ex. 5.

**B.     The Bankruptcy Action.**

To interfere with the foreclosure of the mortgaged property, Mr. Krichevsky filed a chapter 13 bankruptcy petition on June 6, 2019.[1] [Doc. No. 1.] U.S. Bank timely filed its Proof of Claim (Claim 3-1) on August 15, 2019, which U.S. Bank later amended on May 21, 2020 to include a

---

[1] The chapter 13 was later converted to a chapter 11 case by order dated October 4, 2019. [Doc. No. 26.]

complete copy of the Limited Power of Attorney, which was inadvertently omitted from the Schedule A attachment (*see* Claim 3-2).

On March 17, 2020, U.S. Bank moved, pursuant to 11 U.S.C. § 362(d)(1), for relief from the automatic stay after Mr. Krichevsky failed to make any monthly mortgage payments since his default on the loan. [Doc No. 47.] In response, Mr. Krichevsky cross-moved to strike and dismiss U.S. Bank's "Chapter 11 Proof of Claim" *with* prejudice. [Doc. No. 57.] Liberally construing the incomprehensible allegations in Mr. Krichevsky's cross-motion, he appears to claim U.S. Bank lacked standing to foreclose—an issue already resolved against him in the state court foreclosure— and that his mortgage obligations had somehow been satisfied despite the fact Mr. Krichevsky does not allege, much less evidence, he ever paid off the mortgage debt. [*Id.*] This purported issue, too, has effectively been resolved against Mr. Krichevsky in the state court foreclosure.

Following a hearing held on June 12, 2020, the Court issued an Order to Vacate and Set Aside the Order Pursuant to 11 U.S.C. § 362(D) Terminating the Automatic Stay Imposed by 11 U.S.C. § 362(a) on June 16, 2020 (the "Termination Order"). [Doc. No. 70.] The Termination Order modified the automatic stay to allow U.S. Bank and Mr. Krichevsky "to pursue their rights under applicable law, including their claims and defenses, with respect to the [mortgaged property]".[2] [*Id.*]

---

[2] Mr. Krichevsky filed a notice of appeal on June 25, 2020. [Doc. No. 71.] On July 15, 2020, he moved to set aside the Termination Order for a myriad of conclusory reasons, which include lack of subject matter jurisdiction, fraud, the Termination Order is void, cannot be applied prospectively, the loan was satisfied, released or discharged, res judicata and/or claim preclusion, judicial estoppel, statute of limitations, failure to join a party under Fed. R. Civ. P. 19, violations of Fed. R. Bankr. P. 9001 and 6009, conspiracy and obstruction of justice, and the Court lacks constitutional authority to issue the Termination Order. Mawere Decl., Ex. 6 at 1-2. To date, that motion is pending and not yet decided. Mr. Krichevsky has also failed to timely perfect his appeal.

Following an August 13, 2020 hearing, the Court permitted Mr. Krichevsky to amend his cross-motion. Pursuant to the associated briefing schedule, on October 16, 2020, Mr. Krichevsky filed this amended cross-motion, alleging a myriad of conclusory claims, including violations of Fed. R. Civ. P. 12(f), Fed. R. Bankr. P. 9011, fraud upon the court, lack of subject matter jurisdiction, insufficient service of process, failure to state a claim upon which relief can be granted, failure to join a party under Fed. R. Civ. P. 19, lack of standing, conspiracy and obstruction of justice, and violations of his constitutional rights.[3] [Doc. No. 87.] Mr. Krichevsky later submitted a Notice of Error and Correction [Doc. No. 88], along with a corrected Exhibit 1 to the cross-motion [Doc. No. 89.] U.S. Bank now opposes the cross-motion, as amended.

## II. ARGUMENT

### A. Mr. Krichevsky's Improper Amended Cross-Motion Should be Denied.

As an initial matter, there can be no dispute that this Court has *already* granted U.S. Bank relief from the automatic stay with the Termination Order, entered on June 16, 2020. [Doc. No. 70.] Rather than see through his appeal of the Termination Order—which, Mr. Krichevsky has abandoned and failed to timely perfect since filing a notice of appeal on June 25, 2020—Mr. Krichevsky seeks to relitigate issues previously raised in his motion to set aside the Termination Order in the bankruptcy appeal (*see* Mawere Decl., Ex. 6 at 1-2), and *already resolved against him* in the state court foreclosure action. Mr. Krichevsky's nonsensical and somewhat incomprehensible "musings," which essentially challenge the Termination Order—which has not been vacated by this Court—and the pending foreclosure action in New York State Court, are

---

[3] Mr. Krichevsky improperly "names" as "parties to his cross-motion" the Honorable Elizabeth S. Strong, U.S. Trustee trial attorneys Nazar Khodorovsky, Esq., Jeremy S. Sussman, Esq., and Rachel Wolf, Esq., Woods Oviatt Gilman, LLP, Aleksandra K. Fugate, Esq., Brittany J. Maxon, Esq., and David Bruce Wildermuth, Esq. [Doc. No. 87 at 8-11.] This Court should disregard Mr. Krichevsky's baseless and wildly inappropriate accusations.

improperly before this Court.[4]  The Court should deny Mr. Krichevsky's amended cross-motion on this ground alone.

Even if Mr. Krichevsky's cross-motion were properly before this Court—which it is not—he has put forth no evidence to warrant disallowance of the proof of claim. Fed. R. Bankr. P. 3001(f) provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim."  There can be no dispute U.S. Bank's claim meets that standard.   Accordingly, U.S. Bank's claim is *prima facie* valid.

To overcome the presumption of validity, Mr. Krichevsky must present evidence equal in force to the *prima facie* case.  *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009) ("The objector bears the initial burden of persuasion . . . the burden then shifts to the claimant *if* the objector produces "evidence equal in force to the *prima facie* case which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." (internal citations and quotation marks omitted) (emphasis added).  Liberally construing Mr. Krichevsky's allegations, he appears to challenge the power of attorney.  [Doc. No. 87 at 13-22, 30-33.]  This claim is unavailing.  U.S. Bank was entirely within its rights to file a proof of claim to enforce the note and mortgage, which it later amended to include a complete copy of the Limited Power of

---

[4] A number of courts in this Circuit have concluded that abstention is appropriate when a federal action seeks to essentially enjoin an ongoing state foreclosure proceeding.  These courts found that a state foreclosure action is a "civil proceeding that implicates a State's interest in enforcing the orders and judgments of its courts" and abstained from hearing the federal case. *See Abbatiello v. Wells Fargo Bank, N.A.*, No. 15-cv-4210(SJF), 2015 WL 5884797 at *4 (E.D.N.Y. Oct. 8, 2015) (internal citations omitted); *see also Fequiere v. Tribeca Lending*, No. 14-cv-812(RRM), 2014 U.S. Dist. LEXIS 183152 at *8-9 (E.D.N.Y. July 15, 2014) ("[T]o the extent [p]laintiff seeks federal court intervention in an on-going state foreclosure proceeding, such claims are generally barred by *Younger v. Harris*'") (quoting *Marcelo v. EMC Mortg. Corp.*, No. 10-cv-5964, 2011 WL 1792671, at *4 (E.D.N.Y. May 6, 2011)).  U.S. Bank filed a foreclosure action against Mr. Krichevsky, which is pending in New York State Court.  Mawere Decl., Ex. 1.  Since entry of the Termination Order, the foreclosure action is no longer stayed by Mr. Krichevsky's Chapter 11 case.  The foreclosure action implicates important state interests in contractual and property rights, such as the validity of U.S. Bank's lien and ability to foreclose on its interest in the mortgaged property.  Mr. Krichevsky's claims, which seek to collaterally attack the foreclosure action, are more appropriately raised in that action.

Attorney, which was initially missing from the Schedule A attachment (*see* Claim 3-2).  Mr. Krichevsky's belated contention that the Limited Power of Attorney is somehow deficient because he previously requested it and was not provided with a copy is unavailing.

Mr. Krichevsky does not—and cannot—dispute that he executed the note and mortgage (and relatedly received the loan proceeds), and, that U.S. Bank is the proper party entitled to enforce those loan documents.  U.S. Bank provided the necessary evidentiary and legal support of its proof of claim and standing to foreclose on Mr. Krichevsky's mortgage loan has already been necessarily resolved in the state court foreclosure action.  Neither did U.S. Bank violated Fed. R. Civ. P. 11, made applicable under Fed. R. Bankr. P. 9011.[5]  Fed. R. Bankr. P. 9011 "establishes an objective standard, intended to eliminate any 'empty-head pure heart' justification for patently frivolous arguments." *In re Intercorp Intl., Ltd.*, 309 B.R. 686, 693-694 (Bankr. S.D.N.Y. 2004).  Mr. Krichevsky's rambling opposition fails to establish any "patently frivolous arguments."  Additionally, as further discussed further herein, even if the state court had not already decided the issue, U.S. Bank has demonstrated its standing under New York law to enforce the note and

---

[5] By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,]—

> **(1)** it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> **(2)** the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> **(3)** the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

mortgage. Accordingly, the Court should deny Mr. Krichevsky's purported objection because he fails to present *any* evidence to overcome the *prima facie* validity of U.S. Bank's claim.

The Court has broad discretion to grant stay relief, and standing is a prerequisite to any motion for relief from the automatic stay. *In re Escobar*, 457 B.R. 229, 235 (Bank. E.D.N.Y. 2011). Mr. Krichevsky purportedly seeks to challenge U.S. Bank's standing, which is improperly before this Court. Liberally construing his allegations, Mr. Krichevsky appears to contend U.S. Bank lacks standing to foreclose, and relatedly somehow engaged in fraud.

*First,* U.S. Bank has established its standing to commence the foreclosure action and file the Proof of Claim. New York law governs the standing analysis. *Id.* at 241; *see also In re Verna*, No. 14-10821, 2015 Bankr. LEXIS 3012, * 12 (Bankr. N.D.N.Y. 2015). In a New York mortgage foreclosure action, a plaintiff has standing where it is the holder or assignee of the underlying note *at the time the action is commenced. See Aurora Loan Servs., LLC v. Taylor*, 25 N.Y.3d 355, 361 (2015) ("[T]he note, and not the mortgage, is the dispositive instrument that conveys standing to foreclose under New York law. In the current case, the note was transferred to Aurora before the commencement of the foreclosure action—that is what matters."); *Bank of New York Mellon v. Visconti*, 136 A.D.3d 950, 950 (2d Dep't 2016) (same). U.S. Bank need only demonstrate it was in possession of the note *at the commencement* of the foreclosure action. *Taylor*, 25 N.Y.3d at 361; *see also Flagstar Bank, F.S.B. v. Konig*, 153 A.D.3d 790 (2d Dep't 2017).

In the state court foreclosure action, Mr. Krichevsky unsuccessfully attempted to challenge U.S. Bank's standing to foreclose. Mawere Decl. at Ex. 2. In granting U.S. Bank summary judgment and an order of reference, the Supreme Court held Mr. Krichevsky "is in default and thus waived the defenses he raises in opposition to the instant motion." *Id.*, Ex. 4. Accordingly, the Supreme Court has *already* determined that U.S. Bank had standing to foreclose.

Even if the issue of standing to foreclose had not already been resolved in the state court foreclosure action, U.S. Bank established its possession of Mr. Krichevsky's original note by attaching a copy of the original note to the foreclosure complaint. *Id.*, Ex. 1; *see also* Doc. No. 61-1 (the original note); *see, e.g., Wells Fargo Bank, N.A. v. Davis*, 181 A.D.3d 890 (2d Dep't 2020) (holding a copy of the note with an undated but signed indorsement conferred standing upon the plaintiff); *Central Mortg. v. Canas*, 173 A,D,3d 967, 968-69 (2d Dep't 2019) ("plaintiff established its standing as the holder of the note at the time the action was commenced by attaching a copy of the note, properly endorsed in blank, to a certificate of merit, which was filed with the verified complaint"); *Cenlar FSB v. Tenenbaum*, 172 A.D.3d 806, 806-07 (2d Dep't 2019) (attaching the note to the complaint "alone was sufficient to establish standing since it demonstrated that the plaintiff was in physical possession of the note at the time the action was commenced"); *U.S. Bank N.A. v. Wiener*, 171 A.D.3d 1241, 1241-42 (2d Dep't 2019) (same).

Similarly, any purported challenge to the mortgage assignments fails under well-established New York law. *See Taylor*, 25 N.Y.3d at 362 ("The validity of the August 2009 assignment of the mortgage is irrelevant to Aurora's standing" where Aurora established its possession of the note); *Deutsche Bank Nat. Trust Co. v. Spanos*, 102 A.D.3d 909 (2d Dept. 2013); *U.S. Bank N.A. v. Cange*, 96 A.D.3d 825 (2d Dept. 2012); *Bank of N.Y. v. Silverberg*, 86 A.D. 3d 274, 280 (2d Dept. 2011). Furthermore, even if the mortgage assignments were relevant—which they are not—Mr. Krichevsky lacks standing to challenge them because he is not a party to, nor third-party beneficiary of the purported assignments and likewise lacks standing to challenge any assignment to a trust. *See Wells Fargo Bank, N.A. v. Erobobo*, 127 A.D.3d 1176, 1178 (2d Dept. 2015); *Bank of New York Mellon v. Gales,* 116 A.D.3d 723 (2d Dept. 2014); *Mendel v. Henry Phipps Plaza West Inc.*, 6 N.Y.3d 783, 786 (2006) (the terms of a contract may be enforced only

by contracting parties or intended third-party beneficiaries of the contract); *see also Ocampo v. JP Morgan Chase Bank, N.A.*, 2015 WL 1345282 (E.D.N.Y. 2015) (dismissing complaint and holding that borrower lacks standing to challenge assignment of mortgage outside of foreclosure proceeding).

To the extent Mr. Krichevsky seeks to challenge the securitization of the loan, it is equally unavailing. As established in *Rajamin v. Deutsche Bank Nat. Trust Co.*, the "thrust of this claim, however, is still non-compliance with the terms of the PSAs and, for the reasons stated above, it is an argument that Plaintiffs do not have standing to raise." No. 10 CIV. 7531 LTS, 2013 WL 1285160, at *3 (S.D.N.Y. Mar. 28, 2013), *aff'd*, 757 F.3d 79 (2d Cir. 2014) (rejecting argument that bank did not have standing when an assignment occurred after a trust closed); *see also Abubo v. Bank of New York Mellon*, 2011 WL 6011787, at *8 (D. Haw. Nov. 30, 2011) (rejecting argument that an assignment of a mortgage to a trust was invalid because the trust was "closed" and holding noncompliance with terms of a PSA is irrelevant to the validity of the assignment); *Anderson v. Countrywide Home Loans*, No. CIV. 10-2685 MJD/JJG, 2011 WL 1627945, at *4 (D. Minn. Apr. 8, 2011) (rejecting allegations that an assignment to a trust was invalid because the PSA provided that the trust ceased accepting mortgages because "a breach of the PSA's terms is not a cognizable cause of action" and not relevant to the validity of the assignee's interest); *Long v. One W. Bank, FSB*, No. 11 C 703, 2011 WL 3796887, at *4 (N.D. Ill. Aug. 24, 2011) (rejecting argument that assignment executed after trust was closed in violation of the PSA rendered transaction invalid, reasoning that "it is irrelevant to the validity of the assignment whether or not it complied with the PSA"); *In re Wilson*, 442 B.R. 10, 16 (Bankr. D. Mass. 2010) (finding that even if the "assignment were somehow violative of the PSA, giving rise to unfavorable contractual

and other consequences, neither the PSA nor those consequences would render the assignment itself invalid.").

There can be no dispute that U.S. Bank has *already* established its standing in the foreclosure action, where standing to foreclose was already determined in U.S. Bank's favor. U.S. Bank has also repeatedly established standing in this bankruptcy action with the documents submitted with the Proof of Claim, and, *again*, with the motion for relief from stay (requiring U.S. Bank to demonstrate its standing), which this Court granted.

*Second*, Mr. Krichevsky's conclusory and unsupported assertion that he satisfied the mortgage fails as a matter of law. As shown in U.S. Bank's motion for relief from the stay, as of March 2, 2020, Mr. Krichevsky owed U.S. Bank an estimated $1,132,876.57, and "[i]nterest on the unpaid balance will continue to accrue, and to protect its interest in the Subject Property, Secured Creditor may be required to make further advances for property taxes, insurance and related matters." [Doc. No. 47-1 at ¶ 8.] Mr. Krichevsky does not allege, *much less evidence*, that he has paid off his loan in full. Indeed, in the state court foreclosure action, in granting U.S. Bank summary judgment and an order of reference, the Supreme Court found that U.S. Bank established a *prima facie* entitlement to foreclosure. Specifically, in a mortgage foreclosure action, a plaintiff establishes its case as a matter of law through the production of the unpaid note, the mortgage, and evidence of the borrower's default. *See Emigrant Mortg. Co. v. Beckerman*, 105 A.D.3d 895 (2d Dep't 2013); *Argent Mortg. Co. v. Mentesana*, 79 A.D.3d 1079, 1080 (2d Dep't 2010). U.S. Bank produced Mr. Krichevsky's $747,600 unpaid note and mortgage and established Mr. Krichevsky's default under the loan documents. Mawere Decl. at Ex. 4. The Supreme Court held that Mr. Krichevsky has not performed under his note and mortgage in the state court foreclosure action, and, U.S. Bank has also established its secured claim in this bankruptcy action. Mr. Krichevsky's

contention is therefore belied by the documentary evidence and prior rulings of the state court. This Court should deny Mr. Krichevsky's cross-motion in its entirety.

### III. CONCLUSION

For the reasons stated herein, U.S. Bank respectfully requests that this Court enter an Order (i) denying in all respects Mr. Krichevsky's cross-motion, and (ii) granting any other relief as may be appropriate under the circumstances.

Dated: New York, New York
November 13, 2020

**REED SMITH LLP**

By: */s/ Natsayi Mawere*_____
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 251-5400
Facsimile: (212) 521-5450
Email: nmawere@reedsmith.com

*Co-counsel for Secured Creditor U.S. Bank National Association, as Trustee for Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-F, through its servicer Wells Fargo Bank, N.A.*