**ReedSmith**
Driving progress through partnership

Natsayi Mawere
Direct Phone: +1 212 549 4660
Email: nmawere@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

June 7, 2021

**By ECF**

Hon. Elizabeth S. Stong
U.S. Bankruptcy Court, EDNY
Conrad B. Duberstein Courthouse
271-C Cadman Plaza East - Suite 1595
Brooklyn, NY 11201-1800

**Re:   In re Michael Krichevsky, Chapter 11 Case No. 19-43516 (ESS)**

Dear Judge Stong:

We represent Secured Creditor U.S. Bank National Association, as Trustee for Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-F ("U.S. Bank"), through its servicer Wells Fargo Bank, N.A., in the above-reference bankruptcy action.

Minutes before the May 28, 2021 hearing, Mr. Krichevsky filed an "Emergency Ex Parte Application of Chapter 11 Trustee Pursuant to Bankruptcy Rule 2004 for an Order Authorizing the Issuance of Subpoenas for the Production of Documents and Deposition Testimony and Proposed Order" [Doc. No. 123], along with an "Affidavit and Memorandum of Law in Support." (collectively, the "*Ex parte* Motion") [Doc. No. 125.]  Apparently, on that same date, and without the Court having taken any action on the *Ex parte* Motion, Mr. Krichevsky served via first class mail directed to me at my firm's address (599 Lexington Avenue, New York, NY 10022), an undated document, titled "First Combined Discovery Requests Consisting of the First Combined Request for Admissions, the First Combined Request for Answers to Interrogatories, and the First Combined Request for Production of Documents," related to this action (and not the adversary proceeding), which the undersigned received on June 2, 2021.

As an initial matter, Mr. Krichevsky's *Ex parte* Motion suffers from a number of infirmities.  First, the *Ex parte* Motion does not approach complying with the Court's individual procedures respecting emergency motions. Second, service of discovery demands pursuant to a 2004 motion *before* that motion has been heard, much less granted, is wholly improper.  Finally, it is well-settled that Rule 2004 is intended only to be used to discover assets of the bankruptcy estate *for the benefit of creditors*.  Here, Mr. Krichevsky is improperly seeking to use Rule 2004 "for the purpose[] of abuse or harassment," *In re Duratech Indus., Inc.*, 241 B.R. 283, 289 (Bankr. E.D.N.Y. 1999), because he is dissatisfied with the determination by the state court, this Court and the District Court that U.S. Bank is the rightful owner of the note, and, as a matter of law has the requisite standing to enforce its rights in connection therewith.  *See, e.g.*, 1:20-cv-02343-RRM, Doc. No 16 (discussion of the state foreclosure action, the bankruptcy action, along with the District Court's (Hon. Ann M. Donnelly) order, dated March 22, 2021, affirming this Court's order modifying the automatic bankruptcy stay as to U.S. Bank, which allowed it to proceed with its state court foreclosure action).



U.S. Bank respectfully requests the Court establish a briefing schedule providing U.S. Bank the opportunity to object and prohibiting Mr. Krichevsky's anticipated request to further amend his papers. Further, although it is clear that the discovery demands are premature, for the avoidance of doubt, and in light of Mr. Krichevsky's practices before this Court, U.S. Bank requests that the briefing order expressly state that none of the parties or persons targeted by the subject discovery need respond *unless* the Court has granted the *Ex parte* Motion *and,* if so, discovery consistent with any such order is served in a manner in compliance with this Court's prior rulings regarding service.

Relatedly, I wish to apprise the Court that, in violation of the spirit of this Court's Order, dated May 28, 2021 [Doc. No. 124], Mr. Krichevsky is now mailing his motions to my personal home address. In accordance with the May 28 Order, I respectfully request that Your Honor direct Mr. Krichevsky to address any future pleadings, motions, and/or discovery demands to my firm's mailing address, and, not to my personal home address as he continues to do.

                                                Respectfully submitted,

                                                /s/ Natsayi Mawere

                                                Natsayi Mawere

cc:     Michael Krichevsky (*via* Overnight Mail)