UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re                                                                                    Case No. 19-43516-ess

MICHAEL KRICHEVSKY,                                                      Chapter 11

                      Debtor.

--------------------------------------------------------x

# ORDER DENYING THE DEBTOR'S MOTION FOR A RULE 2004 EXAMINATION

*Background*

       WHEREAS, on June 6, 2019, Michael Krichevsky (the "Debtor") filed a petition for relief under Chapter 13 of the Bankruptcy Code; and

       WHEREAS, on October 8, 2019, the Court entered an order converting the Debtor's case to one under Chapter 11 of the Bankruptcy Code.

       WHEREAS, on August 15, 2019, Wells Fargo, N.A. ("Wells Fargo"), as servicing agent for U.S. Bank, N.A. ("U.S. Bank"), filed a proof of claim in the amount of $1,098,754.69 secured against real property located at 4221 Atlantic Avenue, Brooklyn, NY 11224 (the "Property") on behalf of U.S. Bank, as Trustee for Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-F; and

       WHEREAS, on March 17, 2020, Wells Fargo filed a motion for stay relief with respect to the Property; and

       WHEREAS, on May 25, 2021, the Debtor filed an emergency motion for an order pursuant to Bankruptcy Rule 2004, on presentment, directing Wells Fargo and U.S. Bank to produce documents, to be presented to the Court for signature on May 28, 2021 (the "Rule 2004 Exam Request"); and

WHEREAS, it appears from the record that the Rule 2004 Exam Request was not served upon Wells Fargo or U.S. Bank in advance of the hearing; and

WHEREAS, on May 28, 2021, the Court held a hearing on the Rule 2004 Exam Request, at which the United States Trustee, the Debtor, Wells Fargo, U.S. Bank, Wells Fargo Home Mortgage, Kelly Duncan, Stephanie Terese Tautge, Banc of America Funding Corporation, Charice Lenise Gladden, Woods Oviatt Gilman, LLP, Donald W. O'Brien, Jr., Esq., Aleksandra K. Fugate, Brittany J. Maxon, Esq., David Bruce Wildermuth, Esq., Brettanie L. Hart Saxton, Esq., Victoria E. Munian, Esq., Michael Thomas Jablonski, Esq., Miranda L. Sharlette a/k/a Miranda Jakubec, Esq., Frenkel Lambert Weiss Weisman & Gordon, LLP, Barry M. Weiss, Provest LLC, Woody Dorsonne, Reed Smith LLP, Natsayi Mawere, Esq., Jennifer L. Achilles, Esq., Steven J. Baum, P.C., Elpiniki M. Bechakas, Esq., Jeremiah Herberg, and Natalie A. Grigg, Esq. appeared and were heard, and Wells Fargo opposed the Rule 2004 Exam Request; and

WHEREAS, at the May 28, 2021 hearing, the Court closed the record and reserved decision; and

WHEREAS, on June 4, 2021, the Debtor filed a certificate of service stating that the Rule 2004 Exam Request was served by first-class mail on Reed Smith LLP ("Reed Smith") on May 28, 2021.

*The Service Requirements for a Motion for a Bankruptcy Rule 2004 Examination*

WHEREAS, Bankruptcy Rule 9013 provides that "[a] request for an order, except when an application is authorized by these rules, shall be by written motion, unless made during a hearing. . . . Every written motion, other than one which may be considered ex parte, shall be served by the moving party within the time determined under Rule 9006(d)."  Fed. R. Bankr. P. 9013.

WHEREAS, Bankruptcy Rule 9006(d) provides that "[a] written motion, other than one which may be heard ex parte, and notice of any hearing shall be served not later than seven days before the time specified for such hearing, unless a different period is fixed by these rules or by order of the court."  Fed. R. Bankr. P. 9006(d).

WHEREAS, based on the entire record, the Court concludes that the Debtor has not adequately served the Rule 2004 Exam Request upon Wells Fargo or U.S. Bank, as required by the Bankruptcy Rules because, as reflected on the record, the Debtor filed a certificate of service stating that service upon Reed Smith was completed on May 28, 2021, which is later than seven days before the hearing date of May 28, 2021.

*The Standard for a Bankruptcy Rule 2004 Examination*

WHEREAS, Bankruptcy Rule 2004 provides that "[t]he examination of an entity under this rule . . . may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge."  Fed. R. Bankr. P. 2004(b); and

WHEREAS, Bankruptcy Rule 2004 also provides that "[i]n . . . a reorganization case under chapter 11 of the Code, . . . the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan."  Fed. R. Bankr. P. 2004(b); and

WHEREAS, courts in the Second Circuit have held that "Rule 2004 requires that [the Court] balance the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination.  That documents meet the requirement of relevance does

not alone demonstrate that there is good cause for requiring their production. The burden of showing good cause is an affirmative one in that it is not satisfied merely by a showing that justice would not be impeded by production of the documents." *In re Drexel Burnham Lambert Group*, 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991) (citations omitted); and

WHEREAS, courts in the Second Circuit have also held that "[g]ood cause may ordinarily be sustained by a claim that the requested documents are necessary to establishment of the moving party's claim or that denial of production would cause undue hardship or injustice." *In re Drexel Burnham Lambert Group*, 123 B.R. at 712; and

WHEREAS, the moving party has "[t]he burden of showing good cause" for the requested examination under Bankruptcy Rule 2004. *In re Drexel Burnham Lambert Group*, 123 B.R. at 712; and

WHEREAS, based on the entire record, the Debtor has not shown that there is good cause for the production of documents described in his Rule 2004 Exam Request; and

WHEREAS, based on the entire record, the Debtor has not otherwise established a basis for the relief that he seeks.

NOW THEREFORE, it is hereby

ORDERED, that, based on the entire record, including the record of the May 28, 2021 hearing, and for the reasons stated herein, the Debtor's Rule 2004 Exam Request is denied.



Dated: Brooklyn, New York
June 14, 2021

_____
Elizabeth S. Stong
United States Bankruptcy Judge

TO:

Michael Krichevsky
4221 Atlantic Avenue
Brooklyn, NY 11224

Alan Smikun, Esq.
165 Eileen Way
Syosset, New York 11791

Aleksandra K Fugate, Esq.
Woods Oviatt Gilman LLP
500 Bausch & Lomb Place
Rochester, NY 14604

Josh Russel, Esq.
District Tax Attorney
250 Veterans Highway
Hauppauge, NY 11788

Michelle C. Marans, Esq.
53 Gibson Street
Bay Shore, New York 11706

Natsayi Mawere, Esq.
Reed Smith LLP
599 Lexington Avenue
New York, New York 10022

Shari S. Barak, Esq.
Managing Attorney
Shapiro, Dicaro & Barak, LLC
One Huntington Quadrangle, Suite 3N05
Melville, NY 11747

Office of the United States Trustee
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014