UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                                          Case No. 19-43516-ess

MICHAEL KRICHEVSKY,                                Chapter 11

                     Debtor.

---------------------------------------------------------x

## ORDER DENYING THE DEBTOR'S CROSS-MOTION FOR SANCTIONS PURSUANT TO BANKRUPTCY RULE 9011 AND FEDERAL RULE OF CIVIL PROCEDURE 11

*Background*

WHEREAS, on June 6, 2019, Michael Krichevsky (the "Debtor") filed a petition for relief under Chapter 13 of the Bankruptcy Code; and

WHEREAS, on October 8, 2019, the Court entered an order converting the Debtor's case to one under Chapter 11 of the Bankruptcy Code; and

WHEREAS, on August 15, 2019, Wells Fargo, N.A. ("Wells Fargo"), as servicing agent for U.S. Bank, N.A. ("U.S. Bank"), filed a proof of claim in the amount of $1,098,754.69 secured against real property located at 4221 Atlantic Avenue, Brooklyn, NY 11224 (the "Property") on behalf of U.S. Bank, as Trustee for Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-F (the "Proof of Claim"); and

WHEREAS, on March 17, 2020, Wells Fargo filed a motion for stay relief with respect to the Property (the "Motion for Stay Relief"); and

WHEREAS, on May 21, 2020, Wells Fargo filed an amended proof of claim (the "Amended Proof of Claim"); and

WHEREAS, on May 21, 2021, the Debtor filed a cross-motion for an award of sanctions against U.S. Bank, Wells Fargo, Natsayi Mawere, Esq., and Reed Smith LLP ("Reed Smith") for violations of Bankruptcy Rule 9011 and Federal Rule of Civil Procedure 11 (the "Cross-Motion

for Sanctions") on grounds, among others, that the Amended Proof of Claim and the Stay Relief Motion, contain claims, factual contentions and allegations which have no evidentiary support and have not been specifically identified to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

WHEREAS, on May 21, 2021, the Debtor filed a certificate of service stating, among other things, that he personally served the Cross-Motion for Sanctions on Ms. Mawere at her residence on April 28, 2021; and

WHEREAS, based on the entire record, it does not appear the Debtor served the Cross-Motion for Sanctions upon any other party; and

WHEREAS, on May 25, 2021, Ms. Mawere filed a declaration, on behalf of herself and Reed Smith, in opposition to the Cross-Motion for Sanctions on grounds, among others, that the Debtor did not properly serve the Cross-Motion for Sanctions, and that the Amended Proof of Claim and the Motion for Stay Relief do not violate Bankruptcy Rule 9011 and Federal Rule of Civil Procedure 11; and

WHEREAS, on May 28, 2021, the Court held a hearing on the Cross-Motion for Sanctions, at which the United States Trustee, the Debtor, Wells Fargo, U.S. Bank, Wells Fargo Home Mortgage, Kelly Duncan, Stephanie Terese Tautge, Daniel V. Edward, Banc of America Funding Corporation, Charice Lenise Gladden, Woods Oviatt Gilman, LLP, Donald W. O'Brien, Jr., Esq., Aleksandra K. Fugate, Brittany J. Maxon, Esq., David Bruce Wildermuth, Esq., Brettanie L. Hart Saxton, Esq., Victoria E. Munian, Esq., Michael Thomas Jablonski, Esq., Miranda L. Sharlette a/k/a Miranda Jakubec, Esq., Frenkel Lambert Weiss Weisman & Gordon, LLP, Barry M. Weiss, Provest LLC, Woody Dorsonne, Reed Smith LLP, Natsayi Mawere, Esq., Jennifer L. Achilles, Esq., Steven J. Baum, P.C., Elpiniki M. Bechakas, Esq., Jeremiah Herberg,

and Natalie A. Grigg, Esq. appeared and were heard, and the Court closed the record and reserved decision; and

WHEREAS, on June 4, 2021, the Debtor filed a supplemental certificate of service stating that the Cross-Motion for Sanctions was mailed to Ms. Mawere's personal home address on May 28, 2021.

*The Requirements for Service of a Motion for Sanctions Under Bankruptcy Rule 9011 and Federal Rule of Civil Procedure 11*

WHEREAS, Bankruptcy Rule 9011(c)(1)(A) provides that "[motions for sanctions] shall be served as provided in Rule 7004. The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service . . . the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Fed. R. Bankr. P. 9011(c)(1)(A); and

WHEREAS, Bankruptcy Rule 7004(a) provides that service "may be made by any person at least 18 years of age *who is not a party*." Fed. R. Bankr. P. 7004(a)(1) (emphasis added); and

WHEREAS, a party seeking sanctions by motion shall provide service pursuant to Bankruptcy Rule 7004 which may not be filed unless, within 21 days after service of the motion, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. *See* Fed. R. Bankr. P. 9011(c)(1)(A); and

WHEREAS, service of a Bankruptcy Rule 9011 motion may be made by any person who is not a party. *See* Fed. R. Bankr. P. 9011(c)(1)(A); *see* Fed. R. Bankr. P. 7004(a); and

WHEREAS, based on the entire record, the Debtor has not properly served U.S. Bank, Wells Fargo, Ms. Mawere, or Reed Smith with the Cross-Motion for Sanctions.

*The Requirements for Representations to the Court Under Bankruptcy Rule 9011 and Federal Rule of Civil Procedure 11*

WHEREAS, Bankruptcy Rule 9011(b) and Federal Rule of Civil Procedure 11(b) provide that when "presenting to the Court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper," an attorney must certify that "(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for extension, modification, or reversal of existing law or the establishment of new law; (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief."  Fed. R. Bankr. P. 9011(b).  *See* Fed. R. Civ. P. 11(b); and

WHEREAS, Bankruptcy Rule 9011(c)(1)(A) provides that a "motion for sanctions under this rule . . . shall describe the specific conduct alleged to violate subdivision (b)."  Fed. R. Bankr. P. 9011(c)(1)(A); and

WHEREAS, courts in the Second Circuit have held that "an attorney may not be sanctioned if a reasonable factual basis for the claim existed at the time the attorney signed the papers and 'where an attorney has an objectively reasonable basis to pursue a factual claim.'"  *In re Taub*, 439 B.R. 276, 282 (Bankr. E.D.N.Y. 2010) (quoting *Calloway v. Marvel Entm't Grp.*, 854 F.2d 1452, 1470 (2d Cir. 1988)); and

WHEREAS, in order to succeed on a motion for sanctions under Bankruptcy Rule 9011, the moving party must describe the specific conduct violating Rule 9011(b), which provides that

"[a petition, pleading, written motion, or other paper] is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;" Fed. R. Bankr. P. 9011(b)(1). *See* Fed. R. Bankr. P. 9011(c)(1)(A); and

WHEREAS, based on the entire record, the Debtor has not described or shown specific conduct showing that the Amended Proof of Claim was filed for "any improper purpose"; and

WHEREAS, based on the entire record, the Debtor has not described or shown specific conduct showing that the Motion for Stay Relief was filed for "any improper purpose"; and

WHEREAS, in order to succeed on a motion for sanctions under Bankruptcy Rule 9011, and alternatively, the moving party must describe the specific conduct violating Bankruptcy Rule 9011(b), which provides that "the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;" Fed. R. Bankr. P. 9011(b)(2). *See* Fed. R. Bankr. P. 9011(c)(1)(A); and

WHEREAS, based on the entire record, the Debtor has not described or shown specific conduct showing that the Amended Proof of Claim was not based on existing law or a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; and

WHEREAS, based on the entire record, the Debtor has not described or shown specific conduct showing that the Motion for Stay Relief was not based on existing law or a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; and

WHEREAS, in order to succeed on a motion for sanctions under Bankruptcy Rule 9011, and alternatively, the moving party must describe the specific conduct violating Bankruptcy Rule

9011(b) which provides that "the factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery," Fed. R. Bankr. P. 9011(b)(3).  *See* Fed. R. Bankr. P. 9011(c)(1)(A); and

WHEREAS, based on the entire record, the Debtor has not described or shown specific conduct showing that the Amended Proof of Claim contains factual contentions which do not have evidentiary support or are likely not to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

WHEREAS, based on the entire record, the Debtor has not described or shown specific conduct showing that the Motion for Stay Relief contains factual contentions which do not have evidentiary support or are likely not to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

WHEREAS, in order to succeed on a motion for sanctions under Bankruptcy Rule 9011, and alternatively, the moving party must describe the specific conduct violating Bankruptcy Rule 9011(b) which provides that "the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief," Fed. R. Bankr. P. 9011(b)(4).  *See* Fed. R. Bankr. P. 9011(c)(1)(A); and

WHEREAS, based on the entire record, the Debtor has not described or shown specific conduct showing that the Amended Proof of Claim contains denials of factual contentions which were not warranted on the evidence or were not reasonably based on a lack of information or belief; and

WHEREAS, based on the entire record, the Debtor has not described or shown specific conduct showing that the Motion for Stay Relief contains factual contentions which were not warranted on the evidence or were not reasonably based on a lack of information or belief; and

WHEREAS, based on the entire record, the Debtor has not otherwise established a basis for the relief that he seeks.

NOW THEREFORE, it is hereby

ORDERED, that for the reasons stated herein, and as set forth on the record of the May 28, 2021 hearing, and based on the entire record, the Debtor's Cross-Motion for Sanctions is denied.



Dated: Brooklyn, New York
June 14, 2021

_____
Elizabeth S. Stong
United States Bankruptcy Judge

TO:

Michael Krichevsky
4221 Atlantic Avenue
Brooklyn, NY 11224

Alan Smikun, Esq.
165 Eileen Way
Syosset, New York 11791

Aleksandra K Fugate, Esq.
Woods Oviatt Gilman LLP
500 Bausch & Lomb Place
Rochester, NY 14604

Josh Russel, Esq.
District Tax Attorney
250 Veterans Highway
Hauppauge, NY 11788

Michelle C. Marans, Esq.
53 Gibson Street
Bay Shore, New York 11706

Natsayi Mawere, Esq.
Reed Smith LLP
599 Lexington Avenue
New York, New York 10022

Shari S. Barak, Esq.
Managing Attorney
Shapiro, Dicaro & Barak, LLC
One Huntington Quadrangle, Suite 3N05
Melville, NY 11747

Office of the United States Trustee
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014