UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                                                    Case No. 19-43516-ess

MICHAEL KRICHEVSKY,                                      Chapter 11

                Debtor.

---------------------------------------------------------x

### ORDER DENYING THE DEBTOR'S SECOND AMENDED CROSS-MOTION TO STRIKE AND DISMISS WITH PREJUDICE CHAPTER 11 PROOF OF CLAIM FILED BY U.S. BANK, N.A. AND WELLS FARGO BANK, N.A.

*Background*

       WHEREAS, on June 6, 2019, Michael Krichevsky (the "Debtor") filed a petition for relief under Chapter 13 of the Bankruptcy Code; and

       WHEREAS, on October 8, 2019, the Court entered an order converting the Debtor's case to one under Chapter 11 of the Bankruptcy Code; and

       WHEREAS, on August 15, 2019, Wells Fargo, N.A. ("Wells Fargo"), as servicing agent for U.S. Bank, N.A. ("U.S. Bank"), filed a proof of claim in the amount of $1,098,754.69 secured against real property located at 4221 Atlantic Avenue, Brooklyn, NY 11224 (the "Property") on behalf of U.S. Bank, as Trustee for Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-F (the "Proof of Claim"); and

       WHEREAS, on March 17, 2020, Wells Fargo filed a motion for stay relief with respect to the Property; and

       WHEREAS, on May 19, 2020, the Debtor filed a "Cross Motion to Strike and Dismiss with Prejudice Chapter 11 Proof of Claim Filed By US Bank, NA and Wells Fargo Bank, NA, and Opposition to Motion for Relief From Automatic Stay" (the "Motion to Strike"); and

WHEREAS, on May 21, 2020, Wells Fargo filed an amended proof of claim (the "Amended Proof of Claim"); and

WHEREAS, on June 5, 2020, Wells Fargo filed opposition to the Motion to Strike; and

WHEREAS, on June 16, 2020, the Court entered an order modifying the automatic stay to permit Wells Fargo to pursue its rights under applicable law with respect to the Property (the "Stay Relief Order"); and

WHEREAS, on June 25, 2020, the Debtor filed a notice of appeal to the District Court; and

WHEREAS, on October 16, 2020, the Debtor filed an amended Motion to Strike (the "Amended Motion to Strike"); and

WHEREAS, on November 13, 2020, Wells Fargo filed an objection and declaration of Natsayi Mawere, Esq. in opposition to the Amended Motion to Strike; and

WHEREAS, on November 13, 2020, Select Portfolio Servicing, Inc. filed limited opposition to the Amended Motion to Strike; and

WHEREAS, on March 22, 2021, the District Court entered a memorandum and order affirming the Stay Relief Order and dismissing the Debtor's appeal. *Krichevsky v. U.S. Bank, N.A.*, 1:20-cv-02343-AMD (E.D.N.Y.), ECF No. 16; and

WHEREAS, as the District Court found, the state court has determined that U.S. Bank has standing to bring a foreclosure action against the Property. *See U.S. Bank Nat'l Assoc. v. Krichevsky,* No. 506127/2016 (N.Y. Sup. Ct.), ECF No. 34 at 1. *See Krichevsky*, 1:20-cv-02343-AMD (E.D.N.Y.), ECF No. 16 at 5; and

WHEREAS, as the District Court stated, "the state court determined that U.S. Bank had standing to bring a foreclosure action on the Atlantic Avenue property when it granted U.S.

Bank's motion for default judgment." *Krichevsky*, 1:20-cv-02343-AMD (E.D.N.Y.), ECF No. 16 at 5; and

WHEREAS, as the District Court found, U.S. Bank has established its standing because, as reflected on the record, it has produced copies of the note, the mortgage, and the mortgage assignments. *See Krichevsky*, 1:20-cv-02343-AMD (E.D.N.Y.), ECF No. 16 at 5; and

WHEREAS, as the District Court stated, "U.S. Bank met [requirements under New York law to commence a foreclosure action in state court] by producing copies of the note, the mortgage and the mortgage assignments along with its motion for relief from the automatic stay." *Krichevsky*, 1:20-cv-02343-AMD (E.D.N.Y.), ECF No. 16 at 5; and

WHEREAS, as the District Court found, U.S. Bank has shown that the Debtor had not made payments on the note since July 1, 2010, and that the Debtor had "provided no evidence that he actually paid the loan, or that he had otherwise satisfied the balance on the mortgage." *Krichevsky*, 1:20-cv-02343-AMD (E.D.N.Y.), ECF No. 16 at 5-6. *See also Krichevsky,* No. 506127/2016 (N.Y. Sup. Ct.), ECF No. 34 at 1; and

WHEREAS, as the District Court stated, "U.S. Bank produced records showing that Krichevsky has not paid the balance on the note since July 1, 2010." *Krichevsky*, 1:20-cv-02343-AMD (E.D.N.Y.), ECF No. 16 at 5-6; and

WHEREAS, on April 13, 2021, the Debtor filed a reply to Wells Fargo's objection to the Amended Motion to Strike; and

WHEREAS, on April 14, 2021, the Debtor filed an "Amended Objection to Proof of Claim, Memorandum of Law and Amended Reply Affidavit in Opposition to Wells Fargo Bank, Alleged Attorneys and US Bank as Trustee Motion for Relief of Automatic Stay" (the "Second Amended Motion to Strike"); and

WHEREAS, on April 15, 2021 the Court entered an order adjourning the hearing on the Second Amended Motion to Strike to from April 15, 2021 to May 28, 2021; and

WHEREAS, on May 25, 2021, Wells Fargo filed a response to the Second Amended Motion to Strike; and

WHEREAS, on May 28, 2021, the Court held a hearing on the Second Amended Motion to Strike, at which the United States Trustee, the Debtor, Wells Fargo, U.S. Bank, Wells Fargo Home Mortgage, Kelly Duncan, Stephanie Terese Tautge, Daviel V. Edward, Banc of America Funding Corporation, Charice Lenise Gladden, Woods Oviatt Gilman, LLP, Donald W. O'Brien, Jr., Esq., Aleksandra K. Fugate, Brittany J. Maxon, Esq., David Bruce Wildermuth, Esq., Brettanie L. Hart Saxton, Esq., Victoria E. Munian, Esq., Michael Thomas Jablonski, Esq., Miranda L. Sharlette a/k/a Miranda Jakubec, Esq., Frenkel Lambert Weiss Weisman & Gordon, LLP, Barry M. Weiss, Provest LLC, Woody Dorsonne, Reed Smith LLP, Natsayi Mawere, Esq., Jennifer L. Achilles, Esq., Steven J. Baum, P.C., Elpiniki M. Bechakas, Esq., Jeremiah Herberg, and Natalie A. Grigg, Esq. appeared and were heard, and the Court closed the record and reserved decision.

*The Standard for an Objection to a Proof of Claim*

WHEREAS, Bankruptcy Rule 3001(f) provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim"; and

WHEREAS, courts in the Second Circuit have held that "[t]o overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." *In re Ernst*, 333 B.R. 666, 672 (S.D.N.Y. 2005) (quoting *In re Reilly*, 245 B.R. 768, 773 (2d Cir. BAP 2000)); and

WHEREAS, based on the entire record, the Debtor has not provided sufficient persuasive and credible evidence to refute at least one of the allegations necessary to the legal sufficiency of the Amended Proof of Claim because, among other reasons, and as reflected in the record, both the state court and the District Court have determined that U.S. Bank has standing to assert its claim against the Property, and that the mortgage is in default; and

WHEREAS, based on the entire record, the Debtor has not otherwise established a basis for the relief that he seeks.

NOW THEREFORE, it is hereby

ORDERED, that, based on the entire record, including the record of the May 28, 2021 hearing, and for the reasons stated herein, the Debtor's Second Amended Motion to Strike is denied.



Dated: Brooklyn, New York  
June 17, 2021

/s/ Elizabeth S. Stong  
Elizabeth S. Stong  
United States Bankruptcy Judge

TO:

Michael Krichevsky
4221 Atlantic Avenue
Brooklyn, NY 11224

Alan Smikun, Esq.
165 Eileen Way
Syosset, New York 11791

Aleksandra K. Fugate, Esq.
Woods Oviatt Gilman LLP
500 Bausch & Lomb Place
Rochester, NY 14604

Josh Russel, Esq.
District Tax Attorney
250 Veterans Highway
Hauppauge, NY 11788

Michelle C. Marans, Esq.
53 Gibson Street
Bay Shore, New York 11706

Natsayi Mawere, Esq.
Reed Smith LLP
599 Lexington Avenue
New York, New York 10022

Shari S. Barak, Esq.
Managing Attorney
Shapiro, Dicaro & Barak, LLC
One Huntington Quadrangle, Suite 3N05
Melville, NY 11747

Office of the United States Trustee
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014