James N. Faller
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Telephone:  (212) 251-5400
Facsimile:  (212) 521-5450
Email: james.faller@reedsmith.com

*Counsel for Wells Fargo Bank, N.A., as
 Servicing Agent for U.S. Bank National
Association, as Trustee for Banc of America
Funding Corporation Mortgage Pass-
Through Certificates, Series 2006-F*
.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:

MICHAEL KRICHEVSKY

                        Debtor.
---------------------------------------------------------X

Case No. 1-19-43516-ess

Chapter 11

---

## U.S. BANK AND WELLS FARGO'S MEMORANDUM OF LAW
## IN OPPOSITION TO DEBTOR'S SUPPLEMENTAL RULE 2004 MOTION

---

## PRELIMINARY STATEMENT

Secured Creditor U.S. Bank National Association, as Trustee for Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-F ("U.S. Bank"), through its servicer Wells Fargo Bank, N.A. ("Wells Fargo"), and by and through its undersigned attorney, hereby submits this response to Debtor Michael Krichevsky's ("Debtor" or "Krichevsky") "Emergency Ex Parte Application of Chapter 11 Trustee Pursuant to Bankruptcy Rule 2004 for an Order Authorizing the Issuance of Subpoenas for the Production of Documents and Deposition Testimony" ("Supplemental Rule 2004 Motion"), (Doc. No. 123), and supporting "Affidavit and Memorandum of Law in Support of *Emergency Ex Parte* Application of Chapter 11 Trustee Pursuant to Bankruptcy Rule 2004 for an Order Authorizing the Issuance of Subpoenas for the Production of Documents and Deposition Testimony" ("Debtor Affidavit"), (Doc. No. 125).

Debtor's Supplemental Rule 2004 Motion and supporting Debtor Affidavit constitute Krichevsky's second *ex parte* application to compel a Rule 2004 examination of his secured creditor, U.S. Bank, and its servicer, Wells Fargo, made in quick succession to Krichevsky's first attempt, which was already denied by this Court in its Order entered June 14, 2021. (Doc. No. 141.) In fact, the instant motion was filed only three days after the prior Rule 2004 Motion[1].

---

[1] It appears that Krichevsky only made a single Rule 2004 motion, but did so in a piecemeal, disjointed manner that led to the perception that two separate, but similar motions had been filed. In fact, Krichevsky himself *confirmed* that he only sought to make a single Rule 2004 motion, comprising his filings with the Court found at Doc. Nos. 121, 123, and 125. In his email dated June 18, 2021, addressed to Court Officer Sheree Jackson, Jeremy Sussman of the U.S. Trustee's Office, and counsel at Reed Smith LLP, Krichevsky indisputably stated that his "2004 motion is one motion consisted of parts." Krichevsky's email was sent in response to undersigned counsel's request for a clarifying order as to whether Doc. Nos. 121, 123, and 125 comprised a single Rule 2004 motion. However, in accordance with the Court's June 14, 2021 scheduling order, this opposition is submitted in anticipation of the hearing on Krichevsky's Supplemental Rule 2004 Motion scheduled for July 1, 2021.

Krichevsky's first "emergency" Rule 2004 motion was denied because, based on the record before this Court, the Krichevsky failed to demonstrate good cause or otherwise establish a basis for the production of documents described in his motion.

As with the first motion, this Court should deny Krichevsky's Supplemental Rule 2004 Motion, for much the same reasons.  As demonstrated in the record, Krichevsky has not shown good cause for the production of the information and documents requested. As further detailed herein below, Krichevsky's requests do not in any way serve the intended purposes of Rule 2004, which is clearly meant as a tool for the Trustee[2] and creditors to discover recoverable assets and claims of the bankruptcy estate. Instead, Krichevsky, the debtor, is attempting – without prior notice or an opportunity for his creditors to be heard – to compel production of information irrelevant to the bankruptcy estate, for the obvious purpose of re-litigating issues already determined against him by this Court, the District Court, and the state court. Given the legally hopeless nature, as detailed below, of Krichevsky's Supplemental Rule 2004 Motion amounts to harassment of his creditors, and an improper application of Rule 2004 that should be denied, as was his prior application.

Furthermore, Krichevsky already has an adversary proceeding pending against U.S. Bank and Wells Fargo, where he has asserted, at great length, a massive, but vague and completely unsubstantiated conspiracy and a series of claims against U.S. Bank, Wells Fargo, and many other named defendants, all centered on Krichevsky's allegations that U.S. Bank does not have standing to prosecute its state court foreclosure against him and his property, and that he has fully paid the debt owed on the mortgage subject of the foreclosure action. The same issues of U.S. Bank's standing to foreclose and its right to debts owed by Krichevsky are the subject of his requested

---

[2] Krichevsky remarkably refers to himself as the "Trustee" in his Application, as discussed below.

Rule 2004 examination. This, too, is an improper use of Rule 2004, because, pursuant to the pending proceeding rule, Krichevsky is compelled to engage in discovery, subject to applicable rules that do not provide for Rule 2004 examinations, *within* the adversary proceedings. Thus, the relief requested in Krichevsky's Supplemental Rule 2004 motion is facially barred as a matter of law, and should be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

### The Bankruptcy Action and Adversary Proceeding

Krichevsky's bankruptcy action ("Bankruptcy Action") was filed as a Chapter 13[3] bankruptcy petition on June 6, 2019. (Doc. No. 1.)

Krichevsky filed his Complaint in the related adversary proceeding, *Michael Krichevsky v US Bank, NA, et al.*, Adversary Proceeding No. 1-21-01013-ess, on February 11, 2021, (1-21-01013-ess at Doc. No. 1). In the Adversary Proceeding, Krichevsky names U.S. Bank and Wells Fargo, along with many other defendants, and purportedly asserts causes of action alleging, *inter alia*, violations of the FDCPA, willful violation of the automatic stay, violations of civil RICO provision, and willful violation of New York State Judiciary Law Section 487. Additionally, throughout his sixty-one page Complaint, Krichevsky asserts multiple other vague, conclusory, unsubstantiated and bizarre allegations that he broadly ascribes to all named defendants, most of which allude to a large-scale, but ill-defined fraudulent scheme of indeterminate nature, seemingly

---

[3] The chapter 13 was later converted to a chapter 11 case by order dated October 4, 2019. (1-19-43516-ESS at Doc. No. 26.)

involving every person and entity having anything to do with foreclosure proceedings brought against Krichevsky.

The Adversary Proceeding is currently subject to multiple pending motions to dismiss filed by the respectively named defendants.

Prior to the Adversary Proceeding, however, Krichevsky had already undertaken extensive litigation with secured creditor U.S. Bank and its servicer, Wells Fargo, in a state court foreclosure action.

**The Foreclosure Action**

Prior to Krichevsky's bankruptcy petition, he was already subject to a foreclosure action on U.S. Bank's mortgage loan, which is serviced by Wells Fargo. U.S. Bank filed its complaint in the Supreme Court of the State of New York, County of Kings on April 18, 2016 under Index No. 506127/2016 ("Foreclosure Action"), seeking to foreclose a mortgage ("Mortgage") given by Krichevsky against 4221 Atlantic Avenue, Brooklyn, NY 11224, which secured a note ("Note") signed by Krichevsky.

Krichevsky failed to serve a timely answer in response to the complaint in the Foreclosure Action. Thereafter, U.S. Bank moved for entry of default against Krichevsky and an order of reference to compute the amount due under the subject note and mortgage. Krichevsky opposed the motion and filing a cross-motion seeking to dismiss the Foreclosure Action.

By Decision and Order dated October 12, 2018, the Supreme Court granted U.S. Bank's motion for default judgment and denied Krichevsky's cross-motion, finding that Krichevsky was in default and failed to demonstrate a reasonable excuse for his delay in answering, thereby waiving his defenses to foreclosure. (1-21-01013-ess at Doc. No. 7-3.) This order on the respective motions resolved any issues of U.S. Bank's standing to foreclose and Krichevsky's obligations under the Note and default upon the Mortgage at issue.

U.S. Bank subsequently moved for judgment of foreclosure and sale on January 24, 2019, which U.S. Bank ultimately withdrew due to Krichevsky's pending Bankruptcy Action.

**The Bank's Proof of Claim and Relief from the Automatic Stay**

Following Krichevsky's filing of his bankruptcy petition, U.S. Bank filed its Proof of Claim, (Claim 3-1), on August 15, 2019, which it later amended on May 21, 2020 to include a complete copy of the Limited Power of Attorney, which was initially missing from the Schedule A attachment (*see* Claim 3-2).

On March 17, 2020, the Bank moved, pursuant to 11 U.S.C. § 362(d)(1), for relief from the automatic stay (Doc No. 47). Krichevsky cross-moved to strike and dismiss the Bank's "Chapter 11 Proof of Claim" with prejudice. (Doc. No. 57.)

Following a hearing, the Court issued the Termination Order, which, in relevant part, modified the automatic stay to allow the Bank and Krichevsky "to pursue their rights under applicable law, including their claims and defenses, with respect to the property located at 4221 Atlantic Avenue, Brooklyn, NY 11224." (Doc. No. 70.)

**Krichevsky's Appeal of the Termination Order Denied by the District Court**

Krichevsky filed a notice of appeal of the Termination Order on June 26, 2020, (Doc. No. 71), resulting in assignment of Case Number 1:20-cv-02343-RRM to the appeal. On March 22, 2021, the Hon. Ann M. Donnelly, U.S.D.J issued the District Court's decision affirming the Termination Order in all respects, finding in relevant part that the Bank met its burden for lifting the automatic stay by producing copies of the Note, the Mortgage, and the Mortgage assignments with its motion for relief from stay, and that the state court had already determined that U.S. Bank had standing to bring the Foreclosure Action when it granted U.S. Bank's motion for default judgment. (Doc. No. 102.)

The District Court explicitly agreed that U.S. Bank demonstrated its standing to foreclose under state law "by producing copies of the note, the mortgage, and the mortgage assignments along with its motion for relief from the automatic stay," consistent with "the state court [having] determined that U.S. Bank had standing to bring a foreclosure action on the Atlantic Avenue property." (*Id.*) Furthermore, the District Court found that U.S. Bank produced records showing that Krichevsky had not paid the balance due on the Note since July 1, 2010, and that Krichevsky provided no evidence to support his claim that he had paid the amount due on the Note or otherwise satisfied the Mortgage[4]. (*Id.*)

**Krichevsky's Second Amended Motion to Strike the Bank's Proof of Claim**

After Krichevsky's appeal of the Termination Order was assigned to the District Court, this Court permitted Krichevsky to file an amended motion in the Bankruptcy Action on October 16, 2020, seeking numerous forms of conclusory relief including the vacating of the Court's order granting stay relief and the dismissal of Wells Fargo's claim (No. 87; *see also* Doc. Nos. 88-89), which was opposed. (Doc. Nos. 90-92.)

On June 16, 2021, this Court entered the Order Denying the Debtor's Second Amended Cross-Motion to Strike and Dismiss with Prejudice Chapter 11 Proof of Claim Filed by U.S. Bank, N.A. and Wells Fargo Bank, N.A. (Doc. No. 149.) In the Order denying Krichevsky's second amended request to strike U.S. Bank's Proof of Claim, this Court cited to Justice Donnelly's decision in the District Court affirming the Termination Order and finding that the state court has already determined that U.S. Bank has standing in the Foreclosure Action. (*Id.*) Further, this Court

---

[4] Notably, the crux of Krichevsky's claims in the Adversary Proceeding and in multiple motions in the Bankruptcy Action is that Krichevsky has been foreclosed upon (and a related bankruptcy claim has been asserted) despite a purported lack of standing and the alleged satisfaction of the underlying indebtedness – claims now explicitly *rejected* by the state court, the District Court, and this Court.

- 7 -

cited to Justice Donnelly's finding that the record reflects that U.S. Bank produced copies of the Note, the Mortgage, and the Mortgage assignments, and that Krichevsky has not made payments on the Note since July 1, 2010 or produced evidence to support his claims that he paid of the Note and Mortgage. (*Id.*)

**Krichevsky's First Motion for Rule 2004 Examination**

This Court has already considered, in part, and denied Debtor's demands for a Rule 2004 examination. (Doc. No. 141.)

On May 25, 2021, Debtor filed an emergency motion ("Emergency Rule 2004 Motion") for an order pursuant to Bankruptcy Rule 2004 directing Wells Fargo and U.S. Bank to produce documents. (Doc. No. 121.) Through the Emergency Rule 2004 Motion, Debtor claimed that he was seeking "information and documents" relating to Wells Fargo and U.S. Bank's "existence, formation, finances, and insurance policies, including their income tax, assets and liabilities, as well as the transfers of any assets in relation to [Debtor's] Chapter 11 case." (Doc. No. 121, p. 3, ¶ 6.) The documents sought by Debtor through the Emergency Rule 2004 Motion were appended to Debtor's proposed order, and included broad and irrelevant inquiries into Wells Fargo's and U.S. Bank's tax returns, distributions, assets, and insurable interests. (Doc. No. 121., pp. 7-11.) Also, inexplicably, Debtor attached a copy of purported interrogatories and four purported notices of deposition addressed to U.S. Bank in the Foreclosure Action (Doc. No. 121., pp. 13-23.)

On June 14, 2021, the Court entered the Order Denying the Debtor's Motion for a Rule 2004 Examination finding, in relevant part, that "based on the record, the Debtor has not shown that there is good cause for the production of documents described in his Rule 2004 Exam Request," and that "based on the record, the Debtor has not otherwise established a basis for the relief that he seeks." (Doc. No. 141.)

- 8 -

**Krichevsky's Supplemental Motion for Rule 2004 Examination**

On May 28, 2021, minutes before a conference with this Court, Debtor filed his Supplemental Rule 2004 Motion on an "emergency *ex parte*" basis. (Doc. 123.) In his Supplemental Rule 2004 Motion, Debtor inexplicably refers to himself as "Trustee" of the bankruptcy estate, and claims that "there have been multiple troubling discoveries that warrant further investigations now." Debtor claims that he made his motion on an *ex parte* basis, because he was concerned that his application "would be met with objections, delays and/or claims of non-compliance." (Doc. 123, p. 3.) In other words, Debtor made his *ex parte* motion in bad faith, knowing that his application was likely to be opposed and denied. Debtor claims the purpose of his Rule 2004 Motion is "to conduct discovery of third parties concerning the extent of the Debtor's and Creditor's financial affairs in this Chapter 11 case," without noting that the only parties from whom he seeks discovery are U.S. Bank and Wells Fargo.

Debtor's proposed "Order Authorizing Discovery Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure", (Doc. 123, pp. 6-7), would authorize the "Trustee" to issue subpoenas for the production of documents and for deposition testimony concerning "any asset, liability, duty, obligation, contract, transaction, or other issue related in any way to the Debtor, whether or not such distributions were actually received, from entities that the Debtor had relationship, financial institutions used by the Debtor (or affiliated entities), or business partners of the Debtor[.]" (Doc. 123, pp. 6.)

Two day later, Debtor filed his Debtor Affidavit, (Doc. 125), submitted in support of his Supplemental Rule 2004 Motion[5]. In his affidavit, Debtor alleges that the information sought

---

[5] In his affidavit, Debtor stated without explanation that, contrary to the self-styled title of the document, he was submitting the affidavit in support of his now-denied cross-motion for sanctions. (Doc. 125, ¶ 2.)

through Rule 2004 examination is "material and relevant to the Wells Fargo Bank, NA (WF) and US Bank, National Association, as trustee for Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-F (USB)" claims. (Doc. 125, ¶ 11.) Submitted as attachments to Debtor's Affidavit are copies of discovery demands that Debtor allegedly made in the Foreclosure Action – the exact same discovery demands that were included with the now denied Emergency Rule 2004 Motion.  (Doc. 125, ¶ 15, Ex. A; Doc. No. 121., pp. 13-23.)

Debtor also attached copies of purportedly *new* discovery demands to his affidavit. (Doc. 125, ¶ 16, Ex. B.) Debtor's purportedly new discovery demands are styled "Debtor in Possession's First Combined Discovery Requests Consisting of the First Combined Request for Admissions, the First Combined Request for Answers to Interrogatories, and the First Combined Request for Production of Documents to Debtor in Possession", (Doc. 125, pp. 19-49), and contain eighteen enumerated demands, all with multiple subparts, which appear to be hybrid requests for admissions, interrogatories, and documents demands, all at once – all of which clearly concern Debtor's well-settled and baseless challenge to U.S. Bank's Proof of Claim and standing as Note holder to prosecute the Foreclosure Action in state court.

The remainder of Debtor's Affidavit contains Debtor's restatement of unsubstantiated claims regarding the validity of U.S. Bank's Proof of Claim and standing as Note holder with right to foreclose, all of which have already been considered and *rejected* by this Court, the District Court, and the state court. Further, Debtor claims, without providing details, that he is somehow unable to file his taxes because he does not know the identity of his "rightful creditor." (Doc. 125, ¶¶ 22-24).

**ARGUMENT**

Because a Rule 2004 examination is to be used only for the purpose of discovering assets of the bankruptcy estate for the benefit of *creditors* – which is why it is typically invoked by the trustee of the bankruptcy estate, and not by a debtor – Debtor's Supplemental Rule 2004 Motion is inappropriate. Furthermore, the existence of the pending Adversary Proceeding brought by Krichevsky against U.S. Bank and Wells Fargo, among other defendants, precludes Debtor's demand for Rule 2004 examination, pursuant to the pending proceeding rule. For these reasons, as further explained below, the Debtor's Supplemental Rule 2004 Motion should be denied.

I.    **The information sought by Debtor does not serve the purpose of a Rule 2004 examination**

Rule 2004 provides that "[o]n [the] motion of any party in interest, the court may order the examination of any entity . . . [on] any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Rule 2004(a)-(b). However, Rule 2004 examinations are meant to be used to "'assist the trustee in revealing the nature and extent of the estate, ascertaining assets, and discovering whether any wrongdoing has occurred.'" *In re St. Clair*, 533 B.R. 31, 40 (Bankr. E.D.N.Y. 2015), *aff'd sub nom. St. Clair v. Cadles of Grassy Meadows II, L.L.C.*, 550 B.R. 655 (E.D.N.Y. 2016) (quoting *In re Corso*, 328 B.R. 375, 383 [Bankr. E.D.N.Y. 2005]). "Rule 2004 is intended to permit the debtor and other estate fiduciaries and court-appointed officers, as needed, to determine the extent of the estate's assets and recover those assets for the benefit of creditors. . . . Rule 2004 cannot be used for 'purposes of abuse or harassment' and it 'cannot stray into matters which are not relevant to the basic inquiry.'" *In re MF Glob. Inc.*, No. 11-02790 (MG), 2013 Bankr. LEXIS 129, at *3-4 (Bankr. S.D.N.Y. Jan. 8, 2013) (quoting *In re Mittco, Inc.*, 44 B.R. 35, 36 [Bankr. E.D. Wis. 1984]).

The purpose of a Rule 2004 inquiry is "to allow a trustee, or others interested in

accomplishing the same ends, to discover and investigate how to bring to light possession of assets of the debtor which might be intentionally concealed or overlooked in ignorance or haste." *In re Valley Forge Plaza Assocs.*, 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990) (citations omitted). As the court explained in *In re Bennett*, a Rule 2004 examination "is properly used as a pre-litigation device to determine whether there are grounds to bring an action to determine a debtor's right to discharge or the dischargeability of a particular debt." *In re Bennett Funding Grp., Inc.*, 203 B.R. at 28 (citing *In re Szadkowski*, 198 B.R. 140, 141 [Bankr. D.Md. 1996]). Moreover, "[w]hile a debtor may, in certain circumstances, invoke [Rule] 2004, it is clear that [Rule] 2004 'is creditor and trustee oriented.'" *In re Valley Forge Plaza Associates*, 109 B.R. at 674  (quoting *In re GHR Energy Corp.*, 35 B.R. 534, 536-37 [Bankr. D.Mass. 1983]). Rule 2004 "may not be used as a device to launch into a wholesale investigation of a non-debtor's private business affairs." *In re Countrywide Home Loans*, 384 B.R. 373, 393-394 (Bankr. W.D. Pa. 2008). Thus, the use of Rule 2004 by a debtor to harass and interrogate its creditors into more favorable settlement positions clearly violates the intent and purpose of the Rule.

Indeed, Rule 2004 examinations are limited and specifically cannot be used "for the used for the purposes of abuse or harassment," *In re Duratech Indus., Inc.*, 241 B.R. 283, 289 (Bankr. E.D.N.Y. 1999), which is clearly Debtor's motive in filing the Motion.

The information sought by Debtor in his Supplemental Rule 2004 Motion does not relate to the administration of the Debtor's estate. Rather, as explained herein above, Krichevsky is attempting to obtain discovery to re-litigate issues *already decided* by this Court, the District Court, and the state court in the Foreclosure Action. Specifically, Krichevsky is still attempting to obtain discovery directed at attacking U.S. Bank's Proof of Claim and standing to foreclose on Krichevsky's defaulted Mortgage. These issues have been litigated and re-litigated, and have

already been determined in finality against Krichevsky. Nothing requested by Krichevsky in his Supplemental Rule 2004 Motion will in any way produce information or documents that could affect the bankruptcy estate. Further, Krichevsky's Rule 2004 requests could not give rise to potential claims against U.S. Bank and Wells Fargo, because Krichevsky has already asserted claims against them in the pending Adversary Proceeding. Clearly, Krichevsky's motion is just another tactic to harass his creditors, and should not be condoned by this Court.

## II.   Debtor's Supplemental Rule 2004 Motion should be denied pursuant to the pending proceeding rule

Debtor's Supplemental Rule 2004 Motion is improper under the circumstances and should be denied pursuant to the pending proceeding rule, because Krichevsky's Adversary Proceeding against U.S. Bank and Wells Fargo is still ongoing and has yet to be dismissed.

Once an adversary proceeding is commenced, discovery should be pursued under the rules of the adversary proceeding, and not by Rule 2004. *In re Platinum Partners Value Arbitrage Fund L.P.*, 583 B.R. 803, 811 (Bankr. S.D.N.Y. 2018) (quoting *In re Enron Corp.*, 281 B.R. 836, 840 [Bankr. S.D.N.Y. 2002]). "This so-called 'pending proceeding rule' reflects a concern that parties to a litigation could circumvent an adversary's rights by using Rule 2004 rather than obtaining discovery through the rules applicable to such other adversary proceeding." *Id.* (citing *In re Millennium Global Emerging Credit Master Fund Ltd.*, 471 B.R. 342, 347 [Bankr. S.D.N.Y. 2012]; *In re Glitnir banki hf*, 2011 Bankr LEXIS 3296, at *1 [Bankr. S.D.N.Y. Aug. 19, 2011, No. 08-14757 (SMB)]).

Here, Krichevsky has improperly attempted to circumvent the discovery procedures provided for in adversary proceedings by seeking Rule 2004 examination on an *ex parte* basis. If Krichevsky wishes to obtain disclosure from U.S. Bank and Wells Fargo, he must seek it through the discovery procedures provided for in adversary proceedings – not multiple attempts to

compel Rule 2004 examination on an "emergency' *ex parte* basis, simply because he does not want to follow the rules and face opposition to his requests.

## <u>CONCLUSION</u>

For the reasons stated herein, U.S. Bank respectfully requests that this Court enter an Order denying, in all respects, Debtor's Supplemental Rule 2004 Motion.

Dated:      New York, New York
            June 28, 2021

                                        **REED SMITH LLP**

                            By:     /s/ James Faller
                                    599 Lexington Avenue
                                    New York, New York 10022
                                    Telephone:  (212) 251-5400
                                    Facsimile:  (212) 521-5450
                                    Email: james.faller@reedsmith.com

                                    *Counsel for Wells Fargo Bank, N.A., as*
                                    *Servicing Agent for U.S. Bank National*
                                    *Association, as Trustee for Banc of America*
                                    *Funding Corporation Mortgage Pass-*
                                    *Through Certificates, Series 2006-F*