**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re:

**MICHAEL KRICHEVSKY**

**Debtor In Possession**

**Case No. 1-19-43516-ess**

**Affirmation in Opposition to Debtor's Emergency Motion in Limine No.2**

To: Honorable Elizabeth S. Stong
U.S. Bankruptcy Judge

Natalie A. Grigg, Esq., an attorney duly admitted to practice law in this court, affirms the following to be true, under penalties of perjury:

1. I am a Partner of Woods Oviatt Gilman LLP, attorneys for Woods Oviatt Gilman, LLP, Donald W. O'Brien, Jr., Natalie A. Grigg, Aleksandra K. Fugate, Brittany Maxon, David Bruce Wildermuth, Brettanie L. Hart Saxton, Victoria E. Munian, Michael Thomas Jablonski, and Miranda L. Sharlette a/k/a Miranda Jakubec ("Woods"). I am fully familiar with the facts of this case and submit this affirmation in opposition to Debtor's Emergency Motion in Limine ("Motion") filed in the main bankruptcy case 1-19-43516-ess.

## ARGUMENT

### POINT I

**DEBTOR'S MOTION SHOULD BE DENIED AS IT FAILS TO ADHERE TO THE RULES OF PROCEDURE**

2. Rule 9006(d) of the Federal Rule of Bankruptcy Procedure clearly outlines that any motion and notice of motion are to be served "not later than seven days prior the time specified for such hearing". *See* USCS Bankruptcy R 9006. Debtor filed this second motion on June 29, 2021, with a hearing date of July 1, 2021. Notwithstanding the fact the Motion has not been served, even counting from the filing date, the Motion is improperly filed.

3.  Furthermore, the Motion also fails to comply with the serving requirements specified in Rule 9006-1 of the Local Bankruptcy Rule for E.D.N.Y. The rule states that all motions should be *served* at least 14 days prior to the hearing. Given that the Motion was *filed* five days prior to the hearing, it is clearly improper and it should be denied.

4.  Finally, Debtor labels the motion as "emergency" claiming as a reason for the emergency nature of the motion that he was not aware of the hearing scheduled for July 1, 2021, which hearing is addressing his own previous *emergency* request for a Rule 2004 exam. Even though Debtor has failed to provide a legitimate reason for why this Motion should be considered as an emergency one, Debtor has also failed to follow the Judge's procedures regarding emergency motions; specifically, Debtor did not contact the Court to request a hearing date, rather chose to use the hearing date and time already scheduled for the Rule 2004 exam request. Given all of the above, it is clear that the Motion was improperly filed, it has not been served and it should be denied.

## POINT II

### DEBTOR'S MOTION SHOULD BE DENIED AS IMPROPER

5.  As an initial matter, Debtor's Motion was filed in the main bankruptcy case (1-19-43516-ess) while it clearly attempts to address matters related to the adversary case (1-21-01013). Furthermore, even if the Motion was filed in the adversary case, it remains procedurally improper as there are currently multiple motions to dismiss the case pending and it should be denied.

6.  While Debtor's Motion is titled "Motion in Limine No. 2", the Motion itself is not a true motion in limine, but rather an attempt to preclude Woods and other parties involved from advocating for their case. A motion in limine is used to "aid the trial process by enabling the Court

to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (citation omitted). Motion *in limine* can have evidence excluded only when the evidence is clearly inadmissible on all potential grounds. *See In re Genger*, No. 19-13895(JLG), 2021 Bankr. LEXIS 1592, at *4 (Bankr. S.D.N.Y. June 15, 2021) ((citing *Dial Corp. v. News Corp.*, No. 13CV6802, 2016 U.S. Dist. LEXIS 20427, 2016 WL 690868, at *1 (S.D.N.Y. Feb. 17, 2016) (citing *United States v. Paredes*, 176 F.Supp.2d 179, 181 (S.D.N.Y.2001)).

7.    As previously stated, the adversary case is far from being set for trial as there are numerous motions to dismiss pending decision. By filing this motion, the Debtor is also seeking to effectively preclude Woods and other parties from testifying and acting in any manner necessary to advocate for their case. Given the above, Debtor's Motion is not only premature and filed in the wrong case, but it is absolutely improper and it should be denied.

**POINT III**

**LAW OF THE CASE DOCTRINE SHOULD BE APPLIED AND DEBTOR SHOULD BE PRECLUDED FROM FILING MOTIONS WITHOUT COURT'S EXPLICIT APPROVAL**

8.    Debtor has filed numerous motions, amended motions, cross-motions and requests without any observation for the Court's rules, procedures and deadlines while repeatedly complaining of his limited time and ability to dedicate to the case. With every frivolous and repetitive motion debtor has filed, parties have had to dedicate time and resources to respond and although many of the points have already been made and decided by several Courts, debtor continues to raise the same issues.

9.    The law of the case doctrine "is a judicial doctrine that promotes finality and

efficiency in the judicial process by encouraging courts to follow their own decisions within any given case." *See Geltzer v. Soshkin (In re Brizinova)*, 588 B.R. 311, 323 (Bankr. E.D.N.Y. 2018) (citing *In re Pilgrim's Pride Corp.*, 442 B.R. 522, 529 (Bankr. N.D. Tex. 2010)). As this Court previously held, there are two factors to consider when determining whether to apply the law of the case doctrine: 1) identity of parties; and 2) whether the prior decisions are final. *See Geltzer* 588 B.R. at 323. In the case at hand, it is undisputed that the parties involved are the same in the main bankruptcy case (1-19-43516-ess) as the ones appearing in the adversary proceeding (1-21-01013), despite Debtor's continued efforts to name every person simply on the basis of appearance in the case.

10. Furthermore, courts have held that adversary proceedings arising out of the same bankruptcy case are not separate cases and the law of the case doctrine applies. *See Geltzer* 588 B.R. at 324 (citing *Bourdeau Bros., Inc. v. Montagne (In re Montagne)*, 2010 Bankr. LEXIS 212, 2010 WL 271347, at *6 (Bankr. D. Vt. Jan. 22, 2010) (stating that ""[a]dversary proceedings in bankruptcy are not distinct pieces of litigation; they are components of a single bankruptcy case."') (quoting *Cohen v. Bucci*, 905 F.2d 1111, 1112 (7th Cir. 1990)); *Artra Grp, Inc. v. Salomon Bros. Holding Co.*, 1996 U.S. Dist. LEXIS 16380, 1996 WL 637595 at *5 (N.D. Ill. Oct. 31, 1996) (holding that law of the case doctrine encompasses litigation in both main case and adversary proceeding)). It follows that the first prong of the test has been met as the parties identity is the same.

11. The second prong of the test requires that the order be final in order for the law of the case doctrine to be applicable. In the present case, Secured Creditor Wells Fargo, as servicer of U.S. Bank National Association, as Trustee for Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-F ("U.S. Bank") filed a motion for relief (ECF 47). This

Court granted U.S. Bank's motion for relief. *See* order filed at ECF 70. Debtor later appeal the order lifting the stay and the District Court issued its own order upholding this Court's decision. *See* case 1:20-cv-02343-AMD ECF 16. Nevertheless, Debtor continues to raise the issues already decided in the motion for relief and the two orders and attempts to argue the same issues disguised under the labels of different motions.

12. Additionally, this Court has issued decisions denying Debtor's motions against the Proof of Claim filed by U.S. Bank (*see* ECF 149) and motions for sanctions (*see* ECF 144) yet Debtor continues to raise arguments against the Proof of Claim, has already filed three additional motions for sanctions and this is the second motion in limine in the last three days.

13. It is clear that both prongs of the law of the case doctrine have been met in this case and the Court should apply the doctrine. It is also clear that Debtor has blatantly disregarded the Court's rulings and deadlines and has instead proceeded to file one frivolous motion after the other causing undue delays, hardship and allocation of resources on Woods and other parties involved.

**CONCLUSION**

Based on the foregoing, Debtor's Motion in Limine No. 2 should be denied, the law of the case doctrine should be applied and the Debtor should be precluded from filing any additional motions without the explicit permission of the Court, together with such other and further relief as the Court deems just and proper.

DATED: *June 29, 2021*
Rochester, New York           */s/ Natalie A Grigg, Esq.*
                              WOODS OVIATT GILMAN LLP
                              Natalie A. Grigg, Esq.
                              Attorneys for Woods
                              500 Bausch & Lomb Place
                              Rochester, NY 14604
                              Telephone: 855-227-5072

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

**In re:**

**MICHAEL KRICHEVSKY**

**CERTIFICATE OF SERVICE**
**Case No. 1-19-43516-ess**
**Chapter 11**

**Debtor(s).**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 29, 2021, I caused the foregoing Affirmation, including all attachments to be electronically filed with the Clerk of Court by using the CM/ECF system, and provided a true correct copy of said document including all attachments to a vendor for mailing by U.S. Postal Service First Class Main Postage Prepaid or FedEx to the following parties:

Michael Krichevsky
4221 Atlantic Ave
Brooklyn, NY 11224

Office of the United States Trustee
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014


*/s/ Kevin Hoenig*
Kevin Hoenig
Bankruptcy Clerk

100400-6