**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re:

**MICHAEL KRICHEVSKY**

**Case No. 1-19-43516-ess**
**Chapter 11**

**Debtor In Possession**

**NOTICE OF MOTION FOR A PROTECTIVE ORDER**

**MICHAEL KRICHEVSKY**

**Plaintiff Under Duress, DIP**

vs.

**Adversary Proceeding No.:**
**1-21-01013**

**US BANK, NA, WELLS FARGO BANK, NA, WELLS FARGO HOME MORTGAGE, KELLY DUNCAN, WELLS FARGO HOME MORTGAGE, STEPHANIE TERESE TAUTGE, DANIEL V. EDWARD, BANC OF AMERICA FUNDING CORPORATION, VERIPRISE PROCESSING SOLUTIONS LLC, CHARIE LENISE GLADDEN, WOODS OVIATT GILMAN, LLP DONALD W. O'BRIEN, JR., NATALIE A. GRIGG, ALEKSANDRA K, FUGATE, BRITTANY J. MAXON, DAVID BRUCE WILDERMUTH, BRETTANIE L. HART SAXTON, VICTORIA E. MUNIAN, MICHAEL THOMAS JABLONSKI, MIRANDA L. SHARLETTE A/K/A MIRANDA JAKUBEC, FRENKEL LAMBERT WEISS WEISMAN GORDON, LLP, BARRY WEISS, PROVEST, LLC, WOODY DORSONNE, REED SMITH LLP, NATSAYI MAWERE, JENNIFER L. ACHILLES, ESTATE OF DISEASED NOACH DEAR, SHMUEL TAUB, STEVEN J. BAUM, P.C. STEVEN J. BAUM, ELPINIKI M. BECHAKAS, JANE AND JOHN DOE 1-100, INDIVIDUALS NAMES TO BE DISCOVERED,**

**Defendants.**

**PLEASE TAKE NOTICE** that upon the annexed Motion of Natalie A. Grigg, ("Grigg"),

{8399743: }

by the undersigned will move this Court at the United States Bankruptcy Court, Conrad B Duberstein US Courthouse, 271-C Cadman Plaza East, Brooklyn, NY 11201-1800 on July 28, 2021 at 12:30PM, or as soon thereafter as Counsel may be heard, for an Order Federal Rule of Civil Procedure 26(c) as incorporated by Federal Rule of Bankruptcy Procedure 7026, granting Grigg's Motion for a Protective Order as to Debtor In Possession Michael Krichevsky's ("Debtor") First Combined Discovery Requests, and for such other and further relief as the Court deems just and proper.

**PURSUANT TO LOCAL BANKRUPTCY RULE 9006-1(a), ANY ANSWERING PAPERS ARE TO BE SERVED SO AS TO BE RECEIVED BY THE SECURED CREDITOR'S COUNSEL NO LATER THAN SEVEN (7) DAYS PRIOR TO THE HEARING DATE.**

DATED: *July 14, 2021*
Rochester, New York          */s/ Natalie A. Grigg, Esq.*
                             WOODS OVIATT GILMAN LLP
                             Natalie A. Grigg, Esq.
                             Attorneys for Defendants
                             500 Bausch & Lomb Place
                             Rochester, NY 14604
                             Telephone: 855-227-5072

TO:

Michael Krichevsky
4221 Atlantic Ave
Brooklyn, NY 11224

Office of the United States Trustee
US Federal Office Building
201 Varick Street
Suite 1006
New York, NY 10014

Josh Russell
NYS Dept of Tax and Finance
250 Veterans Memorial Hwy
Hauppauge, NY 11788

Shari S Barak / Robert W Griswold
Shapiro, DiCaro & Barak
Attorneys for Select Portfolio Servicing, Inc.
One Huntington Quadrangle
Suite 3N05
Melville, NY 11747

Elizabeth L Doyaga
Frenkel Lambert Weiss Weisman & Gordon
Attorneys for Select Portfolio Servicing, Inc.
53 Gibson Street
Bay Shore, NY 11706

Michelle C Marans
Frenkel Lambert Weiss Weisman & Gordon
Attorneys for Select Portfolio Servicing, Inc.
20 Lawrence Bell Drive, Ste. 200
Williamsville, NY 14221

Alan Smikun
The Margolin and Weinreb Law Group
Attorneys for Select Portfolio Servicing, Inc.
165 Eileen Way
Suite 101
Syosset, NY 11791

Natsayi Mawere / James N Faller
Reed Smith LLP
Attorneys for Wells Fargo Bank, N.A.
599 Lexington Avenue
New York, NY 10022

Court
271 Cadman Plaza East
Brooklyn, NY 11201

{8399743: }

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re:

**MICHAEL KRICHEVSKY**

                    **Debtor In Possession**

**Case No. 1-19-43516-ess**
**Chapter 11**

**AFFIRMATION IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER**

**MICHAEL KRICHEVSKY**

                    **Plaintiff Under Duress, DIP**

vs.

**US BANK, NA, WELLS FARGO BANK, NA, WELLS FARGO HOME MORTGAGE, KELLY DUNCAN, WELLS FARGO HOME MORTGAGE, STEPHANIE TERESE TAUTGE, DANIEL V. EDWARD, BANC OF AMERICA FUNDING CORPORATION, VERIPRISE PROCESSING SOLUTIONS LLC, CHARIE LENISE GLADDEN, WOODS OVIATT GILMAN, LLP DONALD W. O'BRIEN, JR., NATALIE A. GRIGG, ALEKSANDRA K, FUGATE, BRITTANY J. MAXON, DAVID BRUCE WILDERMUTH, BRETTANIE L. HART SAXTON, VICTORIA E. MUNIAN, MICHAEL THOMAS JABLONSKI, MIRANDA L. SHARLETTE A/K/A MIRANDA JAKUBEC, FRENKEL LAMBERT WEISS WEISMAN GORDON, LLP, BARRY WEISS, PROVEST, LLC, WOODY DORSONNE, REED SMITH LLP, NATSAYI MAWERE, JENNIFER L. ACHILLES, ESTATE OF DISEASED NOACH DEAR, SHMUEL TAUB, STEVEN J. BAUM, P.C. STEVEN J. BAUM, ELPINIKI M. BECHAKAS, JANE AND JOHN DOE 1-100, INDIVIDUALS NAMES TO BE DISCOVERED,**

                    **Defendants.**

**Adversary Proceeding No.:**
**1-21-01013**

To:    Honorable Elizabeth S. Stong

{8399743: }

U.S. Bankruptcy Judge

Natalie A. Grigg, Esq., an attorney duly admitted to practice law in this court, affirms the following to be true, under penalties of perjury:

1. I am a Partner of Woods Oviatt Gilman LLP, attorneys for Defendants Woods Oviatt Gilman, LLP, Donald W. O'Brien, Jr., Natalie A. Grigg, Aleksandra K. Fugate, Brittany Maxon, David Bruce Wildermuth, Brettanie L. Hart Saxton, Victoria E. Munian, Michael Thomas Jablonski, and Miranda L. Sharlette a/k/a Miranda Jakubec ("Defendants") in Adversary Proceeding No.1-21-01013. I am fully familiar with the facts of this case and submit this affirmation in support of the instant Motion for a Protective Order as to Debtor's First Combined Discovery Requests filed in Bankruptcy Case No. 19-43516.

## PROCEDURAL AND FACTUAL BACKGROUND

### A. Bankruptcy Case No. 19-43516

2. On June 6, 2019, the Debtor filed a Petition under Chapter 13 of Title 11 U.S.C. §101 et seq. with this Court and an Order for Relief was duly entered. On October 4, 2019, the court converted this case to one under Chapter 11 of Title 11 U.S.C. §101 et seq.

3. On August 15, 2019, Wells Fargo Bank, N.A. ("Wells Fargo") as servicing agent for U.S. Bank National Association, as Trustee for Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-F, a secured creditor of the Plaintiff/Debtor In Possession, filed a Proof of Claim (Claim 3-1) for the Subject Property, for a secured amount of $1,098,754.69. On May 21, 2020, Wells Fargo filed an Amended Proof of Claim (Claim 3-2), in order to include a complete copy of the Limited Power of Attorney.

4. On March 17, 2020, Wells Fargo filed an Application (ECF 47) pursuant to 11 U.S.C §362(d)1, requesting relief from the automatic stay, as the Debtor failed to pay the last 117 contractual monthly mortgage payments as of March 2, 2020.

5. On May 19, 2020, the Debtor filed a Cross-Motion to Strike and Dismiss with Prejudice the Chapter 11 Proof of Claim filed by Wells Fargo and Opposition to the Motion for Relief from the Automatic Stay.

6. On June 5, 2020, Wells Fargo filed a Response to the Debtor's Cross-Motion.

7. On June 16, 2020, the Court entered an order granting Wells Fargo relief from the automatic stay.

8. On June 26, 2020, the Debtor filed a Notice of Appeal in the District Court under case number 1:20-cv-02343 –AMD.

9. On July 15, 2020, the Debtor filed a Motion in the District Court to Set Aside Order per FRCP Rule 60 and Other Alternative Relief.

10. On July 22, 2020, Wells Fargo filed a Response in the District Court to the Debtor's Motion.

11. On October 16, 2020, the Debtor filed in the Bankruptcy Court an Amended Cross-Motion to Strike and Dismiss with Prejudice the Chapter 11 Proof of Claim filed by Secured Creditor.

12. On November 13, 2020, Secured Creditor filed in the Bankruptcy Court Opposition to Debtor's Amended Cross-Motion to Strike and Dismiss with Prejudice the Chapter 11 Proof of Claim filed by Secured Creditor.

13. On December 13, 2020, the Debtor filed in the District Court a Motion for

Extension of Time to File Response/Reply. Said Motion was granted on December 16, 2020, and on January 8, 2021, the Debtor file an Amended Motion to Set Aside.

14. On January 25, 2021, the Debtor filed in the District Court an Emergency Motion to Clarify Correct Inadvertent Errors and Set the Record Straight. Said Motion was denied on January 27, 2020.

15. On January 29, 2021, Secured Creditor filed in the District Court a Sur Reply Brief.

16. On February 16, 2021, the Debtor filed in the District Court a Motion for Extension of Time to File "To Serve Process and Extend Time to File Memorandum of Law".

17. On March 22, 2021, Hon. Ann M. Donnelly issued a Memorandum Decision and Order, as part of the appeal submitted by Plaintiff Michael Krichevsky from the Order of Hon. Elizabeth Stong, that modified the automatic bankruptcy stay so that Wells Fargo, as servicer of U.S. Bank National Association, as Trustee for Bank of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-F could resume its foreclosure action. The Memorandum Decision and Order affirmed the decision of the Bankruptcy Court and dismissed the appeal.

18. On April 14, 2021, Debtor filed an Amended Objection to Claim and Amended Reply Affidavit in Opposition to Relief from the Automatic Stay at Doc. 107.

19. On May, 25, 2021, Wells Fargo Bank, N.A. as servicing agent for U.S. Bank National Association, as Trustee for Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-F filed its response to Debtor's Amended Objection to Claim and Amended Rely Affidavit in Opposition to Relief from the Automatic Stay.

20. On May, 25, 2021, Debtor filed an Emergency Presentment of Order Pursuant to

F.R.B.P 2004 Directing Wells Fargo Bank, NA and US Bank, National Association, as trustee for Bank of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-F for Production of Documents at Doc. 121.

21. On May 27, 2021, Debtor filed a Motion to Sanction for Willful Violation of Bankruptcy Rules 2019 and 3001 at Doc 122.

22. On June 14, 2021, an Order denying the Debtor's Motion for a Rule 2004 Examination (Doc. 121) was entered at Doc 141.

23. On June 26, 2021, Debtor filed a Motion in Limine, for First Request to Take Judicial Notice, Make Adverse Inference Against Proof of Claim at Doc. 156.

24. On June 27, 2021, Debtor filed a Cross Motion for Sanctions against Defendants at Doc. 160.

25. On June 28, 2021, the Debtor filed his First Combined Discovery Requests issued solely to Natalie A. Grigg, Esq. within Bankruptcy Case 1-19-43516 at Doc. 161.

26. On June 28, 2021, Debtor filed his First Combined Discovery Requests issued solely to Natalie A. Grigg, Esq. within Bankruptcy Case 1-19-43516 at Doc. 161.

27. On June 28, 2021, Debtor filed Motion in Limine No. 2 for Request to Take Judicial Notice No. 2, Make Adverse Inference Against Proof of Claim at Doc. 167.

28. On June 29, 2021, Defendants filed their Affirmation in Opposition to Debtor's Emergency Motion in Limine at Doc. 171, and Affirmation in Opposition to Debtor's Emergency Motion in Limine #2 at Doc. 172.

29. On June 30, 2021, Debtor filed a Motion in Limine No. 3 for Request to Take Judicial Notice No. 3 and Make Adverse Inference Against Proof of Claim at Doc 177.

### B. Bankruptcy Adversary Proceeding 1-21-01013

30. On February 11, 2021, the Debtor filed a Complaint in Adversary Proceeding case number 1-21-01013-ess.

31. On February 12, 2021, the Clerk's Office issued a summons setting the date for the initial pre-trial conference for April 15, 2021, and

32. On March 15, 2021, Defendants Aleksandra K. Fugate, Esq., Brettanie L. Hart Saxton, Esq., Michael Thomas Jablonski, Esq., Brittany J. Maxon, Esq., Victoria E. Munian, Esq., Donald W. O'Brien, Jr., Esq., Miranda L. Sharlette a/k/a Miranda Jakubec, Esq., David Bruce Wildermuth, Esq., and Woods Oviatt Gilman, LLP filed a motion to dismiss this adversary proceeding and an adversary answer, which was noticed for an April 15, 2021 hearing.

33. On March 15, 2021, Defendants Jennifer L. Achilles, Esq., Natsayi Mawere, Esq., Reed Smith LLP, and Wells Fargo Bank, N.A. filed a motion to dismiss this adversary proceeding, which was noticed for an April 15, 2021 hearing.

34. On March 19, 2021, Defendants Steven J. Baum, P.C., Steven J. Baum, Esq., and Elpiniki M. Bechakas, Esq. filed a motion to dismiss this adversary proceeding, which was noticed for an April 15, 2021 hearing.

35. On March 26, 2021, Defendants Steven J. Baum, P.C., Steven J. Baum, Esq., Elpiniki M. Bechakas, Esq. filed an amended motion to dismiss this adversary proceeding.

36. On April 8, 2021, the Debtor filed an amended complaint naming Jeremiah Herberg and Natalie A. Grigg, Esq. as additional defendants.

37. On April 8, 2021, the Clerk's office issued an additional summons setting the date for the initial pre-trial conference for May 27, 2021.

38. On April 30, 2021, Defendants Frenkel Lambert Weiss Weisman & Gordon, LLP and Barry M. Weiss, Esq. filed a motion to dismiss this adversary proceeding.

39. On May 4, 2021, Defendants Aleksandra K. Fugate, Esq., Natalie A. Grigg, Esq., Brettanie L. Hart Saxton, Esq., Michael Thomas Jablonski, Esq., Brittany J. Maxon, Esq., Victoria E. Munian, Esq., Donald W. O'Brien, Jr., Esq., Miranda L. Sharlette a/k/a Miranda Jakubec, Esq., David Bruce Wildermuth, Esq., and Woods Oviatt Gilman, LLP filed an amended motion to dismiss this adversary proceeding.

40. On May 10, 2021, Defendants Steven J. Baum, P.C., Steven J. Baum, Esq., and Elpiniki M. Bechakas, Esq. filed a second amended motion to dismiss this adversary proceeding.

41. On May 12, 2021, Defendants Aleksandra K. Fugate, Esq., Natalie A. Grigg, Esq., Brettanie L. Hart Saxton, Esq., Michael Thomas Jablonski, Esq., Brittany J. Maxon, Esq., Victoria E. Munian, Esq., Donald W. O'Brien, Jr., Esq., Miranda L. Sharlette a/k/a Miranda Jakubec, Esq., David Bruce Wildermuth, Esq., and Woods Oviatt Gilman, LLP filed a second amended motion to dismiss this adversary proceeding.

42. On May 12, 2021, Defendants Frenkel Lambert Weiss Weisman & Gordon, LLP and Barry M. Weiss, Esq. filed an amended motion to dismiss this adversary proceeding.

43. On May 14, 2021, Defendants Kelly Duncan, Stephanie Terese Tautge, Daniel V. Edward, Charice Lenise Gladden, and Jeremiah Herberg filed a motion to dismiss this adversary proceeding and a memorandum of law in support of their motion to dismiss, which was noticed for a June 17, 2021 hearing.

44. On June 2, 2021, the Court entered an order scheduling continued pre-trial conference and hearings on the Motion to Dismiss for July 16, 2021.

45. On July 2, 2021, the Court entered an order scheduled a continued pre-trial conference and hearings on the motion to dismiss to July 28, 2021.

## ARGUMENT

### POINT I

### THE DEBTOR FAILED TO ADHERE TO PROCEDURAL RULES AND REQUIREMENTS.

46. In the present case, the Debtor issued a set of discovery demands, solely on the undersigned, in complete disregard for all procedural rules and requirements.

47. At the outset, the undersigned is not a party to the underlying bankruptcy case 1-19-43516, has no claim against the Debtor, and has not directly participated as counsel for any claimant in the underlying Bankruptcy case. At the most, the only connection that the undersigned has is as a Partner at Woods Oviatt Gilman LLP, the law firm that was retained as counsel by Secured Creditor Wells Fargo Bank, N.A. ("Wells Fargo") as servicing agent for U.S. Bank National Association, as Trustee for Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-F.

48. Of import, there is nothing in the Bankruptcy Code that provides blanket authority for the Debtor to issue the instant discovery demands and as such, the Court should issue a Protective Order and forbid the requested discovery.

49. It is well established that Bankruptcy Rule 2004 provides the basic discovery mechanism within a bankruptcy case, outside the context of a specific litigated dispute. In contrast, discovery within the context of an adversary proceeding or contested matter within a bankruptcy case is governed under Federal Rules of Bankruptcy Procedure 7026-7037.

{8399743: }

50. The Debtor does not have a granted 2004 motion that entitles him to issue this discovery. Bankruptcy Rule 2004 is provides that discovery is "[o]n motion of any party in interest…." Here, the Debtor's 2004 motion remains pending with the Court as of the date the Debtor issued the discovery demands and as of the date this application is filed with the Court.

51. Regardless, and despite the Debtor's contentions, there is no contested matter currently pending before this Court as all matters have been resolved.

52. Although *pro se* litigants are normally afforded leniency in their pleadings, there comes a time when the court must take action to prevent a *pro se* litigant from embarking in conduct that is amounting to nothing short of harassment. The Debtor's own disregard to the applicable procedural rules alone supports the granting of this motion.

53. By example, Federal Rule of Civil Procedure Rule 26(d) provides that a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). As the record demonstrates, there have been no underlying conferences except for those pertaining to general status of the action and the pending hearings on the several motions to dismiss currently pending with the Court. In fact, issue in the corresponding Adversary Proceeding has not been joined, as there are several motions to dismiss pending with this court, including one pertaining to the undersigned.

54. Additionally, Federal Rule of Civil Procedure Rule 36, entitled Requests for Admission, provides that "a party may serve on any other party…." Fed. Rule Civ Pro. R. 36. As previously indicated, the undersigned is not a party in the context of the Bankruptcy Action where the demands were filed by the Debtor.

55. Likewise, to the extent the demands may be considered interrogatories, the Debtor has violated Federal Rule of Civil Procedure Rule 33, which limits a party to service "no more than 25 written interrogatories, including all discrete subparts." Fed. Rule Civ. Pro. R. 33. Not only is the undersigned not a party to the underlying Bankruptcy Case in which the Debtor filed these demands, but a review shows that the demands consists of 80 requests, including subparts. This number far exceeds the allowable amounts set forth in the Federal Rules.

56. Based on the foregoing, the Court should grant the Motion for a Protective Order and forbid the Debtor's discovery.

## POINT II

### GOOD CAUSE EXISTS TO GRANT THE MOTION FOR A PROTECTIVE ORDER.

57. Setting aside the fatal procedural defects outlined above, a review of the demands and information requested supports the conclusion that there is good cause for granting this Motion and precluding the Debtor from obtaining the requested discovery.

58. Federal Rule of Civil Procedure 26, as incorporated to this matter by Federal Rule of Bankruptcy Procedure 7026, provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending…." USCS Fed. Rules Civ. Proc R. 26.

59. While normally a Motion for a Protective Order should include a good faith attempt to discuss the proposed discovery, ""[a]t its discretion the court may waive strict compliance with the conference requirements" and consider the motion on the merits, where failure to do so "may unduly prejudice the movant." *Freydl v. Meringolo*, 2011 U.S. Dist. LEXIS

{8399743: }

2625, *8, 2011 WL 134972 (S.D.N.Y. 2011) *quoting  Pulsecard, Inc. v. Discover Card Servs.*, 168 F.R.D. 295, 302 (D. Kan. 1996).

60. It is well settled that, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including…**(A)** forbidding the disclosure or discovery…." *Id*.  "[T]he existence of good cause for a protective order 'is a factual matter to be determined from the nature and character of the information sought,'" and cannot be established by "stereotyped and conclusory statements." *Freydl*, 2011 U.S. Dist. LEXIS 2625, *6.

61. With respect to the Debtor's purported discovery demands, good cause exists as a review of the demands demonstrates that the demands request information on issues already resolved by this Court and the District Court, are unduly burdensome, duplicative, moot, irrelevant, and potentially seek information protected by the attorney-client privilege and/or attorney work product.

62. Looking at the substantive aspect of the demands also confirms that the demands are wholly inappropriate as to the undersigned.  As to issues already decided by the Court, the demands request admission of facts and to documents pertaining to the standing of Secured Creditor or matters decided in the underlying foreclosure action.

63. This Court and the District Court have issued multiple decisions pertaining to the issue of standing.  Thus, there are multiple demands that are irrelevant, moot, duplicative, improper and violative of the laws of the case as they are making inquiries to the undersigned as to the following: the amount paid for the mortgage loan by Secured Creditor (Demand 1a), possession of the Note and original documents (Demands 2a, 21a), the date of default (Demand

{8399743: }

3a), knowledge of record keeping procedures of the Secured Creditor (Demand 4a), whether the loan was or is being paid by nonrecourse mortgage insurance policy (Demand 5a), whether the loan was deposited into the trust (Demand 6a), the underlying trust activity and documentation pertaining to the trust (Demands 7a and 15a), validity of the demand letters (Demand 8a), whether the loan is owned by Fannie Mae or Freddie Mac (Demand 9a), whether Secured Creditor is licensed to do business in the state of New York (Demands 14a, 17a), documentation pertaining to title insurance (Demand 16a), the capacity of the Secured Creditor to enter into or acquire mortgages, and the validity of the underlying assignments (Demand 18a, 19a, 20a). As the issue of standing was decided, all of these demands are irrelevant.

64. Likewise, as an attorney retained by Secured Creditor, the undersigned is not a fact witness to the case. These demands are more aptly suited towards a fact witness who not only can attest to the information but also would be the one to authenticate the supporting documentation, not a non-party for a law firm retained by Secured Creditor. The undersigned cannot attest to the record-keeping procedures of her clients. If needed, a client affidavit outlining all of the above information and procedures would be executed by the client as the fact witness to a case. This is a basic tenet of evidentiary rules that the Debtor fails to understand in issuing these demands. See Demands 1a – 9a, 12a, 14a-17a, and 21a.

65. Moreover, just to respond to these requests would require the undersigned to produce documents and/or communications provided to Woods Oviatt Gilman LLP by its client that are protected by attorney-client privilege, attorney-work product, and/or prepared in anticipation of litigation. It is well established that "the work product doctrine 'is intended to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and

strategies with an eye toward litigation free from unnecessary intrusion by his adversaries.'" *In re Genger*, 2021 Bankr. LEXIS 324, *34 (Bankr. S.D.N.Y. February 9, 2021). Likewise, under New York law, the attorney-client privilege "protects 'confidential communications made between the attorney. . .and the client in the course of professional employment. . . .'". *Bowne, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 470-471, 1993 U.S. Dist. LEXIS 7377, *8 (S.D.N.Y. 1993).

66.     Requesting information pertaining to due diligence performed by the undersigned or other attorneys employed at Woods Oviatt Gilman LLP would require disclosure of work and procedures performed in its capacity as an attorney for Secured Creditor, and to formulate strategies and legal theories for the underlying foreclosure action and the Bankruptcy case. See Demands 10a and 11a. Similarly, requesting "all correspondence, emails, faxes, and other written or recorded oral communications of any kind…" falls within the category of information that could be protected by attorney-client privilege. The Debtor basically seeks legal counsel's entire file, which only exists because counsel was retained to perform legal work on behalf of Secured Creditor. See Demand 21d.

67.     The demands are likewise irrelevant and not likely to lead to any discoverable evidence. Demands requesting admission to speculative statements are wholly inappropriate. The Debtor's requests for admission to such items such as admitting the property will sell for less than the fair market value is not an answer the undersigned, let alone anyone, could ever provide an accurate response to. See Demand 13a. Also, a demand pertaining to whether Secured Creditor is involved as a dealer in the purchase and sale of securities in the form of interests in

real property is irrelevant to any issues pertaining to the underlying Bankruptcy estate, and as previously indicated, not appropriately geared to a non-party attorney.

68.  It is evident from a review of the demands, that the only purpose for issuing the demands is yet another attempt by the Debtor to harass any party, entity, or individual who so much as touches the file.

**WHEREFORE**, the undersigned respectfully requests that this Court grant the Motion for a Protective Order in its entirety, together with further relief as the Court deems just and proper.

DATED:  *July 14, 2021*
Rochester, New York            */s/ Natalie A. Grigg, Esq.*
                                WOODS OVIATT GILMAN LLP
                                Natalie A. Grigg, Esq.
                                Attorneys for Defendants
                                500 Bausch & Lomb Place
                                Rochester, NY 14604
                                Telephone: 855-227-5072

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re:

**MICHAEL KRICHEVSKY**

**Case No. 1-19-43516-ess**
**Chapter 11**

**Debtor In Possession**

**CERTIFICATE OF SERVICE**

**MICHAEL KRICHEVSKY**

**Plaintiff Under Duress, DIP**

vs.

**Adversary Proceeding No.:**
**1-21-01013**

**US BANK, NA, WELLS FARGO BANK, NA, WELLS FARGO HOME MORTGAGE, KELLY DUNCAN, WELLS FARGO HOME MORTGAGE, STEPHANIE TERESE TAUTGE, DANIEL V. EDWARD, BANC OF AMERICA FUNDING CORPORATION, VERIPRISE PROCESSING SOLUTIONS LLC, CHARIE LENISE GLADDEN, WOODS OVIATT GILMAN, LLP DONALD W. O'BRIEN, JR., NATALIE A. GRIGG, ALEKSANDRA K, FUGATE, BRITTANY J. MAXON, DAVID BRUCE WILDERMUTH, BRETTANIE L. HART SAXTON, VICTORIA E. MUNIAN, MICHAEL THOMAS JABLONSKI, MIRANDA L. SHARLETTE A/K/A MIRANDA JAKUBEC, FRENKEL LAMBERT WEISS WEISMAN GORDON, LLP, BARRY WEISS, PROVEST, LLC, WOODY DORSONNE, REED SMITH LLP, NATSAYI MAWERE, JENNIFER L. ACHILLES, ESTATE OF DISEASED NOACH DEAR, SHMUEL TAUB, STEVEN J. BAUM, P.C. STEVEN J. BAUM, ELPINIKI M. BECHAKAS, JANE AND JOHN DOE 1-100, INDIVIDUALS NAMES TO BE DISCOVERED,**

**Defendants.**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 14, 2021, I caused the foregoing Affirmation in Support of Motion for a Protective Order, including all attachments, to be electronically filed

100400-14

with the Clerk of Court by using the CM/ECF system, and provided a true correct copy of said document including all attachments to a vendor for mailing by U.S. Postal Service First Class Main Postage Prepaid or FedEx to the following parties:

Michael Krichevsky
4221 Atlantic Ave
Brooklyn, NY 11224

Office of the United States Trustee
US Federal Office Building
201 Varick Street
Suite 1006
New York, NY 10014

Josh Russell
NYS Dept of Tax and Finance
250 Veterans Memorial Hwy
Hauppauge, NY 11788

Shari S Barak / Robert W Griswold
Shapiro, DiCaro & Barak
Attorneys for Select Portfolio Servicing, Inc.
One Huntington Quadrangle
Suite 3N05
Melville, NY 11747

Elizabeth L Doyaga
Frenkel Lambert Weiss Weisman & Gordon
Attorneys for Select Portfolio Servicing, Inc.
53 Gibson Street
Bay Shore, NY 11706

Michelle C Marans
Frenkel Lambert Weiss Weisman & Gordon
Attorneys for Select Portfolio Servicing, Inc.
20 Lawrence Bell Drive, Ste. 200
Williamsville, NY 14221

Alan Smikun
The Margolin and Weinreb Law Group
Attorneys for Select Portfolio Servicing, Inc.
165 Eileen Way
Suite 101
Syosset, NY 11791

Natsayi Mawere / James N Faller
Reed Smith LLP
Attorneys for Wells Fargo Bank, N.A.
599 Lexington Avenue
New York, NY 10022

Court
271 Cadman Plaza East
Brooklyn, NY 11201


    */s/ Kevin P. Hoenig*
Kevin P. Hoenig
Bankruptcy Clerk

100400-14