**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re:

**MICHAEL KRICHEVSKY**

**Debtor In Possession**

Case No. 1-19-43516-ess
Chapter 11

**AFFIRMATION IN OPPOSITION TO MOTION FOR SANCTIONS**

To: Honorable Elizabeth S. Stong
U.S. Bankruptcy Judge

Natalie A. Grigg, Esq., an attorney duly admitted to practice law in this Court, affirms the following to be true, under penalties of perjury:

1. I am a Partner of Woods Oviatt Gilman LLP, attorneys for Defendants Woods Oviatt Gilman, LLP, Donald W. O'Brien, Jr., Natalie A. Grigg, Aleksandra K. Fugate, Brittany Maxon, David Bruce Wildermuth, Brettanie L. Hart Saxton, Victoria E. Munian, Michael Thomas Jablonski, and Miranda L. Sharlette a/k/a Miranda Jakubec ( collectively "Defendants"). I am fully familiar with the facts of this case and submit this affirmation in Opposition to Debtor In Possession Michael Krichevsky's ("Debtor") Motion for Sanctions filed at Doc. No. 122 pursuant to Federal Rules of Bankruptcy Procedure 9011.

**PROCEDURAL AND FACTUAL BACKGROUND**

**A. Bankruptcy Case No. 19-43516**

2. On June 6, 2019, the Debtor filed a Petition under Chapter 13 of Title 11 U.S.C. §101 et seq. with this Court and an Order for Relief was duly entered. On October 4, 2019, the court converted this case to one under Chapter 11 of Title 11 U.S.C. §101 et seq.

3. On August 15, 2019, Wells Fargo Bank, N.A. ("Wells Fargo") as servicing agent for U.S. Bank National Association, as Trustee for Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-F, a secured creditor of the Plaintiff/Debtor In Possession, filed a Proof of Claim (Claim 3-1) for the Subject Property, for a secured amount of $1,098,754.69. On May 21, 2020, Wells Fargo filed an Amended Proof of Claim (Claim 3-2), in order to include a complete copy of the Limited Power of Attorney.

4. On March 17, 2020, Wells Fargo filed an Application (ECF 47) pursuant to 11 U.S.C §362(d)1, requesting relief from the automatic stay, as the Debtor failed to pay the last 117 contractual monthly mortgage payments as of March 2, 2020.

5. On May 19, 2020, the Debtor filed a Cross-Motion to Strike and Dismiss with Prejudice the Chapter 11 Proof of Claim filed by Wells Fargo and Opposition to the Motion for Relief from the Automatic Stay.

6. On June 5, 2020, Wells Fargo filed a Response to the Debtor's Cross-Motion.

7. On June 16, 2020, the Court entered an order granting Wells Fargo relief from the automatic stay.

8. On June 26, 2020, the Debtor filed a Notice of Appeal in the District Court under case number 1:20-cv-02343–AMD.

9. On July 15, 2020, the Debtor filed a Motion in the District Court to Set Aside Order per FRCP Rule 60 and Other Alternative Relief.

10. On July 22, 2020, Wells Fargo filed a Response in the District Court to the Debtor's Motion.

11. On October 16, 2020, the Debtor filed in the Bankruptcy Court an Amended

{8399743: }

Cross-Motion to Strike and Dismiss with Prejudice the Chapter 11 Proof of Claim filed by Secured Creditor.

12. On November 13, 2020, Secured Creditor filed in the Bankruptcy Court Opposition to Debtor's Amended Cross-Motion to Strike and Dismiss with Prejudice the Chapter 11 Proof of Claim filed by Secured Creditor.

13. On December 13, 2020, the Debtor filed in the District Court a Motion for Extension of Time to File Response/Reply. Said Motion was granted on December 16, 2020, and on January 8, 2021, the Debtor file an Amended Motion to Set Aside.

14. On January 25, 2021, the Debtor filed in the District Court an Emergency Motion to Clarify Correct Inadvertent Errors and Set the Record Straight. Said Motion was denied on January 27, 2020.

15. On January 29, 2021, Secured Creditor filed in the District Court a Sur Reply Brief.

16. On February 16, 2021, the Debtor filed in the District Court a Motion for Extension of Time to File "To Serve Process and Extend Time to File Memorandum of Law".

17. On March 22, 2021, Hon. Ann M. Donnelly issued a Memorandum Decision and Order, as part of the appeal submitted by Plaintiff Michael Krichevsky from the Order of Hon. Elizabeth Stong, that modified the automatic bankruptcy stay so that Wells Fargo, as servicer of U.S. Bank National Association, as Trustee for Bank of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-F could resume its foreclosure action. The Memorandum Decision and Order affirmed the decision of the Bankruptcy Court and dismissed the appeal.

18. On April 14, 2021, Debtor filed an Amended Objection to Claim and Amended

{8399743: }

Reply Affidavit in Opposition to Relief from the Automatic Stay at Doc. 107.

19. On May, 25, 2021, Wells Fargo Bank, N.A. as servicing agent for U.S. Bank National Association, as Trustee for Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-F filed its response to Debtor's Amended Objection to Claim and Amended Rely Affidavit in Opposition to Relief from the Automatic Stay.

20. On May, 25, 2021, Debtor filed an Emergency Presentment of Order Pursuant to F.R.B.P 2004 Directing Wells Fargo Bank, NA and US Bank, National Association, as trustee for Bank of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-F for Production of Documents at Doc. 121.

21. On May 27, 2021, Debtor filed a Motion to Sanction for Willful Violation of Bankruptcy Rules 2019 and 3001 at Doc 122.

22. On June 14, 2021, an Order denying the Debtor's Motion for a Rule 2004 Examination (Doc. 121) was entered at Doc 141.

23. On June 26, 2021, Debtor filed a Motion in Limine, for First Request to Take Judicial Notice, Make Adverse Inference Against Proof of Claim at Doc. 156.

24. On June 27, 2021, Debtor filed a Cross Motion for Sanctions against Defendants at Doc. 160.

25. On June 28, 2021, the Debtor filed his First Combined Discovery Requests issued solely to Natalie A. Grigg, Esq. within Bankruptcy Case 1-19-43516 at Doc. 161.

26. On June 28, 2021, Debtor filed Motion in Limine No. 2 for Request to Take Judicial Notice No. 2, Make Adverse Inference Against Proof of Claim at Doc. 167.

27. On June 29, 2021, Defendants filed their Affirmation in Opposition to Debtor's

Emergency Motion in Limine at Doc. 171, and Affirmation in Opposition to Debtor's Emergency Motion in Limine #2 at Doc. 172.

28.     On June 30, 2021, Debtor filed a Motion in Limine No. 3 for Request to Take Judicial Notice No. 3 and Make Adverse Inference Against Proof of Claim at Doc 177.

### B. Bankruptcy Adversary Proceeding 1-21-01013

29.     On February 11, 2021, the Debtor filed a Complaint in Adversary Proceeding case number 1-21-01013-ess.

30.     On February 12, 2021, the Clerk's Office issued a summons setting the date for the initial pre-trial conference for April 15, 2021.

31.     On March 15, 2021, Defendants Aleksandra K. Fugate, Esq., Brettanie L. Hart Saxton, Esq., Michael Thomas Jablonski, Esq., Brittany J. Maxon, Esq., Victoria E. Munian, Esq., Donald W. O'Brien, Jr., Esq., Miranda L. Sharlette a/k/a Miranda Jakubec, Esq., David Bruce Wildermuth, Esq., and Woods Oviatt Gilman, LLP filed a motion to dismiss this adversary proceeding and an adversary answer, which was noticed for an April 15, 2021 hearing.

32.     On March 15, 2021, Defendants Jennifer L. Achilles, Esq., Natsayi Mawere, Esq., Reed Smith LLP, and Wells Fargo Bank, N.A. filed a motion to dismiss this adversary proceeding, which was noticed for an April 15, 2021 hearing.

33.     On March 19, 2021, Defendants Steven J. Baum, P.C., Steven J. Baum, Esq., and Elpiniki M. Bechakas, Esq. filed a motion to dismiss this adversary proceeding, which was noticed for an April 15, 2021 hearing.

34.     On March 26, 2021, Defendants Steven J. Baum, P.C., Steven J. Baum, Esq.,

Elpiniki M. Bechakas, Esq. filed an amended motion to dismiss this adversary proceeding.

35. On April 8, 2021, the Debtor filed an amended complaint naming Jeremiah Herberg and Natalie A. Grigg, Esq. as additional defendants.

36. On April 8, 2021, the Clerk's office issued an additional summons setting the date for the initial pre-trial conference for May 27, 2021.

37. On April 30, 2021, Defendants Frenkel Lambert Weiss Weisman & Gordon, LLP and Barry M. Weiss, Esq. filed a motion to dismiss this adversary proceeding.

38. On May 4, 2021, Defendants Aleksandra K. Fugate, Esq., Natalie A. Grigg, Esq., Brettanie L. Hart Saxton, Esq., Michael Thomas Jablonski, Esq., Brittany J. Maxon, Esq., Victoria E. Munian, Esq., Donald W. O'Brien, Jr., Esq., Miranda L. Sharlette a/k/a Miranda Jakubec, Esq., David Bruce Wildermuth, Esq., and Woods Oviatt Gilman, LLP filed an amended motion to dismiss this adversary proceeding.

39. On May 10, 2021, Defendants Steven J. Baum, P.C., Steven J. Baum, Esq., and Elpiniki M. Bechakas, Esq. filed a second amended motion to dismiss this adversary proceeding.

40. On May 12, 2021, Defendants Aleksandra K. Fugate, Esq., Natalie A. Grigg, Esq., Brettanie L. Hart Saxton, Esq., Michael Thomas Jablonski, Esq., Brittany J. Maxon, Esq., Victoria E. Munian, Esq., Donald W. O'Brien, Jr., Esq., Miranda L. Sharlette a/k/a Miranda Jakubec, Esq., David Bruce Wildermuth, Esq., and Woods Oviatt Gilman, LLP filed a second amended motion to dismiss this adversary proceeding.

41. On May 12, 2021, Defendants Frenkel Lambert Weiss Weisman & Gordon, LLP and Barry M. Weiss, Esq. filed an amended motion to dismiss this adversary proceeding.

42. On May 14, 2021, Defendants Kelly Duncan, Stephanie Terese Tautge, Daniel V.

Edward, Charice Lenise Gladden, and Jeremiah Herberg filed a motion to dismiss this adversary proceeding and a memorandum of law in support of their motion to dismiss, which was noticed for a June 17, 2021 hearing.

43.     On June 2, 2021, the Court entered an order scheduling continued pre-trial conference and hearings on the Motion to Dismiss for July 16, 2021.

44.     On July 2, 2021, the Court entered an order scheduled a continued pre-trial conference and hearings on the motion to dismiss to July 28, 2021.

## ARGUMENT

## POINT I

### DEBTOR'S MOTION FOR SANCTIONS SHOULD BE DENIED IN ITS ENTIRETY.

45.     It is well established that "Rule 9011 '[s]anctions may be — but need not be — imposed when court filings are used for an 'improper purpose,' or when claims are not supported by existing law, lack evidentiary support, or are otherwise frivolous' — that is, when the bankruptcy court makes a finding of subjective bad faith."  *Glassman v. Feldman*, 2020 U.S. Dist. LEXIS 192308, *12-13, 2020 WL 6119270 (E.D.N.Y. 2020) quoting *Desiderio v. Parikh* (In re Parikh), 508 B.R. 572, 584-85 (Bankr. E.D.N.Y. 2014) (quoting Fed. R. Bankr. P. 9011(b)).

46.     "A party moving for Rule 9011 sanctions must comply with the "safe harbor" provision, Rule 9011(c)(1)(A), by serving the proposed motion for sanctions on the party to be sanctioned at least twenty-one days before filing with the court." *Feldman*, 2020 U.S. Dist. LEXIS at *13 quoting Fed. R. Bankr. P. 9011(c)(1)(A).

47.     The requirement set forth in the safe harbor provision is a strict procedural

requirement, and failure to adhere to the provision constitutes grounds for denial of the motion. *Id*.

48. The Debtor failed to adhere to this procedural requirement and therefore the Motion should be denied.

49. Further, despite the blatant procedural defect in making this motion, it is well established "[i]n the Second Circuit, the standard for imposing sanctions under Rule 9011(b) requires that a party 'has submitted a claim that has no chance of success under existing precedents and that fails to advance a reasonable argument to extend, modify or reverse the law as it stands.'" *In re Fierro*, 615 B.R. 403, 410, 2020 Bankr. LEXIS 847, *14, 2020 WL 1649618 (E.D.N.Y. 2020).

50. It must be "patently clear that a claim has absolutely no chance of success." *In Re Fierro* 615 B.R. 410 *quoting In re Spectee Group, Inc*., 185 B.R. 146, 159 (Bankr. S.D.N.Y. 1995) (internal quotations omitted). Moreover, "[e]ven if a claim is ultimately disproved, it cannot be the basis of Rule 9011 sanctions if there was some legal or factual basis to bring the claim*." Id. citing Hartleip v. McNeilab, Inc*., 83 F.3d 767, 778-79 (6th Cir. 1996) ("Although her legal theories must be rejected as thinly supported by the facts, we conclude that the denial of sanctions was not an abuse of discretion.").

51. Notably, "service of a Rule 9011 motion after the Court has ruled on the merits is too late." *Bagbag v. Summa Capital Corp. (In re Bagbag)*, 2020 Bankr. LEXIS 709, *11, 2020 WL 1304146 (Bankr. S.D.N.Y. 2020).

52. In the present case, it is evident from the multiple decisions already rendered by this Court and the District Court that the Motion and Claims have merit. Thus, the Debtor

cannot establish event the basic requirement that would support an award of sanctions. To date, the record is wholly devoid of any evidence that the papers submitted are frivolous or without merit. To the contrary, the exact opposite has been found on multiple occasions. As the Court has ruled on the merits, the Debtor's Motion for Sanctions has no substance.

53. Additionally, the Debtor's allegations that Defendants violated Federal Rule of Bankruptcy Procedures 2019 is without merit. Rule 2019 provides, in pertinent part, "[u]nless the court orders otherwise, an entity is not required to file the verified statement described in paragraph (1) of this subdivision solely because of its status as….**(B)** an agent for one or more other entities under an agreement for the extension of credit." Within the context of this Rule, it is also understood that "[r]epresentatives of single creditors need not file statements under the terms of Bankruptcy Rule 2019." *In re Mandalay Shores Cooperative Housing Asso.*, 63 B.R. 842, 853, 1986 U.S. Dist. LEXIS 22082, *35 (N.D. Ill. 1986). Here, Defendants have only represented one creditor related to the extension of credit/mortgage loan related to certain real property. Therefore, this Rule is inapplicable to the Defendants and Debtor's Motion for Sanctions must be denied.

## POINT II

### THE ROOKER-FELDMAN DOCTRINE BARS THIS COURT FROM REVIEWING THE STATE COURT DECISIONS AND ORDERS.

54. As set forth in Defendant's pending Motion to Dismiss, any issues that the Debtor has pertaining to the underlying foreclosure actions are not within this Court's authority to review.

55. It is well established that the Rooker-Feldman doctrine bars federal courts from

reviewing the decisions rendered by the state courts. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (U.S. 2005). This is to prevent state court litigants from bypassing the appeal process, and remains true even where a state court judgment was void or otherwise wrongly procured. *Id.*

56. Although the Debtor continues to raise issues pertaining to the underlying foreclosure action at every possible juncture, Defendants set forth ample evidence within the record to demonstrate that the state court held in favor of U.S. Bank, and granted its Motion for Order of Reference while denying Krichevsky's Cross Motion to Dismiss. As the lower court has already issued a decision, this Court is precluded from now deciding the issues that Krichevsky raises in the instant Adversary Proceeding. As such, the Debtor's allegations regarding the underlying foreclosure action offer no support to the instant motion.

## POINT III

### THE DEBTOR'S CLAIMS ARE BARRED BY THE DOCTRINE OF COLLATERAL ESTOPPEL.

57. Collateral Estoppel precludes the Court from reviewing an issue that has already been previously decided where such questions have already been raised and where the party raising the issues already had a full and fair opportunity to litigate the issues. See *Borrani v. Nationstar Mortg. LLC*, 2019 U.S. Dist. LEXIS 54479, *19, 2019 WL 1429982 (2d Cir. 2019).

58. Here, the record demonstrates the Debtor already raised issues in the underlying foreclosure action, and that the lower court issued a decision despite his opposition and papers. The Debtor cannot now use the guise of federal law violations to attempt to relitigate issues merely because he was unsuccessful the first time. Therefore, collateral estoppel applies to bar any relitigation of the issues.

## POINT IV

### THE DEBTOR'S CLAIMS ARE BARRED BY THE DOCTRINE OF RES JUDICATA.

59. The doctrine of Res Judicata has preclusive effect of litigating claims that arise out of the same transaction or series of transactions if there is a judgment issued by a court of competent jurisdiction and was a part to the previous action. See *Borrani*, 2019 U.S. Dist. LEXIS 54479, *26-27.

60. Here, the Debtor's claims all arise out of the circumstances surrounding the underlying foreclosure actions. Particularly as it pertains to the Defendants, the 2016 action and issues therein, are all matters before the lower court. There has already been a judgment awarded as part of the U.S. Bank's Motion for Order of Reference. Defendants, as attorneys for U.S. Bank, have actively engaged with the Debtor in the 2016 foreclosure action. As the issues were raised as part of the underlying case, the Debtor is precluded from litigating same in this court.

## POINT V

### THE ABSTENTION DOCTRINE PRECLUDES FEDERAL COURTS FROM ENJOINING ONGOING STATE COURT PROCEEDINGS.

61. The Abstention Doctrine is appropriate when a federal action may essentially enjoin an ongoing state proceeding. See *Abbatiello v. Wells Fargo Bank, N.A.*, 2015 WL 5884797 at *4 (E.D.N.Y Oct 8 2015).

62. Here, an order terminating the automatic stay has been issued that permits the state court foreclosure action to proceed forward. Any claims that the Debtor makes that otherwise pertain to that action are therefore for the state court to decide, and are outside of the purview of this Court.

**WHEREFORE**, Defendants respectfully requests that this Court enter an Order denying the Debtor's Motion for Sanctions, and ordering that the Debtor only be permitted to file further papers upon express permission of the Court, together with further relief as the Court deems just and proper.

DATED: *July 15, 2021*
Rochester, New York    */s/ Natalie A. Grigg, Esq.*
WOODS OVIATT GILMAN LLP
Natalie A. Grigg, Esq.
Attorneys for Defendants
500 Bausch & Lomb Place
Rochester, NY 14604
Telephone: 855-227-5072

{8399743: }

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re:

**MICHAEL KRICHEVSKY**

**CERTIFICATE OF SERVICE**
**Case No. 1-19-43516-ess**
**Chapter 11**

Debtor(s).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 16, 2021, I caused the foregoing Affirmation, including all attachments to be electronically filed with the Clerk of Court by using the CM/ECF system, and provided a true correct copy of said document including all attachments to a vendor for mailing by U.S. Postal Service First Class Main Postage Prepaid or FedEx to the following parties:

Michael Krichevsky
4221 Atlantic Ave
Brooklyn, NY 11224

Office of the United States Trustee
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014

*/s/ Kevin Hoenig*
Kevin Hoenig
Bankruptcy Clerk

100400-6