UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re                                                                    Case No. 19-43516-ess

MICHAEL KRICHEVSKY,                                Chapter 11

                                        Debtor.

--------------------------------------------------------x

## ORDER DENYING DEBTOR'S SECOND MOTION FOR A RULE 2004 EXAMINATION

WHEREAS, on June 6, 2019, Michael Krichevsky (the "Debtor") filed a petition for relief under Chapter 13 of the Bankruptcy Code; and

WHEREAS, on October 8, 2019, the Court entered an order converting the Debtor's case to one under Chapter 11 of the Bankruptcy Code; and

WHEREAS, on August 15, 2019, Wells Fargo, N.A. ("Wells Fargo"), as servicing agent for U.S. Bank National Association, as Trustee for Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-F ("U.S. Bank"), filed a proof of claim in the amount of $1,098,754.69 secured against real property located at 4221 Atlantic Avenue, Brooklyn, NY 11224 (the "Property") on behalf of U.S. Bank; and

WHEREAS, on May 25, 2021, the Debtor filed an emergency motion for an order pursuant to Bankruptcy Rule 2004, on presentment, directing U.S. Bank and Wells Fargo to produce documents, to be presented to the Court for signature on May 28, 2021 (the "First Rule 2004 Exam Request"); and

WHEREAS, on May 28, 2021, the Court held a hearing on the First Rule 2004 Exam Request, at which the United States Trustee, the Debtor, Wells Fargo, U.S. Bank, Wells Fargo Home Mortgage, Kelly Duncan, Stephanie Terese Tautge, Banc of America Funding Corporation, Charice Lenise Gladden, Woods Oviatt Gilman, LLP, Donald W. O'Brien, Jr., Esq., Aleksandra

1

Fugate, Brittany J. Maxon, Esq., David Bruce Wildermuth, Esq., Brettanie L. Hart Saxton, Esq., Victoria E. Munian, Esq., Michael Thomas Jablonski, Esq., Miranda L. Sharlette a/k/a Miranda Jakubec, Esq., Frenkel Lambert Weiss Weisman & Gordon, LLP, Barry M. Weiss, Provest LLC, Woody Dorsonne, Reed Smith LLP, Natsayi Mawere, Esq., Jennifer L. Achilles, Esq., Steven J. Baum, P.C., Elpiniki M. Bechakas, Esq., Jeremiah Herberg, and Natalie A. Grigg, Esq. appeared and were heard, and U.S. Bank and Wells Fargo opposed the First Rule 2004 Exam Request; and

WHEREAS, by Order entered June 14, 2021, (Doc. No. 141), the Court denied the First Rule 2004 Exam Request, finding that based on the entire record, inclusive of the May 28, 2021 hearing, the Debtor failed to show good cause for the production of documents described in his First Rule 2004 Exam Request and failed to otherwise establish a basis for the relief sought; and

WHEREAS, on May 28, 2021, the Debtor filed his second emergency motion for an order pursuant to Bankruptcy Rule 2004, (Doc. No. 123), on presentment, seeking, *inter alia*, broad powers of examination, supported with Debtor's memorandum of law, (Doc. No. 125) (collectively, the "Second Rule 2004 Exam Request"), thereby seeking broad examination of U.S. Bank and Wells Fargo concerning the validity of U.S. Bank's Proof of Claim (Claim 3-1 and 3-2) and U.S. Bank's standing to prosecute the foreclosure action pending in the Supreme Court of the State of New York, County of Kings under Index No. 506127/2016 ("Foreclosure Action"); and

WHEREAS, on June 28, 2021, U.S. Bank and Wells Fargo filed and served their Memorandum of Law in Opposition to Debtor's Second Rule 2004 Exam Request (Doc. No. 154); and

WHEREAS, on July 15, 2021, Debtor filed his Reply in further support of his Second Rule 2004 Exam Request, styled as an *ex parte* motion to strike U.S. Bank and Wells Fargo's Memorandum of Law in Opposition to Debtor's Second Rule 2004 Exam Request, (Doc. No. 187);

and

WHEREAS, on July 28, 2021, the Court held a hearing on the Second Rule 2004 Exam Request, at which the United States Trustee, the Debtor, Wells Fargo, U.S. Bank, Wells Fargo Home Mortgage, Kelly Duncan, Stephanie Terese Tautge, Banc of America Funding Corporation, Charice Lenise Gladden, Woods Oviatt Gilman, LLP, Donald W. O'Brien, Jr., Esq., Aleksandra Fugate, Brittany J. Maxon, Esq., David Bruce Wildermuth, Esq., Brettanie L. Hart Saxton, Esq., Victoria E. Munian, Esq., Michael Thomas Jablonski, Esq., Miranda L. Sharlette a/k/a Miranda Jakubec, Esq., Frenkel Lambert Weiss Weisman & Gordon, LLP, Barry M. Weiss, Provest LLC, Woody Dorsonne, Reed Smith LLP, Natsayi Mawere, Esq., Jennifer L. Achilles, Esq., Steven J. Baum, P.C., Elpiniki M. Bechakas, Esq., Jeremiah Herberg, and Natalie A. Grigg, Esq. appeared and were heard, and U.S. Bank and Wells Fargo opposed the Second Rule 2004 Exam Request; and

WHEREAS, following oral argument had during the July 28, 2021 hearing, and all parties having been heard and all submissions considered, the Court issued a decision on the record denying the Second Rule 2004 Exam Request, holding that Debtor is and shall be barred from seeking examination of U.S. Bank and Wells Fargo pursuant to Bankruptcy Rule 2004, but *without prejudice* to Debtor's right to seek Bankruptcy Rule 2004 examination of other individuals and entities for purposes other than objecting to U.S. Bank and Wells Fargo's Proof of Claim and standing to bring the state court Foreclosure Action; and

WHEREAS, in issuing its decision on the record denying the Second Rule 2004 Exam Request, the Court cited as grounds for its decision its previously issued Order Denying the Debtor's Second Amended Cross-Motion to Strike and Dismiss with Prejudice Chapter 11 Proof of Claim filed by U.S. Bank and Wells Fargo, (Doc. No. 149), wherein the Court cited the state

court's finding in the Foreclosure Action that U.S. Bank has standing to bring the Foreclosure Action, and the District Court's finding in the Memorandum and Order affirming this Court's Stay Relief Order in favor of U.S. Bank and Wells Fargo, (Doc. 102), that "the state court determined that U.S. Bank had standing to bring a foreclosure action . . . when its granted U.S. Bank's motion for default judgment," and that "U.S. Bank has established its standing because, as reflected on the record, it has produced copies of the note, the mortgage, and the mortgage assignments," and that "U.S. Bank has shown that the Debtor had not made payments on the note since July 1, 2010, and that the Debtor had 'provided no evidence that he actually paid the loan, or that he had otherwise satisfied the balance on the mortgage;'" and

WHEREAS, this Court ultimately held in its Order Denying the Debtor's Second Amended Cross-Motion to Strike and Dismiss with Prejudice Chapter 11 Proof of Claim filed by U.S. Bank and Wells Fargo, (Doc. No. 149), that "Debtor has not provided sufficient persuasive and credible evidence to refute at least one of the allegations necessary to the legal sufficiency of [U.S. Bank and Wells Fargo's] Amended Proof of Claim because, among other reasons, and as reflected in the record, both the state court and the District Court have determined that U.S. Bank has standing to assert its claim against the Property, and that the mortgage is in default;" and

WHEREAS, following its decision on the record denying Debtor's Second Rule 2004 Exam Request, this Court directed U.S. Bank and Wells Fargo to submit a proposed form of Order reflecting the Court's decision made on the record; and

WHEREAS, based on the entire record, the Debtor has not shown that there is good cause for the production of documents described in his Second Rule 2004 Exam Request; and

WHEREAS, based on the entire record, the Debtor has not otherwise established a basis for the relief that he seeks.

NOW THEREFORE, it is hereby

ORDERED, that, based on the entire record, including the record of the July 28, 2021 hearing, and for the reasons stated herein, the Debtor's Second Rule 2004 Exam Request is denied, *without prejudice* to Debtor's right to seek Bankruptcy Rule 2004 examination of individuals and entities other than U.S. Bank, Wells Fargo, and their employees and agents, and for purposes other than conducting discovery for the purpose of objecting to U.S. Bank and Wells Fargo's Proof of Claim and standing to bring the state court Foreclosure Action.