## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NEW YORK

In re:

MICHAEL KRICHEVSKY,

      Debtor

Case No. 1-19-43516-ESS

Chapter 11

---

## MEMORANDUM OF LAW IN SUPPORT OF SECURED CREDITOR'S AND BANK DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND FILING INJUNCTION ORDER AGAINST DEBTOR AND ADVERSARY PROCEEDING PLAINTIFF

---

### REED SMITH LLP
599 Lexington Ave.
New York, New York 10022
(212) 521-5400
(212) 521-5450
*Attorneys for*
*Secured Creditor and Adversary Proceeding defendant Wells Fargo Bank, N.A. ("Wells Fargo"), as Servicing Agent for U.S. Bank National Association, as Trustee for Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-F ("U.S. Bank" and, collectively with Wells Fargo, the "Bank"), incorrectly sued herein as "US Bank, NA," "Wells Fargo Bank, NA," "Wells Fargo Home Mortgage", and "Banc of America Funding Corporation,", and additionally named defendants Reed Smith LLP, Natsayi Mawere, and Jennifer L. Achilles and individually named defendants Kelly Duncan, Stephanie Terese Tautge, Daniel V. Edward, Charice Lenise Gladden, and Jeremiah Herberg (collectively, the "Bank Defendants")*

## PRELIMINARY STATEMENT

Secured Creditor and Adversary Proceeding defendant Wells Fargo Bank, N.A. ("Wells Fargo"), as Servicing Agent for U.S. Bank National Association, as Trustee for Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-F ("U.S. Bank" and, collectively with Wells Fargo, the "Bank"), incorrectly sued herein as "US Bank, NA," "Wells Fargo Bank, NA," "Wells Fargo Home Mortgage", and "Banc of America Funding Corporation,", and additionally named Adversary Proceeding defendants Reed Smith LLP, Natsayi Mawere, and Jennifer L. Achilles, and individually named defendants Kelly Duncan, Stephanie Terese Tautge, Daniel V. Edward, Charice Lenise Gladden, and Jeremiah Herberg (collectively, the "Bank Defendants"), by and through their undersigned attorneys, hereby submit this Memorandum of Law in support of their motion seeking the issuance of a Protective Order against debtor and Adversary Proceeding plaintiff Michael Krichevsky ("Debtor" or "Krichevsky") barring discovery in both the Bankruptcy Action and Adversary Proceeding, and additionally seeking the issuance of a Filing Injunction Order against Krichevsky barring him from filing any additional pleadings or motions without prior leave of this Court.

## FACTUAL AND PROCEDURAL BACKGROUND

**The Bankruptcy Action and Adversary Proceeding**

Krichevsky's bankruptcy action ("Bankruptcy Action") was filed as a Chapter 13[1] bankruptcy petition on June 6, 2019. (1-19-43516-ess at Doc. No. 1.)

Krichevsky filed his Complaint in the related adversary proceeding, *Michael Krichevsky v US Bank, NA, et al.*, Adversary Proceeding No. 1-21-01013-ess (the "Adversary Proceeding"), on

---

[1] The chapter 13 was later converted to a chapter 11 case by order dated October 4, 2019. (1-19-43516-ESS at Doc. No. 26.)

February 11, 2021. (1-21-01013-ess at Doc. No. 1.) Krichevsky then filed his untimely and procedurally improper Amended Complaint on April 7, 2021 (1-21-01013-ess at Doc. No. 14.).

In the Adversary Proceeding, Krichevsky named U.S. Bank, Wells Fargo, their attorneys and the other Bank Defendants, along with many other defendants, and purportedly asserts causes of action alleging, *inter alia*, violations of the FDCPA, willful violation of the automatic stay, violations of civil RICO provision, and willful violation of New York State Judiciary Law Section 487. Krichevsky also asserts multiple other vague, conclusory, unsubstantiated and bizarre allegations against seemingly every person and entity having anything to do with the foreclosure proceedings brought against Krichevsky in state court.

The Adversary Proceeding is currently subject to multiple pending motions to dismiss, including the motions to dismiss ("Motions to Dismiss") by the Bank Defendants. (1-21-01013-ess at Doc. Nos. 7, 42, 43, 44, 59, and 68.)

In opposing the Motions to Dismiss, Krichevsky expressed his intention to sue the undersigned counsel personally for alleged "Wrongful Foreclosure." (1-21-01013-ess at Doc. No. 62, ¶ 30.) The undersigned has not appeared in the pending state court Foreclosure Action and has done nothing more than successfully represent and advocate his clients' interests in the face of Krichevsky's repetitive arguments throughout the Bankruptcy Action and Adversary Proceeding objecting to the Bank's Amended Proof of Claim and its standing to bring the Foreclosure Action – arguments that have already been rejected by this Court, the District Court, and the state court.

**The Foreclosure Action**

Prior to Krichevsky's bankruptcy petition, he was already named as a defendant in a foreclosure action on U.S. Bank's mortgage loan, which is serviced by Wells Fargo. U.S. Bank filed its complaint in the Supreme Court of the State of New York, County of Kings on April 18, 2016 under Index No. 506127/2016 ("Foreclosure Action"), seeking to foreclose a mortgage

("Mortgage") given by Krichevsky against 4221 Atlantic Avenue, Brooklyn, NY 11224, which secured a note ("Note") signed by Krichevsky.

Krichevsky failed to serve a timely answer to the complaint in the Foreclosure Action, and U.S. Bank moved for and obtained entry of default against Krichevsky and an order of reference to compute the amount due under the subject Note and Mortgage. On October 12, 2018, the Supreme Court granted U.S. Bank's motion for default judgment and denied Krichevsky's cross-motion, finding that Krichevsky was in default and failed to demonstrate a reasonable excuse for his delay in answering, thereby waiving his defenses to foreclosure. (1-21-01013-ess at Doc. No. 7-3.) This order on the respective motions resolved any issues of U.S. Bank's standing to foreclose and Krichevsky's obligations under the Note and his default on the Mortgage at issue.

**The Bank's Proof of Claim and Relief from the Automatic Stay**

Following Krichevsky's filing of his bankruptcy petition, U.S. Bank filed its Proof of Claim on August 15, 2019 (1-19-43516-ess at Claim 3-1), which it later amended on May 21, 2020 to include a complete copy of the Limited Power of Attorney, which was initially missing from the Schedule A attachment (*see id.* at Claim 3-2).

On March 17, 2020, the Bank moved, pursuant to 11 U.S.C. § 362(d)(1), for relief from the automatic stay. (1-19-43516-ess at Doc No. 47). Krichevsky cross-moved to strike and dismiss the Bank's "Chapter 11 Proof of Claim" with prejudice. (*Id.* at Doc. No. 57.)

Following a hearing, the Court issued the Termination Order, which, in relevant part, modified the automatic stay to allow the Bank and Krichevsky "to pursue their rights under applicable law, including their claims and defenses, with respect to the property located at 4221 Atlantic Avenue, Brooklyn, NY 11224." (*Id.* at Doc. No. 70.)

The Termination Order was affirmed on appeal on March 22, 2021, when the Hon. Ann M. Donnelly, U.S.D.J issued a decision finding in relevant part that the Bank met its burden for

lifting the automatic stay by producing copies of the Note, the Mortgage, and the Mortgage assignments with its motion for relief from stay. The District Court also found that the state court had already determined that U.S. Bank had standing to bring the Foreclosure Action when it granted U.S. Bank's motion for default judgment. (*Id.* at Doc. No. 102.) Furthermore, the District Court found that U.S. Bank produced records showing that Krichevsky had not made payments due on the Note since July 1, 2010, and that Krichevsky had not provided any evidence to support his claim that he had paid the amount due on the Note or otherwise satisfied the Mortgage[2]. (*Id.*)

**Krichevsky's Motion to Strike and Second Amended Motion to Strike the Bank's Proof of Claim**

After Krichevsky appealed the Termination Order, on October 16, 2020, this Court permitted Krichevsky to file an amended motion in the Bankruptcy Action where he sought numerous forms of conclusory relief, including the vacating of the Court's order granting stay relief and the dismissal of the Bank's claim, (*id.* at Doc Nos. 57 and 87; *see also id.* at Doc. Nos. 88 and 89), which was opposed. (*Id.* at Doc. Nos. 90 and 92.)

On June 16, 2021, this Court entered the Order Denying the Debtor's Second Amended Cross-Motion to Strike and Dismiss, (*id.* at Doc. No. 149), citing to Justice Donnelly's decision in the District Court affirming the Termination Order. This Court found that the state court already determined that U.S. Bank has standing in the Foreclosure Action and that the record reflects that Krichevsky has not made payments on the Note since July 1, 2010 and has not produced evidence to support his claims that he paid off the Note and Mortgage. (*Id.*)

---

[2] Notably, the crux of Krichevsky's claims in the Adversary Proceeding and the Bankruptcy Action is that Krichevsky was foreclosed upon despite a purported lack of standing and that he allegedly paid off and satisfied the underlying indebtedness – claims that have been explicitly *rejected* by the state court, the District Court, and this Court.

**Krichevsky's First Motion for Rule 2004 Examination**

On May 25, 2021, Debtor filed an emergency motion ("First Emergency Rule 2004 Motion") for an order pursuant to Bankruptcy Rule 2004 directing Wells Fargo and U.S. Bank to produce documents. (*Id.* at Doc. No. 121.) Through the First Emergency Rule 2004 Motion, Debtor claimed that he was seeking "information and documents" relating to Wells Fargo and U.S. Bank's "existence, formation, finances, and insurance policies, including their income tax, assets and liabilities, as well as the transfers of any assets in relation to [Debtor's] Chapter 11 case." (*Id.* at Doc. No. 121, p. 3, ¶ 6.) The document and information demands sought by Debtor through the First Emergency Rule 2004 Motion were appended to Debtor's proposed order, and included broad and irrelevant inquiries into Wells Fargo's and U.S. Bank's tax returns, distributions, assets, and insurable interests. (*Id.* at Doc. No. 121., pp. 7-11.)

On June 14, 2021, the Court entered an Order Denying the Debtor's First Motion for a Rule 2004 Examination finding, in relevant part, that "based on the record, the Debtor has not shown that there is good cause for the production of documents described in his Rule 2004 Exam Request," and that "based on the record, the Debtor has not otherwise established a basis for the relief that he seeks." (*Id.* at Doc. No. 141.)

**Krichevsky's Supplemental Motion for Rule 2004 Examination and "*Ex Parte* Motion to Strike"**

On May 28, 2021, Debtor filed his Supplemental Rule 2004 Motion on an "emergency *ex parte*" basis. (*Id.* at Doc. 123.) Debtor claimed that he made his motion on an *ex parte* basis, because he was concerned that his application "would be met with objections, delays and/or claims of non-compliance." (*Id.* at Doc. 123, p. 3.)

Through his Supplemental Rule 2004 Motion, Krichevsky sought to issue subpoenas for the production of documents and for deposition testimony concerning "any asset, liability, duty,

obligation, contract, transaction, or other issue related in any way to the Debtor, whether or not such distributions were actually received, from entities that the Debtor had relationship, financial institutions used by the Debtor (or affiliated entities), or business partners of the Debtor[.]" (*Id.* at Doc. 123, pp. 6.) More specifically, Krichevsky sought expansive information concerning U.S. Bank and Wells Fargo, and to challenge, again, the validity of U.S. Bank's Proof of Claim and standing as Note holder with right to foreclose, challenges which have already been considered and *rejected* by this Court, the District Court, and the state court. (*Id.* at Doc. 125.)

The Bank filed and served opposition the Krichevsky's Supplemental Rule 2004 Motion on June 28, 2021. (*Id.* at Doc. No. 154.) On July 15, 2021, Krichevsky filed a reply declaration in further support of his Supplemental Rule 2004 Motion, which he deemed his "Ex-Parte Motion to Strike and Objection to Alleged Attorneys Reply to *Emergency Ex Parte* Application of Chapter 11 Trustee Pursuant to Bankruptcy Rule 2004 for an Order Authorizing the Issuance of Subpoenas for the Production of Documents and Deposition." (*Id.* at Doc. No. 187.) In his reply/"*Ex Parte* Motion to Strike," Krichevsky *again* challenged U.S. Bank's standing to foreclose and the validity of its Amended Proof of Claim, while *again* claiming, without legitimate basis, that the Bank's attorneys have made misstatements before the Court.

On July 23, 2021, despite Krichevsky's failure to provide notice or to conform to seemingly any procedural rules for motion practice, the Court deemed Krichevsky's reply a separate "*Ex Parte* Motion to Strike" and ordered that opposition could be stated at the hearing scheduled for July 28, 2021, with a schedule for filing of written opposition, if necessary. (*Id.* at Doc. No. 193.)

On July 28, 2021, the Court heard oral argument on Krichevsky's Supplemental Rule 2004 Motion, and thereafter issued an oral decision on the record denying Krichevsky's motion, and holding that Krichevsky may not seek examination of U.S. Bank and Wells Fargo pursuant to

Bankruptcy Rule 2004. The Order was issued without prejudice to Krichevsky's right to seek Bankruptcy Rule 2004 examination of other individuals and entities for purposes other than objecting to U.S. Bank and Wells Fargo's Proof of Claim and standing to bring the state court Foreclosure Action.

In issuing its decision on the record denying the Supplemental Rule 2004 Motion, the Court cited as grounds for its decision its previous Order Denying the Debtor's Second Amended Cross-Motion to Strike and Dismiss with Prejudice Chapter 11 Proof of Claim filed by U.S. Bank and Wells Fargo. (*Id.* at Doc. No. 149.). In that Order, the Court cited the state court's finding in the Foreclosure Action that U.S. Bank has standing to bring the Foreclosure Action, and the District Court's finding in the Memorandum and Order affirming this Court's Stay Relief Order in favor of U.S. Bank and Wells Fargo, (*id.* at Doc. 102). The Court stated that "the state court determined that U.S. Bank had standing to bring a foreclosure action . . . when its granted U.S. Bank's motion for default judgment," and that "U.S. Bank has established its standing because, as reflected on the record, it has produced copies of the note, the mortgage, and the mortgage assignments," and that "U.S. Bank has shown that the Debtor had not made payments on the note since July 1, 2010, and that the Debtor had 'provided no evidence that he actually paid the loan, or that he had otherwise satisfied the balance on the mortgage.'" (*Id.* at Doc No. 149.)

By issuing its decision denying Krichevsky's Supplemental Rule 2004 Motion and referencing its prior findings and orders upholding the Bank's Amended Proof of Claim and standing to foreclose the Mortgage, as well as referencing the decisions in the state court and District Court, the Court made it clear that these two issues have been considered and determined by three separate courts in the Bank's favor, and that Krichevsky is barred from any further inquiries or objections based on those two settled issues.

On August 9, 2021, the Court entered its Order denying Krichevsky's Supplemental Rule 2004 Motion, "because, among other reasons, the Emergency Rule 2004 Exam Request seeks information that concerns whether the Amended Proof of Claim is a valid proof of claim, and that question has been addressed and determined by this Court in the order denying the Second Amended Motion to Strike[.]" (*Id.* at 205.)

**Krichevsky's May and June Sanctions Motions**

On May 21, 2021, Krichevsky filed his "Cross-Motion to Sanction Attorney Natsayi Mawere from Reed Smith LLP for Violations of FRBP 9011 and FRCP 11" (the "First Sanction's Motion"), (*id.* at Doc. No. 114). Krichevsky's basis was that U.S. Banks' Amended Proof of Claim and motion for relief from the automatic stay contained false allegations. Krichevsky's First Sanction's Motion was denied by Order entered June 14, 2021, (*id.* at Doc. No. 144), with the Court finding that Krichevsky failed to describe or show specific conduct that U.S. Bank's Amended Proof of Claim or its motion for relief from the automatic stay were filed for "any improper purpose," were frivolous, or were unsupported by evidence.

On May 27, 2021, Krichevsky filed his "Notice and Motion to Sanction for Willful Violation of Bankruptcy Rules 2019 and 3001" (collectively, "Second Sanctions Motion"), seeking sanctions against U.S. Bank, Wells Fargo, and their attorneys for alleged violations of Bankruptcy Rules 2019, 3001 and 9011, and, again, to strike U.S. Bank's Proof of Claim. (*Id.* at Doc. No. 122.) Defendants opposed Krichevsky's Second Sanctions Motion, and the Court's decision is pending. (*Id.* at Doc. 192.)

On June 27, 2021, Krichevsky filed his "Notice of Amended Cross-Motion to Sanction Attorney Natsayi Mawere and Reed Smith LLP for Violations of FRBP 9011(b)" ("Third Sanctions Motion"), (*id.* at Doc. No. 157), and his "Notice of Cross-Motion and Cross-Motion" to sanction attorneys at Woods Oviatt Gilman LLP, U.S. Bank, and Wells Fargo for alleged violations

of Rule 9011 ("Fourth Sanctions Motion"). (*Id.* at Doc. No. 160.) As explained in the Bank's opposition, (*id.* at Doc. No. 182 and 183), Krichevsky's Third and Fourth Sanctions Motions concern Krichevsky's allegations that U.S. Bank and its attorneys have made false statements and cannot support U.S. Bank's Amended Proof of Claim, which this Court has *repeatedly* considered and rejected.

**Krichevsky's Three Additional Pending *Ex Parte* Motions**

Between June 26 and June 30, 2021, Krichevsky filed three so-called "emergency" *ex parte* motions in limine (the "*Ex Parte* Motions"), made returnable July 1, 2021, seeking judicial notice, adverse inferences, and prohibitions on creditors' attorneys. (*Id.* at Doc. No. 156, 167, and 177.) The Bank Defendants have opposed the three *Ex Parte* Motions, (*id.* at Doc. No. 171, 172, and 175), which are effectively three identical motions without any merit. Krichevsky, again, attempts to attack the validity of U.S. Bank's Amended Proof of Claim and the veracity of the Bank's attorneys' statements and submissions in the Bankruptcy Action, the District Court, and in the state court Foreclosure Action.

**Krichevsky's Improper Discovery Demands**

On June 27, 2021, Krichevsky filed a compilation of purported discovery demands, styled "Debtor in Possession's First Combined Discovery Requests Consisting of First Combined Request for Admission, the First Combined Request for Answers to Interrogatories, and the First Combined Request for Production of Documents to Debtor in Possession" ("Combined Discovery Demands #1"), in which Krichevsky addressed Reed Smith LLP attorney and Adversary Proceeding defendant Natsayi Mawere, Esq., personally and on behalf of U.S. Bank. (*Id.* at Doc. No. 158.)

Krichevsky's Combined Discovery Demands #1 included eighteen enumerated demands, which, with subparts, totaled *sixty-eight* demands, allegedly propounded as "combined" demands

pursuant to Bankruptcy Rule 7033 ("Interrogatories to Parties"), Bankruptcy Rule 7034 ("Production of Documents and Things and Entry upon Land for Inspection and Other Purposes"), and Bankruptcy Rule 7036 ("Requests for Admission"). All of the "combined" demands clearly concern Debtor's well-settled and baseless challenge to U.S. Bank's Proof of Claim and standing as Note holder to prosecute the Foreclosure Action in state court.

Krichevsky failed to file an affidavit of service swearing to service of his Combined Discovery Demands #1 upon the Defendants, and, indeed, has never served the demands upon Defendants' attorneys.

On June 28, 2021, Krichevsky filed a second compilation of purported discovery demands, also styled "Debtor in Possession's First Combined Discovery Requests Consisting of First Combined Request for Admission, the First Combined Request for Answers to Interrogatories, and the First Combined Request for Production of Documents to Debtor in Possession" ("Combined Discovery Demands #2"), in which Krichevsky, again, addressed Reed Smith LLP attorney and Adversary Proceeding defendant Natsayi Mawere, Esq., personally and on behalf of U.S. Bank. (*Id.* at Doc. No. 163.) Krichevsky's Combined Discovery Demands #2 also included eighteen enumerated demands, which with subparts totaled *sixty-seven* demands, allegedly propounded as "combined" demands for responses to interrogatories, document requests, and requests for admissions. Krichevsky's Combined Discovery Demands #1 and Combined Discovery Demand #2 are nearly identical, with only minor, immaterial differences.

Again, Krichevsky failed to file an affidavit of service swearing to service of his Combined Discovery Demands #2 upon the Defendants, but has never actually served the demands upon Defendants' attorneys.

However, Krichevsky filed a Certificate of Service stating that on June 2, 2021, he "caused mailing" of "Debtor's In Possession's First Combined Discovery Requests" via United States Postal Service on the firm of Woods Oviatt Gilman, LLP ("Woods Oviatt") and, individually, on Woods Oviatt attorneys Aleksandra Fugate, Esq. and David Wildermuth, Esq. (*Id.* at Doc. No. 164.) Krichevsky failed to specify whether the documents allegedly served were Combined Discovery Demands #1, Combined Discovery Demands #2, or his third set of so-called "Debtor in Possession's First Combined Discovery Requests Consisting of the First Combined Request for Admissions, the First Combined Request for Answers to Interrogatories, and the First Combined Request for Production of Documents to Debtor in Possession" ("Combined Discovery Demands #3), (*id.* at Doc. No. 161), in which Krichevsky personally addressed Natalie Grigg,, Esq., an attorney with Woods Oviatt and also a defendant in the Adversary Proceeding, with combined discovery demands.

Regardless, Reed Smith LLP – not Woods Oviatt – represents defendant U.S. Bank, and its servicer, Wells Fargo, in the Adversary Proceeding, so Woods Oviatt could not have accepted service of Combined Discovery Demands #1, #2, or #3 on behalf of the Bank.

In sum, the record demonstrates that Krichevsky never served *any* discovery demands on the Bank Defendants. Pursuant to the plain language of Federal Rules of Civil Procedure ("FRCP") 33, 34, and 36, as applicable under Bankruptcy Rules 7033, 7034, and 7036, a party must "serve" its demands for answers to interrogatories, requested documents, and requests for admissions on the party subject to the demands. Thus, the Bank Defendants are *not* subject to *any* outstanding discovery demands.

In fact, discovery in the Adversary Proceeding *has not commenced* and the Bank Defendants are not required to respond or object to *any* of Krichevsky's purported discovery

demands at this time. To date, the parties have not conferred to determine a written discovery plan, a scheduling conference has not been held, and no scheduling order has issued. Pursuant to FRCP 26(f), as applicable through Bankruptcy Rule 7026, all parties "must confer" prior to commencement of discovery, subject to certain exceptions not applicable here or a court order stating otherwise, and attempt in good faith to agree to a proposed written discovery plan for submission to court in anticipation of a scheduling conference. Under FRCP 26(d)(1), a party "may not seek discovery from any source before the parties have conferred as required'" by FRCP 26(f).

**Krichevsky's Motions for Discovery Sanctions**

On July 15, 2021, Krichevsky filed his "Motion for Discovery Sanctions" against attorneys and Adversary Proceeding defendants Natsayi Mawere, Esq., Natalie Grigg, Esq., Aleksandra Fugate, Esq., David Wildermuth, Esq., Reed Smith LLP, and Woods Oviatt Gilman LLP for alleged violations of Bankruptcy Rule 9011 ("Discovery Motion"). (*Id.* at Doc. No. 185.)

Krichevsky's Discovery Motion is meritless, because Krichevsky *never* served discovery demands on the Bank Defendants and, moreover, discovery has *never* commenced in the Adversary Proceeding because the parties have not conferred on a discovery scheduled pursuant to Bankruptcy Rules 7026(d)(1) and 7026(f). Regardless, Krichevsky's purported discovery demands focus on the same subject matter targeted by Krichevsky in his:

- two motions seeking to strike U.S. Bank's Amended Proof of Claim;

- two *denied* motions seeking Bankruptcy Rule 2004 examination of U.S. Bank and Wells Fargo;

- four motions seeking sanctions against U.S. Bank, Wells Fargo, and their agents; and

- three *Ex Parte* Motions seeking judicial notice and restraints on the ability of U.S. Bank and Wells Fargo's attorneys to represent their clients.

Specifically, Krichevsky's purported discovery demands seek information concerning the

well-settled issues of U.S. Bank's standing to foreclose the Note and Mortgage in the state court Foreclosure Action and the validity of U.S. Bank's Amended Proof of Claim in the Bankruptcy Action.

Defendants have opposed Krichevsky's Discovery Motion, (*id.* at Doc. No. 192), and the Court's decision is pending.

## **ARGUMENT**

### I.    **The Court should issue a Protective Order staying and barring discovery**

Krichevsky has repeatedly stated his desire to undertake discovery and examination of U.S. Bank, Wells Fargo, their employees, and attorneys, whether through discovery in the Adversary Proceeding pursuant to Bankruptcy Rules 7026 through 7037, or through examination pursuant to Bankruptcy Rule 2004.

Based upon the record stated above, this Court should enter a Protective Order barring Krichevsky from pursuing both methods of disclosure and investigation, because Krichevsky indisputably seeks to abuse discovery procedures as a means to harass and unduly burden his creditors and Adversary Proceeding Defendants. His demands *solely* concern the issues of U.S. Bank's Amended Proof of Claim and standing as holder of the Note with the right to foreclose on Krichevsky's Mortgage. *Those issues have already been litigated, considered, and repeatedly determined in U.S. Bank's favor by this Court, the District Court, and the state court.*

A review of Krichevsky's discovery demands reveals his unmistakable intent to try to re-litigate issues already decided against him, which are properly venued in the state court Foreclosure Action. For example, in Combined Discovery Demands #1, Krichevsky's demands cover:

- the ownership of the Note and Mortgage and standing to foreclose (Nos. 1a-3d, 6a-7c, 9a-10c, 12a-12c, 14a-15d, 17a-17d, 18a-18c);

- the Bank's loan servicing business records (Nos. 4a-4d, 8a-8d);

- Krichevsky's payment history on the Note and Mortgage (Nos. 5a-5d);

- the alleged market value of the Property subject of the Foreclosure Action (Nos. 11a-11d, 13a-13d);

- mortgage insurance on the Property (Nos. 16a-16d), and

- a single request seemingly covering all of the previously noted issues and more, including payroll information and personnel files for the Bank's employees (No. 18d).

Krichevsky's Combined Discovery Demands #2 are nearly identical to Combined Discovery Demands #1, so the same analysis of Krichevsky's demands applies to Set #2.

Further, this Court has now denied *two* Krichevsky motions seeking to compel Bankruptcy Rule 2004 examination of the Bank Defendants on the issues of the validity of the Amended Proof of Claim and U.S. Bank's standing to bring the Foreclosure Action. As noted, in denying Krichevsky's Supplemental Rule 2004 Motion, the Court cited the findings by the state court and the District Court that U.S. Bank has standing to bring the Foreclosure Action, and that Krichevsky has not made payments on the Note since July 1, 2010, nor provided evidence that he actually paid off the loan or otherwise satisfied the Mortgage. (Doc No. 149.)

As part of the Court's denial of Krichevsky's Supplemental Rule 2004 Motion, this Court expressly denied discovery through Bankruptcy Rule 2004 examination concerning Krichevsky's repeatedly denied challenges to the validity of the Bank's Amended Proof of Claim and standing to bring the Foreclosure Action. Of course, the scope of inquiry allowed through Bankruptcy Rule 2004 examination is typically much broader than the scope of traditional litigation discovery, so it follows that the Court's restrictions on Krichevsky's ability to employ Bankruptcy Rule 2004 should extend to traditional litigation discovery.

Thus, the discovery repeatedly sought by Krichevsky, whether through the Adversary Proceeding or through Bankruptcy Rule 2004 examination, would be wasteful, pointless, and unduly prejudicial to the Bank, which has been forced to litigate Krichevsky's repetitive, but baseless claims again and again, at great time and expense.

Pursuant to FRCP 26(c), as made applicable through Bankruptcy Rule 7026, a person or party from whom discovery is sought may move for a protective order and "the 'court may, for good cause, issue an order to protect a party or a person from annoyance, embarrassment, oppression or undue burden' in denying or modifying a request for discovery." *Martelloni v. Martelloni (In re Martelloni)*, Nos. 12-75072-ast, 12-8437-ast, 2013 Bankr. LEXIS 4554, at *23 (Bankr. E.D.N.Y. Oct. 31, 2013). FRCP 26(c) confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Id.* (citations and internal quotation marks omitted).

Where courts have already decided the claims upon which purported discovery demands are based, a protective order barring discovery is appropriate. *See Pergament v. Varela (In re Varela)*, 530 B.R. 573, 587-88 (Bankr. E.D.N.Y. 2015). Further, Bankruptcy Rule 1001 directs bankruptcy courts to construe the bankruptcy rules in a manner so as "to secure the just, speedy, and inexpensive determination of every case and proceeding." *Martelloni v. Martelloni (In re Martelloni)*, Bankr. LEXIS at *23-24.

Good cause exists for entry of a Protective Order barring Krichevsky from seeking discovery or Rule 2004 examination of the Bank, its attorneys, and employees. This Court has already denied Krichevsky's First Emergency Rule 2004 Motion and Supplemental Rule 2004 Motion, which is the law of the case, with unequivocal reference to this Court's, the District Court's, and the state court's prior decisions determining U.S. Bank's standing, as holder of the

Note and rightful mortgagee, to foreclose on Krichevsky's Mortgage. Although the Court denied Krichevsky's Supplemental Rule 2004 Motion without prejudice, the Court explicitly stated on the record that any future requests for Bankruptcy Rule 2004 examination by Krichevsky's shall not concern issues of the Bank's Amended Proof of Claim or the Bank's standing to foreclose the Mortgage. Krichevsky has not sought discovery as to any other issue and it is unclear what relevant discovery Krichevsky could ever seek herein, as his Bankruptcy amounts entirely to an attempt to re-litigate those very issues.

Regardless, given Krichevsky's well-documented habit of filing repetitive motions, detailed above, the Court should also issue a Protective Order barring Krichevsky from seeking Bankruptcy Rule 2004 examination of Wells Fargo and U.S. Bank.

To date, Krichevsky's attempts to commence discovery in the Adversary Proceeding have failed for several reasons. Krichevsky has blatantly disregarded the pre-discovery conference requirements stated in Rule 26(f) and Rule 26(d)(1), so discovery has not commenced as a matter of law. Additionally, Krichevsky has failed to serve his discovery demands in the Adversary Proceeding, and also failed to set forth his purported discovery demands in a format compliant with the applicable rules of procedure, because they are all-in-one, hybrid demands mixing interrogatories, document demands, and requests for admissions, and also exceed the maximum allowable number of interrogatories.

In practice, Krichevsky's purported discovery demands will only serve to harass, annoy, and oppress U.S. Bank and the other Bank Defendants, while also unnecessarily burdening the Court's resources. In fact, Krichevsky's alleged intentions for seeking discovery are so obviously hopeless, that it appears that harassment, annoyance, oppression and further delay are his true intentions.

As an additional consideration, a motion made pursuant to FRCP 26(c) "'must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.'" *Freydl v Meringolo*, 2011 US Dist LEXIS 2625, at *5 (S.D.N.Y. Jan. 7, 2011) (quoting FRCP 26[c]). However, it is within the motion court's discretion to "'waive strict compliance with the conference requirements' and consider the motion on the merits, where failure to do so 'may unduly prejudice the movant.'" *Id.* (quoting *Pulsecard, Inc. v. Discover Card Servs.*, 168 F.R.D. 295, 302 [D. Kan. 1996]); *accord Orillaneda v. French Culinary Inst.*, 2011 U.S. Dist. LEXIS 105793, at *13-14 (S.D.N.Y. Sep. 19, 2011); *Valvetech, Inc. v. Aerojet Rocketdyne, Inc.*, No. 17-CV-6788-FPG-MJP, 2020 U.S. Dist. LEXIS 191825, at *9 (W.D.N.Y. Oct. 16, 2020).

Under the circumstances, the Court should waive the "good faith" conference requirement and determine the instant motion on the merits, because Krichevsky has already established through his actions and statements that any attempt to confer in good faith will be futile, especially since discovery is *not* warranted in either the Bankruptcy Action or the Adversary Proceeding.

Krichevsky has already established that he is unwilling to engage in "good faith" with his creditors or Adversary Proceeding defendants by filing *six ex parte* motions, even admitting in his First Emergency Rule 2004 Motion and Supplemental Rule 2004 Motion that he brought the motions on an *ex parte* basis because he "believes that virtually every Bankruptcy Rule 2004 application" will be met with opposition by the Bank. (1-19-43516-ess at Doc. No. 123.) Further, through his three *Ex Parte* Motions, Krichevsky seeks, in part, extraordinary prohibitions on the Bank's attorneys, which, if granted, would practically leave the Bank without representation. (*Id.* at Doc. No. 156, 167, and 177.) Additionally, in his self-styled "*Ex Parte* Motion to Strike" (since rendered moot by this Court's denial of Krichevsky's Supplemental Rule 2004 Motion),

Krichevsky seeks to strike the Bank's opposition to his Supplemental Rule 2004 Motion, simply because Krichevsky believes that he is entitled to have the motion determined on an *ex parte* basis, without any opposition from the Bank or regard for the Bank's right to notice and an opportunity to be heard. (*Id.* at Doc. No. 187.)

Krichevsky has also filed five baseless sanctions motions against the Bank and its attorneys, four of which are still pending, through which Krichevsky claims that the Bank's attorneys have made false statements in support of the Bank's state court Foreclosure Action, its Amended Proof of Claim, and its request for relief from the automatic bankruptcy stay. (*Id.* at Doc. Nos. 122, 157, 160, and 185.) In one of his sanctions motions (the Discovery Motion), Krichevsky seeks sanctions against U.S. Bank and its attorneys for alleged discovery violations, where discovery *never even commenced* and Krichevsky's purported discovery demands were never served or propounded in a format conforming to the applicable rules. (*Id.* at Doc. No. 185.)

Thus, the record demonstrates, without question, that Krichevsky would never agree to forego discovery, and any attempt to engage in a "good faith" conference would likely result in one or more baseless motions by Krichevsky, before this Court could have an opportunity to enter a Protective Order. The "good faith" conference requirement should be waived, and the Court should issuing a Protective Order.

## II. The Court should issue a Filing Injunction Order enjoining Krichevsky from filing any further pleadings or motions against the Bank Defendants without explicit leave of Court

As explained at length above, Krichevsky has engaged in an onslaught of litigation meant to harass, annoy, and oppress the Bank, its attorneys, and employees, as well as to waste the Court's time and resources. Krichevsky's many repetitive filings have been made to attack U.S. Bank's Amended Proof of Claim and claims to standing as the Note holder with the right to foreclose on Krichevsky's Mortgage, as well as to attack, without any sound basis, the integrity and veracity of

the Bank's attorneys and employees. Just as the record supports the entry of a Protective Order barring discovery, it also supports the entry of a Filing Injunction Order barring further filings by Krichevsky objecting to the Bank's Amended Proof of Claim, asserting new claims or sanctions against the Bank Defendants, or seeking to compel disclosure from the Bank Defendants, without this Court's prior approval.

"Federal courts have the inherent authority to sanction improper litigation conduct, including issuing pre-filing restrictions — *i.e.*, enjoining future filings without leave of the court." *Moise v. Ocwen Loan Sevicing LLC (In re Moise)*, 575 B.R. 191, 206 (Bankr. E.D.N.Y. 2017) (citing *Deep v. Danaher*, 393 B.R. 51, 54-55 [N.D.N.Y. 2008] [affirming bankruptcy court's order enjoining a party from filing additional pleadings in a bankruptcy case without first obtaining leave of the court]).

Federal courts may "regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Moise v. Ocwen Loan Sevicing LLC (In re Moise)*, 575 B.R. at 206 (citations and internal quotation marks omitted). One such allowable regulation of an abusive litigant's activities is to enjoin the offending litigant from filing future pleadings without first obtaining leave of court. *Id.* (citations omitted) (citing 28 U.S.C. § 1651[a]). The issuance of a filing injunction is appropriate when a litigant abuses the process of the courts to harass and annoy others with meritless, frivolous, vexatious or repetitive proceedings. *Simon v. Bank of Am.*, N.A., No. 19-CV-3498 (JMA), 2021 U.S. Dist. LEXIS 8043, at *19 (E.D.N.Y. Jan. 15, 2021) (citations omitted) (quoting *Lau v. Meddaugh*, 229 F.3d 121, 123 [2d Cir. 2000]). It is "'in accordance with the Bankruptcy Code' to issue an injunction that enables the bankruptcy court's orders to be meaningful, rather than continually thwarted by frivolous filings aimed at

preventing the implementation of the bankruptcy court's orders and harassing litigants." *Deep v. Danaher*, 393 B.R. 51, 55 (N.D.N.Y. 2008) (quoting 11 U.S.C. § 105).

To determine whether to restrict a litigant's future access to courts, courts should consider five factors, as set forth in *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986):

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits;
>
> (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?;
>
> (3) whether the litigant is represented by counsel;
>
> (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and
>
> (5) whether other sanctions would be adequate to protect the courts and other parties.

No one factor is more important than the others, as the ultimate consideration is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties. *Simon v. Bank of Am., N.A.*, No. 19-CV-3498 (JMA), 2021 U.S. Dist. LEXIS 8043, at *20 (E.D.N.Y. Jan. 15, 2021) (quotation marks omitted) (quoting *Safir v. United States Lines, Inc.*, 792 F.2d at 24). There is no "numerosity requirement" before courts can exercise their discretion to enjoin a litigant from future filings, so long as the court considers the record as a whole and determines that a litigant is likely to continue abusing the judicial process. *Id.* (citations omitted).

The District Court's finding in *Simon v. Bank of Am.* is highly applicable to current circumstances. In *Simon v. Bank of Am.*, the New York Eastern District Court affirmed an injunction order issued by the Bankruptcy Court against the debtor, finding that the Bankruptcy Court providently exercised its discretion in granting the injunction order in light of the *Safir*

factors and a review of the record as a whole. *Id.* at *18-22. Specifically, the District Court found that the debtor "abused the judicial process by pursing multiple actions and filing numerous pleadings, discovery demands, notices, and motions in the Bankruptcy Court as well as in [the District Court]." *Id.* at *21. Further, as is the case here, the District Court found that "many" of the debtor's filings "involved repeated unsuccessful attempts to challenge" the creditor-mortgagee's standing with regard to the debtor's property subject to a state court foreclosure action, and that debtor made various "irrelevant and vexatious filings" accusing the creditor-mortgagee's attorneys of improprieties. *Id.* The District Court found that the injunction order was appropriate, even though the debtor was *pro se*, because the debtor's numerous filings "resulted in additional expense" to the creditor-mortgagee, which had to defend itself against the debtor's repetitious allegations and appear in court to file a variety of motions regarding the subject property. *Id.* at *22 (citations omitted).

This Court should issue a Filing Injunction Order similar to the one issued, and affirmed by the District Court, in *Simon v. Bank of Am.* Despite the deference due to *pro se* litigants, the remaining *Safir* factors weigh in favor of issuing a Filing Injunction Order against Krichevsky. As already detailed at length, Krichevsky's history of vexatious and harassing litigation, and his motives in pursuing such tactics, has caused his creditors and Adversary Proceeding defendants needless expense and imposed an unnecessary burden on this Court. Only a Filing Injunction Order will provide restraints sufficient to adequately protect the parties and the Court from further repetitive, vexatious, and frivolous filings by Krichevsky.

## **CONCLUSION**

For the reasons stated herein, the Bank Defendants respectfully request that this Court enter an Order granting its motion for entry of a Protective Order barring discovery and a Filing

Injunction Order barring further filings by Krichevsky objecting to the Bank's Amended Proof of Claim, asserting new claims or sanctions against the Bank Defendants, or seeking to compel disclosure from the Bank Defendants, without this Court's prior approval.

Dated:        New York, New York
              August 23, 2021

                                    **REED SMITH LLP**

                        By:    /s/ James Faller_____
                               James Faller
                               Andrew B. Messite
                               599 Lexington Avenue
                               New York, New York 10022
                               Telephone:  (212) 251-5400
                               Facsimile:  (212) 521-5450
                               Email: james.faller@reedsmith.com

                               *Attorneys for the Bank Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on August 23, 2021, I caused the annexed document to be electronically filed with the Clerk of Court by using the CM/ECF system, and provided a true correct copy of said document for mailing by U.S. Postal Service First Class Mail Postage Prepaid to the following party:

Michael Krichevsky
4221 Atlantic Ave
Brooklyn, NY 11224

Dated:      New York, New York
            August 23, 2021

**REED SMITH LLP**

By:    <u>/s/ James Faller</u>
       James Faller