Michael Krichevsky, DIP
4221 Atlantic Avenue
Brooklyn, NY  11224
Phone: 718-687-2300
Email: tokrichevsky1@yahoo.com

CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK

2022 MAR -7  A 9: 15

RECEIVED/MR

February 28, 2022

Certified Return Receipt Requested:        7011 1150 0000 1048 8177

Fridman Vartolo LLP
Attention: partners, Juliana Thibaut and Henry P. DeStefano
1325 Franklin Avenue, Suite 160
Garden City, NY 11530

Hon. Mark Portnow
360 Adams Street
Brooklyn, NY 11201

Jeffrey R Miller, Esq.
32 Broadway, 13th Floor
New York, NY 10004

Judge Elizabeth S. Stong
US BANKRUPTCY COURT
271 Cadman Plaza, Courtroom 3585
Brooklyn, NY 11201

Office of The United States Trustee
201 Varick St., Suite 1006
New York,NY 10014

Re: Kings County Index No: 23752/2008
    Michael Krichevsky, DIP, Chapter 11 Case Number: 1-19-43516-ess
    Adversary Proceeding Case Number: 1-21-01013-ess

Counselors:

I am John Doe on the foreclosure complaint and caption in Kings County foreclosure case that you handle and am the Debtor in Possession in this Chapter 11 case. The property that you are trying to sell is a part of my bankruptcy estate. As such, you are in violation of the bankruptcy stay law and in contempt of federal court.

When you took the case from  Gross Polowy, LLC, you should have wandered and asked them why they are dropping the case and giving it to you almost at the conclusion. You should have asked them, "How come this foreclosure continues for 14 years in violation of New York's 6 year statute of limitation law.

In case you might say that Gross Polowy, LLC lied to you, I am filling you in the crime that they have committed against my partner, Leon Mandel and I causing us damages.

Enclosed, please find five documents: 1) NOTICE TO US TRUSTEE, 2) affidavit of Leonid Mandell, 3) affirmation from Gross Polowy, LLC, 4) certified letter from Leonid Mandell dated February 10, 2020, 5) certified letter from Leonid Mandell and Michael Krichevsky dated March 2, 2020 filed in courts and correspondence with Gross Polowy, LLC with notices to Judge Portnow to bring you up to speed so to speak.

From these pleadings, you would learn that prior to your appearance in County court, we requested pay out quote from Gross Polowy, LLC and they refused to provide it to us. Thereafter, we contacted alleged Plaintiff directly and asked for pay out quote and alleged Plaintiff could not locate neither Leon Mandel as debtor, nor the land that alleged Plaintiff allegedly has a lien or claim against the land in its database.

Needless to say, that after reading these pleadings you should conclude that default judgment and order of reference were obtained by fraud upon the court by officers of the court.

Now that you are on notice and upon your own pleadings, you should conclude that even though Leon Mandel and I I notified the court and Gross Polowy, LLC about my Chapter 11 case and federal stay law, your firm a) never served me with any papers filed in county court, b) continued foreclosure of my bankruptcy estate in violation of the bankruptcy stay law, c) I was not aware of the trial scheduled or rescheduled due to court's been closed due to COVID 19.

I have reviewed every page of almost 3 inches stack of paperwork you mailed to unsuspecting Leon Mandel and I. Please, verify with your process servers that they did not provide you with false affidavit(s) of service

Upon review of these papers, I have concluded that you too did not have a client, Ohio Savings Bank.

At this point, you have 2 options. First, you have a duty to withdraw OCA AFFIRMATION based on newly discovered by you evidence, which will void default judgment, and drop this fraudulent foreclosure. Second option (if you need bulletproof evidence by discovery), you can file your proof of claim in bankruptcy court and litigate lawfully there.

In case you ignore this letter-notice and continue with the sale, I will infer that you all conspired against us and is a part of the problem rather than solution. At this point, we would all hold you liable for damages that caused us starting from 2008.

Please, notify me in writing within 7 days of what you are intending to do.

Sincerely,

Michael Krichevsky, DIP

United States District Court
Easter District of New York

| | |
|---|---|
| In Re: | Chapter 11 |
| Michael Krichevsky, | Case No. 1-19-43516-ess |
| Debtor-in-possession, | |

## NOTICE TO US TRUSTEE, THE COURT AND ALL INTERESTED PARTIES

Please, take notice about my impending amendment or supplement for all applicable Chapter 11 bankruptcy forms due to recent discovery of additional asset of my estate.

This recent discovery occurred after I filed my Chapter 11 bankruptcy petition in June 2019. From 2011, I had common-law partnership that I considered dormant, abandoned and without any assets due to foreclosure started in 2008. Therefore, I did not mention it as irrelevant fact to current Chapter 11 facts.

Attached and incorporated by reference herein is affidavit, which describes in detail status of asset, my actions (workload in operating a business) and circumstances of this discovery through recent foreclosure action in State court. As soon as I am able to do the amendment or supplement time wise, I will as I am working on Plan of Reorganozation.

Dated: Brooklyn, New York
December 19, 2019

_____
Michael Krichevsky

Supreme Court Of The State Of New York
County Of Kings

OHIO SAVINGS BANK

Plaintiff

Index No: 23752/2008

against

Yan Klig, Leonid Mandel, et al

Defendants

## Affidavit of Leonid Mandel and Michael Krichevsky

Leonid Mandel, being duly sworn to God, says:

1.    I am a live man, named Defendant in this action. I have first-hand knowledge to make this affidavit in opposition to the within motion for a default judgment and order of reference and if called as a witness I can competently testify as follows below.

2.    I am a general partner of common-law partnership L & M. My only partner is Michael Krichevsky who, according to partnership agreement, is spokesman for the partnership, and therefore he will speak for both of us.

3.    In 2011, I granted him 25% interest from my 50% interest in subject property named in this action as 1 East 72nd Street, Brooklyn, NY 11234; BL: 8369 - 362.

4.    Accordingly, Michael Krichevsky is John Doe – unknown to Plaintiff name claiming an interest in this property.

5.    Michael Krichevsky, sui juris, being duly sworn to God, says:

6.    I am a live man, unnamed Defendant in the within action with first-hand knowledge to make this affidavit in my effort to notify presiding judge, Hon. Mark Partnow, about possible, impending fraud upon the court by attorneys for the alleged Plaintiff. If I am called as a witness, I can competently testify as follows below.

7.    In August – September 2019, I learned from Leonid Mandel, my partner, that our

property is in foreclosure. During September, I made several calls to Plaintiff's attorney Audrey

Poulos and left a few voicemails. On September 30, 2019 at 4: 23 PM, I sent her email in which,

among other things, in good faith I wrote:

> "Your process server mailed S&C for Mr. Mandel at the wrong address. Compare
> it with the address on Quitclaim Deed. Yan Klig did not notify Mr. Mandel about
> latest foreclosure attempt and they did not communicate for years.
> Luckily, nothing has changed much in this situation. There are building plans that
> may need update and we could build a property in about a year – year and half
> from today and generate profit for all.
> This is why I requested that you adjourn October 2, 2019 hearing so we all could
> settle this matter on the win/win basis.
> Please talk to your client. If it waited all these years, another year wouldn't
> destroy the bank, but it would make a big difference for us."

8.     On October 1, 2019, attorney Poulos wrote back to me:

> "Good afternoon:
> I will pass the copy of the deed to the client.
> We will not consent to an adjournment and will be proceeding with the action.
> Thank you,
> Amber Poulos
> Associate Attorney"

9.     Leonid Mandel and I, Michael Krichevsky, been not satisfied with the answer, appeared

on October 2, 2019 in this court and asked for adjournment in order to investigate this matter and

defend our property. The hearing was adjourned until December 17, 2019.

10.     Between October 2, 2019 and December 2019, we were working on reply and cross-

motion in opposition to current motion of Plaintiff. Before serving and filing them, we decided to

contact Plaintiff with our offer directly because we realized from attorney Poulos' email reply to

me that she most likely did not contact Plaintiff with our offer due to the conflict of interest.

11.     I contacted Plaintiff's legal department in Cleveland, Ohio to obtain a payout quote and

spoke with an attorney and/or supervisor there Christy Miller. She could locate neither Yan Klig

or Leonid Mandel, nor subject matter property by the LOT information we provided in their

database. She suggested that we contact New York Community Bank – Ohio Bank's parent company.

12.    On December 2, 2019 Leonid Mandel and I arrived at 615 Merrick Ave., Westbury, New York – New York Community Bank (NYCB) headquarters. Thereafter, we traveled to 102 Duffy Avenue, Hicksville, New York – yet another headquarters of NYCB. We spent there about an hour waiting while courteous security guard was assisting us by calling and speaking with different departments of NYCB to locate the one, which could give us payout quote. To make a long story short, I finally spoke with Ellisa Severno from legal department there who told us that she conducted search using Leonid Mandel's Social Security number, but could not locate any record of the named Defendants and named property in their database.

13.    **We recalled October 1, 2019 attorney Poulos' reply to my email stating, "I will pass the copy of the deed to the client." Who is their unknown and undisclosed client?**

14.    Leonid Mandel and I became shocked and alarmed by this discovery because it suggested fraud upon the court by officers of the court from 2008, by falsely claiming representation of OHIO SAVINGS BANK without standing and without knowledge of the alleged Plaintiff's current foreclosure action. As such, this action could constitute unauthorized filings and unauthorized representation by alleged Plaintiff's attorneys from 2008.

15.    If that is the case, this court does not have subject matter jurisdiction and in personam jurisdiction and case must be, sua sponte, dismissed with prejudice.

16.    We decided to edit our opposition and started working on it. During this work, I realized that because on June 6, 2019 I filed for Chapter 11 bankruptcy (case # 1-19-43516-ess) not knowing about this action, I might be unwittingly waiving automatic stay imposed by federal bankruptcy law by participating in this litigation.

17.    Accordingly, I decided not to file any motions in this court. However, we could not be

silent and acquiesce to possible, impending fraud upon the court by alleged Plaintiff's attorneys.

### Dear Judge Mark Partnow

18.    We are aware that judges of the court have inherent authority and duty to supervise

actions of attorneys appearing before them.

19.    Please, investigate our averments in this affidavit or refer this matter to appropriate

authority for investigation. Otherwise, we will be forced to drag this matter into federal court and

waste even more of judicial resources.

Dated: Brooklyn, New York
         December 13, 2019

Leonid Mandel

Michael Krichevsky

Sworn to before me
on December 16, 2019

NOTARY PUBLIC

ARIE BOLSHEM
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01B06102789
Qualified in Kings County
Commission Expires DECEMBER 8, 2_923



1775 Wehrle Drive. Suite 100
Williamsville, New York 14221
Phone (716)204-1700
Fax (716)204-1702
http://www.GrossPolowy.com/

Formed In the State of Delaware

February 25, 2020

Leonid Mandel
260 65th Street, Apt 15A
Brooklyn, NY 11220

CC: Hon. Mark Portnow
360 Adams Street
Brooklyn, NY 11201

RE:          Yan Klig and Leonid Mandel
Index No.:   23752/2008

Dear Leonid Mandel:

In response to your letter dated February 10, 2019, enclosed please find a copy of the Reply Affirmation which was sent to the address we had on record for you. The mail was not returned to our office as **undelivered.**

You assert there is a Chapter 11 Bankruptcy stay in effect preventing the foreclosure action **from** proceeding. The Bankruptcy was filed by non-party Michael Krichevsky and therefore, does not impose a stay on the pending foreclosure action. A copy of the PACER report is enclosed.

Your allegations regarding personal jurisdiction are improperly raised in this letter.

Furthermore, enclosed is the Consent to Change Attorney demonstrating that Gross Polowy LLC was retained to act as attorneys for the Plaintiff.

Please be advised that Amber Poulos is no longer with this firm. Any correspondence regarding this file should be directed to myself. If you require any additional **information** or have any questions please contact me directly at 71**6-362-8028**. Thank you for your time and consideration in this matter.

Respectfully Yours,

Kathleen Puscheck
Gross Polowy, LLC

The law **firm** of Gross Polowy, LLC and the **attorneys whom it employs are debt collectors who** are attempting to collect a debt. Any information obtained by them will be used for that purpose.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF **KINGS**
--------------------------------------------------------------X

OHIO SAVMGS BANK                                    **REPLY**

                        Plaintiff,

**VS**                                                        **INDEX** #: 23752 **/2008**

YAN KLIG, **LEONID** MANDEL, **NEW** YORK        MORTGAGED PREMISES:
CITY ENVIRONMENTAL CONTROL                  1 EAST **72ND** STREET
BOARD, **NEW** YORK CITY **TRANSIT**              BROOKLYN, NY 11234
ADJUDICIATION BUREAU, PEOPLE OF
THE STATE OF **NEW** YORK                          BL #: 8369 - 362

**JOHN** DOE (being fictitious, the names
unknown to Plaintiff intended to be tenants,
occupants, persons or corporations having or
claiming an interest in or lien upon the property
described in the complaint or their heirs at **law,
distributes,** executors, administrators, trustees,
guardians, assignees, creditors or successors.)

                        **Defendant(s).**
--------------------------------------------------------------X

Kathleen Puscheck, Esq., pursuant to **CPLR** 2106, and under penalties of perjury affirms as follows:

1.       I am an attorney at law and an associate with the law firm of Gross Polowy, LLC, the attorneys of record for the Plaintiff in the **within** mortgage foreclosure action. As such, I am fully familiar with the facts and circumstances of this case and the proceedings heretofore.

2.       This Reply is submitted in regards to the Affirmation in Opposition brought by Defendant, Leonid Mandel, (hereinafter referred to as "Defendant"), Pro **Se,** and non-party Michael Krichevsky (hereinafter referred to as "Mr. Krichevsky") seeking for the court to investigate the averments within the affidavit.

3.       For the reasons set forth more fully below, Defendant and Mr. Krichevsky are not entitled to the relief requested and therefore **the** Plaintiff's motion for Order of Reference should be granted in its entirety.

4.       Mr. Krichevsky is not a party to this action and has failed to demonstrate his interest in the mortgaged premises. Furthermore, Mr. Krichevsky has **failed** to properly move to intervene in this action.

5.       In addition, Defendant is in default. Therefore, Defendant's opposition is procedurally improper because he has defaulted in Answering, appearing or otherwise moving in this action.

6.    **Nevertheless,** the defenses that are raised in the Affirmation in Opposition are waived.

## IT IC HAS BEEN WAIVED

7.    A Plaintiffs right to a judgment of foreclosure is established as a matter of law through the production of the mortgage, the unpaid note, along with evidence of **the** mortgagor's default (see Emigrant Mtge. Co., *Inc.* v *Beckerman,* 105 **AD3d** 895 [2d Dept **2013**]; Solomon v Burden, 104 AD3d 839 [2d Dept **2013**]; *U.S.* Bank *N.A.* v Denaro, 98 **AD3d** 964 [2d Dept **2012**]; Citibank, NA. v Van Brunt Props., *LLC,* 95 AD3d 1158 [2d Dept **2012**]; *HSBC* Bank USA, *NA* v *Schwartz,* 88 AD3d 961 [2d Dept **2011**]; US Bank Natl. **Assn.** v Eaddy, 79 **AD3d** 1022 [2d Dept 20101). This standard is only enlarged to include a demonstration that the foreclosing plaintiff possesses the requisite standing to pursue its claims *(U.S.* Bank, *N.A.* v *Collymore,* 68 AD3d 752 [2d Dept **2009**]), when, and only when, the defense of standing has been properly and timely asserted by Defendant (see Wells *Fargo* Bank, NA. v Erobobo, 127 **AD3d** 1176, 1177-1178 [2d Dept 2015]; *Deutsche* Bank Natl. Trust Co. v *Islar,* 122 **AD3d** 566,568 [2d Dept **2014**]; Capital One, *N.A.* v Knollwood Props. *II, LLC,* 98 **AD3d** 707 [2d Dept **2012**]; Eaddy, 79 **AD3d** 1022; (Wells *Fargo* Bank *Minn.* v Mastropaolo, 42 AD3d 239 [2d Dept 20071).

8.    Defendant and Mr. Krichevsky have failed to properly and timely assert the defense of standing.

## MR. **KRICHEVSKY** CANNOT RAISE THE DEFENSE OF PERSONAL JURISDICTION ON BEHALF OF DEFENDANT

9.    Mr. Krichevsky contends that Defendant was not properly served. Despite Plaintiff putting forth a valid affidavit of service evidencing as much, "the defendant has no standing to object to the service on the co-defendant" (Wells *Fargo* Bank NA. v Mullings, 2015 NY Slip Op 32511[U], *4 [Sup Ct, Suffolk County **2015**]).

WHEREFORE, it is respectfully requested that the relief requested by the Defendant be denied in its entirety, with prejudice, and that Plaintiffs motion for Order of Reference be granted in its entirety together with such other and further relief as to this **Court** may seem just, equitable, and proper.

Dated:   December 17, 2019
       Williamsville, NY

Kathleen Puscheck, Esq.

SUPREME COURT OF **THE** STATE OF NEW YORK
COUNTY OF KINGS

------------------------------------------------------------X

OHIO SAVMGS BANK

Plaintiff,

vs

YAN **KLIG**, ET AL

        **Defendant(s).**

**AFFIDAVIT OF SERVICE BY MAIL**

**INDEX #:** 23752 /2008

MORTGAGED PREMISES:
1 EAST 72ND **STREET**
BROOKLYN, NY 11234

**BL #:** 8369 - 362

------------------------------------------------------------X

Sarah A. Moore, being duly sworn, deposes and states as follows:

That deponent is an employee of Gross Polowy, LLC Attorney of record for the Plaintiff in the above captioned action. That deponent is not a party to this action. Deponent is over the age of 18 years.

That on December 17, 2019, Deponent served a true copy of the Note of Issue on the **Defendant(s)** or the attorneys for the Defendants, whose names, representation, **designated** addresses and mode of service appear below and if by regular mail, by depository at 1775 **Wehrle** Drive, Suite 100, **Williamsville** NY under the care and custody of the United States Postal Service within the State of New York.

| Name and Address of Party Served | Mode of Service |
|---|---|
| Leonid **Mandel** & Michael **Krichevsky** 2475 W. 16th St., Apt. 10H Brooklyn, NY 11214 | ☑ Regular mail via USPS<br>☐ Certified **mail/RR**<br>☐ E-mail<br>☐ Notice of Electronic Filing **(NYSCEF)**<br>☐ United Parcel Service<br>☐ FedEX |

The foregoing statements are true, **under penalty of perjury.**

Sarah A. Moore
Legal Assistant

Sworn to before me this 17th day of December, 2019.

Alyssa Genevieve Ortiz
Notary Public

ALYSSA GENEVIEVE ORTIZ
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01OR6361037
Qualified in Erie County
Commission Expires July 3, 2021

2/19/2020

**CounDue**, CONVERTED, **DsclsDue**, **PlnDue**

# U.S. Bankruptcy Court
## Eastern District of New York (Brooklyn)
### Bankruptcy Petition #: 1-19-43516-ess

| | |
|---|---|
| | **Datefiled:** 06/06/2019 |
| | **Date converted:** 10/04/2019 |
| | **341 meeting:** 01/27/2020 |
| | **Deadline for filing claims:** 08/15/2019 |
| | **Deadline for filing claims (govt.):** 04/01/2020 |

**Assigned to:** Elizabeth S. Stong
Chapter 11
Previous chapter 13
Original chapter 13
Voluntary
Asset

**Debtor**
Michael Krichevsky
4221 Atlantic Ave
Brooklyn, NY 11224
**KINGS-NY**
SSN / ITIN: xxx-xx-7181

represented by Michael Krichevsky
PRO SE

**Trustee**
Marianne DeRosa
Office of the Chapter 13 Trustee
100 Jericho Quadrangle
Ste 127
Jericho, NY 11753
(516) 622-1340
**TERMINATED: 10/04/2019**
**Email:** Derosa@ch13mdr.com

represented by Marianne DeRosa
Office of the Chapter 13 Trustee
**100** Jericho Quadrangle
Ste 127
Jericho, NY 11753
(516) 622-1340
Fax : (516) 622-1347
**Email:** Derosa@ch13mdr.com

**U.S. Trustee**
**Office** of the United States Trustee
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 **Varick** Street, Suite 1006
New York, NY 10014
(212) 510-0500

**Clerk of**
Court
271 **Cadman** Plaza East
Brooklyn, NY 11201

| Filing Date | # | Docket Text |
|---|---|---|
| 06/06/2019 | ⊥ (14 pgs) | Chapter 13 Voluntary Petition for Individuals. Fee Amount $5.00 Filed by Michael **Krichevsky** Government Proof of Claim due by **12/3/2019**. (smott) (Entered: 06/06/2019) |

*Live* Database: nyeb_live

| 06/06/2019 | | Related Case: 12-01229-ess Dismissed: 12107116; 13-01475-ess Closed: **10/08/2014** (smott) (Entered: 06/06/2019) |
|---|---|---|
| 06/06/2019 | | Judge Assigned Due to Related Case, Judge Reassigned. (smott) (Entered: 06/06/2019) |
| 06/06/2019 | | 341(a) meeting to be held on 0710312019 at **10:30** AM at Room 2579,271-C **Cadman** Plaza East, Brooklyn, NY. Proofs of Claims due by **8/15**12019. (smott) (Entered: 0610612019) |
| 06/06/2019 | 2 (2 pgs; 2 docs) | Notice of Deficiency Concerning Requirement of Photo Identification for the Debtor. **Debtor(s)** Acceptable Photo Identification due by 612012019. (smott) (Entered: 0610612019) |
| 06/06/2019 | 3 | Copy of Required Photo Identification pursuant to AdministrativeOrder No. 653 for Filer **Straker,** Kenneth S (smott) (Entered: 06/06/2019) |
| 06/06/2019 | 4 (1 pg) | Application to Pay Filing Fee in Installments . Filed by Michael **Krichevsky.** (smott) (Entered: 06/06/2019) |
| 06/06/2019 | | Receipt of Chapter 13 Installment Filing Fee - $5.00. Receipt **Number** 260431. (MO) (admin) (Entered: 06/06/2019) |
| 06/06/2019 | 4 (3 pgs; 2 docs) | Deficient Filing Chapter 13: Certificate of Credit Counseling due by 61612019. Last day to file Section 521**(i)(1)** documents is 712212019. Summary of Your Assets and Liabilities and Certain Statistical Information Official Form **106Sum** due by 612012019. Schedule A/B due 612012019. Schedule C due 612012019. Schedule D due 612012019. Schedule E/F due 612012019. Schedule G due 612012019. Schedule H due 612012019. Schedule I due 612012019. Schedule J due **6/20/2019.** Declaration About Ind Deb Schs Form **106Dec** due 612012019. Statement of Financial Affairs for Individuals Filing for **Bankruptcy** Form 107 due 612012019. Chapter 13 Plan due by 612012019. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period Form **122C-1** Due 612012019. Copies of pay statements received **from** any employer due by 612012019. Incomplete Filings due by 612012019. (smott) (Entered: 06/07/2019) |
| 06/07/2019 | 5 (2 pgs; 2 docs) | Order Granting Application To Pay Filing Fees In Installments. Balance Due: $305.00 (Related Doc # 4). Signed on 6/7/2019. (smott) (Entered: 06/07/2019) |
| 06/07/2019 | 7 (6 pgs; 4 docs) | Request for Notice - Chapter 13 Meeting of Creditors and Hearing on Confirmation. Confirmation hearing to be held on **8/5/2019 at 09:00** AM at **Courtroom** 3585 ( Judge Stong), Brooklyn, NY. Last day to Object to Confirmation **8/5/2019.Objections** to 523 due by **9/3/20**19. (smott) (Entered: 06/07/2019) |

| | | |
|---|---|---|
| 06/08/2019 | **8**<br>(2 pgs) | BNC Certificate of Mailing with Notice of Deficient Filing Notice Date 06/08/2019. (**Admin.**) (Entered: 06/09/2019) |
| 06/09/2019 | **9**<br>(3 pgs) | BNC Certificate of Mailing with Notice of Electronic Filing Notice Date 06/09/2019. (**Admin.**) (Entered: **06/10/20**19) |
| 06/09/2019 | **10**<br>(3 pgs) | BNC Certificate of Mailing · Meeting of Creditors Notice Date 06/09/2019. (**Admin.**) (Entered: **06/10/20**19) |
| 06/09/2019 | **11**<br>(3 pgs) | BNC Certificate of Mailing with Notice of Deficient Filing Notice Date 06/09/2019. (**Admin.**) (Entered. **06/10/2019**) |
| 06/09/2019 | **12**<br>(2 pgs) | BNC Certificate of Mailing with Copy of Order Notice Date 06/09/2019. (Admin.) (Entered: **06/10/20**19) |
| **06/10/2019** | **13**<br>(1 pg) | Notice of Appearance and Request for Notice Filed by Alan **Smikun** on behalf of Select Portfolio Servicing, **Inc.,** as **Servicer** Agent for U.S. Bank NA, successor trustee to Bank of America, NA, successor in interest to **LaSalle** Bank NA, on behalf of the holders of the **WaMu** Mortgage (Smikun, Alan) (Entered: **06/10/2019**) |
| **06/19/2019** | **14**<br>(11 pgs) | Motion to Extend Deadline to File Schedules or Provide Required Information, Motion to Convert Case From Chapter 13 to 11 and Motion To Pay Court Fee's in installments. Fee Amount $932. Filed by Michael **Krichevsky.** Hearing scheduled for 7/23/2019 at 09:30 AM at Courtroom 3585 ( Judge Stong), Brooklyn, NY. (**tmg**) (Entered: **06/19/2019**) |
| 07/09/2019 | | Statement Adjourning 341(**a**) Meeting of Creditors to **9/4/2019** at 01:00 PM at Room 2579,271-**C** Cadman Plaza **East,** Brooklyn, NY. (**DeRosa,** Marianne) (Entered: 07/09/2019) |
| 07/23/2019 | **15**<br>(2 pgs) | **Affidavit/Certificate** of Service Filed by Michael Krichevsky (RE: related **document(s)14** Motion to Extend Deadline to File Schedules filed by Debtor Michael Krichevsky, Motion to Convert Case From Chapter 13 to 11) (tmg) (Entered: 07/23/2019) |
| 07/23/2019 | | Hearing Held and Adjourned; (related **document(s): 14** Motion to Extend Deadline to File Schedules filed by Michael Krichevsky) · Appearance by Debtor · Serve UST and Chapter 13 Trustee by 7/27 – Debtor directed to file all **couments** by 8/29/2019 · Court to issue scheduling order · Hearing scheduled for **09/10/2019** at 09:30 AM at Courtroom 3585 ( Judge Stong), Brooklyn, NY. (sjackson) (Entered: 07/23/2019) |
| 08/05/2019 | | Adjourned Without Hearing (related **document(s): 7** Request for Notice - Meeting of Creditors and Hearing on Confirmation Chapter 13) Confirmation hearing to be held on **10/21**/2019 at **09:00** AM at Courtroom 3585 ( Judge Stong), Brooklyn, NY. (**sjackson**) (Entered: 08/06/2019) |

| | | |
|---|---|---|
| 08/09/2019 | **16**<br>(2 pgs; 2 docs) | Notice of Proposed Dismissal for debtors failure to pay the balance due on filing fees in the Amount of: $305.00. **(mnc)** (Entered: 08/09/2019) |
| 08/11/2019 | **17**<br>(2 pgs) | BNC Certificate of Mailing with **Notice/Order** Notice Date **08/11/201**9. (Admin.) (Entered: 08/12/2019) |
| 08/15/2019 | **18**<br>(2 pgs; 2 docs) | Notice of Appearance and Request for Notice Filed by Aleksandra **Krasimirova** Fugate on behalf of Wells **Fargo** Bank, N.A. as servicing agent for U.S. Bank National Association, as Trustee for **Banc** of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-F (Attachments: # **1** Certificate of Service) (Fugate, **Aleksandra**) (Entered: **08/15/2019)** |
| 08/16/2019 | **19**<br>(5 pgs; 2 docs) | Order scheduling continued hearing on Motion to Extend deadline to file schedules and statements. It is hereby ORDERED, that the Debtor is directed to serve the Motion to Extend Deadline on the following parties: Marianne **DeRosa,** Chapter 13 Trustee, Office of the United States Trustee and Alan **Smikun,** Esq. and file proof of service by August 22,2019. The Debtor is directed to file the Schedules and Statements by August 29,2019. ORDERED, that the Court will hold a continued hearing on the Motion to Extend Deadline on September **10, 20**19, at **9:30** a.m., (RE: related **document(s)14** Motion to Extend Deadline to File Schedules filed by Debtor Michael Krichevsky, Motion to Convert Case From Chapter 13 to **11).** Signed on 8/16/2019 **(rjl).** (Entered: 08/19/2019) |
| 08/21/2019 | **20**<br>(5 pgs) | BNC Certificate of Mailing with **Application/Notice/Order** Notice Date **08/21/20**19. (Admin.) (Entered: 08/22/2019) |
| 08/22/2019 | **21**<br>(1 pg) | Certificate of Service Filed by Michael Krichevsky (related **document(s)14** Motion to Extend Deadline to File Schedules filed by Debtor Michael **Krichevsky,** Motion to Convert Case From Chapter 13 to **11)** (vab) (Entered: 08/22/2019) |
| 08/22/2019 | | Receipt of Chapter 13 Installment Filing Fee - $250.00. Receipt Number 325868. (VB) **(admin)** (Entered: 08/22/2019) |
| 09/05/2019 | | Statement Adjourning 341(a) Meeting of Creditors to 12/4/2019 at **01:00** PM at Room 2579,271-C **Cadman** Plaza East, Brooklyn, NY. **(DeRosa,** Marianne) (Entered: 09/05/2019) |
| 09/10/2019 | **23**<br>(2 pgs) | Motion for Waiver from Credit Counseling Due to Disability Filed by Michael Krichevsky. **(gaa)** (Entered: **09/10/2019)** |
| 09/10/2019 | **24**<br>(51 pgs) | **Schedule(s)** - Schedule **A/B,** Schedule C, Schedule D, Schedule **E/F,** Schedule G, Schedule H, Schedule I, Schedule J, : Declaration of Schedules and Statement of Financial Affairs Filed by Michael Krichevsky **(Statement(s)** and Affidavit |

Live Database: nyeb_live

| | | |
|---|---|---|
| | | Pursuant to **E.D.N.Y. LBR** 1007-1(b) not filed) **(gaa)** (Entered: 0911012019) |
| 09/10/2019 | <u>25</u><br>**(1 pg)** | Employee Income Records / Copies of Pay Statements Filed by Michael Krichevsky (RE: related **document(s)<u>6</u>** Deficient Filing Chapter 13) **(gaa)** (Entered: 0911012019) |
| 09/10/2019 | | Hearing Held; (related **document(s):** <u>14</u> Motion to Extend Deadline to File Schedules, Motion to Convert Case From Chapter 13 to 11 and Motion To Pay Court Fee's in installments filed by Michael Krichevsky) - Appearance by Debtor - No opposition - Granted - Debtor's filings deemed timely - Debtor's motion to convert to Chapter 11 granted - Court to issue order **(sjackson)** (Entered: 0911112019) |
| 10/04/2019 | <u>26</u><br>**(3 pgs)** | Order Converting Case to Chapter 11 and Order deeming Schedules and Statements timely . Trustee Marianne **DeRosa** removed from the case. . Signed on 101412019. Government Proof of Claim due by 4/1/2020 [related doc. <u>14</u>. **(rjl)** (Entered: 1010812019) |
| 10/04/2019 | | Plan or Disclosure Statement Deadline Updated Chapter 11 Plan due by 2/3/2020. Disclosure Statement due by 21312020 <u>26</u>. **(rjl)** (Entered: 1010812019) |
| 10/08/2019 | <u>27</u><br>**(3 pgs; 2 docs)** | Meeting of Creditors **341(a)** meeting to be held on 11/15/2019 at **02:00 PM** at Room **2579, 271-C Cadman** Plaza East, Brooklyn, NY. Last day to determine dischargeability of a debt under Section 523 is 1/14/2020. Deadline to object to discharge is the first date set for hearing on confirmation of plan. (ql) (Entered: 1010812019) |
| 1010912019 | <u>28</u><br>**(4 pgs; 2 docs)** | Court's Service List (RE: related **document(s)<u>26</u>** Order Converting Case to 11/12113) **(rjl)** (Entered: 1010912019) |
| 10/10/2019 | <u>29</u><br>**(3 pgs)** | Notice of Appearance and Request for Notice Filed by Josh Russell on behalf of New York State Department of Taxation and Finance (Russell, Josh) (Entered: 1011012019) |
| 1011012019 | <u>30</u><br>**(3 pgs)** | BNC Certificate of Mailing - Meeting of Creditors Notice Date 1011012019. **(Admin.)** (Entered: 1011112019) |
| 1011112019 | <u>31</u><br>**(4 pgs)** | BNC Certificate of Mailing with **Application/Notice/Order** Notice Date **10/11/2019. (Admin.)** (Entered: 10112/2019) |
| 10/21/2019 | | Marked **Off** without hearing (related **document(s):** <u>7</u> Request for Notice - Meeting of Creditors and Hearing on Confirmation Chapter **13,** <u>26</u> Order Converting Case to 11112113) (sjackson) (Entered: **10/28/2019)** |
| 10/22/2019 | <u>32</u><br>**(2 pgs)** | Notice of Appearance and Request for Notice Filed by Michelle C **Marans** on behalf of Select Portfolio Servicing, Inc. as |

| | | |
|---|---|---|
| | | servicer for U.S. Bank NA, successor trustee to Bank of America, NA, successor in interest to **LaSalle** Bank NA, on behalf of the holders of the **WaMu** Mortgage Pass-T (**Marans,** Michelle) (Entered: 10/22/2019) |
| 11/04/2019 | **33** **(2 pgs)** | (Debtor's last name incorrect) Chapter 13 Trustee's Final Report and Account for a Converted Case to Chapter *11* Filed by Marianne DeRosa. (**DeRosa,** Marianne) Modified on **11/6/2019** **(rjl).** (Entered: 11/**04/2019**) |
| 11/08/2019 | **34** **(2 pgs)** | Amended Chapter 13 Trustee's Final Report and Account for a Converted Case Filed by Marianne DeRosa. (**DeRosa, Marianne)** (Entered: 11/08/2019) |
| 11/13/2019 | | Statement Adjourning **341**(a) Meeting of Creditors Filed by Office of the United States Trustee. **341(a)** Meeting Adjourned to 11/22/2019 at **10:00** AM at Room **2579, 271-C Cadman** Plaza **East,** Brooklyn, NY, (Khodorovsky, **Nazar)** (Entered: 11/13/2019) |
| 11/15/2019 | **35** **(3 pgs; 2 docs)** | Order Scheduling Initial Case Management Conference. Signed on **11/15/2019** Status hearing to be held on **12/20/2019** at 09:30 AM at Courtroom 3585 ( Judge Stong), Brooklyn, NY, (sem) (Entered: 11/18/2019) |
| 11/19/2019 | | Statement Adjourning 341(a) Meeting of Creditors Filed by Office of the United States Trustee. **341(a)** Meeting Adjourned to 12/27/2019 at **10:00** AM at Room 2579, 271-C **Cadman** Plaza East, Brooklyn, NY. (Khodorovsky, **Nazar)** (Entered: 11/19/2019) |
| 11/20/2019 | **36** **(2 pgs; 2 docs)** | Motion to Dismiss Case *for Debtor's failure to pay filing fee in the amount of $55.00* Filed *by* Court. Hearing scheduled for 1/7/2020 at **10:00** AM at Courtroom 3585 ( Judge Stong), Brooklyn, NY, (rjl) (Entered: 11/**20/2019**) |
| 11/20/2019 | **37** **(4 pgs)** | BNC Certificate of Mailing with **Notice/Order** Notice Date 11/**20/20**19. (Admin.) (Entered: 11/21/2019) |
| 11/22/2019 | **38** **(2 pgs)** | BNC Certificate of Mailing with Notice of Hearing on Dismissal Notice Date 11/22/2019. (Admin.) (Entered: 11/23/2019) |
| 12/20/2019 | **39** **(5 pgs)** | Notice Re Common-Law Partnership Filed by Michael **Krichevsky** (olb) (Entered: 12/**20/20**19) |
| 12/20/2019 | **40** **(5 pgs)** | Monthly Operating Report for Filing Period **November-** December Filed by Michael **Krichevsky** (olb) (Entered: 12/20/2019) |
| 12/20/2019 | | Hearing Held and Adjourned; (related **document(s): 35** Order Scheduling Initial Case Management Conference) Appearance |

| | | |
|---|---|---|
| | | by Debtor - Appearance by UST -Debtor to provide proof of insurance and DIP account at 341 meeting and to amend schedules - Status hearing to be held on 02/27/2020 at 11:00 AM at Courtroom 3585 ( Judge Stong), Brooklyn, NY. (sjackson) (Entered: 12/20/2019) |
| 12/27/2019 | <u>41</u><br>(3 pgs) | Opening Statement for 341(a) Meeting of Creditors Filed by Michael Krichevsky (gaa) (Entered: 12/27/2019) |
| 12/27/2019 | | Statement Adjourning 341(a) Meeting of Creditors Filed by Office of the United States Trustee. 341(a) Meeting Adjourned to 1/27/2020 at 10:00 AM at Room 2579, 271-C Cadman Plaza East, Brooklyn, NY. (Khodorovsky, Nazar) (Entered: 12/27/2019) |
| 12/27/2019 | | Receipt of Chapter 13 Installment Filing Fee - $55.00. Receipt Number 327239. (GA) (admin) (Entered: 12/27/2019) |
| 12/30/2019 | | Final Installment Payment Verified by Financial (mnc) (Entered: 12/30/2019) |
| 01/07/2020 | | Marked Off without hearing (related document(s): <u>36</u> Motion to Dismiss Case for failure to pay filing fee filed by Court, Receipt Number and Filing Fee Auto, Final Installment Payment Verified by Financial) (sjackson) (Entered: 01/07/2020) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/19/2020 08:52:48 | | |
| PACER Login: | GPlaw016:3863497:4954386 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1-19-43516-ess Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| Billable Pages: | 4 | Cost: | 0.40 |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------X

OHIO SAVINGS RANK

                  Plaintiff

vs

Yan Klig, Leonid Mandel, ET AL.,

                  Defendant(s)

-------------------------------------------------------X

**CONSENT _TO_ CHANGE ATTORNEY**

INDEX #: 23752 /2008

MORTGAGED PREMISES:
1 EAST 72ND STREET
BROOKLYN, NY 11234

It is hereby consented that Gross Polowy, LLC be substituted as attorneys for the Plaintiff herein of record for the undersigned party in the above action in place and stead of the undersigned attorney(s) as the date hereof. A facsimile, copy, or PDF image of this Consent to Change Attorney shall be considered as effective and valid as the original.

Gross Polowy, LLC
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221

BY: _____
NAME: Douglas Weinert, Esq.

Kozeny McCubbin & Katz, LLP
395 N. Service Road-STE #401
Melville, NY 11747

BY: _____
NAME: _____

BY: MTGLQ Investors, LP by Rushmore Loan Management Services LLC and it assigns as Servicer

NAME: Tamara Price, Assistant Secretary

STATE OF        )
COUNTY OF     ) SS.:

        *On the _____ day of _____, 2017, before me (he undersigned, personal!,) appeared _____, personally known to be or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within the instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in the _____ (insert the city and state or country the acknowledged was taken)*

                               **See Attached**

*NOTARY PUBLIC*

GPS number:37-005980

RECEIVED
FEB 09 2018
KINGS COUNTY CLERK'S OFFICE

From: Leonid Mandel
260 65th Street, Apt 15A
Brooklyn, NY 11220

And

Michael Krichevsky
4221 Atlantic Ave.
Brooklyn, NY 11224

To: Gross Polowy, LLC
Owners and Kathleen Puscheck
1775 Wehrle Drive, Suite 100
Williamsville NY 14221

CC: Hon. Mark Portnow
360 Adams Street
Brooklyn, NY 11201

March 2, 2020

By hand delivery and Certified RRR    7018 0360 0000 7908 8876

RE: Yan Klig, Leonid Mandel and Michael Krichevsky, owners of the land.
Kings County Supreme Court; Index# 23752/2008.

To owner(s) of the company and Kathleen Puscheck:

In response to your letter with attachments dated February 25, 2020 and signed by attorney
Kathleen Puscheck, I, Michael Krichevsky, under penalty of perjury aver the following:

I write this response on behalf of Leonid Mandel and on my own behalf as interested party to this
litigation and as his partner and spokesman of the partnership. We own undivided 50% of the
land your company tries to illegally extort from us, in violation of state and federal Criminal
Laws.

Leonid Mandel undergone a heart surgery on 11/26/2019. This foreclosure along with your
illegal actions aggravates this condition emotionally and negatively affects his recovery. In short,
he is not recovered, not feeling well and will not attend March 5, 2020 conference with Judge
Knipel. Attached, is a copy of his medical record as proof of surgery performed.

In his letter, dated February 10, 2020, which I helped him to write, we offered you in good faith
an opportunity to explain the court and us discrepancies in your paperwork and attorney's Amber
Poulos conduct (refusal to talk to alleged client, OHIO SAVINGS BANK, and negotiate in good
faith settlement). These discrepancies could not reconcile with facts of our investigation and
issues involved. The letter stated, "Attached, please, find a copy of the affidavit, which I filed in

this case. Please take notice of the issues my partner, Michael Krichevsky and I raised. This letter serves to avoid future plausible deniability or blissful ignorance of company owner(s) of this serious matter." We also offered you an opportunity to "honorably leave the scene of crime" by failing to reply to my affidavit.

From your reply, I gather that all my calls and emails to your company were deliberately ignored, in violation of New York Rules of Civility and New York Rules of Professional Conduct. As I stated previously in open court and in my affidavit, I am the "John Doe" on the caption of your complaint and I am sued by you as an interested party claiming an interest in the subject matter property. As such, it is axiomatic that I am the party to this foreclosure. You were notified of that fact on several occasions and your refusal to communicate with me is an act of bad faith and violations of other laws, which I would not here lecture you about. Your argument that I am not a party to the action is frivolous at best or fraud upon the court by officers of the court.

By deliberately failing to serve me with a copy of your reply to our affidavit, you violated, among other things, NY CPLR and Uniform Civil Rules for the Supreme Court and the County Court, which state in section 202.8 motion procedure:

"(c) The moving party shall serve copies of all affidavits and briefs upon all other parties at the time of service of the notice of motion. The answering party shall serve copies of all affidavits and briefs as required by CPLR 2214. **Affidavits shall be for a statement of the relevant facts, and briefs shall be for a statement of the relevant law.**"

On December 17, 2019 you received from us combined affidavit of relevant facts and brief for a statement of the relevant law. Your reply affirmation to this combined affidavit is nullity per Unified Civil Rules 202.8 and should be stricken by the court as defective or fraudulent. Attorney affirmation must be based on attached affidavit of fact by a client, Plaintiff bank. Your affirmation contains arguments, wishful thinking and outright fraud upon the court by officers of the court. No affidavit of client (by bank's employee) is attached to the affirmation. Your affirmation even as brief is misleading the court and us. For example, you cite EMIGRANT MORTGAGE COMPANY, INC. v. Beckerman, 105 AD 3d 895 - NY Appellate Div., 2nd Dept. 2013. However, this case is actually helping us where it states:

"[I]n an action to foreclose a mortgage, a plaintiff establishes its case as a matter of law through the production of the mortgage, the unpaid note, and evidence of default" (*Argent Mtge. Co., LLC v Mentesana*, 79 AD3d 1079, 1080 [2010][internal quotation marks omitted]; *see U.S. Bank Natl. Assn. TR U/S 6/01/98 [Home Equity Loan Trust 1998-2] v Alvarez*, 49 AD3d 711 [2008]). **"The burden then shifts to the defendant to demonstrate `the existence of a triable issue of fact as to a bona fide defense to the action, such as waiver, estoppel, bad faith, fraud, or oppressive or unconscionable conduct on the part of the plaintiff"** (*U.S. Bank Natl. Assn. TR U S 6 01 98 [Home Equity Loan Trust 1998-2] v Alvarez*, 49 AD3d at 711, quoting *Mahopac Natl. Bank v Baisley*, 244 AD2d 466, 467 [1997]; *see Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 183 [1982])."

In our affidavit, we successfully carried the burden and "demonstrated the existence of a triable issue of fact as to a bona fide defense to the action," which is bad faith, fraud, perjury or unconscionable conduct by alleged Plaintiff and/or its attorneys. As such, the burden shifted back to you to rebut our affidavit. The gist of your rebuttal of our affidavit would have been a production of retainer between the Plaintiff bank and attorney law firm containing the signature, name and title of authorized employee of the Plaintiff bank. You failed to do that and instead resorted to fabrication of consent to change attorney. The entity "MTGLO Investors" alleged servicer is not the Plaintiff, OHIO SAVINGS BANK, on the caption of your complaint, and as such is not a party to the action. Looks like you shamefully resorted to a shell game and insulted intelligence of Judge Portnow and of us, while frivolously claiming that I am not the party to the action, but MTGLO Investors actually is.

In addition, neither your **second alleged client MTGLO** nor the Plaintiff bank gave us a payout quote – not to mention that the Plaintiff bank does not have any named Defendant on their book. You defaulted by failure to rebut our affidavit and explaining the court and us how and why the alleged Plaintiff bank, as your client, started foreclosure without any customer-defendant (Yan Klig and Leonid Mandel). Who produced or fabricated the documentary evidence, which as of today the Plaintiff bank is not even aware of. If not the bank – then who gave it to you – MTGLO Investors? Evidently, OHIO SAVINGS BANK did not ever hire any attorney firm to foreclose on bank's non-existing clients. This failure to explain is judicial admission of fraud and estoppel to the action. It is simple – you have no right and authorization from OHIO SAVINGS BANK to appear in this court. Accordingly, per CONSENT TO CHANGE ATTORNEY filed by you, the court makes an inference that your law firm does not represent the Plaintiff Bank (OHIO SAVINGS BANK on the caption) and has to dismiss the case as fraudulent, and as lacking personal and subject matter jurisdictions. Both, prior attorneys and your failures to personally serve Leonid Mandel are hereby admitted by this letter and add to this argument.

Even when I notified you about my interest in the property, you hilariously refused to communicate and serve me with the process. You and prior attorneys had about 10 years to depose Leonid Mandel to discover who is John Doe or if he even exists. All attorneys had about 10 years to DISCOVER and serve me with foreclosure complaint. All attorneys on this case looks like committed legal malpractice and now must notify their insurance carriers, unless you have no client and are actually intermeddler(s) hiding behind OHIO SAVINGS BANK – fictitious plaintiff.

We suspect that you are only interested buying our land on the foreclosure auction using a straw man buyer and flipping it on the open market since you do not have original note and mortgage to show us for redemption. Is this why Amber Poulos would not give us payout quote and would only proceed to foreclosure?

Judge Portnow, on December 17, 2019 gave your company one day to reply to our affidavit. As of today, Judge Portnow did not receive a rebuttal to your reply-affirmation neither from Leonid Mandel, nor from myself. As such, Judge Portnow can make an inference that both of us agreed with your misleading him documents, facts and arguments, which could not be farther from the truth.

I discussed this litigation with US Trustee on my case, Nazar Khodorovsky, who has told me that I was correct about bankruptcy stay and that I should not file any motions to intervene and requests for relief in Supreme Court. My "request" to Judge Portnow to investigate this matter is not a motion or request for relief – there is no relief to investigate a law firm in NY CPLR. I just reminded the judge about his inherent right and duty to supervise attorneys appearing before him and report their fraud and misconduct, if any, to appropriate authority. I also dutifully notified Judge Portnow and you about my (John Doe) interest in the property and automatic bankruptcy stay to foreclosure. US Trustee also told me that I can file a motion in bankruptcy court for any relief against you, which is what now I going to do.

Respectfully to Justice and Law,

Michael Krichevsky, partner