UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:                                                      Chapter 11

MICHAEL KRICHEVSKY,                                         Case No. 1-19-43516-ess

                              Debtor.
-----------------------------------------------------------x


### MEMORANDUM DECISION ON THE MOTION TO RECUSE
### OF THE DEBTOR MICHAEL KRICHEVSKY


*Appearances:*

  Michael Krichevsky
  4221 Atlantic Avenue
  Brooklyn, NY 11224
    *Debtor, pro se*




April 25, 2022

**HONORABLE ELIZABETH S. STONG**
**UNITED STATES BANKRUPTCY JUDGE**

## Introduction

Before the Court is the motion of the Chapter 11 debtor, Michael Krichevsky, to recuse the undersigned bankruptcy judge, Honorable Elizabeth S. Stong, in this bankruptcy case pursuant to Judiciary Code Sections 144 and 455(a), 28 U.S.C. §§ 144, 455(a) (the "Motion to Recuse").[1]

## Jurisdiction

The United States Bankruptcy Court for the Eastern District of New York has jurisdiction over this motion pursuant to Judiciary Code Sections 157(b)(2)(A) and 1334(b), 28 U.S.C. §§ 157(b)(2)(A) and 1334(b), and the Standing Order of Reference dated August 28, 1986, as amended by the Order dated December 5, 2012, of the United States District Court for the Eastern District of New York.  This is a core proceeding pursuant to Judiciary Code Section 157(b), 28 U.S.C. § 157(b), and venue is proper before this Court pursuant to Judiciary Code Section 1409, 28 U.S.C. § 1409.

## Background

In order to provide some context for this Motion to Recuse, the Court describes some of the extensive record in Mr. Krichevsky's Chapter 11 bankruptcy case and a pending adversary proceeding, and in a separate bankruptcy case filed nearly ten years ago, *In re Elena Svenson*, Case No. 12-43050, and a related adversary proceeding, *Michael Krichevsky v. Elena Svenson*,

---

[1] For the sake of clarity, references in this Memorandum Decision to "the Court" or "this Court" are references to the undersigned Honorable Elizabeth S. Stong.  References to the United States Bankruptcy Court for the Eastern District of New York, where necessary, are stated in full.

Adv. Pro. No. 12-01229, in which Mr. Krichevsky brought two motions to recuse this Court.[2]

*Mr. Krichevsky's Bankruptcy Case*

On June 6, 2019, Mr. Krichevsky filed a petition for relief under Chapter 13 of the Bankruptcy Code.  ECF No. 1.  Some four months later, on October 4, 2019, he voluntarily converted his case to one under Chapter 11.  ECF No. 26.[3]  On August 16, 2021, Mr. Krichevsky filed a motion to set the last day to file proofs of claims (the "Motion for Bar Date").  ECF No. 223.  In the more than two and one-half years that his Chapter 11 case has been pending, he has not filed a Chapter 11 plan or disclosure statement.

*The Secured Creditors' Motions for Stay Relief and To Dismiss*

Two secured creditors have sought relief from the automatic stay in Mr. Krichevsky's bankruptcy case.  On March 17, 2020, Wells Fargo Bank, N.A. ("Wells Fargo") filed a motion for stay relief with respect to his real property located at 4221 Atlantic Avenue, Brooklyn, NY 11224 (the "Wells Fargo Stay Relief Motion").  ECF No. 47.  On May 19, 2020, Mr. Krichevsky filed a cross motion to strike and dismiss with prejudice the Chapter 11 proof of claim filed by U.S. Bank, N.A. ("U.S. Bank") and Wells Fargo which was, in substance, Mr. Krichevsky's opposition to that motion.  ECF No. 57.  And on June 16, 2020, the Court entered an order granting the Wells Fargo Stay Relief Motion (the "Wells Fargo Stay Relief Order").  ECF No. 70.  On June 25, 2020, Mr. Krichevsky filed a notice of appeal of the Wells Fargo Stay Relief Order.  ECF No. 71.  Thereafter, on March 22, 2021, or just over one year after the Wells Fargo

---

[2]  In addition, on September 30, 2013, Mr. Krichevsky removed an action from the New York State Family Court to this Court, under *Svenson v. Krichevsky*, Adv. Pro. No. 13-01475.  On April 16, 2014, the Court entered an order permissively abstaining from deciding the claims in that action.

[3]  All ECF citations are to the record in *In re Michael Krichevsky*, Case No. 19-43516, unless otherwise noted.

Stay Relief Motion was filed, the District Court for the Eastern District of New York entered an

order affirming the Wells Fargo Stay Relief Order and dismissing Mr. Krichevsky's appeal.

ECF No. 102.

On June 8, 2021, Select Portfolio Servicing, Inc. ("SPS") filed a motion for stay relief

with respect to Mr. Krichevsky's real property located at 120 Oceana Drive West, Unit 5D,

Brooklyn, NY 11235 (the "SPS Stay Relief Motion").  ECF No. 134.  On July 26, 2021, Mr.

Krichevsky filed opposition to the SPS Stay Relief Motion.  ECF No. 195.  And on August 6,

2021, the Court entered an order granting the SPS Stay Relief Motion (the "SPS Stay Relief

Order").  ECF No. 197.  On August 19, 2021, Mr. Krichevsky filed a notice of appeal of the SPS

Stay Relief Order.  ECF No. 224.  On March 31, 2022, he filed a memorandum of law in support

of the appeal, and on March 31, 2022, the district court entered an order granting an extension of

time for U.S. Bank to respond to Mr. Krichevsky's appellant's brief.  That appeal remains

pending.

And on December 8, and December 10, 2021, SPS filed a motion to dismiss and amended

motion to dismiss Mr. Krichevsky's Chapter 11 bankruptcy case (the "Amended Motion to

Dismiss").  ECF Nos. 249, 250.

_Mr. Krichevsky's Motions Seeking Relief Against the Secured Creditors and Their Counsel_

This Chapter 11 bankruptcy case has followed a somewhat contentious path.  Mr.

Krichevsky has brought several motions seeking various forms of relief against the secured

creditors Wells Fargo and SPS, and their law firms and individual attorneys.  These include

motions for sanctions, motions in limine, and motions to take judicial notice and to draw adverse

inferences from the record.

On May 27, 2021, Mr. Krichevsky filed a "Motion to Sanction for Willful Violation of

Bankruptcy Rules 2019 and 3001" (the "Motion for Sanctions"). ECF No. 122. One month later, on June 26, 2021, he filed an "Emergency Notice of Motions, Motions in Limine, for First Request to Take Judicial Notice, Make Adverse Inference Against Proof of Claim and Memorandum of Law" (the "Motion in Limine No. 1"). ECF No. 156. He argues, in substance, that the Court should prohibit U.S. Bank, Wells Fargo, and their attorneys, from testifying, or mentioning that he defaulted on July 1, 2010, and should take judicial notice and draw adverse inferences against U.S. Bank, Wells Fargo, and their attorneys to the effect that U.S Bank's proof of claim is time-barred and that the prior state court foreclosures were not authorized by U.S. Bank. Motion in Limine No. 1 at 8.

On June 27, 2021, Mr. Krichevsky filed an amended cross-motion to sanction Natsayi Mawere, Esq. and Reed Smith, LLP ("Reed Smith") (the "Amended Cross-Motion for Sanctions"). ECF No. 157. That same day, he filed a cross-motion to sanction attorneys Alexandra K. Fugate, Esq., Brittany J. Maxon, Esq., David Bruce Wildermuth, Esq., Miranda L. Sharlette, Esq. a/k/a Miranda Jakubec, Esq., Natalie A. Grigg, Esq., Woods Oviatt Gilman, LLP ("Woods"), U.S. Bank, and Wells Fargo (the "Cross-Motion for Sanctions"). ECF No. 160. Here again, he argues, in substance, that the subjects of his Cross-Motion for Sanctions and Amended Cross-Motion for Sanctions violated Bankruptcy Rule 9011 because their submissions to the Court, as well as their arguments, are based on false allegations and fraud. Cross-Motion for Sanctions ¶ 13; Amended Cross-Motion for Sanctions ¶ 10.

On the following day, June 28, 2021, Mr. Krichevsky filed an "Emergency Notice of Motions, Motions in Limine No. 2 for Request to Take Judicial Notice No. 2, Make Adverse Inference Against Proof of Claim and Memorandum of Law" (the "Motion in Limine No. 2"). ECF No. 167. And two days later, on June 30, 2021, he filed an "Emergency Notice of Motions,

Motions in Limine No. 3 for Request to Take Judicial Notice No. 3, Make Adverse Inference

Against Proof of Claim and Memorandum of Law" (the "Motion in Limine No. 3").  ECF No.

177.  He argues, in substance, that the Court should take judicial notice of and draw adverse

inferences from his exhibits, statements of fact, and judicial admissions; and separately, that the

Court should prohibit attorneys from Woods and Reed Smith from stating that he defaulted on

July 1, 2010 or stating that they represent U.S. Bank National Association, as Trustee for Banc of

America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-F.  Motion in

Limine No. 3, at 13.  He also argues that the Court should take judicial notice, pursuant to

Federal Rule of Evidence 201, that his motion for sanctions was properly served on Reed Smith

and that Reed Smith continued to be in violation of Bankruptcy Rule 2019 and the New York

Rules of Professional Conduct.  Motion in Limine No. 3 ¶ 11(A).

On July 15, 2021, Mr. Krichevsky filed a motion for discovery sanctions against Ms.

Mawere, Ms. Grigg, Ms. Fugate, Mr. Wildermuth, Reed Smith, and Woods (the "Motion for

Discovery Sanctions").  ECF No. 185.  He argues, in substance, that sanctions against the

attorneys for Reed Smith and Woods are appropriate because their submissions and arguments in

opposition to his motions are based on fabricated documents, perjury, and false allegations.

Motion for Discovery Sanctions ¶ 7.

*The Secured Creditors' and Their Counsel's Motion for a Protective Order*

On August 23, 2021, Wells Fargo, U.S. Bank, Reed Smith, Ms. Mawere, Jennifer L.

Achilles, Esq., Kelly Duncan, Stephanie Terese Tautge, Daniel V. Edward, Charice Lenise

Gladden, and Jeremiah Herberg filed a motion for a protective order and an injunction against

the filing of further motions against Mr. Krichevsky in his bankruptcy case and adversary

proceeding. (the "Motion for Protective Order") and a memorandum of law in support of the

Motion for Protective Order (the "Memorandum in Support of Motion for Protective Order).

ECF Nos. 230, 231. They state:

> [Mr.] Krichevsky indisputably seeks to abuse discovery procedures as a means to unduly burden his creditors and Adversary Proceeding Defendants. His demands *solely* concern the issues of U.S. Bank's Amended Proof of claim and standing as holder of the Note with the right to foreclose on [Mr.] Krichevsky's Mortgage. *Those issues have already been litigated, considered, and repeatedly determined in U.S. Bank's favor by this Court, the District court, and the state court.*

Mem. in Support of Motion for Protective Order at 14 (emphasis in original). The Motion for

Protective Order remains pending.

### *This Motion To Recuse*

On November 28, 2021, Mr. Krichevsky filed this motion to recuse this Court (the

"Motion to Recuse"). ECF No. 246. On December 1, 2021, the Court entered an order

scheduling a hearing on the Motion to Recuse for March 9, 2022, and allowing Mr. Krichevsky

to supplement the Motion to Recuse by January 31, 2022. ECF No. 247.

In this Motion to Recuse, Mr. Krichevsky seeks to recuse and disqualify this Court

pursuant to Judiciary Code Sections 144 and 455(a). He has made three filings in support of his

request, comprised of 256 pages of memoranda, an affidavit, and exhibits. He advances several

grounds for this request, arising from circumstances in this Chapter 11 bankruptcy case, in the

pending adversary proceeding, and in prior cases, among others matters and proceedings. The

record is extensive, and this Court has considered it fully. Portions of the record are summarized

below.

Annexed to the Motion to Recuse is a "memorandum of law and affidavit of bias and

prejudice" (the "Memorandum" or "Mem."). ECF No. 246-1. Several of his arguments arise

from the circumstances in a different bankruptcy case and adversary proceeding, *In re Svenson*

and *Krichevsky v. Svenson*. He argues, among other things, that in those matters, "Judge Stong

openly favored her fellow attorneys by denying [him] any remedies." Mem. ¶ 5.  He also asserts

that in those matters, the Court denied two motions to recuse and ignored misconduct, perjury,

and conflicts of interest of opposing counsel.  Mem. ¶¶ 6, 8.  And Mr. Krichevsky argues that

this Court's determination permissively to abstain in *Krichevsky v. Svenson* in 2016, after the six-

year statute of limitations had run, is evidence that the Court was "conspiring with these

attorneys because when [he] immediately started suing them in state court they all used as an

affirmative defense statute of limitations."  Mem. ¶ 9.

Mr. Krichevsky also argues that he has advised the Court that he is disabled and requires

reasonable accommodation under the Americans with Disabilities Act (the "ADA").  Mem. ¶¶

10-11.  He asserts that his prior litigation in New York state court qualifies as complex litigation,

and as a result, he has required more time to file and respond to motion papers here.  Mem. ¶¶

13-14.  As an illustration, Mr. Krichevsky states that on October 12, 2012, in *Krichevsky v.*

*Svenson*, he filed a motion to extend time and to declare his case to be "complex litigation."

Mem. ¶ 15.  And he argues that "pursuant to rules of civility, she should have adjourned that

hearing."  Mem. ¶ 16.  Mr. Krichevsky further asserts that "Judge Stong told me that she does

not know about the Manual for Complex Litigation, and therefore denies my motion."  Mem. ¶

18.

In context of this Chapter 11 bankruptcy case, Mr. Krichevsky argues that this Court has

demonstrated a bias against him when the Court granted stay relief over his opposition, and

allowed a fraud upon the Court.  Mem. ¶¶ 20-22.  He asserts that when he filed an adjournment

request on October 20, 2021 requesting a two-month adjournment because of his injuries, the

Court did not give him the full amount of time requested.  Mem. ¶¶ 27-33.  And he argues that

this is further "evidence of bias against [him] not to mention conspiracy and corruption against

[him]."  Mem. ¶ 37.

Additionally, Mr. Krichevsky asserts that "all attorneys involved and Judge Stong in concert railroading my case by violating my constitutional right to petition government for redress of grievances."  Mem. ¶ 52.  He points to the Second Circuit's decision on a petition for a writ of mandamus in *United States v. International Business Machines* to show that a violation of a constitutional right would also be a violation of Judiciary Code Sections 144 and 455.  Mem. ¶ 53 (quoting *United States v. Int'l Bus. Machs. Corp.* (*In re Int'l Bus. Machs. Corp.*), 651 F.2d 923, 932 n.11 (2d Cir. 1980) (noting that "the constitutional right [to due process] is independent from those conferred by § 144 and § 455, and may well force recusal in instances where the statutes are not technically applicable.")) 

And Mr. Krichevsky argues that this Court's orders are void because it lost subject matter jurisdiction over the case, and personal jurisdiction over the parties, as a result of this Court's conduct.  Mem. ¶ 56.  He asserts, in substance, that this Court has violated the American Bar Association ("ABA") and New York State Bar Association Codes of Judicial Conduct.  Mem. ¶ 58.  Finally, Mr. Krichevsky states that for all of these reasons, he reasonably believes that he will not receive due process in the future if his Motion to Recuse is not granted.  Mem. ¶ 60.

On March 31, 2022, Mr. Krichevsky filed an amended memorandum of law and affidavit of bias and prejudice (the "Amended Memorandum of Law" or "Am. Mem."), as well as multiple exhibits, in further support of the Motion to Recuse.  ECF Nos. 264, 265, 266.  In the Amended Memorandum of Law, he argues that Reed Smith should be considered "foreign agents and spies" because the firm has offices located in foreign countries.  Am. Mem. at 6.  He also argues that this Court has allowed corrupt law firms and attorneys to "lie, steal, fabricate evidence and harass [him]."  Am. Mem. at 7.  Mr. Krichevsky states that his Constitutional rights

have been violated in his bankruptcy case; and therefore, that this Court no longer has "statutory [a]uthority in this case." Am. Mem. at 7-8.  He also argues that the Court and the other parties in this case have violated various laws and codes of conduct, including the New York Judiciary Law, the New York Rules of Professional Conduct, and the New York Rules of Judicial Conduct.  Am. Mem. at 8.  He argues that the Court has repeatedly ignored evidence he has presented in support of his motions.  *Id.*  And finally, he argues that the fact that his request for additional time to supplement the record was not granted in full is further evidence of the Court's bias against him, so that recusal is appropriate.  Am. Mem. at 20-21.

*The Pending Adversary Proceeding*

In addition to Mr. Krichevsky's pending Chapter 11 case, he has also brought an adversary proceeding against more than thirty named defendants, asserting some seven counts and seeking many forms of relief including damages, attorney's fees and costs, a declaratory judgment that the liens, and their assignments, are void and to expunge them from the relevant property records, and the removal of attorneys from his case as well as their disbarment.  In that action, he has filed an original and two amended complaints, and in response, some eleven motions and amended motions to dismiss have been brought by various groups of defendants.[4]

On February 11, 2021, Mr. Krichevsky filed an adversary proceeding against U.S. Bank, Wells Fargo, Ms. Duncan, Wells Fargo Home Mortgage, Ms. Tautge, Mr. Edward, Banc of America Funding Corporation, Veriprise Processing Solutions LLC, Ms. Gladden, Woods, Donald W. O'Brien, Ms. Fugate, Ms. Maxon, Mr. Wildermuth, Brettanie L. Hart Saxton, Esq.,

---

[4]  Mr. Krichevsky makes this Motion to Recuse in the pending Chapter 11 bankruptcy case, but has not specifically made the same request in the pending adversary proceeding.  It is clear from the record that if some form of relief is warranted in the Chapter 11 bankruptcy case, the same relief would be appropriate in the adversary proceeding.

Victoria E. Munian, Esq., Michael Thomas Jablonski, Esq., Ms. Sharlette, Frenkel Lambert

Weiss Weissman Gordon, LLP ("FLW"), Barry M. Weiss, ProVest LLC ("ProVest"), Woody

Dorsonne, Reed Smith, Ms. Mawere, Ms. Achilles, Estate of deceased Noach Dear, Shmuel

Taub, Steven J. Baum, P.C. (the "Baum Firm"), Steven J. Baum, Elpiniki M. Bechakas, Esq.,

and Jane and John Doe 1-100 seeking actual, statutory and punitive damages caused by

defendants, a determination of the validity priority or extent of liens on Mr. Krichevsky's

property, and declaratory and injunctive relief.  Adv. Pro. No. 21-01013, ECF No. 1.  On April 7,

2021, Mr. Krichevsky filed an amended complaint naming Mr. Herberg and Ms. Grigg as

additional defendants.  Adv. Pro. No. 21-01013, ECF No. 14.  And on April 8, 2021, Mr.

Krichevsky filed a second amended complaint combining counts four and five.  Adv. Pro. No.

21-01013, ECF No. 12.

On March 15, 2021, Defendants Ms. Fugate, Ms. Hart Saxton, Mr. Jablonski, Ms.

Maxon, Ms. Munian, Mr. O'Brien, Ms. Sharlette, Mr. Wildermuth, and Woods filed a motion to

dismiss this adversary proceeding.  Adv. Pro. No. 21-01013, ECF No. 6.  On March 15, 2021,

defendants Ms. Achilles, Ms. Mawere, Reed Smith, Banc of America Funding Corporation,

Wells Fargo Home Mortgage, and Wells Fargo also filed a motion to dismiss.  Adv. Pro. No. 21-

01013, ECF No. 7.  And on March 19 and March 26, 2021, defendants The Baum Firm, Mr.

Baum, and Ms. Bechakas similarly filed a motion and an amended motion to dismiss.  Adv. Pro.

No. 21-01013, ECF No. 9, 10.

Following the April 8, 2021 amended complaint, additional defendants sought the

dismissal of the adversary proceeding.  On April 30, 2021, FLW and Mr. Weiss filed a motion to

dismiss this adversary proceeding. Adv. Pro. No. 21-01013, ECF No. 31.  And on May 4, 2021,

Defendants Ms. Fugate, Ms. Grigg, Ms. Hart Saxton, Mr. Jablonski, Ms. Maxon, Ms. Munian,

Mr. O'Brien, Ms. Sharlette, Mr. Wildermuth, and Woods filed an amended motion to dismiss this adversary proceeding.  Adv. Pro. No. 21-01013, ECF No. 32.  On May 10, 2021, Defendants The Baum Firm, Mr. Baum, and Ms. Bechakas filed a second amended motion to dismiss this adversary proceeding.  Adv. Pro. No. 21-01013, ECF No. 34.  On May 12, 2021, defendants Ms. Fugate, Ms. Grigg, Ms. Hart Saxton, Mr. Jablonski, Ms. Maxon, Ms. Munian, Mr. O'Brien, Ms. Sharlette, Mr. Wildermuth, and Woods filed a second amended motion to dismiss.  Adv. Pro. No. 21-01013, ECF No. 36.  On May 12, 2021, defendants FLW and Mr. Weiss filed an amended motion to dismiss.  Adv. Pro. No. 21-01013, ECF No. 37.  On May 14, 2021, Defendants Ms. Duncan, Ms. Tautge, Mr. Edward, Ms. Gladden, and Mr. Herberg filed a motion to dismiss this adversary proceeding and a memorandum of law in support of their motion to dismiss.  Adv. Pro. No. 21-01013, ECF No. 42.

From time to time, and on November 29, 2021, the Court held hearings on the motions to dismiss, at which the United States Trustee ("UST"), Mr. Krichevsky, Wells Fargo, U.S. Bank, Wells Fargo Home Mortgage, Ms. Duncan, Ms. Tautge, Mr. Edward, Banc of America Funding Corporation, Ms. Gladden, Woods, Mr. O'Brien, Ms. Fugate, Mr. Maxon, Mr. Wildermuth, Ms. Saxton, Ms. Munian, Mr. Jablonski, Ms. Sharlette, FLW, Mr. Weiss, ProVest, Mr. Dorsonne, Reed Smith, Ms. Mawere, Ms. Achilles, The Baum Firm, Ms. Bechakas, Mr. Herberg, and Ms. Grigg appeared and were heard.  Those matters are fully briefed, but in view of the pendency of the questions raised by Mr. Krichevsky in his Motion to Recuse, the Court has deferred the argument and consideration of those motions on the merits, and they remain pending.

*The March 9, 2022 Chapter 11 Case Management Conference and Hearings on the Motions*

On March 9, 2022, the Court held a case management conference in Mr. Krichevsky's Chapter 11 case, and also scheduled hearings on each of the pending motions.  These include Mr.

Krichevsky's Motion to Recuse, as well as some nine other motions, including SPS's Amended Motion to Dismiss, the Motion for Protective Order of Wells Fargo, U.S. Bank, and their law firms and attorneys, and Mr. Krichevsky's Motion for Sanctions, the Motion in Limine No. 1, the Amended Cross-Motion for Sanctions, the Motion in Limine No. 2, the Motion in Limine No. 3, the Motion for Discovery Sanctions, and the Motion for Bar Date.

The day before that hearing, on March 8, 2022, Mr. Krichevsky filed a letter request to adjourn the hearing on his Motion to Recuse and to permit him additional time to complete his submissions in support of the motion.  He stated that he had been unable to do in the two months previously allowed by the Court "due to events and forces beyond my control," and describing several circumstances including the hacking of his "email account, computer and voice recognition program," necessary repairs to his vehicle, and other matters.  ECF No. 259.  That request was opposed by the secured creditors SPS and Wells Fargo.  ECF Nos. 261, 262.  And the Court directed that the adjournment request would "be addressed at the March 9, 2022 hearings."  ECF No. 260.

At the March 9, 2022 hearing, Mr. Krichevsky, the United States Trustee (the "UST"), Wells Fargo, U.S. Bank, Wells Fargo Home Mortgage, Ms. Duncan, Ms. Tautge, Mr. Edward, Banc of America Funding Corporation, Ms. Gladden, Woods, Mr. O'Brien, Ms. Fugate, Ms. Maxon, Mr. Wildermuth, Ms. Hart Saxton, Ms. Munian, Mr. Jablonski, Ms. Sharlette, FLW, Mr. Weiss, ProVest, Mr. Dorsonne, Reed Smith, Ms. Mawere, Ms. Achilles, the Baum Firm, Ms. Bechakas, Mr. Herberg, and Ms. Grigg appeared and were heard.

And also at that hearing, the Court stated that in the interests of sound case management and the interests of justice, Mr. Krichevsky's Motion to Recuse would be considered ahead of the other pending motions.  The Court granted Mr. Krichevsky's request for additional time to

supplement the record with any further written submissions in support of that motion in part, allowing Mr. Krichevsky an additional three weeks to supplement a record and setting a deadline of March 30, 2022 for such filings to be made and, as described above, Mr. Krichevsky filed an Amended Memorandum of Law on March 31, 2022.  Subject to that opportunity, the Court otherwise closed the record and reserved decision.

_Mr. Krichevsky's Motions To Recuse in Krichevsky v. Svenson (In re Svenson)_

As noted above, the present Motion to Recuse is not Mr. Krichevsky's first request that this Court recuse in a bankruptcy case, and that history is part of the context of this motion.

On July 31, 2012, Mr. Krichevsky commenced an adversary proceeding, _Krichevsky v. Svenson (In re Svenson)_, Adv. Pro. No. 12-01229, by filing a complaint against Elena Svenson, a cross-claim against the Board of Managers of Oceana Condominium No. Two (the "Board of Managers") and the Internal Revenue Service, Inc., and a third-party complaint against Victoria Edelstein, DDS, Boris Kotlyar, Cooper Square Realty, Inc. ("CRS"), Lana Kaplun, Farid Badalov, Boris Meydid, and John Doe and Jain Johns.  That action concerned a piece of real property located at "120 Oceans, Drive West, Apt. 5D," in Brooklyn.  Adv. Pro. No. 12-01229, ECF No. 1 (Complaint) ¶ 9.[5]  In his complaint, Mr. Krichevsky sought, in substance, several forms of relief, including damages, the production of books and records, and a declaratory judgment that the liens on his property are void.

On the following day, August 1, 2012, Mr. Krichevsky filed an amended complaint in which he combined the claims, cross-claims, and third party complaint into a single complaint against the same defendants, Ms. Svenson, the Board of Managers, and the Internal Revenue

---

[5]  It appears that the real property that is the subject of the _Krichevsky v. Svenson_ adversary proceeding may be the same as 120 Oceana Drive West, Unit 5D, Brooklyn, NY 11235, the real property that is the subject of the SPS Stay Relief Motion.

Service, Inc., Dr. Edelstein, Mr. Kotlyar, CRS, Ms. Kaplun, Mr. Badalov, Mr. Meydid, and John

Doe and Jain Johns (the "Amended Complaint").  Adv. Pro. No. 12-01229, ECF No. 2.

On August 29, 2019, defendants Dr. Edelstein, and Mr. Kotlyar filed an answer to the

Amended Complaint alleging a crossclaim and counterclaim.  Adv. Pro. No. 12-01229, ECF No.

8.  On August 30, 2012, defendants Mr. Badalov, the Board of Managers, CRS, Ms. Kaplun, and

Mr. Meydid filed an answer to the Amended Complaint.  Adv. Pro. No. 12-01229, ECF No. 6.

On September 5, 2012, defendant Ms. Svenson filed an answer to the Amended Complaint.

Adv. Pro. No. 12-01229, ECF No. 9.  On January 29, 2013, Mr. Krichevsky filed a second

amended complaint to include additional causes of action against these same defendants.  Adv.

Pro. No. 12-01229, ECF No. 42.  And on June 6, 2013, Mr. Krichevsky filed a third amended

complaint adding additional causes of action (the "Third Amended Complaint").  Adv. Pro. No.

12-01229, ECF No. 89.  On August 28, 2013, Ms. Svenson filed an answer to the Third

Amended Complaint, which included counterclaims for an accounting and conversion.  Adv.

Pro. No. 12-01229, ECF No. 142.  On September 30, 2016, the Court entered an order

permissively abstaining from the counterclaims raised in Ms. Svenson's answer to the Third

Amended Complaint.  Adv. Pro. No. 12-01229, ECF No. 306.

On January 22, 2013, Mr. Krichevsky filed a notice of motion and affidavit requesting

that this Court grant his motion to recuse and disqualify on grounds, among others, that the Court

was biased and prejudiced against him.  Adv. Pro. No. 12-01229, ECF No. 36 (Notice of Motion

and Krichevsky Affidavit).  He pointed to several examples where the Court did not sustain his

objections, and stated that this indicated, in substance, the Court's bias and favoritism toward a

lawyer and against him.  Krichevsky Aff. ¶¶ 13-14.  He also compared the Court's actions to a

rush to judgment, and criticized the Court for denying his requests for adjournments, and for

encouraging him to hire a lawyer, and argued that this reflected her "deliberate disregard and indifference" to his *pro se* status.  Krichevsky Aff. ¶ 20.  And he asserted that the court proceedings were "far from professional, courteous and civilized."  Krichevsky Aff. ¶ 22.

Instead, Mr. Krichevsky stated, the lawyer in that case was "in cahoots with Judge Stong and . . . they conspired to railroad [his] Pro Se case."  Krichevsky Aff. ¶ 32.  He concluded that he "reasonably believes that the judge Stong is biased and prejudiced against him at least as Pro Se litigant.  She is playing a game 'us lawyers against him Pro Se.'"  Krichevsky Aff. ¶ 34.  And finally, he asserted that the Court "broke ABA and [New York State Bar Association] Code of Judicial Conduct."  Krichevsky Aff. ¶ 39.  He concluded that he "reasonably believes that fair due process and trial by judge Stong is impossible."  Krichevsky Aff. ¶ 41.

On February 5, 2013, the Court entered an order denying Mr. Krichevsky's motion to recuse, on grounds, among others, that Mr. Krichevsky did not establish that a reasonable person, knowing all the facts, would conclude that the Court's impartiality could be reasonably questioned.  Adv. Pro. No. 12-01229, ECF No. 52.

More than three and one half years later, on August 15, 2016, Mr. Krichevsky again filed a motion requesting this Court's recusal.  Adv. Pro. No. 12-01229, ECF No. 299.  And on November 10, 2016, the Court entered an order denying the Second Motion to Recuse (the "Denial Order") on grounds, among others, that Mr. Krichevsky had not established that the Court has a personal bias, or knowledge about this case, that would lead a reasonable person to conclude that the Court's impartiality might reasonably be questioned.  Adv. Pro. No. 12-01229, ECF No. 310; Nov. 10, 2012 Hearing Tr. at 16:22-25, 17:1-3.

The Denial Order also stated that if Mr. Krichevsky did not appear at the December 2, 2016 trial in the adversary proceeding, then the Court would assume that he no longer intended

to pursue his denial of discharge and dischargeability claims against Ms. Svenson, and the adversary proceeding would be closed without further notice or opportunity to be heard.

On December 2, 2016, the Court held the adjourned trial on the claims in the third amended complaint at which neither Mr. Krichevsky nor Ms. Svenson appeared.  And on December 7, 2016, the Court entered an order dismissing the adversary proceeding without prejudice.  ECF No. 315.

## The Applicable Legal Standards

Mr. Krichevsky seeks recusal under Judiciary Code Sections 144 and 455.  Each of these Sections gives effect to the fundamental principal that a fair proceeding requires a fair, impartial, and unbiased judge.  Such a proceeding simply cannot occur before a judge who has a "personal bias or prejudice" against or in favor of or any party, as stated in Section 144, or where "[their] impartiality might reasonably be questioned," as stated in Section 455.  While these Sections address the same or similar goals, courts agree that in the context of the bankruptcy court, one applies, but the other does not.

### *Recusal Under Judiciary Code Section 144*

Section 144 of the Judiciary Code states:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144.

But as many courts, including courts in this Circuit, have recognized, "Section 144 does not apply to bankruptcy judges."  *In re Teligent, Inc.*, 2005 WL 267956, at *2 n.7 (Bankr. S.D.N.Y. Feb. 3, 2005) (citing *In re Smith*, 317 F.3d 918, 932 (9th Cir. 2002), *cert. denied*, 538

U.S. 1032 (2003); *Dubnoff v. Goldstein*, 385 F.2d 717, 720 (2d Cir. 1967)). *See, e.g., In re Savage & Assocs., P.C.*, 2005 WL 488643, at *1 (S.D.N.Y. Feb. 28, 2005) (citing *Dubnoff*, 385 F.2d at 720) (observing that "[t]he Second Circuit has held . . . that section 144 does not apply to bankruptcy judges"); *In re Olsen*, 358 B.R. 609, 623 n.12 (Bankr. S.D.N.Y. 2007) (citing *In re Teligent, Inc.*, 2015 WL 267956, at *2 n.7) (stating that "[Section] 144 does not apply to bankruptcy judges, but the standards for disqualification under §§ 144 & 455(b)(1) are the same.").

Rather, courts interpreting Judiciary Code Section 144 have found that, by its plain terms**,** it applies only to district court judges. *See, e.g., In re Teltronics Services, Inc.*, 39 B.R. 446, 451 (Bankr. E.D.N.Y. 1984) (stating that "28 U.S.C. § 144 applies by its terms only to district courts, not to bankruptcy judges."). At the same time, courts agree that the standards for recusal under Section 144 and 455 are the same. *See, e.g.*, *In re REA Holding Corp.*, 1980 Bankr. LEXIS 4616, at *7 (Bankr. S.D.N.Y. Aug. 18, 1980) (observing that "although § 144 applies to district judges only, the standards governing bias in cases arising under § 144 may be applied to those arising under § 455 as well."). *In re Olsen*, 358 B.R. 609, 623 n.12 (Bankr. S.D.N.Y. 2007) (citing *In re Teligent, Inc.*, 2015 WL 267956, at *2 n.7) (stating that "[Section] 144 does not apply to bankruptcy judges, but the standards for disqualification under §§ 144 & 455(b)(1) are the same.").

Other courts have similarly concluded that Section 144 does not apply to bankruptcy judges. *See, e.g., Stasz v. Gonzalez (In re Stasz)*, 2011 WL 6934442, at *4 (B.A.P. 9th Cir. Nov. 30, 2011) (finding that Judiciary Code Section 144 is limited to district judges and does not apply to bankruptcy judges); *In re Loy*, 2011 WL 5118462, at *4 (Bankr. E.D. Va. Oct. 27, 2011) (same); *Rhiel v. Hook (In re Johnson)*, 408 B.R. 123, 125 (Bankr. S.D. Ohio 2009*)* (same); *In re*

*Syntax-BrillianCorp.*, 400 B.R. 21, 25 (Bankr. D. Del. 2009) (same); *In re Hussey*, 391 B.R. 911, 918 (Bankr. S.D. Fla. 2008) (same); *In re Mondelli*, 2008 WL 234226, at *8 (Bankr. D.N.J. Jan. 24, 2008) (same).

<u>Recusal Under Judiciary Code Section 455(a)</u>

Judiciary Code Section 455(a) provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Bankruptcy Rule 5004(a) provides that "[a] bankruptcy judge shall be governed by 28 U.S.C. § 455." Fed. R. Bankr. P. 5004(a).

The standard for recusal under Judiciary Code Section 455(a) is whether "a reasonable person, knowing all the facts, [would] conclude that the trial judge's impartiality could reasonably be questioned." *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992) (citing *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987)). And the determination whether to recuse is "committed to [the court's] sound discretion." *Weisshaus v. Fagan*, 456 F. App'x 32, 34 (2d Cir. 2012) (quoting *LoCascio v. United States*, 473 F.3d 493, 495 (2d Cir. 2007)).

As the Second Circuit has found, the disqualification statute was "intended to establish an objective standard designed to promote public confidence in the impartiality of the judicial process." *Lovaglia*, 954 F.2d at 815. The test to be used is an objective one. *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1313 (2d Cir. 1988) (stating that "the test to be applied is an objective one which assumes that a reasonable person *knows and understands all the relevant facts*.") In deciding whether to recuse, the judge must carefully consider the policy of promoting public confidence in the judicial system. *In re Drexel Burnham Lambert, Inc.*, 861 F.2d at 1313.

Recusal is not the norm, and "there exists a strong presumption of a judge's impartiality which may only be overcome by adequate proof to the contrary." *Wiltshire v. Williams*, 2012 WL 899383, at *6 (S.D.N.Y. Mar. 16, 2012) (citing *United States v. Occhipinti*, 851 F. Supp. 523, 525 (S.D.N.Y. 1993)).  The burden is on the moving party to "overcome [the] presumption of impartiality, and the burden for doing so is substantial." *Da Silva Moore v. Publicis Groupe*, 868 F. Supp. 2d 137, 150 (S.D.N.Y. 2012) (quoting *Metro. Opera Ass'n, Inc. v. Local 100, Hotel Emps. Int'l Union*, 332 F. Supp. 2d 667, 670 (S.D.N.Y. 2004)).  *See Giladi v. Strauch*, 1996 WL 18840, at *1 (S.D.N.Y. Jan. 18, 1996) (citing *Farkas v. Elliz*, 768 F. Supp. 476, 478 (S.D.N.Y. 1991) (finding that that the burden to overcome the presumption of impartiality is "substantial.")).

And adverse procedural and even substantive determinations by a judge are typically not, without more, an adequate basis to establish a judge's lack of impartiality.  As the Second Circuit has observed, "'judicial rulings alone almost never constitute valid basis for a bias or partiality motion,'" and "'opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Loeber v. Spargo*, 391 F. App'x 55, 59 (2d Cir. 2010) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)), *cert. denied*, 131 S. Ct. 2934 (2011).

## Discussion

In this Motion to Recuse, Mr. Krichevsky argues that this Court has demonstrated bias and a lack of impartiality against him, in several ways.  He argues that this is shown by the fact that the Court has ruled against him in this Chapter 11 bankruptcy case, in his pending adversary

proceeding, and in prior matters before this court.  Mr. Krichevsky also argues that the Court's bias is shown by the fact that at times, he was not granted his requested adjournments of hearings and extensions of time to make filings to the full extent that he sought them.  And he asserts that his rights under the ADA have been violated by these proceedings, because his adjournment requests were not granted in full.  Motion to Recuse ¶ 12.  And Mr. Krichevsky states that his rights under the United States Constitution have been violated by these proceedings, because his "constitutional right to petition [the] government for redress of grievances" has been violated.  Motion to Recuse ¶ 52.

In addition, Mr. Krichevsky asserts that because of these violations, and in particular because of the denial of his Constitutional rights to a fair proceeding, this Court no longer has statutory authority to proceed here.  Am. Mem. at 7-8.  And he points to asserted violations of statutes and professional and judicial codes of conduct, including Section 487 of the New York Judiciary Law, the New York Rules of Professional Conduct, and the New York Rules of Judicial Conduct, as well as Canon 1, Canon 2, and Canon 3 of the ABA and New York State Bar Association Codes of Judicial Conduct.  Mem. ¶ 58; Am. Mem. at 8.

Mr. Krichevsky also argues that recusal is mandated because these proceedings have been tainted by fraud, corruption, lies, theft, fabricated evidence, and a nexus with "foreign agents and spies."  Mem. ¶¶ 21, 31; Am. Mem. at 6-7.

These are serious and even extraordinary arguments and assertions, and they require a thoughtful and thorough response.  As described above, the applicable standard is set by Judiciary Code Section 455(a), which calls for a judge to recuse where their "impartiality could reasonably be questioned."  *Lovaglia*, 954 F.2d at 815.  The Court considers Mr. Krichevsky's assertions in turn.

To begin, Mr. Krichevsky argues, in substance, that the fact that he has not been successful in certain of his motions and applications, and that this Court has ruled against him, shows that he is the victim of an unfair and biased process and court. But as many courts have held, an adverse result is not the same as a biased judge. As the Second Circuit has noted, "'judicial rulings alone almost never constitute valid basis for a bias or partiality motion.'" *Loeber*, 391 F. App'x at 59. And here, a review of the record shows that each of the determinations that has been made in Mr. Krichevsky's Chapter 11 case has been amply supported by the factual record and the applicable law. In addition, Mr. Krichevsky has appealed at least two of those rulings. In one circumstance, this Court's decision was affirmed, and the second appeal remains pending. That is, this does not establish a basis to conclude, or even question seriously, that this Court's "impartiality could reasonably be questioned."

Separately, Mr. Krichevsky argues, in substance, that in managing these extended proceedings, this Court has shown unfair bias against him by not allowing his requests for adjournments and extensions of time. But here, the record shows that this is simply not an accurate description of what has occurred in the course of the nearly three years that Mr. Krichevsky's bankruptcy case has been pending, at first in Chapter 13 and since October 2019, in Chapter 11. Over that time, in a docket that has more than 268 entries, the Court has heard and accommodated numerous requests by Mr. Krichevsky to adjourn or continue a hearing, to extend a deadline, and to supplement the record, including the record of this Motion to Recuse where some of those requests weren't allowed to the full extent of Mr. Krichevsky's request, it is plain from the record that the Court's management of these matters does not show any indication of bias against Mr. Krichevsky. In addition, at some twelve hearings, conducted in person and remotely by telephone and video, the Court has permitted Mr. Krichevsky to address any matter

21

that he sought to present to the Court, without limitation as to topic or duration.  So, here too, this does not establish a basis to conclude, or even question seriously, that this Court's "impartiality could reasonably be questioned."

More generally, Mr. Krichevsky makes broad and troubling assertions that these proceedings have violated his rights as a disabled person under the ADA and under the United States Constitution.

Considering first his assertions with respect to the ADA, the Court notes that the purpose of the ADA, as stated by Congress, is "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities."  42 U.S.C. § 12101(b)(1).  As the record of this case shows, Mr. Krichevsky has brought his situation as a "disabled man" to the attention of the Court and the parties in several contexts, including as part of his requests for additional time and for adjournments of proceedings.  *See, e.g.*, May 28, 2021 Hearing Tr. at 52:24-25, 53:1-3, 54:17-18; Nov. 29, 2021 Hearing Tr. at 18:20-21; June 30, 2021 Adjournment Request, ECF No. 173; Oct. 20, 2021 Adjournment Request, ECF No. 236.

And as noted above, and also as the record shows, the Court accommodated many requests by Mr. Krichevsky to adjourn or continue hearings, to extend deadlines, and to supplement the record, and did so responsively and respectfully.  But Mr. Krichevsky has not, in this Motion to Recuse or elsewhere in the record of his bankruptcy case, identified how he believes that he has been discriminated against in these proceedings as a consequence of his disability.  And an independent review of the record confirms that this has not occurred.  So, here as well, this does not establish a basis to conclude, or even question seriously, that this Court's "impartiality could reasonably be questioned."

The Court next considers Mr. Krichevsky's assertions that his Constitutional rights have

been violated, including his right to due process, a fair hearing, and "to petition government for redress of grievances."  Mem. ¶ 52.

Mr. Krichevsky points to several circumstances in support of this claim.  He states that that "all attorneys involved and Judge Stong [acted] in concert railroading my case by violating my constitutional right to petition government for redress of grievances."  *Id*.  He also argues that the Court repeatedly ignored evidence that he offered in support of his motions.  Am. Mem. at 15-16.  And he asserts that the Court did not allow all of his requests for adjournments and extensions of time in full, suggesting that his ability to represent himself and, in substance, his due process rights, were compromised.  *See, e.g.,* Am. Mem. at 20-21.

Assertions such as these call for the Court to review, closely and objectively, the entire record, and to ascertain whether there is merit to them.  Even the appearance of the deprivation of the Constitutional right to due process and a fair hearing would be cause for concern because nothing can, or should, happen in a court without both the appearance and the fact of due process.  And here, that review confirms that Mr. Krichevsky's Constitutional rights, including his right to due process, has been scrupulously respected in these proceedings.  He has not shown that his case has been "railroaded," or that any of his arguments or evidence has been "ignored." Nor has he described how his right to petition the Government for a redress of grievances has somehow been compromised.  To the contrary, the record shows that Mr. Krichevsky has consistently had an opportunity to be heard, both in his written submissions and on the record of in-person, telephonic, and video hearings.  To be sure, he disagrees with many of this Court's rulings, and has appealed from two of them – but that is simply not the same thing as a denial of due process.

And notably, when several creditors and their attorneys moved for a protective order and

an injunction against Mr. Krichevsky to bar him from filing further motions in his bankruptcy case and adversary proceeding, on grounds, among others that they were abusive, to date this Court has declined to allow that relief.  *See* Motion for Protective Order; Mem. in Support of Motion for Protective Order.

That is, based on the entire record, Mr. Krichevsky's assertions that he has been denied his Constitutional rights, including his rights to due process and to petition the Government for a redress of grievances, do not establish a basis to conclude, or even question seriously, that this Court's "impartiality could reasonably be questioned."

The Court next considers Mr. Krichevsky's assertions that this Court has violated statutes and professional codes of conduct, including the New York Judiciary Law, the New York Rules of Professional Conduct, and the New York Rules of Judicial Conduct, as well as the ABA and New York State Bar Association Codes of Judicial Conduct.[6]  Mem. ¶ 58.  He argues, in substance, that the Court has violated these standards and rules, and has done so in a way that requires recusal here.  In particular, Mr. Krichevsky cites Section 487 of the New York Judiciary Law, the New York Rules of Professional Conduct, and the New York Rules of Judicial Conduct, as well as Canon 1, Canon 2, and Canon 3 of the ABA and New York State Bar Association Codes of Judicial Conduct.  Mem. ¶ 58; Am. Mem. at 8.

New York State's Code of Judicial Conduct (the "NYS Code of Judicial Conduct") is set forth at Part 100 of the Rules of the Chief Administrative Judge of New York's state court. Canon 1 of the NYS Code of Judicial Conduct provides that "a judge shall uphold the integrity

---

[6]  It is far from clear that the provisions of the NYS Code of Judicial Conduct apply to federal judges sitting in New York State.  At the same time, the Canons that comprise that Code are substantially similar to the Code of Conduct for United States Judges.  As a consequence, and for the sake of a complete record, the Court addresses these herein.

and independence of the judiciary."  N.Y. Code of Judicial Conduct Canon 1, N.Y. Comp. Codes R. & Regs. tit. 22 § 100.1 (2022).  Canon 2 of the NYS Code of Judicial Conduct provides that "a judge shall avoid impropriety and the appearance of impropriety in all of the judge's activities."  N.Y. Code of Judicial Conduct Canon 2, N.Y. Comp. Codes R. & Regs. tit. 22 § 100.2 (2022).  And Canon 3 provides that "a judge shall perform the duties of judicial office impartially and diligently."  N.Y. Code of Judicial Conduct Canon 3, N.Y. Comp. Codes R. & Regs. tit. 22 § 100.3 (2022).  New York Judiciary Law Section 487 addresses misconduct by attorneys, including "deceit or collusion," "wilful[] delays [of] a client's suit with a view to his own gain," and other misconduct, and provides that an attorney who engages in this misconduct is guilty of a misdemeanor and liable for treble damages in a civil action.  N.Y. JUD. LAW § 487 (Consol. 2022)

The Code of Conduct for United States Judges (the "Federal Judicial Code of Conduct") sets forth the ethical canons that apply to federal judges and provides guidance on their performance of official duties, is a serious matter.  The Federal Judicial Code of Conduct provides guidance on matters of "judicial integrity and independence, judicial diligence and impartiality, permissible extra-judicial activities, and the avoidance of impropriety or even its appearance."  *Ethics Policies*, UNITED STATES COURTS, https://www.uscourts.gov/rules-policies/judiciary-policies/ethics-policies.  Canon 3(C)(1)(a) provides that "[a] judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which (a) the judge has a personal has a personal bias or prejudice concerning a party."  U.S. Guide to Jud. Pol'y, Vol. 2A, Ch. 2, "Code of Conduct for United States Judges" Canon 3(C)(1)(a) (U.S. JUD. CONF. 2019), https://www.uscourts.gov/judges-judgeships/code-conduct-united-states-judges.  That is, not only

Judiciary Code Section 455(a), but also the Federal Judicial Code of Conduct requires the judge to step aside where the judge's "impartiality might reasonably be questioned."

At the outset, even the suggestion that a Federal Judicial Code of Conduct or other ethical standard or rule has been violated is a serious matter. It calls for the Court to conduct a thorough review of the record and determine whether there is merit, or even a serious prospect of merit, to the claim. And here, this Court is satisfied that there is no persuasive or credible basis to conclude, or even seriously to suggest, that such a violation has occurred. Simply put, a party that is dissatisfied with the judge's procedural or substantive rulings or case management decisions is not the same as a party that has been subjected to a judge who has violated an ethical standard, or whose "impartiality might reasonably be questioned."

More specifically, considering first the Canons of the NYS Code of Judicial Conduct, it is plain from the record that this Court has not failed to "uphold the integrity and independence of the judiciary." N.Y. Code of Judicial Conduct Canon 1, N.Y. Comp. Codes R. & Regs. tit. 22 § 100.1 (2022). Nor does the record show, or even suggest, that this Court has engaged in impropriety, or caused there to be an appearance of impropriety, in these matters. N.Y. Code of Judicial Conduct Canon 2, N.Y. Comp. Codes R. & Regs. tit. 22 § 100.2 (2022). And finally, the record confirms that this Court has performed its tasks in these matters "impartially and diligently." N.Y. Code of Judicial Conduct Canon 3, 22 NYCRR Section 100.3 (2022). Indeed, any delay in addressing the pending motions in Mr. Krichevsky's bankruptcy case and adversary proceeding may be attributed to his requests for adjournments and additional time, and not from a lack of diligence on the part of the Court.

As a consequence, and here as well, based on the entire record, Mr. Krichevsky's assertions that recusal is warranted because this Court has violated statutes and professional

codes of conduct, including the New York Judiciary Law, the New York Rules of Professional

Conduct, and the New York Rules of Judicial Conduct, as well as the ABA and New York State

Bar Association Codes of Judicial Conduct, as well as the Federal Judicial Code of Conduct, do

not establish a basis to conclude, or even question seriously, that this Court's "impartiality could

reasonably be questioned."

Finally, Mr. Krichevsky argues that recusal is mandated because these proceedings have

been tainted by fraud, corruption, lies, theft, fabricated evidence, and a nexus with "foreign

agents and spies." Mem. ¶¶ 21, 31; Am. Mem. at 6-7. In support of these assertions, he cites,

among other things, the role of global and international law firms in the legal profession and

states that "in this court I defend against corrupt GLOBAL LAW FIRMS." Am. Mem. at 6, 13.

He states, for example:

> Reed Smith (Bar members) has offices in China and Russia and as such, they are
> foreign agents and spies – enemies of USA – and juristically, logically speaking
> these [countries] are at war with me in this court in alliance with Office of US
> Trustee (Bar members) and Federal Judge Stong (Bar member), which is treason.
> So, judge Stong, do not tell me during the hearings that you support Constitution
> of United States.
>
> Members of the Bar infiltrated all institutions of every branch of our government
> today, all in violation of pronounced and legislated by the Bar doctrines of
> "Separation of Powers" and "Checks and Balances." This infiltration allows
> members of the Bar to run our Justice system, Government and country as whole
> by having legal departments in every organization. These departments control
> every bureaucrat in every organization. . . . What people also do not know these
> that judge Stong is a member of [Council] on Foreign Relations – globalist
> nongovernmental secret society working against the people. As such, judge Stong
> is not neutral arbiter, but rather secret agent, spy, revolutionary, and political
> activist of global, evil elite. These facts demand her disqualification from her
> judgeship.

Am. Mem. at 6-7, 13, 14.[7]

---

[7] It is a matter of public record that Judge Stong is a member of the Council on Foreign
Relations and active in various professional organizations. *See Judge Elizabeth S. Stong,*

It is plain from Mr. Krichevsky's arguments that he lacks confidence in the legal profession, the courts generally, and this Court in particular. But it is equally plain that he does not present relevant, credible, or persuasive arguments or evidence of any fraud, corruption, lies, theft, fabricated evidence, or other wrongful conduct, by this Court or by any of the participants in these proceedings. Here as well, these assertions do not establish a basis to conclude, or even question seriously, that this Court's "impartiality could reasonably be questioned."

*          *          *

In this Motion to Recuse, Mr. Krichevsky has advanced several arguments in support of his position that this Court has demonstrated bias and a lack of impartiality against him, and that this requires that Judge Stong be recused from continuing as the judge in his Chapter 11 bankruptcy case. This Court has considered each of those arguments carefully, and has addressed many of them in this Memorandum Decision. And in each circumstance, Mr. Krichevsky has not shown that recusal is warranted. Nor, in the extensive record before the Court on this Motion to Recuse, has he otherwise established a basis for the relief that he seeks. That is, based on the entire record, Mr. Krichevsky has not established a basis to conclude, or even question seriously, that this Court's "impartiality could reasonably be questioned." For these reasons, and based on the entire record, the Motion to Recuse is denied.

### The Interests of Justice and the Question of Administrative Reassignment

It is clear from the record that Mr. Krichevsky has not established that this Court's "impartiality could reasonably be questioned," and for these reasons, his Motion to Recuse must be denied. But in the interests of justice and sound case administration, this is not the end of the

---

UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF NEW YORK, https://www.nyeb.uscourts.gov/content/judge-elizabeth-s-stong.

inquiry that the Court will undertake.

It is important to note that Mr. Krichevsky has proceeded *pro se* here in this case and in his adversary proceeding. The Supreme Court has established that the law must be construed more liberally where a *pro se* litigant is involved. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (discussing liberal rules surrounding *pro se* motion practice). This may be all the more important when questions of the perception of fairness and impartiality are involved. Accordingly, special attention to *pro se* litigants is required, and Mr. Krichevsky's arguments for recusal should be viewed in this light.

It is similarly appropriate to weigh a decision on a motion for recusal or transfer in light of the interests of justice. *See United States v. Bayless*, 926 F. Supp. 405, 407 (S.D.N.Y. 1996), (denying motion for recusal but directing that case should be transferred to another judge in the interests of justice), *aff'd*, 201 F.3d 116 (2d Cir.), *cert. denied*, 529 U.S. 1061 (2000). *Cf. Royal Air Maroc v. Servair, Inc.*, 603 F. Supp. 836, 842 (S.D.N.Y. 1985) (interests of justice not served by recusal where it is not otherwise required).

Based on all of these considerations, the Court has concluded that Mr. Krichevsky's bankruptcy case and adversary proceeding should be administratively reassigned to another judge of this Court, for at least two reasons.

First, based on the entire record, the Court concludes that Mr. Krichevsky has established that he has subjective concerns that he may not receive a fair and unbiased hearing if this Court remains as the judge in his bankruptcy case. Mr. Krichevsky has further established that his subjective concerns are based on previous rulings against him, the partial granting of an adjournment request, and a subjective view – without any objective support in the record – that there has been fraud and corruption against him in this bankruptcy case.

Second, the Court must consider the matter of fairness to the parties and the allocation of judicial resources.  This Court is persuaded that the issue of Mr. Krichevsky's perception of unfairness and bias against him will continue if this Court continues to preside over his bankruptcy case.  This issue has already caused delays in the resolution of multiple pending motions.  These delays, and the substantial likelihood of future delays, threaten to prejudice both Mr. Krichevsky and other parties-in-interest, and this prejudice must be considered in the context of the interests of justice and judicial economy.  *See United States v. Bayless*, 926 F. Supp. at 407 (even where recusal not required, reassignment may be appropriate where "avoidable problems and attendant delay" may be obviated).  By requesting administrative reassignment at this time, this bankruptcy case, the related adversary proceeding, and the pending motions can proceed on the merits, these issues can be resolved promptly, and further delay in the administration of this case can be avoided.

In sum, and based on the entire record, this Court finds and concludes that there are circumstances present here that, in light of the interests of justice, judicial economy, and minimizing avoidable delays, warrant the administrative reassignment of this case and the associated adversary proceeding.

## Conclusion

For the foregoing reasons, and based on the entire record, Mr. Krichevsky's Motion to Recuse is denied.  And also for the foregoing reasons, and based on the entire record, the Clerk

of the Court is requested administratively to reassign this case and the associated adversary proceeding by random assignment to another judge of this Court forthwith.

An order in accordance with this Memorandum Decision shall be entered simultaneously herewith.



**Dated: Brooklyn, New York**
**April 25, 2022**

_____
**Elizabeth S. Stong**
**United States Bankruptcy Judge**